Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone:   415-296-7070
Facsimile:   415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN**
 **CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone:   805-543-0990
Facsimile:   805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YASUMASA YAMAMOTO, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:26-cv-945 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **(1) Trade Libel / Injurious Falsehood** <br> **(2) Intentional Interference with Prospective Economic Advantage** <br> **(3) Unfair Competition (Bus. & Prof. Code § 17200** *et seq.***)** <br><br> **DEMAND FOR JURY TRIAL** |

1 of 12
Md Anis Uzzaman, et al. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

# INTRODUCTION

1. This action arises from Defendant Yasumasa Yamamoto's ("**Yamamoto**") deliberate and malicious campaign to defame and disparage Plaintiffs Md Anis Uzzaman ("**Uzzaman**") and Pegasus Tech Ventures, Inc. ("**Pegasus**") (collectively, "**Plaintiffs**") through false and damaging statements.

2. Yamamoto's actions were intended to harm Plaintiffs' reputations and interfere with their business relationships, inflicting hundreds of millions of dollars in economic damage and thereby causing direct financial harm to both Pegasus as a corporate entity and Uzzaman personally as its chief executive officer.

3. Yamamoto's conduct includes spreading false allegations about Uzzaman's professional legitimacy and Pegasus' operations, attempting to sabotage a major event organized by Plaintiffs, and influencing key participants and investors to withdraw from collaborative efforts, all to the detriment of Plaintiffs' professional standing and business prospects.

# PARTIES

4. Uzzaman is an individual domiciled in Santa Clara County, California. Uzzaman is the founder and chief executive officer of Pegasus Tech Ventures, Inc., and the founder of the Startup World Cup, the world's largest startup competition. As founder and CEO, Uzzaman's personal compensation is directly and substantially dependent on the revenue generated by Pegasus' funds, including management fees and carried interest.

5. Pegasus is a Delaware corporation headquartered in San Jose, California, operating as a global venture capital firm that has invested in over 270 startups worldwide.

6. Upon information and belief, Yamamoto is an individual domiciled in Japan.

7. Upon information and belief, Yamamoto serves as the chief executive officer of Green Capital Management LLC, a Delaware limited liability company. Public records filed with the California Secretary of State indicate that the company's principal place of business is located at 55 E. 3rd Avenue, San Mateo, California 94401, with Yamamoto designated as the agent for service of process at the same address. Additionally, these records show that Yamamoto is a manager and/or member of Green Capital Management LLC, which is registered as a "consulting"

2 of 12
Md Anis Uzzaman, *et al*. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

type of business with the California Secretary of State.

8. Upon information and belief, Yamamoto is associated with Kyoto Angel Fund, located at 4-14-24 Nishi-Azabu, Minato-ku, Tokyo 106-0031, Japan.

9. Defendants DOES 1-10, inclusive, are individuals, entities, or associations whose true names and capacities are presently unknown to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by such Defendants. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of DOES 1-10 when they are ascertained.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil action between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Plaintiff Md Anis Uzzaman is a citizen of the United States and is domiciled in the State of California. Plaintiff Pegasus Tech Ventures, Inc. is a corporation incorporated under the laws of Delaware with its principal place of business in California.

12. Defendant Yasumasa Yamamoto is a citizen of Japan. Upon information and belief, Yamamoto is domiciled in Japan and maintains his permanent residence and center of domestic life at Shiba 4-chome 16-2, Minato-ku, Tokyo, Japan. Upon information and belief, while Yamamoto transacts business in the United States and utilizes California addresses for corporate filings, he maintains his primary residence in Japan.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, specifically the injury to Plaintiffs' professional reputation and business operations which are headquartered in San Jose, California.

## INTRADISTRICT ASSIGNMENT

14. Pursuant to Civil Local Rule 3-2(c) and (e), this action is properly assigned to the San Jose Division of this Court because a substantial part of the events or omissions which give

3 of 12
Md Anis Uzzaman, et al. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

rise to the claims occurred in Santa Clara County. Specifically, Uzzaman is a resident of Santa Clara County, and Pegasus' headquarters and principal place of business in San Jose, California, where the economic injuries resulting from Defendant's conduct were primarily sustained.

## FACTUAL ALLEGATIONS

**I.     Pegasus' Legitimacy and Success in the Venture Capital Industry**

15.    Pegasus is a globally recognized and legitimate venture capital firm. It manages over $2 billion in assets and has invested in more than 270 companies. Its portfolio includes many of the world's most innovative companies, such as SpaceX, OpenAI, Anthropic, xAI, SoFi, Airbnb, and Coinbase. To date, more than 30 Pegasus-backed startups have achieved "unicorn" status, each exceeding $1 billion in valuation. The firm has a proven track record of 74 successful exits, including 24 IPOs.

16.    In August 2025, TIME MAGAZINE, in partnership with Statista, ranked Pegasus #137 among the top venture capital firms in the United States, selected from a field of over 6,000 firms. *See* https://time.com/7309945/top-venture-capital-firms-usa-2025/. The ranking evaluated firms based on fundraising strength, investment capacity, and the volume and efficiency of exits. Pegasus' partners include distinguished figures in the venture capital community, such as Bill Reichert, a Harvard graduate and Stanford MBA formerly with McKinsey & Company, who has served as a General Partner for nearly a decade.

17.    Pegasus' flagship initiative, the Startup World Cup, is the world's largest startup competition, with regional events in over 130 countries and regions, making it one of the most credible and influential startup ecosystems in the world.

18.    While venture capital investing inherently involves risk, Pegasus' investment decisions are sound and aligned with industry leaders. For instance, though Yamamoto has focused disparagement in part by referencing Pegasus' investment in defunct streaming service Quibi, that investment was made alongside some of the world's most prominent institutions, including Google, Alibaba, JPMorgan Chase, The Walt Disney Company, NBCUniversal, and Sony Pictures. The startup was founded by industry legends Jeffrey Katzenberg and Meg Whitman. Quibi's widely reported failure was not the result of poor investment judgment but a confluence

4 of 12
Md Anis Uzzaman, *et al*. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

of external factors, including a business model designed for on-the-go viewing that was fundamentally undermined by the timing of its launch during the global COVID-19 pandemic. *See*, *e.g.*, "Quibi Was Supposed to Revolutionize Hollywood. Here's Why It Failed," THE WALL STREET JOURNAL, Nov. 3, 2020 (available at https://www.wsj.com/business/media/quibi-was-supposed-to-revolutionize-hollywood-heres-why-it-failed-11604343850). This single outcome does not reflect the strength of Pegasus' overall portfolio, which boasts an annual Internal Rate of Return (IRR) of approximately 11%—a key metric for measuring venture capital performance—placing it among the top 5% of venture capital firms globally. On information and belief, Yamamoto, as a venture capital professional, was aware of this exculpatory context but intentionally omitted it to create a false and misleading narrative designed to harm Plaintiffs. On information and belief, this omission constituted actual malice, as Yamamoto entertained serious doubts as to the truth of his portrayal yet proceeded with a reckless disregard for the complete factual record he knew to exist.

## II.     Yamamoto's Continuous and Renewed Campaign of Disparagement and Interference

19.     Upon information and belief, Yamamoto has engaged in a systematic and malicious campaign to destroy Plaintiffs' business reputation. While this campaign's origins trace back to 2022, Yamamoto has, within the statutory period, renewed and republished his defamatory attacks to new third parties, causing distinct and specific injuries in 2024 and 2025.

### A.     The Pattern of Conduct (2022 Context)

20.      In 2022, while Pegasus was in advanced negotiations for a $30 million Corporate Venture Capital ("**CVC**") fund with Nihonkai Gas Co., Ltd., Yamamoto contacted the company's then-CEO, Mr. Yotaro Nitta, and made disparaging statements about Pegasus. These statements directly caused Nihonkai Gas to withdraw from the deal. While Plaintiffs were aware of this isolated interference at the time, they were unaware that Yamamoto would subsequently embark on a renewed campaign targeting entirely separate business relationships in the years that followed.

21.     Upon information and belief, similar to the interference Yamamoto undertook with Nihonkai Gas Co., Ltd., Yamamoto's campaign of disparaging interference caused the breakdown

5 of 12
Md Anis Uzzaman, *et al*. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

of numerous other CVC fund negotiations, including:

    a. Kyocera Corporation: After a first meeting on October 27, 2022, with executives including Mr. Fujita, Mr. Inagaki, and Mr. Sasaki, discussions continued throughout 2023. Kyocera ultimately decided to establish its CVC fund with a different partner. Upon information and belief, Plaintiffs were informed by Kyocera that Yamamoto played a major role in this rejection.

    b. Marubeni Corporation: Following an initial meeting in August 2023 with senior executives including Mr. Arai and Mr. Sonoda, discussions continued until the end of 2023, when Marubeni declined the deal. Upon information and belief, Plaintiffs received indications from Marubeni that Yamamoto had acted as a negative influencer in their decision.

    c. Daiwa House Industry Co., Ltd.: After meetings that began in October 2022 and continued through 2023 with key personnel including Mr. Yamaguchi, Mr. Azuma, Mr. Tabuse, Mr. Kurihara, Mr. Hayashi, and Mr. Ohtomo, Daiwa House declined the deal. Upon information and belief, Daiwa House indicated that Yamamoto influenced their decision.

**B.     Actionable Interference with Plaintiffs' Business Activities (2024–2025)**

22.     Within the statutory period, Plaintiffs have suffered the abrupt collapse of multiple advanced negotiations. The timing and manner of these withdrawals—occurring shortly after "negative feedback" from an outside party—give rise to a natural inference that Yamamoto utilized the same disparagement tactics he was contemporaneously deploying against Plaintiffs' relationship with Kyoto University (*see* Section C, below).

23.     Plaintiffs allege on information and belief that Yamamoto's specific, new acts of disparagement caused the loss of the following prospective economic relationships:

    a. Idemitsu Kosan Co., Ltd. (2024 Rejection): Negotiations began in January 2024, and after subsequent discussions through the end of 2024 with key personnel from the Idemitsu Innovation Europe unit, including Mr. Miura, Mr. Tarui, and Mr. Nishimae, the company rejected the deal. Upon information and

6 of 12
Md Anis Uzzaman, *et al*. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

belief, Idemitsu personnel informed Plaintiffs they had received negative information about Plaintiffs from an outside party, which specific factual context indicates was Yamamoto.

b. DIC Corporation (2025 Rejection): Following an initial meeting in February 2025 with CVC Group Manager Mr. Ikuro Kiyoto, discussions proceeded positively until September 2025, when DIC suddenly declined the deal. Upon information and belief, Yamamoto contacted DIC executives during this window to republish false claims regarding Uzzaman's professional legitimacy, directly influencing this rejection.

C. **Direct Evidence of Defamatory Content and Malice (The Yamada Declaration)**

24. The causal link between Yamamoto's interference and the lost business opportunities described above is corroborated by the direct evidence of Professor Jin-ichiro Yamada ("**Yamada**") of Kyoto University, as detailed in the Yamada Declaration attached hereto as **Exhibit A**. Yamamoto's conduct toward Professor Yamada serves as the evidentiary exemplar of Yamamoto's campaign against Plaintiffs. Upon information and belief, Yamamoto has made many other improper, meritless, and harmful disparaging statements about Plaintiffs to numerous other people.

25. Yamada is a professor at the Graduate School of Management at Kyoto University, Japan. Yamada has known Uzzaman since 2022, and Pegasus has developed a professional relationship with Kyoto University, which has included guest lectures by Uzzaman, Uzzaman's appointment as an adjunct professor, and Kyoto University's hosting of the Startup World Cup regional event in 2023 and 2024.

26. Yamamoto's recent conduct includes repeated attempts to dissuade Professor Yamada from co-organizing the 2024 Startup World Cup Kyoto Regional Event, actively working to tarnish Plaintiffs' reputation. For example, on June 9, 2024, Yamamoto sent Yamada LINE text messages falsely claiming Uzzaman was not a legitimate venture capitalist and attempting to

7 of 12
Md Anis Uzzaman, et al. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

undermine his credibility, relying in part on the aforementioned Quibi investment by Plaintiffs.[1]

27. Upon information and belief, Yamamoto's interference also caused the withdrawal of numerous high-profile speakers from 2024 Startup World Cup regional events. As a result of Yamamoto's influence, the following speakers, among others, withdrew their participation:

    a. Yasuyuki Higuchi (President & CEO, Panasonic Connect Co., Ltd.);

    b. Hiroshi Minato (President, Kyoto University);

    c. Takatoshi Nishiwaki (Governor, Kyoto Prefecture);

    d. Mizuki Iwamura (Vice President, Marketing, Asia-Pacific & Japan Region, Google Japan);

    e. Makoto Takano (Founder & GP, D4V and Founder, Forbes JAPAN); and

    f. Ari Horie (Founder & CEO, Women's Startup Lab).

**D.  Specific Special Damages**

28. As a direct and proximate result of Yamamoto's disparagement, Plaintiffs have suffered specific pecuniary losses. These are not general estimates of lost goodwill, but identifiable revenue from specific transactions that were finalized or in advanced stages prior to Yamamoto's interference:

    a. Lost Sponsorship Revenue ($696,666): Specific sponsorship contracts for the 2024 Startup World Cup regional events in Kyoto, Kyushu, and Tokyo.

    b. Loss from Fund and Consulting Business ($78.1 Million): The management fees, carried interest and consulting fees from the specific CVC funds identified above (Idemitsu, DIC) that were rejected solely due to Yamamoto's interference.

    c. Lost Equity Capital ($143 Million): The withdrawal of capital commitments from 63 specific corporate investors.

29. Yamamoto's actions were malicious, oppressive, and constituted a willful disregard of Plaintiffs' rights. Upon information and belief, Defendants have taken further actions—

---

[1] LINE is an instant messaging and social networking application that's popular in Japan. Available at https://www.line.me/en/.

8 of 12
Md Anis Uzzaman, et al. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

including making additional defamatory statements to other third parties—that have damaged Plaintiffs.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Trade Libel / Injurious Falsehood)

30. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

31. Yamamoto published and communicated false and disparaging statements specifically targeting the quality, integrity, and legitimacy of Plaintiffs' business operations and professional endeavors, including false claims that Uzzaman was not a legitimate venture capitalist.

32. These statements were false, unprivileged, and directly disparaged the quality and commercial reputation of Pegasus and the Startup World Cup event, leading third parties to question the legitimacy and reliability of Plaintiffs' business.

33. Yamamoto published these statements to third parties, including Professor Yamada, and, upon information and belief, to numerous other potential speakers, sponsors, and investors, with the intent to harm Plaintiffs' business and professional standing.

34. The statements were made with actual malice. Yamamoto knew his claims about Pegasus' legitimacy were false, or at a minimum, he acted with a reckless disregard for the truth. His malice is evidenced by, among other things, his decision to misleadingly focus on the single failed investment in Quibi while deliberately ignoring the publicly available context of elite co-investors, the impact of the pandemic, and Pegasus' overwhelming and verifiable record of success. This conduct, combined with his pattern of harmful acts dating back to at least 2022, demonstrates that his intent was to injure Plaintiffs, not to state a good-faith opinion.

35. Yamamoto's statements—*e.g.*, Uzzaman "was not a legitimate venture capitalist" and that his firm's track record was professionally disqualifying—constitute provably false assertions of fact, not protected opinion or curation. Unlike a subjective aesthetic judgment, assertions regarding a professional's licensure, legitimacy, and financial track record are capable

9 of 12
Md Anis Uzzaman, *et al.* v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

of objective verification. Yamamoto's statements were factually false as proven by Pegasus' verifiable $2 billion in assets under management, top-tier industry rankings, and objective IRR performance.

36. As a direct and proximate result of Yamamoto's false and disparaging statements made within the statutory period, Plaintiffs have suffered specific pecuniary harm, including but not limited to the withdrawal of numerous high-profile speakers; the loss of sponsorships, fund management opportunities, and corporate investments totaling over $450 million; and other demonstrable financial damages, in an amount to be proven at trial.

37. Yamamoto's conduct was willful, malicious, and oppressive, warranting punitive damages pursuant to California Civil Code § 3294.

## SECOND CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

38. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

39. Plaintiffs had prospective economic relationships with Kyoto University, Mr. Yasu Higuchi, and the dozens of speakers, sponsors, and investors identified herein, which were likely to result in significant economic benefits.

40. Yamamoto was aware of these prospective relationships and intentionally interfered with them by making false and defamatory statements about Uzzaman and Pegasus, influencing speakers' withdrawals, and attempting to sabotage specific business deals. Yamamoto's conduct was independently wrongful, constituting trade libel and other tortious acts.

41. As a direct and proximate result of Yamamoto's interference within the statutory period, Plaintiffs suffered economic harm, with specific pecuniary losses exceeding $450 million, in an amount to be proven at trial.

42. Yamamoto's conduct was willful, malicious, and oppressive, warranting punitive damages pursuant to California Civil Code § 3294.

10 of 12
Md Anis Uzzaman, *et al*. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### (Unfair Competition – California Bus. & Prof. Code § 17200 *et seq.*)

43. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

44. Yamamoto's actions, as described above, constitute unlawful, unfair, and fraudulent business acts or practices under California Business and Professions Code § 17200 *et seq*.

45. Yamamoto's actions are unlawful because they include trade libel and intentional interference with prospective economic advantage in violation of California law.

46. Yamamoto's actions are unfair and oppressive because they seek to damage Plaintiffs' reputation and business opportunities through false statements and sabotage.

47. Yamamoto's actions are fraudulent because they involve false and misleading statements about Plaintiffs and their business, likely to deceive third parties.

48. As a direct and proximate result of Yamamoto's unfair competition, Plaintiffs have suffered and continue to suffer damages, including loss of business and harm to their reputation, in an amount to be proven at trial.

49. Pursuant to California Business and Professions Code § 17203, Plaintiffs seek an order enjoining Yamamoto from engaging in further acts of unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For general damages according to proof;

B. For special damages according to proof;

C. For punitive damages pursuant to California Civil Code § 3294 in an amount sufficient to punish Defendants and deter similar conduct in the future;

D. For injunctive relief, permanently enjoining Defendants from engaging in further defamatory statements, interference, or unfair business practices against Plaintiffs;

E. For costs of suit incurred herein and restitution as permitted by applicable law;

F. For pre-judgment and post-judgment interest at the legal rate; and

11 of 12
Md Anis Uzzaman, *et al*. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

G.⠀⠀For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 30, 2026

/s/ *Craig S. Miller*
Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone:⠀415-296-7070
Facsimile:⠀415-449-6301

/s/ *James Wagstaffe*
James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN**
⠀**CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone:⠀805-543-0990
Facsimile:⠀805-543-0980

*Attorneys for Plaintiffs*
*Md Anis Uzzaman and*
*Pegasus Tech Ventures, Inc.*

12 of 12
Md Anis Uzzaman, *et al*. v. Yasumasa Yamamoto, Case No. 5:26-cv-945
U.S. District Court for the Northern District of California
COMPLAINT FOR DAMAGES

# EXHIBIT A

Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
665 Chestnut Street, Third Floor
San Francisco, California 94133
Telephone:   (415) 296-7070
Facsimile:   (415) 449-6301

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

SUPERIOR COURT OF CALIFORNIA

UNLIMITED CIVIL CASE

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>YASUMASA YAMAMOTO, <br><br>Defendant. | Case No. <br><br>**DECLARATION OF JIN-ICHIRO YAMADA** |

I, Jin-ichiro Yamada, declare as follows:

1. I have firsthand personal knowledge of all facts stated in this declaration, and if called as a witness, I could and would testify competently to them under oath.

2. I am a professor at the Graduate School of Management at Kyoto University, located at 36-1 Yoshida, Sakyo-ku, Kyoto 606-8501, Japan. My areas of specialization are entrepreneurship, strategy, business development, and organization theory. I earned a Ph.D. from Hokkaido University and have conducted research at Hokkaido University and Cranfield School of Management (UK). My professorial experience includes Osaka City University, and I have served as a Visiting Professor at Kyushu University, Bordeaux Management School (France), and Griffith Business School (Australia). My detailed profile is here: https://www.gsm.kyoto-u.ac.jp/en/faculty/52564/.

3. I have known Dr. Md Anis Uzzaman ("Uzzaman") since 2022. He is the founder of Pegasus Tech Ventures, Inc. ("Pegasus"), a global venture capital firm headquartered in San Jose, California, which has invested in over 270 startups worldwide. Uzzaman is also the founder of the Startup World Cup, recognized as the largest startup competition globally.

4. Key milestones in my relationship with Uzzaman and Pegasus are as follows:

    a. Guest Lecturer: As a professor at Kyoto University, I invited Uzzaman to deliver a guest lecture on August 22, 2022, entitled "Top Technology Trends" as part of the Graduate School of Management's Philosophical Entrepreneur Studies Program. This was my first interaction with Uzzaman and Pegasus.

    b. Panel Participation and Adjunct Professorship: On December 3, 2022, Uzzaman participated as a panelist in the "From Kyoto to the World: Building Centuries-Lasting Startups" seminar, organized by Kyoto University's Philosophical Entrepreneur Studies Program. This successful event, attended by 500 people and featuring prominent Japanese CEOs (including the CEO of Horiba, Ltd.), led to our invitation for Uzzaman to become a Adjunct Professor in the program, a position he has held since

Md Anis Uzzaman, et al. v. Yasumasa Yamamoto
DECLARATION OF JIN-ICHIRO YAMADA

April 2023.

    c. Startup World Cup 2023: As founder of the Startup World Cup, Uzzaman oversees more than 100 regional events globally. Inspired by this, Kyoto University hosted the Kyoto Regional Event at Clock Tower Centennial Hall on July 6, 2023, which proved to be a significant success.

    d. Startup World Cup 2024: Building on the previous year's success, Kyoto University co-organized and hosted the 2024 Startup World Cup Kyoto Regional Event held on May 21, 2024.

    e. I first met Mr. Yasumasa Yamamoto on March 24, 2023. Since then, we have had limited contact, mostly initiated by him, including messages or occasional meeting requests. Yamamoto is associated with Kyoto Angel Fund (https://kyotoangel.com/), located at 4-14-24 Nishi-Azabu, Minato-ku, Tokyo 106-0031, Japan. Additionally, Yamamoto was an Adjunct Professor at Kyoto University until the end of March 2025. (https://www.gsm.kyoto-u.ac.jp/en/faculty/101864/).

5. Yamamoto has launched a negative campaign against Uzzaman and Pegasus, as evidenced by the following examples:

    a. After learning of Uzzaman's August 2022 lecture, Yamamoto contacted me requesting a meeting in Osaka on the date of 24th March 2023. During this meeting, he spoke negatively about Uzzaman and Pegasus, attempting to dissuade me from collaborating with them.

    b. Yamamoto made repeated attempts to dissuade me from co-organizing the 2024 Startup World Cup Kyoto Regional Event, actively working to tarnish Uzzaman's reputation and discourage Kyoto University's involvement.

    c. On June 9, 2024, Yamamoto sent me LINE messages alleging improprieties in the presentation of the then-scheduled keynote speaker, Mr. Yasu Higuchi of Panasonic Connect Corporation, on the Startup World Cup website. He claimed this could damage Kyoto University's reputation and urged us to withdraw support. The following is a screenshot of the messages:



d. In further LINE messages on June 9, 2024, Yamamoto claimed Uzzaman was not a legitimate venture capitalist and attempted to undermine his credibility. He referenced Mr. Higuchi's withdrawal as a speaker, which Yamamoto may have influenced. The following is a screenshot of the messages:



6. I do not know Mr. Yamamoto's motivations. However, he attempted to damage

Dr. Uzzaman's reputation, sought to have him removed from his adjunct position, and worked to undermine the 2024 Startup World Cup Kyoto event. He likely played a role in convincing the keynote speaker, Mr. Higuchi, to withdraw and dissuaded other participants from attending, thereby attempting to sabotage the event.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 21st / May / 2025

山田 伸一郎

JIN-ICHIRO YAMADA

Place: 3-9-7, Mamigaoka, Kashiba, Nara, JAPAN
City, State/Province/Prefecture, Country