UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD ANIS UZZAMAN, and others,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO,<br><br>Defendant. | Case No. 26-cv-00945-NC<br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: ECF 11 |

Before the Court is Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.'s Motion to Authorize Alternative Service pursuant to Federal Rule of Civil Procedure 4(f)(3).  ECF 11.  Plaintiffs attempted to serve Defendant, a Japanese citizen, through the Hague Convention, but their request was denied.  Plaintiffs then attempted to obtain a waiver of service through Defendant's U.S.-based counsel from a previous action, but did not receive a response.  For the reasons below, the Court GRANTS Plaintiffs' Motion to Authorize Alternate Service by email and also ORDERS Plaintiffs to serve Defendant through his current counsel, Dawn Y. Yamane Hewitt and Scott Schlafer.

## I.    BACKGROUND

On January 30, 2026, Plaintiffs filed the Complaint alleging that Defendant defamed and disparaged Plaintiffs through "false and damaging statements."  ECF 1 at 2.

Plaintiffs attempted to serve Defendant, a Japanese citizen, through the Hague Convention. ECF 11 at 3. Japan declined Plaintiffs request based on the "mandatory case-management materials accompanying the summons that state that proceedings in this District may be conducted by video link." *Id.* On April 15 and 24, 2026, Plaintiffs contacted Thomas R. Burke and Sarah Burns of Davis Wright Tremaine LLP, who had represented Defendant in a closely related state-court action. *Id.* Plaintiffs provided Burke and Burns with the Complaint and a request-for-waiver-of service under Rule 4(d), but received no response. *Id.* at 3–4.

On June 4, 2026, Plaintiffs filed the present motion. *Id.* Defendant opposed. ECF 13. Plaintiffs replied. ECF 16. All parties consented to magistrate judge jurisdiction. ECF 7, 18.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) authorizes service of process on an individual outside of any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court." "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props. Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). A party "need not have attempted every possible means of service before petition[ing] the court" for alternative relief. *Id.* at 1016. Instead, a party need only "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* However, a method of service permitted by Rule 4(f)(3) must still "comport with constitutional notions of due process" and be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## III.    DISCUSSION

Plaintiffs request that the Court authorize service on Defendant through (1) email,

United States District Court
Northern District of California

and (2) his former U.S.-based counsel, Burke and Burns. *Id.* The Court will analyze the requested service methods below.

### A. The Court Authorizes Service by Email

Plaintiffs argue that email service is more than "reasonably calculated" to reach Defendant as he emailed Plaintiffs twice from his personal address in June 2024. ECF 11; ECF 16 at 5. In addition, upon emailing Defendant the present motion, he "appeared through counsel within two weeks." ECF 16 at 5. Defendant argues that Japan has objected to service through "postal channels" under Article 10 of the Hague Convention, which includes email. ECF 13 at 1, 4–6. Defendant further states that email service is barred regardless of whether it is in fact a postal channel because "it is not a method the Hague Convention approves and therefore may not be ordered by the Court." *Id.* at 5.

Courts in the Ninth Circuit have routinely authorized email service under Rule 4(f)(3), even where the defendant lives in a country that has objected to Article 10 of the Hague Convention. *Williams-Sonoma, Inc. v. Friendfinder, Inc.*, No. 6-cv-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007); *Digit. Mktg. Corp. v. Manufacturas Post Form*, *S.A. de C.V.*, No. 20-cv-06223-RGK-AFMx, 2022 WL 2093000, at *2 (C.D. Cal. Feb. 22, 2022); *U.S. Sec. & Exch. Comm'n. v. Gutierrez*, No. 17-cv-2086-JAH, 2020 WL 1307143, at *2– 3 (S.D. Cal. Mar. 19, 2020). As long as a method of service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Props. Inc.*, 284 F.3d at 1015. There are "no other limitations" to Rule 4(f)(3). *Id.* at 1014.

Defendant cites several out-of-circuit cases finding that email service is barred when a Hague Convention signatory has objected to Article 10. ECF 13 at 1–2 (citing *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 801 (7th Cir. 2026) (holding that the plaintiff could not serve a defendant in China by email because China has objected to Article 10(a) of the Hague Convention); *Smart Study v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170–71 (2d. Cir. 2025) (finding that

United States District Court
Northern District of California

the Hague Convention does not allow for service on China-based defendants); *Sec. & Exch. Comm'n. v. Lahr*, No. 22-cv-2497, 2024 WL 3518309, at *5 (3d Cir. July 24, 2024) (same)).  However, as established in *Rio*, email service is permitted by Rule 4(f)(3) if it is court directed and not prohibited by international agreement.  *Rio Props. Inc.*, 284 F.3d at 1015.  Although Japan has objected to service via postal channels, "there is no indication that service via email is prohibited by the Hague Convention or any other international treaties."  *Digit. Mktg. Corp.*, 2022 WL 2093000, at *2.  As such, the Court finds that service via email is not prohibited by international agreement and is therefore permissible under *Rio*.

The Court is also not persuaded by Defendant's attempt to distinguish Plaintiffs' authority.  Defendant correctly notes that the defendant in *Rio* was "a Costa Rican entity, and Costa Rica was not a signatory to the Hague Convention," but incorrectly asserts that this means *Rio* "does not [bear] weight here."  ECF 13 at 6.  Courts in this District have held that "the *Rio* decision is still applicable" even when the defendant's country is a signatory to the Hague Convention.  *In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *3; *see also Carrico v. Samsung Elec. Co.*, No. 15-cv-02087-DMR, 2016 WL 2654392, at *5 n.5 (N.D. Cal. May 10, 2016) (finding that even when serving a party in a Hague Convention signatory country, "the Ninth Circuit's reasoning in the *Rio* decision is still applicable"); *Williams-Sonoma*, 2007 WL 1140639, at *2 (applying *Rio* to grant email service on defendants located in various Hague signatory countries).  Because email service is valid and "reasonably calculated" to give notice to Defendant, as his email address is active and monitored, the Court GRANTS Plaintiffs' motion to serve Defendant by email.  *Mullane*, 339 U.S. at 314.

**B.    Plaintiffs Must Also Attempt Service on Defendant's Current Counsel**

Plaintiffs' motion additionally requests leave to serve Defendant through his former U.S.-based counsel.  ECF 11.  However, the Court finds that service on Defendant's current counsel, Dawn Y. Yamane Hewitt and Scott Schlafer, is more "reasonably

4

calculated" to apprise Defendant of the "pendency of this action." *Mullane*, 339 U.S. at 314.

"Courts have repeatedly recognized that where U.S.-based counsel is served, due process is satisfied where counsel is in contact with the foreign defendant, even if he is not authorized to accept service on the defendant's behalf . . . ." *CJ E&M Am. Inc., et al. v. IQiyi Inc.*, No. 18-cv-5771 PA-JEMx, 2018 WL 6380751, at *4 (C.D. Cal. Aug. 13, 2018) (collecting cases). While Hewitt and Schlafer have not indicated that they are authorized to accept service on Defendant's behalf, such service is permissible because they have been retained by, and are in contact with, Defendant. *See id.*; *Carrico*, 2016 WL 2654392, at *5 (mandating service through defendant's counsel); *Gutierrez*, 2020 WL 1307143, at *2–3 (ordering service on defendant's U.S.-based counsel despite affirmations that they were "not authorized to accept or waive service."). In addition, serving U.S. counsel does not require transmitting documents abroad, so it does not implicate the Hague Convention. *Sarieddine v. Vaptio, Inc.*, No. 20-cv-07785-VAP-MRWx, 2020 WL 8024863, at *4 (C.D. Cal. Dec. 2, 2020) ("If valid service occurs in the United States, therefore, the Convention is not implicated regardless of the location of the party"); *CJ E&M Am. Inc.*, 2018 WL 6380751, at *3 ("[B]ecause the Convention applies only where documents for service are 'transmitted abroad,' service effected within the United States does not implicate the Convention"). So, the Court ORDERS service on Defendant's current counsel.

Lastly, Defendant argues that, because Plaintiffs filed this motion "more than two months after" Japan denied their service request, any delay is "of [Plaintiffs'] own making." ECF 13 at 3. While the Court agrees that Plaintiffs could have filed their motion more promptly, the Court sees no reason to deny this motion where service was attempted in good faith and a further attempt through the Hague Convention would cause further delay and expense. *Id.*; ECF 11 at 7–8.

## IV.   CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motion to serve Defendant by email and ORDERS service on Defendant's counsel, Dawn Y. Yamane Hewitt and Scott Schlafer.

**IT IS SO ORDERED.**

Dated:  July 17, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California

6