Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone:    415-296-7070
Facsimile:    415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN
  CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone:    805-543-0990
Facsimile:    805-543-0980

*Attorneys for Plaintiffs*
*Md Anis Uzzaman and*
*Pegasus Tech Ventures, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and<br>PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO<br>and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date:        August 12, 2026<br>Time:        10:00 a.m.<br>Judge:      Hon. Nathanael M. Cousins<br>Place:      Zoom Videoconference |

Plaintiffs Md Anis Uzzaman ("Uzzaman") and Pegasus Tech Ventures, Inc. ("Pegasus," and together with Uzzaman, "Plaintiffs") respectfully submit this separate Case Management Statement pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California, the Civil Standing Order of Chief Magistrate Judge Nathanael M. Cousins, and the Court's Order Setting Initial Case Management

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Conference and ADR Deadlines (ECF No. 6), as continued by the Clerk's Notice of April 29, 2026 (ECF No. 10).

Plaintiffs file separately because, despite reasonable efforts and meeting and conferring on July 27 and August 4, they were unable to obtain Defendant's timely cooperation in the preparation of a joint statement before the filing deadline. The concurrently filed Declaration of Jeremiah A. Armstrong describes those efforts.

## I. JURISDICTION AND SERVICE

*Subject Matter Jurisdiction.* Plaintiffs contend that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). This is a civil action between citizens of a State and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Md Anis Uzzaman is a citizen of the United States domiciled in California; Plaintiff Pegasus Tech Ventures, Inc. is a Delaware corporation with its principal place of business in San Jose, California; and Defendant is a citizen of and domiciled in Japan. Defendant does not presently contest subject matter jurisdiction, but notes that it may not be conferred by consent and reserves the right to raise the issue should the record warrant.

*Service.* Plaintiffs maintain that service is complete. Because Defendant resides in Japan, Plaintiffs first attempted service under the Hague Service Convention; Japan's Ministry of Foreign Affairs returned the packet on March 26, 2026 based on this District's standard video-link case-management language. On July 17, 2026, the Court granted Plaintiffs' motion under Rule 4(f)(3) and ordered service by electronic mail on Defendant and his current counsel (ECF No. 20), and Plaintiffs effected service on July 20, 2026 (ECF No. 21). Defendant maintains that the service effected was improper because such service is prohibited by Japan's objections under Article 10 of the Hague Service Convention, and because Defendant did not authorize his counsel to accept service. Assuming service is deemed effective, Defendant's response to the Complaint is due August 10, 2026. No parties remain to be served other than the DOE defendants; Plaintiffs propose that any DOE defendant be served within 60 days after that defendant's identity is ascertained in discovery.

*Venue.* Plaintiffs contend venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and because the harm was suffered here.

*Personal Jurisdiction.* Plaintiffs contend the Court has personal jurisdiction over Defendant because he intentionally directed tortious conduct at California—targeting a California-headquartered venture firm and its California-resident chief executive, and aiming the alleged statements at business relationships centered in this District—and knew the brunt of the harm would be suffered here.

## II. FACTS

### A. Plaintiffs' Statement

Pegasus is a global venture capital firm headquartered in San Jose that manages over $2 billion in assets, has invested in more than 270 companies, and hosts the Startup World Cup, an international startup competition. Uzzaman is its founder and chief executive officer.

Plaintiffs allege that Defendant engaged in a deliberate campaign to defame and disparage them by communicating false statements to third parties—including that Uzzaman is not a legitimate venture capitalist and that Pegasus is not a legitimate fund—in connection with venture fundraising and Startup World Cup sponsorship. Beginning in 2022 and continuing through 2024 and 2025, Defendant allegedly made such statements to counterparties in advanced negotiations, including as to a $30 million corporate venture capital fund with Nihonkai Gas Co., Ltd., and later to Idemitsu and DIC, and sought to sabotage the 2024 Startup World Cup Kyoto regional event. Plaintiffs allege these communications caused sponsors, speakers, and investors to withdraw and caused advanced fund negotiations to collapse.

The Silicon Valley and Japanese venture ecosystems are closely integrated. Japanese corporations fund Silicon Valley venture vehicles, Silicon Valley firms source and support Japanese portfolio companies, and a comparatively small community of investors, corporate development officers, and founders moves between the two markets and speaks with one another. Statements made in one market are heard in the other. Plaintiffs allege that Defendant, himself a participant in that community, understood as much, and that the injury his statements caused was

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

suffered where Plaintiffs are—at Pegasus's headquarters in San Jose and by Uzzaman in California.

In June 2024, Pegasus's Chief Operating Officer emailed Defendant about the reported statements; Defendant responded personally on June 10 and 11, 2024 and proposed meeting to resolve the matter. Plaintiffs filed a related state-court action on August 11, 2025, dismissed it without prejudice on October 21, 2025, and filed this action on January 30, 2026.

**B.    Principal Factual Issues in Dispute**

The principal factual issues in dispute include: (1) what statements Defendant made concerning Plaintiffs, to whom, when, and through what channels; (2) whether those statements were false; (3) whether Defendant acted with the requisite knowledge, intent, or malice; (4) whether and to what extent the statements caused the loss of the identified sponsorships, funds, and capital commitments; (5) the amount of Plaintiffs' damages; and (6) the nature and extent of Defendant's contacts with California and with the United States.

**III.    LEGAL ISSUES**

The principal disputed points of law, stated without extended argument, include: (1) whether Defendant's statements constitute trade libel/injurious falsehood under California law, including falsity, publication, fault, causation, and special damages; (2) whether Defendant intentionally interfered with prospective economic advantage, including the existence of economic relationships with probable future benefit, independently wrongful conduct, and causation; (3) whether Defendant's conduct violates California Business and Professions Code § 17200 et seq., and the scope of any restitutionary or injunctive relief; and (4) the availability and measure of punitive damages.

**IV.    MOTIONS**

*Prior motions.* Plaintiffs moved to authorize alternative service under Rule 4(f)(3) (ECF No. 11); Defendant opposed (ECF No. 13); and the Court granted the motion on July 17, 2026 (ECF No. 20).

*Currently pending motions.* None.

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

*Anticipated motions.* The Parties anticipate submitting a stipulated protective order and a stipulated ESI order, and will comply with the Court's Civil Standing Order governing discovery disputes.  Defendant has advised that on August 10, 2026, he will move to dismiss on the grounds of forum non conveniens, lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6) as to each Plaintiff., and Defendant may present those grounds in a single motion or in separate motions filed that same day. Plaintiffs have confirmed their availability for a hearing on September 16, 2026, and Defendant requests that his motion(s) be heard then. The Parties disagree as to whether discovery should proceed while any motion is pending.  Defendant will request a stay of discovery by joint letter brief under the Court's Civil Standing Order and, if necessary, a protective order under Rule 26(c), as set forth below. Plaintiffs have confirmed the joint letter procedure and their willingness to participate, but do not agree to stay or extend discovery pending any motion to dismiss or the joint letter brief. The Parties discussed Defendant's motion to dismiss and request to stay discovery pending resolution of the contested issues at the Rule 26(f) conference on July 27, 2026, and further met and conferred on the anticipated motions/requests on August 4, 2026.

Discovery should proceed. Plaintiffs were not required to seek leave to serve the discovery they served. Discovery opened under Rule 26(d)(1) when the Parties held their conference on July 27, 2026. Rule 26(d)(1) draws no distinction between discovery directed to jurisdiction and discovery directed to the merits, and it requires leave only for discovery sought before that conference. The Federal Rules provide no automatic stay upon the filing of a motion under Rule 12, and a party who wishes to defer discovery must obtain relief under Rule 26(c) on a showing of good cause.

The motion Defendant describes is not a pure question of law. A motion under Rule 12(b)(2) and a motion to dismiss for forum non conveniens are each resolved on evidence—where Defendant has been, what he has done, what he directed at this District, and where the relevant witnesses and documents are. That evidence is in Defendant's possession. Defendant's proposal is that the Court decide those questions on a record he alone controls, and that Plaintiffs be barred in

the meantime from testing the factual premises of his own motion. The discovery Plaintiffs served is directed to those premises.

Defendant's connections to this District are not incidental. On information and belief, Defendant has been affiliated with Stanford University; has conducted angel and venture investing through his own San Mateo-based company, Green Capital Management LLC, which reported a principal place of business at 55 E. 3rd Avenue, San Mateo, California, and for which Defendant himself served as the designated California agent for service of process; and has held a position with San Mateo-based Draper Nexus Ventures. Whether and to what extent those affiliations exist, and what they entailed, are among the questions Plaintiffs' discovery is designed to answer—and among the questions Defendant asks the Court to resolve while permitting no inquiry into them.

Both Plaintiffs are now propounding parties. On August 4, 2026, Pegasus served a Notice of Joinder adopting as its own each of the three sets Uzzaman served on July 27, 2026, namely the First Set of Requests for Production of Documents and Things (Nos. 1–32), the First Set of Interrogatories (Nos. 1–12), and the First Set of Requests for Admission (Nos. 1–41). Accordingly, even if Uzzaman were dismissed from this case based on Defendant's forthcoming Rule 12(b)(6) motion, the discovery served on July 27, 2026 remains active because Pegasus has joined in propounding each of those same requests. Therefore, because further delay is unwarranted, Plaintiffs propose that the case proceed on the schedule set forth in Exhibit A.

## V.    AMENDMENT OF PLEADINGS

Plaintiffs do not presently anticipate amending the Complaint, except that Plaintiffs expect to seek leave to substitute the true names and capacities of DOES 1–10 if and when they are ascertained through discovery, and to conform the pleadings to evidence developed in discovery.

## VI.    EVIDENCE PRESERVATION

Counsel for both Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), including the Checklist for ESI Meet and Confer, and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Plaintiffs have issued litigation hold notices to their custodians and have suspended any auto-deletion policies applicable to potentially relevant materials, including email, messaging applications, and documents concerning the transactions and events identified in the Complaint. Because the central factual question is what Defendant communicated to third parties and through which channels, Plaintiffs have requested that Defendant confirm he has taken, and will maintain, reasonable and proportionate steps to preserve: (i) email accounts, including yasumasayamamoto@gmail.com and any account used for business communications; (ii) mobile devices and their contents, including SMS/MMS and iMessage; (iii) messaging and chat applications, including LINE, WhatsApp, Signal, Telegram, WeChat, Facebook Messenger, and direct messages on X/Twitter, LinkedIn, and similar platforms; (iv) any cloud backups of the foregoing; and (v) calendars and contact lists reflecting communications with the third parties identified in the Complaint. Plaintiffs have further requested that Defendant disable any auto-delete, disappearing-message, or ephemeral-messaging settings for potentially relevant communications, and preserve device backups in native form. Plaintiffs raise this issue at the outset because messaging-application content is uniquely susceptible to automatic deletion and device turnover. Defendant has confirmed that he has taken general preservation steps but has declined to confirm preservation as to the specific accounts, devices, and applications identified above, including the LINE application through which the June 2024 communications are alleged to have been sent. Plaintiffs reserve all rights under Rule 37(e).

## VII.    DISCLOSURES

The Parties conducted their Rule 26(f) conference on July 27, 2026 by video conference, promptly after service was effected on July 20, 2026. The parties conferred against on August 4 via videoconference.

The Parties are supposed to exchange initial disclosures under Rule 26(a)(1) on or before August 5, 2026, consistent with the Court's reset of the pre-conference deadlines to align with the continued Case Management Conference (ECF No. 10). Plaintiffs have offered to extend that deadline to August 19, 2026, but do not agree to a stay or any further postponement of initial disclosures.

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT
Case No. 5:26-cv-00945-NC

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

## VIII.  DISCOVERY

Discovery taken to date. On July 27, 2026, Uzzaman served on Defendant three sets of written discovery: (i) Plaintiff Md Anis Uzzaman's First Set of Requests for Production of Documents and Things to Defendant Yasumasa Yamamoto (Nos. 1–32); (ii) Plaintiff Md Anis Uzzaman's First Set of Interrogatories to Defendant Yasumasa Yamamoto (Nos. 1–12); and (iii) Plaintiff Md Anis Uzzaman's First Set of Requests for Admission to Defendant Yasumasa Yamamoto (Nos. 1–41), together with Exhibits A through D served therewith. All three sets were served by electronic mail pursuant to the written agreement of the Parties. Responses are due August 26, 2026. On August 4, 2026, Pegasus served Plaintiff Pegasus Tech Ventures, Inc.'s Notice of Joinder in Plaintiff Md Anis Uzzaman's First Sets of Written Discovery to Defendant Yasumasa Yamamoto, joining in and adopting each interrogatory and each request in all three sets as its own, with the same force and effect as if Pegasus had served them in its own name on July 27, 2026. The joinder adds no new interrogatory or request, does not alter the text, numbering, definitions, or instructions of any set, and does not extend the August 26, 2026 response date. Both Plaintiffs are therefore propounding parties as to all three sets, and a single set of responses directed to both Plaintiffs will satisfy Defendant's obligations. Defendant has not served discovery to date and reserves his right to do so.

### A.    Scope of Anticipated Discovery

Plaintiffs have sought and/or anticipate seeking: (i) documents and electronically stored information reflecting Defendant's communications with or about Plaintiffs, including communications with Nihonkai Gas, Idemitsu, DIC, Startup World Cup sponsors and speakers, and prospective investors; (ii) documents concerning Defendant's relationships with, and any interest adverse to, Plaintiffs; (iii) documents concerning the truth or falsity of the statements at issue; (iv) third-party discovery, including Rule 45 subpoenas to the counterparties and event participants who received the alleged statements; (v) depositions of Defendant and of party and non-party witnesses; and (vi) documents relevant to Defendant's financial condition to the extent punitive damages are at issue, subject to any applicable limits.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

## B. Electronically Stored Information

The Parties have considered entering into a stipulated e-discovery order and agree to submit one, based on this District's model Stipulated Order re: Discovery of Electronically Stored Information. They will promptly meet and confer regarding: custodians and non-custodial data sources; date ranges; search methodology, including search terms and any technology-assisted review; production format; handling of mobile-device and messaging-application data, including LINE and other chat applications; de-duplication and threading; privilege-log format and timing; and treatment of inadvertently produced privileged material under Federal Rule of Evidence 502(d).

## C. Proposed Limitations or Modifications of the Discovery Rules

Plaintiffs propose that any deposition time requiring an interpreter or translator be counted at fifty percent (50%) of the actual time incurred against the applicable deposition limit, and that any such deposition may be continued for an additional day at the request of a party if the actual time incurred on the first day exceeds seven (7) hours. Plaintiffs otherwise propose that the default limits of the Federal Rules apply.

## D. Deposition Logistics

Plaintiffs propose that the Parties meet and confer promptly regarding deposition scheduling and, to avoid unnecessary delay and expense, Defendant's deposition proceed in this District, at another mutually agreeable location in the United States, or by remote videoconference by stipulation.

## E. Identified Discovery Disputes

The Parties dispute whether discovery should proceed while Defendant's threshold motion is pending, and specifically whether Defendant must respond by August 26, 2026 to the First Set of Requests for Production (Nos. 1–32), the First Set of Interrogatories (Nos. 1–12), and the First Set of Requests for Admission (Nos. 1–41) served on July 27, 2026 and joined by Pegasus on August 4, 2026. Counsel for both Parties conferred by video conference on July 27, 2026 and August 4, 2026, in accordance with the Court's Civil Standing Order, and were unable to resolve

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

the dispute. The Parties' respective positions will be further elaborated in a joint letter brief to the Court.

Plaintiffs respectfully request that the Court decline to stay discovery and confirm that Defendant's responses to the three sets served on July 27, 2026 and joined on August 4, 2026 remain due on August 26, 2026.

## IX.    CLASS ACTIONS

This is not a class action.

## X.    RELATED CASES

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body. As noted above, Plaintiffs previously filed and voluntarily dismissed without prejudice a related state-court action involving the same parties and substantially the same allegations: *Uzzaman v. Yamamoto*, San Mateo County Superior Court No. 25-CIV-06027, filed August 11, 2025 and dismissed without prejudice on October 21, 2025.

## XI.    RELIEF

Plaintiffs seek general damages according to proof; special damages according to proof; punitive damages; permanent injunctive relief restraining further defamatory statements, interference, and unfair business practices; restitution as permitted by law; pre- and post-judgment interest; and costs of suit.

As alleged in the Complaint, Plaintiffs' identified special damages consist of: (i) $696,666 in lost sponsorship revenue for the 2024 Startup World Cup regional events in Kyoto, Kyushu, and Tokyo; (ii) $78.1 million in lost management fees, carried interest, and consulting fees from the identified corporate venture capital funds; and (iii) $143 million in lost equity capital reflecting withdrawn commitments from 63 corporate investors—totaling approximately $221.8 million. Plaintiffs further allege losses exceeding $450 million when additional lost sponsorships, fund management opportunities, and corporate investments are included. Damages will be calculated based on the terms of the specific agreements and commitments that were lost, Pegasus's historical fee and carried-interest structures, and expert analysis; Plaintiffs will disclose their damages methodology through expert discovery.

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

## XII.    SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, counsel have reviewed the District's ADR materials and discussed the available dispute resolution options with their clients and with each other. There have been no substantive settlement discussions to date.

Plaintiffs are prepared to participate in a settlement conference before a judge and, in the alternative, are willing to participate in private mediation.

## XIII.    CONSENT TO MAGISTRATE JUDGE JURISDICTION

All Parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c). Plaintiffs filed their consent on February 17, 2026 (ECF No. 7), and Defendant filed his consent on July 9, 2026 (ECF No. 18).

## XIV.    OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    NARROWING OF ISSUES

The Parties have not yet identified issues that can be narrowed by agreement, because Defendant has not yet responded to the Complaint. The Parties will continue to meet and confer regarding stipulations to undisputed facts, the authenticity and admissibility of documents, and the streamlined presentation of evidence, including through summaries under Federal Rule of Evidence 1006. No Party presently requests bifurcation.

Pursuant to the Standing Order for All Judges, Plaintiffs identify the following as the issues most consequential to this case:

(1) **What statements Defendant made concerning Plaintiffs, to whom, and when. This issue is likely to be resolved almost entirely by documentary and electronic evidence—principally Defendant's email and messaging-application communications—and by testimony from the third-party recipients.**

(2) **Whether those statements caused the specific lost transactions Plaintiffs identify, and the resulting amount of damages. Causation will turn on the testimony and**

**documents of the counterparties who withdrew, and on expert analysis of the claimed losses.**

Plaintiffs propose that resolution of these issues be expedited by: (a) prioritizing production of Defendant's communications with the identified third-party counterparties, and Plaintiffs' documents concerning the lost transactions, in advance of other discovery; (b) issuing third-party subpoenas early in the discovery period, with the recognition that several key witnesses are located in Japan and may require additional time and process; and (c) scheduling a settlement conference and/or mediation after substantial completion of document production, when the Parties will be best positioned to evaluate the claims.

## XVI.    EXPEDITED TRIAL PROCEDURE

Plaintiffs do not believe this case is appropriate for the Expedited Trial Procedure of General Order 64, given the amount in controversy, the international character of the evidence, and the anticipated volume of electronically stored information.

## XVII.    SCHEDULING

Plaintiffs' proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial are set forth in **Exhibit A** to this Statement. Consistent with Civil Local Rule 7-2(a), any dispositive motion must be filed not less than 35 days before the noticed hearing date.

## XVIII. TRIAL

Plaintiffs have demanded a jury trial on all issues so triable. The Parties presently estimate a trial length of seven to ten court days, exclusive of jury selection. Defendant reserves the right to revise this estimate after responding to the Complaint.

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs filed their Certification of Interested Entities or Persons under Civil Local Rule 3-15 on January 30, 2026 (ECF No. 3). Pegasus Tech Holdings, K.K., the parent corporation of Plaintiff Pegasus Tech Ventures, Inc., has a financial interest in the subject matter in controversy. No publicly held corporation owns 10% or more of Pegasus Tech Ventures, Inc.'s stock. Other than the named parties and the entity identified above, Plaintiffs are unaware of any person, firm,

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

partnership, corporation, or other entity having either a financial interest in the subject matter in controversy or any other kind of interest that could be substantially affected by the outcome of this proceeding.

## XX.    PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.    OTHER MATTERS

### A.    Protective Order

The Parties agree that a protective order is necessary and will submit a stipulated protective order for the Court's approval.

### B.    Foreign Language Materials

A substantial portion of the relevant communications and documents is expected to be in Japanese. The Parties will meet and confer regarding a protocol for translations, including which materials require certified translation, the allocation of translation costs, the use of interpreters at depositions, and procedures for resolving disputes over the accuracy of translations.

### C.    Proposed Orders

Consistent with the Court's Civil Standing Order, the Parties will email a copy of all stipulations and proposed orders in Word format to ncpo@cand.uscourts.gov on the same day they are e-filed.

### D.    Plaintiffs' Request for Relief at the Case Management Conference

Plaintiffs respectfully request that, at the August 12, 2026 Case Management Conference, the Court enter an order: (1) declining to stay discovery and confirming that Defendant's responses to the First Set of Requests for Production (Nos. 1–32), the First Set of Interrogatories (Nos. 1–12), and the First Set of Requests for Admission (Nos. 1–41), served July 27, 2026 and joined by Pegasus on August 4, 2026, are due August 26, 2026; (2) confirming that initial disclosures under Rule 26(a)(1) are to be exchanged no later than August 19, 2026; and (3) entering a Rule 16 scheduling order adopting Plaintiffs' proposed dates in Exhibit A.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Dated: August 5, 2026

Respectfully submitted,

/s/ *Jeremiah A. Armstrong*
Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone:      415-296-7070
Facsimile:      415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN
  CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone:      805-543-0990
Facsimile:      805-543-0980

*Attorneys for Plaintiffs*
*Md Anis Uzzaman and*
*Pegasus Tech Ventures, Inc.*

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT
Case No. 5:26-cv-00945-NC

# EXHIBIT A

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT
Case No. 5:26-cv-00945-NC

## PLAINTIFFS' PROPOSED CASE SCHEDULE

| Event | Plaintiffs' Proposal |
|---|---|
| Fact discovery deadline | July 23, 2027 |
| Expert disclosures and reports served | August 20, 2027 |
| Rebuttal expert reports served | September 17, 2027 |
| Expert discovery cut-off | October 15, 2027 |
| Deadline to file dispositive and Daubert motions | November 5, 2027 |
| Hearing on dispositive motions | December 15, 2027, 11:00 a.m. |
| Pre-trial conference | February 9, 2028, 11:30 a.m. |
| Jury trial (7–10 days to commence) | March 6, 2028, 9:00 a.m. |

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301