Dawn Y. Yamane Hewett
(DC Bar No. 984923) (pro hac vice)
dawnhewett@quinnemanuel.com
**QUINN EMANUEL URQUHART
 & SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone:    202-538-8000
Facsimile:    202-538-8100

Justin C. Griffin (Bar No. 234675)
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
**QUINN EMANUEL URQUHART
 & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    213-443-3000
Facsimile:    213-443-3100

*Attorneys for Defendant*
*Yasumasa Yamamoto*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC., | Case No. 5:26-cv-00945-NC |
| Plaintiffs, | **DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT** |
| v. | Date:       August 12, 2026 |
| YASUMASA YAMAMOTO and DOES 1–10, inclusive, | Time:       10:00 a.m. |
| Defendants. | Judge:      Hon. Nathanael M. Cousins |
| | Place:      Zoom Videoconference |

Defendant Yasumasa Yamamoto ("Defendant") submits this Separate Case Management Statement pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Civil Standing Order of Chief Magistrate Judge Nathanael M. Cousins, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 6), as continued by the Clerk's Notice of April 29, 2026

(ECF No. 10). Defendant worked cooperatively with Plaintiffs but the parties were unable to submit a joint statement, which was unintentional. Defendant will continue to work collaboratively with Plaintiffs to submit a joint 26(f) report.

## I.    JURISDICTION AND SERVICE

*Subject Matter Jurisdiction.* Plaintiffs contend that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). This is a civil action between citizens of a State and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Md Anis Uzzaman is a citizen of the United States domiciled in California; Plaintiff Pegasus Tech Ventures, Inc. is a Delaware corporation with its principal place of business in San Jose, California; and Defendant is a citizen of and domiciled in Japan. Defendant does not presently contest subject matter jurisdiction, but notes that it may not be conferred by consent and reserves the right to raise the issue should the record warrant.

*Service.* Plaintiffs maintain that service is complete. Because Defendant resides in Japan, Plaintiffs first attempted service under the Hague Service Convention; Japan's Ministry of Foreign Affairs returned the packet on March 26, 2026 based on this District's standard video-link case-management language. On July 17, 2026, the Court granted Plaintiffs' motion under Rule 4(f)(3) and ordered service by electronic mail on Defendant and his current counsel (ECF No. 20),[1] and Plaintiffs effected service on July 20, 2026 (ECF No. 21). Defendant maintains that the service effected was improper because such service is prohibited by Japan's objections under Article 10 of the Hague Service Convention, and because Defendant did not authorize his counsel to accept service. Assuming service is deemed effective, Defendant's response to the Complaint is due August 10, 2026. No parties remain to be served other than the DOE defendants; Plaintiffs propose that any DOE defendant be served within 60 days after that defendant's identity is ascertained in discovery.

---

[1]   Defendant preserves his objection to service (see ECF No. 13) for the purposes of appeal, recognition, and/or enforcement.

**Defendant's Statement:**

*Venue, Forum Non Conveniens, and Personal Jurisdiction*. Defendant denies that venue is proper in this District.  On August 10, 2026, Defendant will move to dismiss the Complaint on the grounds of forum non conveniens and under Federal Rules of Civil Procedure 12(b)(2) and, as to each Plaintiff, 12(b)(6), whether by a single motion or by separate motions filed the same day, and will address all grounds in those motions.

**II.     FACTS**

**B.      Defendant's Statement:**

Defendant has not yet responded to the Complaint. Nothing in this Statement constitutes an admission or denial of any allegation in the Complaint or of any assertion in Plaintiffs' portions of this Statement, and Defendant expressly reserves all defenses, including all defenses under Rule 12. Defendant is a Japanese citizen domiciled in Japan. The Complaint identifies the recipients of the alleged statements as Japanese companies and individuals, and describes conduct occurring in Japan. The documentary evidence bearing on what was said, to whom, and with what effect is likewise located in Japan and is in Japanese.

Defendant objects to Plaintiffs' use of this Statement to advance factual assertions and argument going to the merits and to jurisdiction, including their characterization of the relationship between the Silicon Valley and Japanese venture markets, of Defendant's asserted participation in or awareness of any cross-border community, and of where any injury was suffered. A joint case management statement is not the vehicle for resolving contested facts, and Defendant does not join those assertions or respond to them here. Defendant will respond to the Complaint, and will address personal jurisdiction on the evidence, in his forthcoming motions.

**C.      Principal Factual Issues in Dispute:**

**Defendant's Statement:** Without waiver of his threshold motions, and subject to the objection stated in Section II.B, Defendant identifies the following as principal factual issues in dispute: (1) what statements Defendant made, to whom, when, where, and through what channels, and whether he made them at all; (2) the location of Defendant and each recipient at the time each alleged statement was made; (3) whether any such statement was false; (4) whether any such

statement concerned the goods, services, or property of Uzzaman individually, as distinct from Pegasus; (5) whether Defendant acted with the knowledge, intent, or malice required for any claim asserted; (6) whether and to what extent the alleged statements caused the loss of the sponsorships, funds, and capital commitments identified in the Complaint; (7) the existence and amount of any damage to either Plaintiff, and where any such damage was suffered; (8) whether Uzzaman individually, as distinct from Pegasus, held any economic relationship or prospective business advantage that was allegedly disrupted; (9) whether there was a reasonable probability that any such relationship would have conferred a future economic benefit on Uzzaman individually; and (10) whether Uzzaman individually suffered any loss not derivative of Pegasus's.

## III.    LEGAL ISSUES

**Defendant's Statement:**  Threshold principal disputed points of law, which should be determined in advance of discovery or initial disclosures, include: (1) whether this action should be dismissed on the ground of forum non conveniens in favor of the courts of Japan; (2) whether this Court may exercise personal jurisdiction over Defendant consistent with Federal Rule of Civil Procedure 4(k) and the Due Process Clause; (3) whether the Complaint states a claim upon which relief may be granted; and (4) whether discovery, initial disclosures, and case scheduling should be deferred pending resolution of the foregoing threshold questions, including Defendant's request to stay discovery. The Court may resolve the forum non conveniens ground first, and dismissal on that ground would obviate the personal-jurisdiction inquiry entirely. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425, 432 (2007). If this action were to proceed, the Court would also need to determine whether California law or the law of Japan governs Plaintiffs' claims.

## IV.    MOTIONS

*Prior motions.* Plaintiffs moved to authorize alternative service under Rule 4(f)(3) (ECF No. 11); Defendant opposed (ECF No. 13); and the Court granted the motion on July 17, 2026 (ECF No. 20).

*Currently pending motions.* None.

*Anticipated motions.* The Parties anticipate submitting a stipulated protective order and a stipulated ESI order, and will comply with the Court's Civil Standing Order governing discovery disputes.  Defendant has advised that on August 10, 2026, he will move to dismiss on the grounds of forum non conveniens, lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6) as to each Plaintiff, whether in a single motion or in separate motions filed that same day. The Parties have confirmed their availability for a hearing on September 16, 2026, and Defendant requests that his motion(s) be heard then. The Parties disagree as to whether discovery should proceed while any motion(s) are pending.  Defendant will request a stay of discovery by joint letter brief under the Court's Civil Standing Order and, if necessary, a protective order under Rule 26(c), as set forth below. Plaintiffs have confirmed the joint letter procedure and their willingness to participate, but do not agree to stay or extend discovery pending any motion to dismiss or the joint letter brief. The Parties discussed Defendant's motion to dismiss and request to stay discovery pending resolution of the contested issues at the Rule 26(f) conference on July 27, 2026, and further met and conferred on the anticipated motions/requests on August 4, 2026.

**Defendant's Statement**: Defendant respectfully requests two things. First, an interim stay of discovery pending the Court's resolution of the Parties' anticipated joint letter brief on whether discovery should be stayed. Second, a stay pending resolution of Defendant's motion(s) to dismiss, which Defendant will brief fully in that joint letter. Plaintiffs have declined to agree to either. The interim request asks only that discovery be held in place for the short period the Court needs to decide whether discovery should proceed at all. Absent an interim stay, Defendant would be required to complete his responses before the Court reaches the question whether he should have to respond — the result the joint letter procedure exists to prevent. Plaintiffs have identified no prejudice from a brief pause while the Court considers the request. Defendant will address the grounds for a stay, including proportionality, in the joint letter brief; the considerations that bear on the interim request the Court is being asked to decide now are summarized below.

The Parties held their Rule 26(f) conference on July 27, 2026. Approximately two hours later, and after Defendant stated at the conference his intention to move to dismiss on threshold grounds, Plaintiffs served three sets of written discovery. Defendant's motion(s) to dismiss are

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC

potentially dispositive of the entire case and can be decided without that discovery, and much of what Plaintiffs seek is jurisdictional in nature. Requiring a foreign defendant to collect and produce evidence before the Court decides whether it may exercise jurisdiction over him, or whether this case belongs in the United States at all, is the expense and burden that threshold motions exist to avoid.  The posture of that discovery underscores the point. Every one of the July 27 requests was propounded by Uzzaman alone; Pegasus adopted them by Notice of Joinder only on August 4, 2026. One of the grounds on which Defendant will move to dismiss would eliminate Uzzaman as a Plaintiff altogether. Requiring Defendant to answer discovery originally propounded by a party who may not remain in the case is the burden an interim stay would avoid.

Finally, Defendant renews his objection in Section II.B. Plaintiffs' opposition to a stay rests on asserted jurisdictional facts that appear nowhere in the operative Complaint and that Plaintiffs advance on information and belief. Defendant does not join or respond to those assertions here.

## V.    AMENDMENT OF PLEADINGS

Plaintiffs do not presently anticipate amending the Complaint, except that Plaintiffs expect to seek leave to substitute the true names and capacities of DOES 1–10 if and when they are ascertained through discovery, and to conform the pleadings to evidence developed in discovery.

## VI.    EVIDENCE PRESERVATION

Counsel for both Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), including the Checklist for ESI Meet and Confer, and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**Defendant's Statement:**

Defendant has been advised of his preservation obligations and has taken reasonable and proportionate steps to preserve documents and electronically stored information potentially relevant to the claims and defenses in this action, including by directing that potentially relevant material not be deleted, that auto-deletion settings applicable to potentially relevant

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC

communications be suspended, and that any messaging-application content within his possession, custody, or control be retained.

Defendant does not agree that Plaintiffs' enumerated list defines the scope of his preservation obligation, and his agreement to preserve is not an admission that any listed account, device, or application exists, is within his possession, custody, or control, or contains material relevant to any claim or defense. Preservation obligations are measured by Rule 37(e) and the proportionality standard of Rule 26(b)(1); they are not enlarged by a party's unilateral demands. Defendant is prepared to confer regarding scope and proposes that the Court address preservation, if at all, after the threshold motion(s) are resolved and the scope of any surviving claims is known.

## VII.  DISCLOSURES

The Parties conducted their Rule 26(f) conference on July 27, 2026 by video conference, promptly after service was effected on July 20, 2026.

**Defendant's Statement:** Defendant objects to exchanging initial disclosures while his motion(s) to dismiss are anticipated and will be pending.  For reasons that will be elaborated in the joint letter brief, Defendant requests that the exchange of initial disclosures be stayed pending the outcome of his motion(s) to dismiss, or, in the alternative, postponed to fourteen (14) days after the Court's determination of the last of those motions.

## VIII.  DISCOVERY

On July 27, 2026, Plaintiff Md Anis Uzzaman served on Defendant a first set of requests for production, a first set of interrogatories, and a first set of requests for admission. Responses are due August 26, 2026.  On August 4, 2026, Plaintiff Pegasus Tech Ventures, Inc. served a Notice of Joinder in each of those three sets, joining in and adopting each interrogatory and request as its own. Plaintiffs contend that both are therefore propounding parties as to all pending requests. Defendant does not agree that the Notice of Joinder has that effect and reserves all objections to the pending requests, including on the ground that they were propounded by Uzzaman alone. Defendant reserves his right to serve discovery on both Plaintiffs. Defendant's position regarding Plaintiffs' pending requests is set forth in Sections IV and VIII.E below.

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC

## A.    Scope of Anticipated Discovery

**Defendant's Statement:** Discovery should be stayed until there is a ruling on Defendant's motion(s) to dismiss. Meaningful discussions regarding the appropriate scope of discovery cannot be had until it is made clear which, if any, allegations and statements remain at issue, and which, if any, Plaintiffs survive, and available discovery may differ depending upon where the case is litigated and what law is applicable to the dispute. If discovery proceeds in this action and in this District, the scope of discovery Defendant would need to pursue would be correspondingly broad, and Defendant would elaborate his discovery plan at that point.

## B.    Electronically Stored Information

The Parties have considered entering into a stipulated e-discovery order and agree to submit one, based on this District's model Stipulated Order re: Discovery of Electronically Stored Information. They will promptly meet and confer regarding: custodians and non-custodial data sources; date ranges; search methodology, including search terms and any technology-assisted review; production format; handling of mobile-device and messaging-application data, including LINE and other chat applications; de-duplication and threading; privilege-log format and timing; and treatment of inadvertently produced privileged material under Federal Rule of Evidence 502(d).

## C.    Proposed Limitations or Modifications of the Discovery Rules

**Defendant's Statement**: Defendant does not agree that limitations on discovery can usefully be set before the Court resolves his motion(s) to dismiss, and he reserves his position pending those rulings. If the Court reaches the question now, Defendant opposes Plaintiffs' proposal that interpreted deposition time be counted at fifty percent of the time actually incurred. Defendant proposes instead that the default limits of Rules 30, 31, and 33 apply, and that any need for additional time be addressed under Rule 30(d)(1) by stipulation or motion on a witness-by-witness basis.

## D.    Deposition Logistics

**Defendant's Statement**: Defendant does not agree that his deposition should proceed in this District or elsewhere in the United States. If this action proceeds, his examination should occur

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC

in Japan, consistent with Japanese and international law.  Defendant reserves all objections and requests that deposition logistics be addressed after the threshold motions are resolved.

**E.      Identified Discovery Disputes**

The Parties dispute whether discovery should proceed while Defendant's threshold motion(s) are pending, and specifically whether Defendant must respond by August 26, 2026 to the requests for production, interrogatories, and requests for admission served on July 27, 2026. The Parties' respective positions are set forth in Section IV and will be further elaborated in a joint letter brief to the Court to be filed in the coming week. Counsel for both Parties conferred by video conference on July 27, 2026 and August 4, 2026, in accordance with the Court's Civil Standing Order, and were unable to resolve the dispute. Defendant respectfully requests that the Court resolve the issue at the August 12, 2026 Case Management Conference or as soon as possible after the submission of the joint letter brief, by staying discovery until after the Court's resolution of Defendant's motion(s) to dismiss, and by staying discovery in the interim until the Court's resolution of the joint letter brief.

Plaintiffs respectfully request that the Court decline to stay discovery and confirm that Defendant's responses to the requests served on July 27, 2026 remain due on August 26, 2026.

**IX.     CLASS ACTIONS**

This is not a class action.

**X.      RELATED CASES**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body. As noted above, Plaintiffs previously filed and voluntarily dismissed without prejudice a related state-court action involving the same parties and substantially the same allegations: *Uzzaman v. Yamamoto*, San Mateo County Superior Court No. 25-CIV-06027, filed August 11, 2025 and dismissed without prejudice on October 21, 2025.

**XI.     RELIEF**

**Defendant's Position:**

Plaintiffs' allegation of harm is unduly speculative and damages are not reasonably calculable based on the pleadings, as Defendant will set out in his forthcoming motion(s) to

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC

dismiss. Pursuant to Paragraph 11 of the Standing Order for All Judges, and without conceding liability or the propriety of any award, damages cannot be calculated as Plaintiffs propose. Plaintiffs' figures rest on projected management fees, carried interest, and capital commitments from transactions that were never consummated. Any recovery would be limited to actual pecuniary loss proximately caused by a statement shown to be false, net of the costs of earning the amounts claimed and of any loss attributable to other causes, and would be subject to Plaintiffs' duty to mitigate. Punitive damages are unavailable on this record and, in any event, are constrained by due process. Defendant will address damages further if and to the extent the case proceeds beyond his motion(s) to dismiss.

## XII.    SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, counsel have reviewed the District's ADR materials and discussed the available dispute resolution options with their clients and with each other. There have been no substantive settlement discussions to date.

**Defendant's Position:**

Defendant will await a ruling on his forthcoming motion(s) to dismiss to determine whether participation in a settlement conference or private mediation would be necessary or appropriate.

## XIII.   CONSENT TO MAGISTRATE JUDGE JURISDICTION

All Parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c). Plaintiffs filed their consent on February 17, 2026 (ECF No. 7), and Defendant filed his consent on July 9, 2026 (ECF No. 18).

## XIV.   OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    NARROWING OF ISSUES

The Parties have not yet identified issues that can be narrowed by agreement, because Defendant has not yet responded to the Complaint. The Parties will continue to meet and confer regarding stipulations to undisputed facts, the authenticity and admissibility of documents, and the

streamlined presentation of evidence, including through summaries under Federal Rule of Evidence 1006. No Party presently requests bifurcation.

**Defendant's Statement:**

Defendant does not join Plaintiffs' proposal. Defendant identifies the threshold questions set forth in Section III as the issues most consequential to this case, because each is capable of resolving the action in its entirety and none requires discovery. Their resolution in advance of discovery is itself the most effective narrowing available. Defendant proposes instead that his motion(s) to dismiss be heard on the Court's earliest available date and that the sequencing questions Plaintiffs raise be taken up at a further case management conference should the case survive. The Court need not reach the jurisdictional question at all: it may address the forum non conveniens ground first where a foreign tribunal is plainly the more suitable arbiter of the merits. *Sinochem*, 549 U.S. at 425, 432.

## XVI.    EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case is appropriate for the Expedited Trial Procedure of General Order 64, given the amount in controversy, the international character of the evidence, and the anticipated volume of electronically stored information.

## XVII.    SCHEDULING

**Defendant's Statement:**

Defendant respectfully submits that it is premature to enter a Rule 16 scheduling order. Defendant's motion(s) to dismiss will be filed on August 10, 2026 and, under Civil Local Rule 7-2(a), may be noticed for hearing no earlier than September 16, 2026.  Defendant proposes that the Court defer setting case deadlines and instead set a further case management conference approximately thirty days after it rules on the last of those motions, at which point the Parties can propose a schedule informed by the scope of any surviving claims. Defendant does not request that the August 12, 2026 Case Management Conference be continued. Defendant's alternative dates, should the Court elect to set a schedule now, are set forth in Exhibit A and run from the date of the last ruling on the motion(s) to dismiss.

## XVIII. TRIAL

Plaintiffs have demanded a jury trial on all issues so triable. The Parties presently estimate a trial length of seven to ten court days, exclusive of jury selection. Defendant reserves the right to revise this estimate after responding to the Complaint.

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Defendant states:** Defendant states that he is an individual, has no parent corporation, and that no publicly held corporation owns stock in any party through him.  Other than the named parties, Defendant is unaware of any person, firm, partnership, corporation, or other entity having either a financial interest in the subject matter in controversy or any other kind of interest that could be substantially affected by the outcome of this proceeding.

## XX.    PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.    OTHER MATTERS

### A.    Protective Order

The Parties agree that a protective order is necessary and will submit a stipulated protective order for the Court's approval.

### B.    Foreign Language Materials

A substantial portion of the relevant communications and documents is expected to be in Japanese. The Parties will meet and confer regarding a protocol for translations, including which materials require certified translation, the allocation of translation costs, the use of interpreters at depositions, and procedures for resolving disputes over the accuracy of translations.

### C.    Proposed Orders

Consistent with the Court's Civil Standing Order, the Parties will email a copy of all stipulations and proposed orders in Word format to ncpo@cand.uscourts.gov on the same day they are e-filed.

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC

**D.    Request for Relief at the Case Management Conference**

**Defendant's Request:** For the reasons set forth in Sections IV, VII, VIII.C, VIII.D, VIII.E, XV, and XVII, Defendant respectfully requests that, at or following the August 12, 2026 Case Management Conference, the Court enter an order: (1) staying all discovery, including initial disclosures under Rule 26(a)(1), pending resolution of Defendant's motion(s) to dismiss; (2) deferring entry of a Rule 16 scheduling order and setting a further case management conference within thirty days after the last ruling on those motions; and (3) deferring any modification of the presumptive discovery limits and any determination of deposition logistics until after that ruling.

Dated: August 5, 2026

Respectfully submitted,

/s/ *Dawn Y. Yamane Hewett*
Dawn Y. Yamane Hewett
(DC Bar No. 984923) (pro hac vice)
dawnhewett@quinnemanuel.com
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant
Yasumasa Yamamoto*

# EXHIBIT A

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC

**PROPOSED CASE SCHEDULE**

| Event | Defendant's Proposal |
|---|---|
| Fact discovery deadline | Defendant proposes that no schedule be set now. If the Court sets a schedule: 12 months after the last ruling on Defendant's motion(s) to dismiss |
| Expert disclosures and reports served | 13 months after the last ruling on Defendant's motion(s) to dismiss |
| Rebuttal expert reports served | 14 months after the last ruling on Defendant's motion(s) to dismiss |
| Expert discovery cut-off | 15 months after the last ruling on Defendant's motion(s) to dismiss |
| Deadline to file dispositive and Daubert motions | 16 months after the last ruling on Defendant's motion(s) to dismiss |
| Hearing on dispositive motions | To be set by the Court |
| Pre-trial conference | To be set by the Court |
| Jury trial (7–10 days to commence) | To be set by the Court |

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 5:26-cv-00945-NC