# EXHIBIT B

# 民事訴訟法（暫定版）
# Code of Civil Procedure (Tentative translation)

（平成八年六月二十六日法律第百九号）

(Act No. 109 of June 26, 1996)

目次

Table of Contents

第一編　総則

Part I General Provisions

　第一章　通則（第一条—第三条）

　Chapter I General Rules (Articles 1 to 3)

　第二章　裁判所

　Chapter II The Courts

　　第一節　日本の裁判所の管轄権（第三条の二—第三条の十二）

　　Section 1 Jurisdiction of the Japanese Courts (Articles 3-2 to 3-12)

　　第二節　管轄（第四条—第二十二条）

　　Section 2 Jurisdiction (Articles 4 to 22)

　　第三節　裁判所職員の除斥及び忌避（第二十三条—第二十七条）

　　Section 3 Disqualifying or Challenging a Court Official (Articles 23 to 27)

　第三章　当事者

　Chapter III The Parties

　　第一節　当事者能力及び訴訟能力（第二十八条—第三十七条）

　　Section 1 Capacity as a Party and Capacity to Sue or Be Sued (Articles 28 to 37)

　　第二節　共同訴訟（第三十八条—第四十一条）

　　Section 2 Joint Litigation (Articles 38 to 41)

　　第三節　訴訟参加（第四十二条—第五十三条）

　　Section 3 Intervention (Articles 42 to 53)

　　第四節　訴訟代理人及び補佐人（第五十四条—第六十条）

　　Section 4 Litigation Representatives and Assistants in Court (Articles 54 to 60)

　第四章　訴訟費用

　Chapter IV Court Costs

　　第一節　訴訟費用の負担（第六十一条—第七十四条）

　　Section 1 Burden of Court Costs (Articles 61 to 74)

　　第二節　訴訟費用の担保（第七十五条—第八十一条）

　　Section 2 Security for Court Costs (Articles 75 to 81)

　　第三節　訴訟上の救助（第八十二条—第八十六条）

　　Section 3 Legal Aid (Articles 82 to 86)

1

第一編　総則
**Part I General Provisions**
　第一章　通則
　**Chapter I General Rules**

（趣旨）
（Purpose）
第一条　民事訴訟に関する手続については、他の法令に定めるもののほか、この法律の定めるところによる。
Article 1  Beyond what is provided for in other laws and regulations, procedure in civil litigation is governed by the provisions of this Code.

（裁判所及び当事者の責務）
（Responsibilities of the Courts and the Parties）
第二条　裁判所は、民事訴訟が公正かつ迅速に行われるように努め、当事者は、信義に従い誠実に民事訴訟を追行しなければならない。
Article 2  The courts shall endeavor to ensure that civil litigation is conducted fairly and expeditiously, and the parties shall conduct that litigation in good faith.

（最高裁判所規則）
（Rules of the Supreme Court）
第三条　この法律に定めるもののほか、民事訴訟に関する手続に関し必要な事項は、最高裁判所規則で定める。
Article 3  Beyond what is provided for in this Code, necessary particulars in connection with procedure in civil litigation are prescribed by the Rules of the Supreme Court.

　第二章　裁判所
　**Chapter II The Courts**
　　第一節　日本の裁判所の管轄権
　　**Section 1 Jurisdiction of the Japanese Courts**

（被告の住所等による管轄権）
（Jurisdiction Based on the Defendant's Domicile）
第三条の二　裁判所は、人に対する訴えについて、その住所が日本国内にあるとき、住所がない場合又は住所が知れない場合にはその居所が日本国内にあるとき、居所がない場合又は居所が知れない場合には訴えの提起前に日本国内に住所を有していたとき（日本国内に最後に住所を有していた後に外国に住所を有していたときを除く。）は、管轄権を有する。
Article 3-2  (1) The courts have jurisdiction over an action that is brought against

a person domiciled in Japan; against a person without a domicile or of domicile unknown, whose residence is in Japan; and against a person without a residence or of residence unknown, who was domiciled in Japan before the action was filed (unless the person has been domiciled in a foreign country after last being domiciled in Japan).

2　裁判所は、大使、公使その他外国に在ってその国の裁判権からの免除を享有する日本人に対する訴えについて、前項の規定にかかわらず、管轄権を有する。

(2) Notwithstanding the provisions of the preceding paragraph, the courts have jurisdiction over an action that is brought against an ambassador, minister, or any other Japanese national in a foreign country who enjoys immunity from the jurisdiction of that country.

3　裁判所は、法人その他の社団又は財団に対する訴えについて、その主たる事務所又は営業所が日本国内にあるとき、事務所若しくは営業所がない場合又はその所在地が知れない場合には代表者その他の主たる業務担当者の住所が日本国内にあるときは、管轄権を有する。

(3) The courts have jurisdiction over an action that is brought against a corporation or any other association or foundation whose principal office or business office is located in Japan, and against a corporation, association, or foundation without a business office or other office, or with a business office or other office of unknown location, whose representative or other person principally in charge of its business is domiciled in Japan.

　　（契約上の債務に関する訴え等の管轄権）

　　(Jurisdiction over an Action Involving a Contractual Obligation)

第三条の三　次の各号に掲げる訴えは、それぞれ当該各号に定めるときは、日本の裁判所に提起することができる。

Article 3-3  An action set forth in one of the following items may be filed with the Japanese courts in the case specified in said item:

　一　契約上の債務の履行の請求を目的とする訴え又は契約上の債務に関して行われた事務管理若しくは生じた不当利得に係る請求、契約上の債務の不履行による損害賠償の請求その他契約上の債務に関する請求を目的とする訴え　契約において定められた当該債務の履行地が日本国内にあるとき、又は契約において選択された地の法によれば当該債務の履行地が日本国内にあるとき。

　(i) an action on a claim for performance of a contractual obligation; on a claim involving benevolent intervention in another's affairs that has been done, or unjust enrichment that has arisen, in connection with a contractual obligation; on a claim for damages due to nonperformance of a contractual obligation; or on any other claim involving a contractual obligation: if the contractually specified place for performance of the obligation is within Japan, or if the law of the place adopted under the contract gives a place within Japan as the place for performance of the obligation;

6

二　手形又は小切手による金銭の支払の請求を目的とする訴え　手形又は小切手の支払地が日本国内にあるとき。

(ii) an action on a claim for the payment of monies for a bill or note or for a check: if the place for payment of the bill or note or for the check is within Japan;

三　財産権上の訴え　請求の目的が日本国内にあるとき、又は当該訴えが金銭の支払を請求するものである場合には差し押さえることができる被告の財産が日本国内にあるとき（その財産の価額が著しく低いときを除く。）。

(iii) an action on a property right: if the subject matter of the claim is located within Japan, or if the action is a claim for the payment of monies, and seizable property of the defendant is located within Japan (except when the value of such property is extremely low);

四　事務所又は営業所を有する者に対する訴えでその事務所又は営業所における業務に関するもの　当該事務所又は営業所が日本国内にあるとき。

(iv) an action against a person with an office or a business office, which is filed in connection with the business conducted at that person's office or business office: if said office or business office is located within Japan;

五　日本において事業を行う者（日本において取引を継続してする外国会社（会社法（平成十七年法律第八十六号）第二条第二号に規定する外国会社をいう。）を含む。）に対する訴え　当該訴えがその者の日本における業務に関するものであるとき。

(v) an action against a person that conducts business in Japan (including a foreign company (meaning a foreign company as prescribed in Article 2, item (ii) of the Companies Act (Act No. 86 of 2005)) that continually carries out transactions in Japan): if said action involves the business that the person conducts in Japan;

六　船舶債権その他船舶を担保とする債権に基づく訴え　船舶が日本国内にあるとき。

(vi) an action based on a ship claim or any other claim secured by a ship: if the ship is located within Japan;

七　会社その他の社団又は財団に関する訴えで次に掲げるもの　社団又は財団が法人である場合にはそれが日本の法令により設立されたものであるとき、法人でない場合にはその主たる事務所又は営業所が日本国内にあるとき。

(vii) one of the following actions involving a company or any other association or foundation: if the association or foundation is a corporation and it is incorporated pursuant to the laws and regulations of Japan, or if the association or foundation is not a corporation but its principal office or business office is located within Japan:

　イ　会社その他の社団からの社員若しくは社員であった者に対する訴え、社員からの社員若しくは社員であった者に対する訴え又は社員であった者からの社員に対する訴えで、社員としての資格に基づくもの

　(a) an action brought by a company or any other association against its

7

member or a person that was its member, an action brought by one member against another member or against a person that was a member, or an action brought by a person that was a member against a member, which is based on the relevant person's status as a member;

ロ　社団又は財団からの役員又は役員であった者に対する訴えで役員としての資格に基づくもの

(b) an action brought by an association or foundation against its officer or a person that was its officer, which is based on the person's status as an officer;

ハ　会社からの発起人若しくは発起人であった者又は検査役若しくは検査役であった者に対する訴えで発起人又は検査役としての資格に基づくもの

(c) an action brought by a company against its incorporator or a person that was its incorporator, or against its inspector or a person that was its inspector, which is based on the person's status as an incorporator or inspector;

ニ　会社その他の社団の債権者からの社員又は社員であった者に対する訴えで社員としての資格に基づくもの

(d) an action brought by a company's or other association's creditor against its member or a person that was its member, which is based on the person's status as a member.

八　不法行為に関する訴え　不法行為があった地が日本国内にあるとき（外国で行われた加害行為の結果が日本国内で発生した場合において、日本国内におけるその結果の発生が通常予見することのできないものであったときを除く。）。

(viii) an action for a tort: if the place where the tort occurred is within Japan (excluding if the consequences of a wrongful act committed in a foreign country have arisen within Japan but it would not ordinarily have been possible to foresee those consequences arising within Japan);

九　船舶の衝突その他海上の事故に基づく損害賠償の訴え　損害を受けた船舶が最初に到達した地が日本国内にあるとき。

(ix) an action for damages due to the collision of a ship or any other accident at sea: if the first place where the damaged ship docked is within Japan;

十　海難救助に関する訴え　海難救助があった地又は救助された船舶が最初に到達した地が日本国内にあるとき。

(x) an action related to a maritime rescue: if the place where the maritime rescue took place or the first place where the salvaged ship docked is within Japan;

十一　不動産に関する訴え　不動産が日本国内にあるとき。

(xi) an action related to real property: if the real property is located within Japan;

十二　相続権若しくは遺留分に関する訴え又は遺贈その他死亡によって効力を生ずべき行為に関する訴え　相続開始の時における被相続人の住所が日本国内にあるとき、

8

住所がない場合又は住所が知れない場合には相続開始の時における被相続人の居所
が日本国内にあるとき、居所がない場合又は居所が知れない場合には被相続人が相
続開始の前に日本国内に住所を有していたとき（日本国内に最後に住所を有してい
た後に外国に住所を有していたときを除く。）。

(xii) an action related to a right of inheritance or legitime, or an action related
to a legacy or any other act that comes into effect upon a person's death: if at
the time of the opening of the succession, the decedent was domiciled in
Japan; if at the time of the opening of the succession, the decedent was
without a domicile or was of domicile unknown, but had a residence in
Japan; or if at the time of the opening of the succession, the decedent was
without a residence or was of residence unknown, but before the opening of
the succession, the decedent had been domiciled in Japan (unless the
decedent was domiciled in a foreign country after last being domiciled in
Japan;

十三　相続債権その他相続財産の負担に関する訴えで前号に掲げる訴えに該当しない
もの　同号に定めるとき。

(xiii) an action involving a claim against a succession or any other charge on an
estate which does not fall under the category of an action set forth in the
preceding item: as specified in that item.

（消費者契約及び労働関係に関する訴えの管轄権）
(Jurisdiction over Actions Involving Consumer Contracts and Labor Relations)
第三条の四　消費者（個人（事業として又は事業のために契約の当事者となる場合にお
けるものを除く。）をいう。以下同じ。）と事業者（法人その他の社団又は財団及び
事業として又は事業のために契約の当事者となる場合における個人をいう。以下同
じ。）との間で締結される契約（労働契約を除く。以下「消費者契約」という。）に
関する消費者からの事業者に対する訴えは、訴えの提起の時又は消費者契約の締結の
時における消費者の住所が日本国内にあるときは、日本の裁判所に提起することがで
きる。

Article 3-4 (1) An action involving a contract concluded between a Consumer
(meaning an individual (except for an individual that becomes a party to a
contract as a part of a business undertaking or for business purposes); the
same applies hereinafter) and an Enterprise (meaning a corporation or any
other association or foundation or an individual that becomes a party to a
contract as a part of a business undertaking or for business purposes; the same
applies hereinafter) (this excludes a labor contract; hereinafter referred to as a
"Consumer Contract"), which is brought by the Consumer against the
Enterprise, may be filed with the Japanese courts if the Consumer is domiciled
in Japan at the time the action is filed or at the time the Consumer Contract is
concluded.

2　労働契約の存否その他の労働関係に関する事項について個々の労働者と事業主との

9

(i) if the agreement is made at the time a labor contract ends, and establishes that an action may be filed with the courts of the country where the place that the labor was being provided as of that time is located (except in the case set forth in the following item, an agreement that an action may be filed only with the courts of such a country is deemed not to preclude the filing of an action with the courts of any other country);

二 労働者が当該合意に基づき合意された国の裁判所に訴えを提起したとき、又は事業主が日本若しくは外国の裁判所に訴えを提起した場合において、労働者が当該合意を援用したとき。

(ii) if the worker, in accordance with said agreement, files an action with the courts of the agreed-upon country; or if the enterprise files an action with the Japanese courts or with the courts of a foreign country and the worker invokes said agreement.

（応訴による管轄権）

(Jurisdiction Based on Appearance)

第三条の八　被告が日本の裁判所が管轄権を有しない旨の抗弁を提出しないで本案について弁論をし、又は弁論準備手続において申述をしたときは、裁判所は、管轄権を有する。

Article 3-8  If the defendant presents an oral argument on the merits of the case or enters a statement in preparatory proceedings without entering the affirmative defense that the Japanese courts lack jurisdiction, the courts have jurisdiction.

（特別の事情による訴えの却下）

(Dismissal without Prejudice Due to Special Circumstances)

第三条の九　裁判所は、訴えについて日本の裁判所が管轄権を有することとなる場合（日本の裁判所にのみ訴えを提起することができる旨の合意に基づき訴えが提起された場合を除く。）においても、事案の性質、応訴による被告の負担の程度、証拠の所在地その他の事情を考慮して、日本の裁判所が審理及び裁判をすることが当事者間の衡平を害し、又は適正かつ迅速な審理の実現を妨げることとなる特別の事情があると認めるときは、その訴えの全部又は一部を却下することができる。

Article 3-9  Even when the Japanese courts have jurisdiction over an action (except when an action is filed based on an agreement that only permits an action to be filed with the Japanese courts), the court may dismiss the whole or part of an action without prejudice if it finds that there are special circumstances because of which, if the Japanese courts were to conduct a trial and reach a judicial decision in the action, it would be inequitable to either party or prevent a fair and speedy trial, in consideration of the nature of the case, the degree of burden that the defendant would have to bear in responding to the action, the location of evidence, and other circumstances.

13

### 第三節　裁判所職員の除斥及び忌避
### Section 3 Disqualifying or Challenging a Court Official

（裁判官の除斥）

（Disqualifying a Judge）

第二十三条　裁判官は、次に掲げる場合には、その職務の執行から除斥される。ただし、第六号に掲げる場合にあっては、他の裁判所の嘱託により受託裁判官としてその職務を行うことを妨げない。

Article 23　(1) In the following cases, a judge is disqualified from performing the duties of a judge; provided, however, that in the case set forth in item (vi), this does not preclude a judge from performing duties as a commissioned judge based on a commission from another court:

一　裁判官又はその配偶者若しくは配偶者であった者が、事件の当事者であるとき、又は事件について当事者と共同権利者、共同義務者若しくは償還義務者の関係にあるとき。

(i) if the judge, or the judge's spouse or former spouse, is a party to the case, or is related to a party to the case as a joint obligee, joint obligor, or obligor for redemption;

二　裁判官が当事者の四親等内の血族、三親等内の姻族若しくは同居の親族であるとき、又はあったとき。

(ii) if the judge is or was formerly the relative of a party to the case within the fourth degree of consanguinity or the third degree of affinity, or is or was formerly the cohabiting relative of a party to the case;

三　裁判官が当事者の後見人、後見監督人、保佐人、保佐監督人、補助人又は補助監督人であるとき。

(iii) if the judge is the guardian, supervisor of the guardian, curator, supervisor of the curator, assistant, or supervisor of the assistant of a party to the case;

四　裁判官が事件について証人又は鑑定人となったとき。

(iv) if the judge becomes a witness or expert in the case;

五　裁判官が事件について当事者の代理人又は補佐人であるとき、又はあったとき。

(v) if a judge is or was formerly a party's representative or assistant in court in the case;

六　裁判官が事件について仲裁判断に関与し、又は不服を申し立てられた前審の裁判に関与したとき。

(vi) if the judge participated in granting an arbitral award in the case or participated in reaching the judicial decision in the prior instance against which an appeal has been entered.

2　前項に規定する除斥の原因があるときは、裁判所は、申立てにより又は職権で、除斥の裁判をする。

(2) If any of the grounds for disqualification prescribed in the preceding

26

paragraph exist, the court, upon petition or sua sponte, reaches a judicial
decision to disqualify.

（裁判官の忌避）

(Challenging a Judge)

第二十四条　裁判官について裁判の公正を妨げるべき事情があるときは、当事者は、そ
の裁判官を忌避することができる。

Article 24　(1) If there are circumstances involving a judge which could prejudice
the impartiality of a judicial decision, a party may challenge that judge.

２　当事者は、裁判官の面前において弁論をし、又は弁論準備手続において申述をした
ときは、その裁判官を忌避することができない。ただし、忌避の原因があることを知
らなかったとき、又は忌避の原因がその後に生じたときは、この限りでない。

(2) Once a party has presented an oral argument or entered a statement in
preparatory proceedings before a judge, the party may not challenge that
judge; provided, however, that this does not apply if the party did not know of
the existence of any grounds for challenge at that time or if the grounds for the
challenge occur thereafter.

（除斥又は忌避の裁判）

(Judicial Decisions Regarding a Disqualification or Challenge)

第二十五条　合議体の構成員である裁判官及び地方裁判所の一人の裁判官の除斥又は忌
避についてはその裁判官の所属する裁判所が、簡易裁判所の裁判官の除斥又は忌避に
ついてはその裁判所の所在地を管轄する地方裁判所が、決定で、裁判をする。

Article 25　(1) The judicial decision on the disqualification of or challenge against
a judge who is a member of a judicial panel or against a single district court
judge is reached in the form of a ruling by the court to which the judge belongs,
and the judicial decision on the disqualification of or challenge against a
summary court judge is reached in the form of a ruling by the district court of
jurisdiction in that locality.

２　地方裁判所における前項の裁判は、合議体でする。

(2) In the district court, the judicial decision as referred to in the preceding
paragraph is reached by a judicial panel.

３　裁判官は、その除斥又は忌避についての裁判に関与することができない。

(3) A judge may not be involved in a judicial decision on that judge's own
disqualification or on a challenge against that judge.

４　除斥又は忌避を理由があるとする決定に対しては、不服を申し立てることができな
い。

(4) No appeal may be entered against a ruling finding grounds for
disqualification or challenge.

５　除斥又は忌避を理由がないとする決定に対しては、即時抗告をすることができる。

(5) An immediate appeal may be filed against a ruling finding there to be no

27

Article 53 (1) While litigation is pending, a party may convey notice of the litigation to a third party that is permitted to intervene therein.

2　訴訟告知を受けた者は、更に訴訟告知をすることができる。

(2) A person receiving notice of litigation may further convey notice of litigation to another person.

3　訴訟告知は、その理由及び訴訟の程度を記載した書面を裁判所に提出してしなければならない。

(3) Notice of litigation shall be conveyed through the submission of a paper document to the court stating the grounds therefor and the progress of the litigation.

4　訴訟告知を受けた者が参加しなかった場合においても、第四十六条の規定の適用については、参加することができた時に参加したものとみなす。

(4) Even if a person receiving notice of litigation does not intervene in the litigation, that person, for the purpose of application of the provisions of Article 46, is deemed to have intervened in the litigation at the time that that person could have intervened.

### 第四節　訴訟代理人及び補佐人
### Section 4 Litigation Representatives and Assistants in Court

（訴訟代理人の資格）

(Qualification as a Litigation Representative)

第五十四条　法令により裁判上の行為をすることができる代理人のほか、弁護士でなければ訴訟代理人となることができない。ただし、簡易裁判所においては、その許可を得て、弁護士でない者を訴訟代理人とすることができる。

Article 54 (1) Except for a representative who may act in court pursuant to law or regulation, no person other than an attorney at law may serve as a litigation representative; provided, however, that in summary court, with the court's permission, a person who is not an attorney at law may be named litigation representative.

2　前項の許可は、いつでも取り消すことができる。

(2) The permission set forth in the preceding paragraph may be rescinded at any time.

（訴訟代理権の範囲）

(Scope of Authority of Representation in Litigation)

第五十五条　訴訟代理人は、委任を受けた事件について、反訴、参加、強制執行、仮差押え及び仮処分に関する訴訟行為をし、かつ、弁済を受領することができる。

Article 55 (1) A litigation representative may perform procedural acts involved in a counterclaim, intervention, compulsory execution, provisional seizure, or provisional disposition for a case delegated thereto, and may receive payment.

expiration of the time frame specified for filing of an appeal with the court of second instance or a final appeal (excluding a final appeal as referred to in Article 327, paragraph (1) (including as applied mutatis mutandis pursuant to Article 380, paragraph (2)), for filing of a petition as referred to in Article 318, paragraph (1), or for filing of an objection under the provisions of Article 357 (including as applied mutatis mutandis pursuant to Article 367, paragraph (2)), Article 378, paragraph (1) or Article 381-7, paragraph (1).

2　判決の確定は、前項の期間内にした控訴の提起、同項の上告の提起又は同項の申立てにより、遮断される。

(2) A judgment is blocked from becoming final and binding by the filing of an appeal with the court of second instance, the filing of a final appeal as referred to in the preceding paragraph, or the filing of a petition or an objection as referred to in that paragraph, that is made within the time frame set forth in that paragraph.


（定期金による賠償を命じた確定判決の変更を求める訴え）

(Action to Modify a Final and Binding Judgment Ordering Compensation by Periodic Payments)

第百十七条　口頭弁論終結前に生じた損害につき定期金による賠償を命じた確定判決について、口頭弁論終結後に、後遺障害の程度、賃金水準その他の損害額の算定の基礎となった事情に著しい変更が生じた場合には、その判決の変更を求める訴えを提起することができる。ただし、その訴えの提起の日以後に支払期限が到来する定期金に係る部分に限る。

Article 117　(1) If, with regard to a final and binding judgment ordering compensation through periodic payments for damage arising prior to the conclusion of oral arguments, any significant change has occurred in terms of the severity of residual disability, wage standards, or any other circumstances that were used as the basis for calculation of the amount of damages after the conclusion of oral arguments, an action may be filed to modify the judgment; provided, however, that this applies only to the part of the judgment involving periodic payments that will become due after the date the action is filed.

2　前項の訴えは、第一審裁判所の管轄に専属する。

(2) An action as referred to in the preceding paragraph is under the exclusive jurisdiction of the court of first instance.


（外国裁判所の確定判決の効力）

(Validity of a Final and Binding Judgment Rendered by a Foreign Court)

第百十八条　外国裁判所の確定判決は、次に掲げる要件のすべてを具備する場合に限り、その効力を有する。

Article 118　A final and binding judgment rendered by a foreign court is valid only if it meets all of the following requirements:

82

一 法令又は条約により外国裁判所の裁判権が認められること。

(i) the jurisdiction of the foreign court is recognized pursuant to laws and regulations, conventions, or treaties;

二 敗訴の被告が訴訟の開始に必要な呼出し若しくは命令の送達（公示送達その他これに類する送達を除く。）を受けたこと又はこれを受けなかったが応訴したこと。

(ii) the defeated defendant has been served (excluding service by publication or any other service similar thereto) with the requisite summons or order for the commencement of litigation, or has appeared without being so served;

三 判決の内容及び訴訟手続が日本における公の秩序又は善良の風俗に反しないこと。

(iii) the content of the judgment and the litigation proceedings are not contrary to public policy in Japan;

四 相互の保証があること。

(iv) a guarantee of reciprocity is in place.

（決定及び命令の告知）

(Notice of Rulings and Orders)

第百十九条　決定及び命令は、相当と認める方法で告知することによって、その効力を生ずる。

Article 119  A ruling or order takes effect when notice thereof is given by a means that is considered to be appropriate.

（訴訟指揮に関する裁判の取消し）

(Revocation of a Judicial Decision Concerning Control of Litigation Proceedings)

第百二十条　訴訟の指揮に関する決定及び命令は、いつでも取り消すことができる。

Article 120  A ruling or order concerning control of litigation proceedings may be revoked at any time.

（裁判所書記官の処分に対する異議）

(Objection to a Disposition by the Court Clerk)

第百二十一条　裁判所書記官の処分に対する異議の申立てについては、その裁判所書記官の所属する裁判所が、決定で、裁判をする。

Article 121  The court to which the court clerk is assigned reaches a judicial decision on any objection to a disposition made by that court clerk, in the form of a ruling.

（判決に関する規定の準用）

(Mutatis Mutandis Application of Provisions on Judgments)

第百二十二条　決定及び命令には、その性質に反しない限り、判決に関する規定を準用する。

Article 122  Provisions on judgments apply mutatis mutandis to rulings and

calculated according to the value of the subject matter of litigation as deemed appropriate by that person.

8　前項ただし書の場合には、原裁判所は、その即時抗告を却下しなければならない。

(8) In the case as referred to in the proviso to the preceding paragraph, the court of prior instance shall dismiss the immediate appeal without prejudice.

9　前項の規定による決定に対しては、不服を申し立てることができない。

(9) No appeal may be entered against a ruling on a petition under the provisions of the preceding paragraph.

（訴状の送達）

(Service of a Complaint)

第百三十八条　訴状は、被告に送達しなければならない。

Article 138 (1) A complaint shall be served on the defendant.

2　第百三十七条の規定は、訴状の送達をすることができない場合（訴状の送達に必要な費用を予納しない場合を含む。）について準用する。

(2) The provisions of Article 137 apply mutatis mutandis if it is not possible to serve the complaint (including if the expenses necessary for serving the complaint are not prepaid).

（口頭弁論期日の指定）

(Designation of a Date for Oral Arguments)

第百三十九条　訴えの提起があったときは、裁判長は、口頭弁論の期日を指定し、当事者を呼び出さなければならない。

Article 139 When an action has been filed, the presiding judge shall designate a date for oral arguments and summon the parties to appear.

（口頭弁論を経ない訴えの却下）

(Dismissal of an Action Without Prejudice, Without Oral Arguments Being Heard)

第百四十条　訴えが不適法でその不備を補正することができないときは、裁判所は、口頭弁論を経ないで、判決で、訴えを却下することができる。

Article 140 If an action is not in accordance with the law and this defect cannot be corrected, the court may enter a judgment to dismiss the action without prejudice, without hearing oral arguments.

（呼出費用の予納がない場合の訴えの却下）

(Dismissal of an Action Without Prejudice When Expenses for a Summons Have Not Been Prepaid)

第百四十一条　裁判所は、民事訴訟費用等に関する法律の規定に従い当事者に対する期日の呼出しに必要な費用の予納を相当の期間を定めて原告に命じた場合において、その予納がないときは、被告に異議がない場合に限り、決定で、訴えを却下することが

112

(2) The disposition for correction under the provisions of the preceding paragraph shall be made by the entry of that effect in a file, as provided for by the Rules of the Supreme Court.

3　第七十一条第四項、第五項及び第八項の規定は、第一項の規定による更正の処分又は同項の申立てを却下する処分及びこれらに対する異議の申立てについて準用する。

(3) The provisions of Article 71, paragraphs (4), (5) and (8) apply mutatis mutandis to a disposition of correction under the provisions of paragraph (1) or a disposition of dismissal of petition without prejudice under that paragraph, as well as a petition for objection against these.

### 第二節　準備書面等
### Section 2 Briefs

（準備書面）

（Briefs）

第百六十一条　口頭弁論は、書面で準備しなければならない。

Article 161（1）Oral arguments shall be prepared in writing.

2　準備書面には、次に掲げる事項を記載する。

(2) A brief details the following particulars:

　一　攻撃又は防御の方法

(i) allegations and evidence;

　二　相手方の請求及び攻撃又は防御の方法に対する陳述

(ii) statements about the adverse party's claim and allegations and evidence.

3　相手方が在廷していない口頭弁論においては、次の各号のいずれかに該当する準備書面に記載した事実でなければ、主張することができない。

(3) During oral arguments for which the adverse party is not present in court, no facts other than those stated in a brief which falls under any of the following items may be alleged.

　一　相手方に送達された準備書面

(i) a brief served upon the adverse party;

　二　相手方からその準備書面を受領した旨を記載した書面が提出された場合における当該準備書面

(ii) a brief for which the written receipt thereof was submitted by the adverse party; or

　三　相手方が第九十一条の二第一項の規定により準備書面の閲覧をし、又は同条第二項の規定により準備書面の複写をした場合における当該準備書面

(iii) a brief which the adverse party inspected pursuant to the provisions of Article 91-2, paragraph (1) or of which the adverse party copied pursuant to the provisions of paragraph (2) of that Article.

（準備書面等の提出期間）

る場合には、裁判所は、当該監督官庁（衆議院若しくは参議院の議員又はその職にあった者についてはその院、内閣総理大臣その他の国務大臣又はその職にあった者については内閣）の承認を得なければならない。

Article 191 (1) If the court will examine a public officer or a person who was a public officer as a witness with regard to any confidential information connected with that person's duties, the court shall obtain the approval of the relevant supervisory government agency (in the case of a member of the House of Representatives or House of Councillors or a person who held such office, the relevant House; in the case of the Prime Minister or any other Minister of State or a person who held such post, the Cabinet).

2　前項の承認は、公共の利益を害し、又は公務の遂行に著しい支障を生ずるおそれがある場合を除き、拒むことができない。

(2) A supervisory government agency may not refuse to give the approval as referred to in the preceding paragraph, except if such approval is likely to harm the public interest or substantially hinder the performance of public duties.

（不出頭に対する過料等）

(Civil Fines for Non-Appearance)

第百九十二条　証人が正当な理由なく出頭しないときは、裁判所は、決定で、これによって生じた訴訟費用の負担を命じ、かつ、十万円以下の過料に処する。

Article 192 (1) If a witness, without a legitimate reason for doing so, fails to appear, the court issues a ruling ordering the witness to bear any court costs incurred due to the witness's failure to appear, and sentences that witness to a civil fine of not more than 100,000 yen.

2　前項の決定に対しては、即時抗告をすることができる。

(2) An immediate appeal may be filed against the ruling as referred to in the preceding paragraph.

（不出頭に対する罰金等）

(Criminal Fines for Non-Appearance)

第百九十三条　証人が正当な理由なく出頭しないときは、十万円以下の罰金又は拘留に処する。

Article 193 (1) If a witness fails to appear without a legitimate reason, the witness is sentenced to a criminal fine of not more than 100,000 yen or misdemeanor imprisonment without work.

2　前項の罪を犯した者には、情状により、罰金及び拘留を併科することができる。

(2) Both a criminal fine and misdemeanor imprisonment without work may be imposed cumulatively on a person who has committed the crime as referred to in the preceding paragraph, depending on the circumstances.

（勾引）

(Subpoenas)

第百九十四条　裁判所は、正当な理由なく出頭しない証人の勾引を命ずることができる。

Article 194 (1) The court may subpoena a witness who fails to appear without a legitimate reason for failing to do so.

2　刑事訴訟法中勾引に関する規定は、前項の勾引について準用する。

(2) The provisions of the Code of Criminal Procedure concerning subpoenas apply mutatis mutandis to a subpoena as referred to in the preceding paragraph.


（受命裁判官等による証人尋問）

(Examination of a Witness by an Authorized Judge)

第百九十五条　裁判所は、次に掲げる場合に限り、受命裁判官又は受託裁判官に裁判所外で証人の尋問をさせることができる。

Article 195 The court may have an authorized judge or a commissioned judge examine a witness out of court, but only in the following cases:

一　証人が受訴裁判所に出頭する義務がないとき、又は正当な理由により出頭することができないとき。

(i) the witness has no obligation to appear before the court in charge of the case, or has a legitimate reason for being unable to appear before that court;

二　証人が受訴裁判所に出頭するについて不相当な費用又は時間を要するとき。

(ii) it would require unreasonable expense or time for the witness to appear before the court in charge of the case;

三　現場において証人を尋問することが事実を発見するために必要であるとき。

(iii) it is necessary to examine the witness at the scene of the dispute in order to discover a fact;

四　当事者に異議がないとき。

(iv) neither party has any objection.


（証言拒絶権）

(Right to Refuse to Testify)

第百九十六条　証言が証人又は証人と次に掲げる関係を有する者が刑事訴追を受け、又は有罪判決を受けるおそれがある事項に関するときは、証人は、証言を拒むことができる。証言がこれらの者の名誉を害すべき事項に関するときも、同様とする。

Article 196 If a witness's testimony relates to a matter for which the witness, personally, or a person related to the witness in any of the following ways, would likely be subject to criminal prosecution or conviction, the witness may refuse to testify. The same applies if a witness's testimony relates to a matter that would harm the reputation of such persons:

一　配偶者、四親等内の血族若しくは三親等内の姻族の関係にあり、又はあったこと。

(i) a person who is or was the witness's spouse, relative within the fourth degree of consanguinity, or relative within the third degree of affinity;

139

とを申し立ててしなければならない。

Article 219  Documentary evidence shall be offered through the submission of a document or a request for the court to order the person in possession of a document to submit that document.

（文書提出義務）

(Obligation to Submit Documents)

第二百二十条　次に掲げる場合には、文書の所持者は、その提出を拒むことができない。

Article 220  In the following cases, the person in possession of the document in question may not refuse to submit that document:

一　当事者が訴訟において引用した文書を自ら所持するとき。

(i) if a party is personally in possession of a document that the party has cited in litigation;

二　挙証者が文書の所持者に対しその引渡し又は閲覧を求めることができるとき。

(ii) if it is permissible for the party that will offer the evidence to request the person in possession of the document to deliver it or allow it to be inspected;

三　文書が挙証者の利益のために作成され、又は挙証者と文書の所持者との間の法律関係について作成されたとき。

(iii) if the document has been prepared in the interest of the party that will offer the evidence or with regard to the legal relationships between the party that will offer the evidence and the person in possession of the document;

四　前三号に掲げる場合のほか、文書が次に掲げるもののいずれにも該当しないとき。

(iv) in cases other than those listed in the preceding three items, if the document does not fall under any of the following categories:

イ　文書の所持者又は文書の所持者と第百九十六条各号に掲げる関係を有する者についての同条に規定する事項が記載されている文書

(a) a document detailing the particulars prescribed in Article 196 with regard to the person in possession of the document or a person who is related to the person in possession of the document in any of the ways set forth in the items of that Article;

ロ　公務員の職務上の秘密に関する文書でその提出により公共の利益を害し、又は公務の遂行に著しい支障を生ずるおそれがあるもの

(b) a document concerning confidential information in connection with a public officer's duties, which, if submitted, would likely harm the public interest or substantially hinder the performance of a public duty;

ハ　第百九十七条第一項第二号に規定する事実又は同項第三号に規定する事項で、黙秘の義務が免除されていないものが記載されている文書

(c) a document detailing a fact prescribed in Article 197, paragraph (1), item (ii) or a particular prescribed in Article 197, paragraph (1), item (iii), neither or which are exempt from the duty of silence;

ニ　専ら文書の所持者の利用に供するための文書（国又は地方公共団体が所持する

150

文書にあっては、公務員が組織的に用いるものを除く。）

(d) a document prepared exclusively for the use of the person in possession (excluding a document held by the State or a local public entity, which is used by a public officer for an organizational purpose);

ホ　刑事事件に係る訴訟に関する書類若しくは少年の保護事件の記録又はこれらの事件において押収されている文書

(e) documents related to the litigation of a criminal case, the case record in a juvenile protective case, or a document seized in these cases.


（文書提出命令の申立て）

(Petition for an Order to Submit Documents)

第二百二十一条　文書提出命令の申立ては、次に掲げる事項を明らかにしてしなければならない。

Article 221　(1) In petitioning for an order to submit a document, the following particulars shall be made clear:

一　文書の表示

(i) the indications of the document;

二　文書の趣旨

(ii) the purport of the document;

三　文書の所持者

(iii) the person in possession of the document;

四　証明すべき事実

(iv) the facts to be proven by the document;

五　文書の提出義務の原因

(v) the cause of the obligation to submit the document.

2　前条第四号に掲げる場合であることを文書の提出義務の原因とする文書提出命令の申立ては、書証の申出を文書提出命令の申立てによってする必要がある場合でなければ、することができない。

(2) It is not permissible for a petition for an order to submit a document to be filed on the grounds that the document falls under any of the categories listed in item (iv) of the preceding Article, unless it is necessary to offer documentary evidence by way of a petition for an order to submit a document.


（文書の特定のための手続）

(Procedures for Identifying a Document)

第二百二十二条　文書提出命令の申立てをする場合において、前条第一項第一号又は第二号に掲げる事項を明らかにすることが著しく困難であるときは、その申立ての時においては、これらの事項に代えて、文書の所持者がその申立てに係る文書を識別することができる事項を明らかにすれば足りる。この場合においては、裁判所に対し、文書の所持者に当該文書についての同項第一号又は第二号に掲げる事項を明らかにすることを求めるよう申し出なければならない。

151

Article 222（1）If a person files a petition for an order to submit a document and it is extremely difficult to clarify the particulars set forth in paragraph (1), item (i) or (ii) of the preceding Article, it is sufficient when filing the petition to clarify, in lieu of that particulars, any particulars by which the person in possession of the document can identify the document to which the petition pertains. In such a case, the petitioner shall motion the court to request the person in possession of the document to clarify the particulars set forth in item (i) or item (ii) of that paragraph.

2　前項の規定による申出があったときは、裁判所は、文書提出命令の申立てに理由がないことが明らかな場合を除き、文書の所持者に対し、同項後段の事項を明らかにすることを求めることができる。

(2) When a motion under the provision of the preceding paragraph is made, unless the petition for an order to submit the document is clearly groundless, the court may request the person in possession of the document to clarify the particulars as referred to in the second sentence of that paragraph.

（文書提出命令等）

(Order to Submit Documents)

第二百二十三条　裁判所は、文書提出命令の申立てを理由があると認めるときは、決定で、文書の所持者に対し、その提出を命ずる。この場合において、文書に取り調べる必要がないと認める部分又は提出の義務があると認めることができない部分があるときは、その部分を除いて、提出を命ずることができる。

Article 223（1）If the court finds there to be grounds for a petition for an order to submit a document, it issues a ruling ordering the person in possession of the document to submit the document. In such a case, if the document contains any part that it is found unnecessary to examine or which cannot be found to be subject to the obligation to submit, the court may order the submission of the document excluding such part.

2　裁判所は、第三者に対して文書の提出を命じようとする場合には、その第三者を審尋しなければならない。

(2) Before seeking to order a third party to submit a document, the court shall hear the third party.

3　裁判所は、公務員の職務上の秘密に関する文書について第二百二十条第四号に掲げる場合であることを文書の提出義務の原因とする文書提出命令の申立てがあった場合には、その申立てに理由がないことが明らかなときを除き、当該文書が同号ロに掲げる文書に該当するかどうかについて、当該監督官庁（衆議院又は参議院の議員の職務上の秘密に関する文書についてはその院、内閣総理大臣その他の国務大臣の職務上の秘密に関する文書については内閣。以下この条において同じ。）の意見を聴かなければならない。この場合において、当該監督官庁は、当該文書が同号ロに掲げる文書に該当する旨の意見を述べるときは、その理由を示さなければならない。

(3) If a petition for an order to submit a document has been filed with regard to a

152

document concerning confidential information connected with a public officer's duties on the grounds that the document falls under any of the categories set forth in Article 220, item (iv), unless the petition is clearly groundless, the court shall hear the opinion of the supervisory government agency concerned (in the case of a member of the House of Representatives or House of Councillors or a person who held such office, the relevant House; in the case of the Prime Minister or any other Minister of State or a person who held such office, the Cabinet) as to whether the document in question falls under the category of document set forth in Article 220, item (iv), (b). In such a case, if the supervisory government agency states the opinion that the document falls under the category of document set forth in Article 220, item (iv), (b), it shall specify the reasons therefor.

4　前項の場合において、当該監督官庁が当該文書の提出により次に掲げるおそれがあることを理由として当該文書が第二百二十条第四号ロに掲げる文書に該当する旨の意見を述べたときは、裁判所は、その意見について相当の理由があると認めるに足りない場合に限り、文書の所持者に対し、その提出を命ずることができる。

(4) In the case as referred to in the preceding paragraph, if said supervisory government agency has stated the opinion that said document falls under the category of document set forth in Article 220, item (iv), (b) on the grounds that submission of said document would cause any of the following risks, the court may order the person in possession of the document to submit the document only if it cannot find sufficient reasonable grounds for such opinion:

一　国の安全が害されるおそれ、他国若しくは国際機関との信頼関係が損なわれるおそれ又は他国若しくは国際機関との交渉上不利益を被るおそれ

(i) a risk that the document will impair national security, harm a relationship of trust with a foreign country or international organization, or give rise to a disadvantage in negotiations with a foreign country or international organization;

二　犯罪の予防、鎮圧又は捜査、公訴の維持、刑の執行その他の公共の安全と秩序の維持に支障を及ぼすおそれ

(ii) a risk that the document will hinder the prevention, suppression, or investigation of a crime, the continuation of prosecution, the execution of a sentence, or any other maintenance of public safety and order.

5　第三項前段の場合において、当該監督官庁は、当該文書の所持者以外の第三者の技術又は職業の秘密に関する事項に係る記載がされている文書について意見を述べようとするときは、第二百二十条第四号ロに掲げる文書に該当する旨の意見を述べようとするときを除き、あらかじめ、当該第三者の意見を聴くものとする。

(5) In the case as referred to in the first sentence of paragraph (3), if said supervisory government agency intends to state its opinion about a document that details particulars involving a technical or professional secret of a third party other than the person in possession of said document, it shall hear the

153

opinion of said third party in advance of doing so, unless it intends to state the opinion that the document falls under the category of document set forth in Article 220, item (iv), (b).

6　裁判所は、文書提出命令の申立てに係る文書が第二百二十条第四号イからニまでに掲げる文書のいずれかに該当するかどうかの判断をするため必要があると認めるときは、文書の所持者にその提示をさせることができる。この場合においては、何人も、その提示された文書の開示を求めることができない。

(6) If the court finds it to be necessary in order to determine which of the categories of documents set forth in Article 220, item (iv), (a) to (d) the document to which the petition for an order to submit a document pertains falls under, the court may have the person in possession of the document present the document. In such a case, no person may request the document so presented to be disclosed.

7　文書提出命令の申立てについての決定に対しては、即時抗告をすることができる。

(7) An immediate appeal may be filed against a ruling on a petition for an order to submit a document.

（当事者が文書提出命令に従わない場合等の効果）

(Effect of a Party's Non-Compliance with an Order to Submit a Document)

第二百二十四条　当事者が文書提出命令に従わないときは、裁判所は、当該文書の記載に関する相手方の主張を真実と認めることができる。

Article 224　(1) If a party does not comply with an order to submit a document, the court may find the adverse party's allegations concerning the details of said document to be true.

2　当事者が相手方の使用を妨げる目的で提出の義務がある文書を滅失させ、その他これを使用することができないようにしたときも、前項と同様とする。

(2) The provisions of the preceding paragraph also apply if a party, for the purpose of preventing the adverse party from using it, has caused a document that there is an obligation to submit to be lost or otherwise unusable.

3　前二項に規定する場合において、相手方が、当該文書の記載に関して具体的な主張をすること及び当該文書により証明すべき事実を他の証拠により証明することが著しく困難であるときは、裁判所は、その事実に関する相手方の主張を真実と認めることができる。

(3) In the cases prescribed in the preceding two paragraphs, if it is extremely difficult for the adverse party to make specific allegations in connection with the details of said document and to prove, by other evidence, a fact that is to be proven by the document, the court may find that the adverse party's allegations concerning such fact are true.

（第三者が文書提出命令に従わない場合の過料）

(Civil Fine for a Third Party's Non-Compliance with an Order to Submit a

154

on a date for examination of evidence; provided, however, that this does not apply in a case requiring urgency.

（証拠保全の費用）

(Expenses for the Preservation of Evidence)

第二百四十一条　証拠保全に関する費用は、訴訟費用の一部とする。

Article 241  Expenses for the preservation of evidence constitute part of the court costs.

（口頭弁論における再尋問）

(Re-Examination During Oral Arguments)

第二百四十二条　証拠保全の手続において尋問をした証人について、当事者が口頭弁論における尋問の申出をしたときは、裁判所は、その尋問をしなければならない。

Article 242  If a party has requested that a witness who was examined during proceedings for the preservation of evidence be examined during oral arguments, the court shall examine the witness.

## 第五章　判決
## Chapter V Judgment

（終局判決）

(Final Judgment)

第二百四十三条　裁判所は、訴訟が裁判をするのに熟したときは、終局判決をする。

Article 243（1）When litigation has been sufficiently developed to allow the court to reach a judicial decision, the court enters a final judgment.

2　裁判所は、訴訟の一部が裁判をするのに熟したときは、その一部について終局判決をすることができる。

(2) If a part of litigation has been sufficiently developed to allow the court to reach a judicial decision, the court may enter a final judgment with regard to that part.

3　前項の規定は、口頭弁論の併合を命じた数個の訴訟中その一が裁判をするのに熟した場合及び本訴又は反訴が裁判をするのに熟した場合について準用する。

(3) The provision of the preceding paragraph apply mutatis mutandis if one of the several pieces of litigation for which the consolidation of oral arguments has been ordered, has been sufficiently developed to allow a judicial decision to be reached, or if the principal action or counterclaim has been sufficiently developed to allow a judicial decision to be reached.

第二百四十四条　裁判所は、当事者の双方又は一方が口頭弁論の期日に出頭せず、又は弁論をしないで退廷をした場合において、審理の現状及び当事者の訴訟追行の状況を考慮して相当と認めるときは、終局判決をすることができる。ただし、当事者の一方

163