Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

*Attorneys for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (pro hac vice)
dawnhewett@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: 202-538-8000
Facsimile: 202-538-8100

Justin C. Griffin (Bar No. 234675)
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100

*Attorneys for Defendant Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 5:26-cv-00945-NC<br><br>**JOINT DISCOVERY LETTER BRIEF** |

**ATTESTATION IN SUPPORT OF JOINT LETTER BRIEF**

Pursuant to the Standing Order for Magistrate Judge Nathanael M. Cousins, undersigned counsel hereby attest that Defendant Yasumasa Yamamoto's counsel Dawn Y. Yamane Hewett, and Plaintiffs' counsel Jeremiah Armstrong met and conferred by videoconference on July 27, 2026 and August 4, 2026 in good faith attempts to resolve their disputes on this matter and complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding Discovery prior to filing the accompanying joint letter. The parties were unable to resolve the dispute and respectfully submit it to the Court.

Dated: August 18, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ *Dawn Y. Yamane Hewett*
Dawn Y. Yamane Hewett
(DC Bar No. 984923) (pro hac vice)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorney for Defendant Yasumasa Yamamoto*

By: /s/ *Jeremiah A. Armstrong*
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
LAW OFFICES OF CRAIG S. MILLER, P.C.
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 296-7070
Facsimile: (415) 449-6301

*Attorney for Plaintiffs*
*Md Anis Uzzaman and*
*Pegasus Tech Ventures, Inc.*

**<u>Defendant's Position</u>**

Defendant respectfully requests that discovery and initial disclosures be stayed pending resolution of Defendant's motion to dismiss, filed August 10, and scheduled to be heard on September 16, 2026. Courts in this district stay discovery where (1) "a pending motion is potentially dispositive of the entire case, or of the issue to which the discovery is directed[,]" and (2) "the pending motion can be decided absent additional discovery." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). Both prongs are satisfied here. Yamamoto is the only named defendant, so dismissal on forum non conveniens, Rule 12(b)(2), or Rule 12(b)(6) grounds ends this case; and each ground assumes all of Plaintiffs' allegations as true and can be decided without additional discovery.

Forum non conveniens is dispositive on its own, and the Court may decide it first without reaching jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425, 432 (2007); *de Borja v. Razon*, 835 F. App'x 184, 186-87 (9th Cir. 2020) (affirming forum non conveniens dismissal without allowing jurisdictional discovery or adjudicating personal jurisdiction). The Complaint concedes that Mr. Yamamoto is domiciled in Japan, and the statements at issue are alleged to have been made in Japan, in Japanese, over a Japanese messaging application, to a Japanese professor at a Japanese university, concerning a Japan-based event and negotiations with six Japanese corporations; and the Complaint identifies no third-party witness or counterparty in California. ECF No. 1 (Compl.) ¶¶ 6, 12, 20-27. Plaintiff Pegasus Tech Ventures, Inc.'s parent company is Pegasus Tech Holdings, K.K., a Japanese joint-stock company, which Plaintiffs certified has a financial interest in the subject matter in controversy or in a party to this proceeding. ECF No. 3 at 2. Yamamoto has consented to the jurisdiction of the Japanese courts and to service there, and "[f]ederal courts have consistently found that Japan provides an adequate alternative forum." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 769 n.3 (9th Cir. 1991). Japan is not only adequate, but also much more convenient and well-equipped to handle this dispute; this Court, in contrast, has no compulsory process over the Japanese witnesses or documents at the center of the case.

Personal jurisdiction is an independent and equally dispositive ground. Plaintiffs' own allegations place Mr. Yamamoto's domicile and "center of domestic life" in Japan, Compl. ¶ 12, so he is not "at

home" here, and the only forum connection Plaintiffs plead is their own residence and the harm they say they felt there. *Id.* ¶¶ 4, 13-14. But "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The only contacts Mr. Yamamoto has with California have nothing to do with Plaintiffs' allegations. *See Mayhem Crude, Inc. v. Borrelli Walsh Pte. Ltd.*, 445 F. Supp. 3d 337, 343-44 (N.D. Cal. 2020) (dismissing for lack of personal jurisdiction, because "[a]ll of the relevant underlying relationships and transactions . . . occurred [abroad]" and "Plaintiff's alleged financial harm does not arise out of any activities in California"). Thus, neither general nor specific jurisdiction applies. And while Plaintiffs may contest these grounds, to grant a stay, the "question is only whether [the] motion to dismiss is 'potentially dispositive.'" *Reveal Chat*, 2020 WL 2843369, at *3; *see also Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018) (granting request to stay discovery pending resolution of concurrently-filed motion to dismiss).

Plaintiffs' discovery requests demonstrate their own pleading deficiencies. Plaintiff Uzzaman served discovery on July 27, 2026, approximately two hours after the Rule 26(f) conference concluded, aimed principally at the jurisdictional questions Defendant's motion to dismiss presents. Most of the forty-one requests for admission concern Defendant's asserted physical presence in California, his residence and domicile, his immigration status, his federal and state tax filings, and the canceled registration of a California limited liability company. *Ward v. Jump Trading, LLC*, 2026 WL 145846, at *12 (N.D. Cal. Jan. 20, 2026) (denying jurisdictional discovery where "[n]one of the requested discovery is in any way related to the asserted causes of action" and the request rested on "nothing more than a hunch"). A party desiring jurisdictional discovery must request and justify it, not serve it unilaterally. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Ledwidge v. FDIC*, 2025 WL 885845, at *4 (N.D. Cal. Mar. 21, 2025) (plaintiffs who believe jurisdictional discovery is warranted "can raise a request for such targeted discovery by separate motion").

Indeed, the burden Plaintiffs seek to impose with their discovery is the very harm Defendant's stay request exists to prevent. The requests demand device-level and messaging-application collection with forensic metadata, together with invasive personal financial, tax, immigration, and family records. Requiring a foreign defendant to undertake that collection before the Court determines whether it may exercise jurisdiction over him, or whether the case belongs in the U.S. at all, imposes significant burden

that threshold motions are meant to avoid. *See Sinochem Int'l Co.*, 549 U.S. at 435-36 (observing that jurisdictional discovery would have burdened the foreign defendant to scant purpose where the action would be dismissed). Plaintiffs suffer no prejudice from the stay Defendant seeks. Instead, a short stay "allow[s] all parties to commence discovery with a better understanding of which claims, if any, they must answer." *Ledwidge*, 2025 WL 885845, at *4 (citation omitted).

Defendant therefore requests that the Court (1) immediately stay all discovery pending resolution of this joint letter brief; (2) stay all discovery pending resolution of Defendant's motion to dismiss; and (3) order that Defendant's responses to the discovery served on July 27, 2026 are due thirty days after the Court's last ruling on Defendant's motion, and that no matter is deemed admitted under Rule 36(a)(3) in the interim. At minimum, Defendant requests that the August 26, 2026 response deadline be extended to thirty days after the ruling on the same terms. Defendant asked Plaintiffs to stipulate to this relief on August 4, 2026; Plaintiffs did not agree to any stay or extension of any discovery deadlines, including on an interim basis pending resolution of this joint letter brief.

## <u>**Plaintiffs' Position**</u>

Plaintiffs are a San Jose venture capital firm and its founder. They allege that Defendant, a competing venture investor, disparaged them to potential investors. Defendant's motion turns on facts about himself, including where he was when the statements were made. He assures the Court that "[t]he only contacts Mr. Yamamoto has with California have nothing to do with Plaintiffs' allegations," then asks that Plaintiffs be forbidden from testing it. A stay would decide his motion on his own account.

<u>Serving the discovery was compliance, not misconduct.</u> Plaintiffs served the requests July 27, 2026, *after* the Rule 26(f) conference. Rule 26(d)(1) draws one line: no discovery "before the parties have conferred as required by Rule 26(f)." Nothing in it distinguishes jurisdictional from merits discovery. Defendant's reliance on *Boschetto*, 539 F.3d at 1020, is misplaced because that was ***not*** in the context of post-Rule 26(f) discovery. Furthermore, in this case—unlike *Boschetto*—Plaintiffs alleged Yamamoto's substantial California ties in Plaintiffs' Complaint, thus the inquiry is germane. ECF No. 1 at ¶ 7.

<u>The governing test is one this Court has already applied to deny this relief</u>. *See Serenium, Inc. v. Zhou*, No. 20-cv-02132-BLF-NC, 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021) (Cousins, M.J.) (denying stay for want of good cause; such stays "are the exception to the ordinary rule that discovery

may proceed, even if a dispositive motion is filed"). *Serenium* applied the two-prong test Defendant invokes: "if either prong of this test is not established, discovery proceeds." *Id.* Defendant satisfies neither.

Defendant fails the first prong because he is not likely to prevail. Good cause requires that the Court be "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). Notably, this Court has denied motions similar to Defendant's motion to dismiss. *See*, *e.g.*, *Pepper, N.A. v. Expandi Inc.*, No. 15-cv-04066-NC, 2015 WL 7720922, at *4-5 (N.D. Cal. Nov. 30, 2015) (Cousins, M.J.) (foreign defendants subject to specific jurisdiction for one transaction in this District; forum non conveniens denied for failure to state "with specificity who they would seek to depose, the relevance of those witnesses ... or the actual cost").

Defendant fails the second prong because his motion cannot be decided without facts he alone holds. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 & n.1 (9th Cir. 1977) (Rule 12(b)(2) resolved on evidence). Unlike *Reveal Chat*, as cited by Defendant, which raised no factual issues (2020 WL 2843369, at *3), Defendant's motion to dismiss includes the 15-page "expert" declaration of Yuta Yamasaki with 13 exhibits, a declaration of Dawn Y. Yamane Hewett with 7 exhibits, and a self-serving declaration by Defendant. ECF Nos. 28-1 to 28-16.

Where Defendant was when he sent the June 9, 2024 messages bears on both grounds of his motion, and the record speaks to it. On June 10, 2024, Defendant answered Pegasus's San Jose office by email, accepted a meeting for 4:00 p.m. the next day, and asked only to move it to a coffee shop he identified by map link in Sunnyvale or San Jose. ECF No. 11-1 ¶¶ 5-6 & Exs. A-B. If the conduct occurred here, so did the injury and the proof of both, and the place of the events is itself a public interest factor. *Safe2Core, Inc. v. HCMM, Inc.*, No. 17-cv-02945-NC, 2017 WL 4176475, at *3 (N.D. Cal. 2017) (Cousins, M.J.) ("the events in this case occurred in this district, so this factor weighs in favor of retaining the case"). Plaintiffs' discovery requests includes that type of information: Interrogatory No. 6 (dates and locations of his California presence), RFA No. 18 (that he sent the messages that day), and RFP Nos. 16 and 23 (entry and departure records).

The forum non conveniens ground Defendant calls dispositive is no less fact-bound. Its private interest factors turn on the identity, location, and materiality of witnesses and evidence, and Defendant

supplies categories, not names. Interrogatory No. 8 seeks the facts behind his contention that this action belongs in Japan, Interrogatory No. 9 the persons he contends have knowledge and the subjects of it, and RFP No. 30 the supporting documents. *De Borja* sustained a denial only because the discovery sought "would not have aided the court with the forum non conveniens analysis," and noting that the plaintiff had no ties to the forum. 835 F. App'x at 186. In this case, however, Plaintiffs' discovery requests directly pertain to the forum non conveniens analysis and both Plaintiffs reside in this District.

Defendant offers no sworn testimony regarding his California contacts. His only declaration runs two pages, states that he is a Japanese citizen, consents to Japanese jurisdiction, and waives certain defenses, and neither states where he was on June 9, 2024 nor disclaims his California affiliations. ECF No. 28-16. Stanford University lists Defendant as a Visiting Scholar with a Stanford campus office at Encina Hall.[1] The California Secretary of State records him as Chief Executive Officer, Manager, and agent for service of process of Green Capital Management LLC at a San Mateo, California address.[2] He has served as an Industry Partner of DNX Ventures, whose United States office is at that same address.[3]

Defendant identifies no particular discovery request as burdensome and quantifies nothing. Defendant is not a large corporation with multiple custodians and layers of complex information technology infrastructure, but is a sole individual who should have ready access to responsive information. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (1990) (requiring "a particular and specific need," not "stereotyped or conclusory statements"). To the extent *confidentiality* is a concern, Plaintiffs sent Defendant a draft Protective Order on July 27, 2026, to which he has never substantively responded.

What Defendant gains from delay is decisive. He filed August 10, so under Civil Local Rule 7-3(a) the opposition is due August 24, two days before the responses. His proposal, responses thirty days after a ruling, would decide the motion with no discovery at all. Delay is not neutral here—it is the relief Defendant seeks and the injury Plaintiffs bear to the extent this highly relevant information is withheld.

Relief requested. Plaintiffs ask the Court to deny the discovery stay, confirm the August 26, 2026 discovery response date, and set the opposition twenty-one days after full and complete responses.

---

[1] https://fsi.stanford.edu/people/yasumasa-yamamoto

[2] Cal. Sec'y of State, Entity No. 202030810363 (https://bizfileonline.sos.ca.gov/search/business)

[3] https://www.strategyand.pwc.com/jp/ja/publications/periodical/strategyand-foresight-23/sf23-01.html

DATED: August 18, 2026

By: /s/ Dawn Y. Yamane Hewett

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott E. Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Yasumasa Yamamoto*

DATED: August 18, 2026

By: /s/ Jeremiah A. Armstrong

LAW OFFICES OF CRAIG S. MILLER, P.C.
Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 296-7070
Facsimile: (415) 449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
PO Box 3835
San Luis Obispo, California 93403
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

*Attorneys for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*

**FILER'S ATTESTATION**

Pursuant to Civil LR 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this Joint Discovery Letter Brief has been obtained from counsel for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc., and is electronically signed with the express permission of Plaintiffs' counsel.

Dated: August 18, 2026

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ *Dawn Y. Yamane Hewett*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (pro hac vice)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorney for Defendant Yasumasa Yamamoto*