Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**DECLARATION OF JEREMIAH A. ARMSTRONG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT YASUMASA YAMAMOTO'S MOTION TO DISMISS**<br><br>Date: September 16, 2026<br>Time: 11:00 a.m.<br>Judge: Hon. Nathanael M. Cousins<br>Action Filed: January 30, 2026 |

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

I, Jeremiah A. Armstrong, declare as follows.

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am Of Counsel at the Law Offices of Craig S. Miller, P.C., counsel of record for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2. I submit this declaration solely in support of the portions of Defendant's motion brought under Federal Rule of Civil Procedure 12(b)(2) and the doctrine of forum non conveniens. I do not offer it in support of, or in opposition to, the portion of the motion brought under Rule 12(b)(6), and I do not intend by it to present any matter outside the pleadings on that portion of the motion.

3. **Exhibit A** is a true and correct copy of a printout of the Stanford University Freeman Spogli Institute for International Studies profile page for Yasumasa Yamamoto, which I accessed at https://fsi.stanford.edu/people/yasumasa-yamamoto. The page identifies Defendant as a "Visiting Scholar at APARC, 2022-23" at the Walter H. Shorenstein Asia-Pacific Research Center, with the address "Encina Hall, E301, Stanford, CA 94305-6055," and states that he "joined the Walter H. Shorenstein Asia-Pacific Research Center (APARC) as visiting scholar starting the spring of 2022." I printed the page to PDF from the Google Chrome browser on August 17, 2026. The URL and the date of printing appear in the page footer.

4. **Exhibit B** is a true and correct copy of a printout of the Stanford University Freeman Spogli Institute event page for "Asia in 2030, APARC@40 Anniversary Conference and Celebration," which I accessed at https://fsi.stanford.edu/events/asia-2030-aparc40-anniversary-conference-and-celebration. The page states that the conference was held Wednesday, May 17, 2023 at 1:00 PM through Thursday, May 18, 2023 at 5:00 PM (Pacific) at the Bechtel Conference Center, Encina Hall, First floor, Central, S150, 616 Jane Stanford Way, Stanford, CA 94305. In the Day 2 agenda, under the 3:45-5 p.m. session titled "The Future of AI," the page lists Yasumasa Yamamoto as the Moderator, and describes him as "Visiting Professor at Kyoto University" and

"Former Visiting Scholar at Shorenstein APARC." I printed the page to PDF from the Google Chrome browser. The URL and the date of printing appear in the page footer.

5. **Exhibit C** is a true and correct copy of a printout of the Shorenstein APARC event page for "The Future of Social Tech: Nurturing Skills and Markets for Social Impact Innovation." The page states that the event was held Thursday, February 23, 2023, 9:30 AM to 4:30 PM (Pacific) at Paul Brest Hall, 555 Salvatierra Walk, Stanford, CA, 94305. For "Panel 1 – Investing in the Future of the Environment," the page lists "Moderator: Yasumasa Yamamoto," and describes him as "Visiting Scholar at APARC, 2022-23" and "Visiting Professor, Kyoto University Graduate School of Management." I printed the page to PDF from the Google Chrome browser. The URL and the date of printing appear in the page footer.

6. Plaintiffs offer Exhibits B and C to show that Defendant is listed on Stanford University's own event pages as a participant in programs held at identified locations on the Stanford campus in California.

7. **Exhibit D** is a true and correct copy of a printout of an article published by PwC's Strategy& Japan in its periodical *Strategy& Foresight*, volume 23, 2020-II, in the original Japanese, which I accessed at https://www.strategyand.pwc.com/jp/ja/publications/periodical/strategyand-foresight-23/sf23-01.html. The article appears to be an interview with Defendant and it identifies him as an industry partner of DNX Ventures, described as a venture capital firm based in Silicon Valley in the United States. I printed the page to PDF from the Google Chrome browser on August 17, 2026. The URL and the date of printing appear in the page footer. The article is dated to the 2020-II issue of the periodical.

8. **Exhibit E** is a true and correct copy of the same article displayed in English. I obtained it by navigating in the Google Chrome browser to the same URL identified in the preceding paragraph and using Chrome's built-in automatic page-translation feature, which rendered the page in English within the browser. I then printed the translated page to PDF. The English text in Exhibit E is a machine translation produced automatically by the Google Chrome

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

browser. It was not prepared or certified by a human translator. I have included it because the Court and the parties may find it convenient, and I identify its source so that its character is clear.

9. Plaintiffs offer Exhibits D and E for the single, limited purpose of showing that Defendant is publicly identified as an industry partner of a Silicon Valley venture capital firm. At this juncture, Plaintiffs do not rely on any other statement in the article.

10. On August 24, 2026, I viewed the "Team" page of the DNX Ventures United States fund website at https://www.dnx.vc/usfund/team. The footer of that page identifies two DNX Ventures offices. Under the heading "SILICON VALLEY" it gives the address "55 E 3rd Avenue, San Mateo, California 94401." Under the heading "TOKYO" it gives an address in Minato-ku, Tokyo, Japan.

11. That San Mateo address, 55 E. 3rd Avenue, San Mateo, California 94401, is the same address at which the California Secretary of State records Defendant as the chief executive officer, manager or member, and agent for service of process of Green Capital Management LLC, as alleged in the Complaint at paragraph 7.

12. **Exhibit F** consists of true and correct copies of records of the California Secretary of State for Green Capital Management LLC, entity number 202030810363, which I obtained from that office's business search at https://bizfileonline.sos.ca.gov, together with the filed document bearing File No. BA20260456650. The records state the following.

a. Initial filing date: October 30, 2020. Entity type: Limited Liability Company – Out of State. Formed in: Delaware.

b. A Statement of Information was filed January 8, 2025.

c. A Certificate of Termination was filed February 18, 2026, File No. BA20260456650, changing the filing status from Active to Terminated. The inactive date shown is February 18, 2026.

13. Plaintiffs filed the Complaint in this action on January 30, 2026. ECF No. 1. The Certificate of Termination was filed nineteen days later.

14. Exhibits A and B to the Declaration of Harumi Akimoto, filed June 4, 2026 as ECF No. 11-1, contain correspondence between Ms. Akimoto and Defendant in June 2024. In his reply



LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

of June 10, 2024, Defendant proposed that the meeting take place at one of two locations, which he identified by shortened Google Maps links rather than by name.

15. **Exhibit G** consists of true and correct copies of the pages to which those two links resolve. I entered each link into the Google Chrome browser and printed the resulting page. The URL and the date of printing appear in the footer of each printout.

a. The first link, https://maps.app.goo.gl/jKjXnMZ5ryu2vF9t8, resolves to a Google Maps page for a business identified as "Starbucks Coffee Company" and categorized as a "Coffee shop." When I entered the link, the page displayed the address "1003 E El Camino Real, Sunnyvale, CA 94087." On the printout, a sponsored advertisement occupies the portion of the panel in which that address line appears on screen, and the address is therefore not legible on the face of the printout itself. The footer of the printout reads in part https://www.google.com/maps/place/Starbucks+Coffee+Company/@37.35259,-122.00779, and the header bears the date and time of printing, 8/19/26, 9:09 AM.

b. The second link, https://maps.app.goo.gl/i4LQ6RrW1zqBz69V6, resolves to a Google Maps page for a business identified as "Starbucks Coffee Company" and categorized as a "Coffee shop." The page displays the address "3350 Zanker Rd, San Jose, CA 95134." The footer of the printout reads in part https://www.google.com/maps/place/Starbucks+Coffee+Company/@37.40301,-121.93313, and the header bears the date and time of printing, 8/19/26, 9:10 AM.

16. The Pegasus office to which Ms. Akimoto asked Defendant to come, is identified in ECF No. 11-1 as 2680 North 1st Street, Suite 250, San Jose, CA 95134. The San Jose location Defendant proposed, 3350 Zanker Rd, San Jose, CA 95134, is in the same ZIP code.

17. **Exhibit H** consists of true and correct copies of a news item published on the website of Sankei Co., Ltd. at https://www.sankeipro.co.jp/news/510008. The item is reproduced first as displayed in Japanese and then as displayed in English. I obtained the English pages by opening the same URL in the Google Chrome browser and allowing the browser's built-in translation feature to render the page. I did not alter the rendering. The URL and the date and time of printing appear in the header and footer of each printout.

18. The item bears the date 2026年5月15日(金), which the browser renders as "Friday, May 15, 2026." It announces that Defendant has joined Sankei Co., Ltd. Directly beneath Defendant's name the page states, in Japanese, 「米国シリコンバレーを行き来しながら活動するベンチャー投資家。」 The browser renders that sentence as "A venture capitalist who travels back and forth between Silicon Valley in the United States and other locations."

19. **Exhibit I** consists of true and correct copies of the page maintained for Defendant on the same website at https://www.sankeipro.co.jp/lecture/yamamoto-yasumasa, again in Japanese and then in the English rendering produced by the same browser translation feature. The page appears under the heading 「講演会情報」, rendered "Lecture Information." It gives Defendant's 肩書 (rendered "title") as 「大和大学特任教授 / ベンチャー投資家」, rendered "Visiting Professor at Yamato University / Venture Investor." Under 経歴 (rendered "Career") the page states that Defendant "also served as a visiting researcher at Harvard University and Stanford University, and as a visiting professor at Kyoto University Graduate School." That sentence is in the past tense in the Japanese original. The page also lists Defendant's publications, among them a 2020 title rendered "What Are Silicon Valley VCs (Venture Capitalists) Looking At?" and a 2021 title rendered "World Standard Technology Literacy Taught by Top Silicon Valley Investors."

20. Plaintiffs offer Exhibits H and I for the limited purpose of showing what Defendant's speaking agency published about him and when.

21. On July 27, 2026, after the conference required by Federal Rule of Civil Procedure 26(f), Plaintiffs served written discovery on Defendant.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

22. **Exhibit J** is a true and correct copy of Plaintiff Md Anis Uzzaman's First Set of Interrogatories to Defendant, served July 27, 2026. Interrogatory No. 1 asks Defendant to identify each person to whom he communicated any statement concerning Plaintiffs. Interrogatory No. 6 asks him to state the dates and locations of his presence in California. Interrogatory No. 8 asks for the facts supporting his contention that this action should be litigated in Japan. Interrogatory No. 9 asks him to identify each person he contends has knowledge of the facts and the subjects of that knowledge.

23. **Exhibit K** is a true and correct copy of Plaintiff Md Anis Uzzaman's First Set of Requests for Production of Documents to Defendant, served July 27, 2026. Requests Nos. 16 and 23 seek his records of entry into and departure from the United States. Request No. 30 seeks the documents supporting his contention that this action should be litigated in Japan.

24. **Exhibit L** is a true and correct copy of Plaintiff Md Anis Uzzaman's First Set of Requests for Admission to Defendant, served July 27, 2026. Request No. 18 asks him to admit that he sent the messages of June 9, 2024 described in the Complaint.

25. Defendant's responses to that discovery are not yet due. He sought a stay of discovery pending resolution of the present motion, which the parties presented to the Court by joint letter brief. ECF No. 29. On August 18, 2026 the Court denied the stay, stating that it was "not persuaded that there is good cause for a stay" and that "[d]iscovery may proceed." ECF No. 30. Under Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A) and 36(a)(3), Defendant's responses to the discovery served July 27, 2026 are due August 26, 2026, two days after the date on which this opposition is due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2026, at Half Moon Bay, California.

/s/ *Jeremiah A. Armstrong*

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

---

# EXHIBIT A

to the Declaration of Jeremiah A. Armstrong

*Stanford FSI profile page for Yasumasa Yamamoto*

# Yasumasa Yamamoto

- Visiting Scholar at APARC, 2022-23

Shorenstein APARC
Stanford University
Encina Hall, E301
Stanford, CA 94305-6055

## BIOGRAPHY

Yasumasa Yamamoto joined the Walter H. Shorenstein Asia-Pacific Research Center (APARC) as visiting scholar starting the spring of 2022. While at APARC, Yamamoto worked with Professor Kiyoteru Tsutsui and conducting research on how to stimulate innovation in Japan, learning from the experiences of Silicon Valley companies, with a focus on sociological views on innovation, business, and social impact.



© Stanford University, Stanford, California 94305.

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

# EXHIBIT B

to the Declaration of Jeremiah A. Armstrong

*Stanford FSI event page, APARC@40 Anniversary Conference*

# Asia in 2030, APARC@40 Anniversary Conference and Celebration

Wednesday, May 17, 2023 | 1:00 PM - Thursday, May 18, 2023 | 5:00 PM (Pacific)
Bechtel Conference Center
Encina Hall, First floor, Central, S150
616 Jane Stanford Way, Stanford, CA 94305

REGISTER (HTTPS://DOCS.GOOGLE.COM/FORMS/D/E/1FAIPQLSC6WMGK_OEVV8WPIHTPVCWTAHEASSFMIG0SQEE81M2PD_FODG/VIEWFORM)




*The culmination of a special event series celebrating Shorenstein APARC's 40th Anniversary, "**Asia in 2030, APARC@40** (https://aparc.fsi.stanford.edu/aparc-40th) "*

Join us in celebrating APARC's 40 years of research, education, and engagement. Recognizing the accomplishments of the past four decades and looking forward to the future, the two-day program will highlight multiple aspects of APARC's core areas of expertise and examine key forces affecting Asia's present and shaping its future.

Day 1 Agenda - May 17 | **Day 2 Agenda - May 18** | Speakers

**9-9:15 a.m.**

**Opening Remarks**

*Professor of Sociology*
*Stanford University*

**9:15-10:45 a.m.**

**The Future of Governance**

**Panelists**

Curtis J. Milhaupt (https://aparc.fsi.stanford.edu/people/curtis-j-milhaupt)
*William F. Baxter-Visa International Professor of Law*
*Senior Fellow, by courtesy, at the Freeman Spogli Institute for International Studies*
*Stanford University*

Kathryn Stoner (https://cddrl.fsi.stanford.edu/people/kathryn_stoner)
*Mosbacher Director of the Center on Democracy, Development, and the Rule of Law*
*Senior Fellow at the Center on International Security and Cooperation and Freeman Spogli Institute for International Studies*
*Senior Fellow (by courtesy) at the Hoover Institution*
*Professor of Political Science (by courtesy)*
*Stanford University*

Gita Wirjawan (https://aparc.fsi.stanford.edu/people/gita-wirjawan)
*Former Minister of Trade and former Chairman of the Investment Coordinating Board of the Republic of Indonesia*
*Founder of Ancora Group and Ancora Foundation*
*Visiting Scholar at Shorenstein APARC, Stanford University*

**Moderator**
Andrew G. Walder (https://aparc.fsi.stanford.edu/people/andrew_g_walder)
*Senior Fellow at Freeman Spogli Institute for International Studies*
*Denise O'Leary and Kent Thiry Professor in the School of Humanities and Sciences*
*Director Emeritus of Shorenstein APARC and the Division of International, Comparative and Area Studies*
*Stanford University*

**10:45-11 a.m. ~ Coffee and Tea Break**

**11 a.m.-12:30 p.m.**

**The Future of Journalism**

**Panelists**

Sang-Hun Choe (https://aparc.fsi.stanford.edu/people/Sang-Hun_Choe)
*Seoul Bureau Chief for The New York Times*
*Pulitzer Prize for Investigative Reporting winner*
*Former Koret Fellow at Shorenstein APARC*

Pia Ranada (https://profiles.stanford.edu/pia-ranada-robles)
*Senior Political Reporter at Rappler*
*2022-23 John S. Knight Journalism Fellow*
*Stanford University*

**Moderator**

James Hamilton (https://journalism.stanford.edu/people/james-t-hamilton)
*Hearst Professor of Communication*
*Chair of the Department of Communication*
*Director of the Stanford Journalism Program*

**The Future of Sustainability**

**Panelists**

**Rafiq Dossani (https://www.rand.org/about/people/d/dossani_rafiq.html)**
*Director of the RAND Center for Asia Pacific Policy*
*Former Senior Research Scholar and Executive Director of the South Asia Initiative at Shorenstein APARC, Stanford University*

**Scot Marciel (https://aparc.fsi.stanford.edu/people/scot-marciel)**
*Oksenberg-Rohlen Fellow at Shorenstein APARC, Stanford University*
*Former U.S. Ambassador to Myanmar, Indonesia, and the Association of Southeast Asian Nations*

**Latha Palaniappan (https://profiles.stanford.edu/latha-palaniappan)**
*Professor of Medicine*
*Co-Founder of the Center for Asian American, Native Hawaiian, and Pacific Islander Health Research and Education*
*Stanford University*

**Moderator**

**Scott Rozelle (https://aparc.fsi.stanford.edu/people/scott_rozelle)**
*Faculty Co-Director of the Stanford Center on China's Economy and Institutions*
*Helen F. Farnsworth Endowed Professor*
*Senior Fellow at the Freeman Spogli Institute for International Studies and the Stanford Institute for Economic Policy Research*
*Affiliate Faculty of the Center on Democracy, Development, and the Rule of Law*
*Stanford University*

---

**3:30-3:45 p.m. ~ Coffee and Tea Break**

---

**3:45-5 p.m.**

**The Future of AI**

**Panelists**

**Vijendra Raj Apsingekar (https://www.linkedin.com/in/vijendra-raj-apsingekar-22136b12)**
*Senior Staff Engineer and Manager*
*Samsung Research America*

**Tatsunori Hashimoto (https://profiles.stanford.edu/tatsunori-hashimoto)**
*Assistant Professor*
*Department of Computer Science*
*Stanford University*

**Moderator**

**Yasumasa Yamamoto (https://fsi.stanford.edu/people/yasumasa-yamamoto)**
*Visiting Professor at Kyoto University*
*Former Visiting Scholar at Shorenstein APARC*
*Stanford University*

ALL FSI EVENTS (HTTP://FSI.STANFORD.EDU/EVENTS)

Stanford University
Stanford, CA 94305-6055



MAKE A GIFT



© Stanford University, Stanford, California 94305.

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

# EXHIBIT C

to the Declaration of Jeremiah A. Armstrong

*Shorenstein APARC event page, The Future of Social Tech*

# The Future of Social Tech: Nurturing Skills and Markets for Social Impact Innovation

Thursday, February 23, 2023
9:30 AM - 4:30 PM (Pacific)
Paul Brest Hall
555 Salvatierra Walk, Stanford, CA, 94305

***Registration for in-person attendance has reached capacity. The conference is also available via livestream and with Japanese interpretation.***




*The inaugural conference in a special event series on the occasion of Shorenstein APARC's 40th Anniversary, "**Asia in 2030, APARC@40** (https://aparc.fsi.stanford.edu/aparc-40th)"*

***With a keynote panel featuring YOSHIKI** (https://www.prnewswire.com/news-releases/yoshiki-announced-as-keynote-speaker-for-stanford-university-conference-the-future-of-social-tech-301738881.html)**, a composer, classically-trained pianist, rock drummer, and the leader of the rock groups X Japan and The Last Rockstars***




*Watch the livestream with Japanese interpretation here.*




Overview **Agenda** Speakers

**9:30-9:45 a.m.**

**Opening Remarks**

Kiyoteru Tsutsui (https://aparc.fsi.stanford.edu/people/kiyoteru-tsutsui)
*Senior Fellow, Freeman Spogli Institute for International Studies*
*Henri H. and Tomoye Takahashi Professor in Japanese Studies*
*Director, Japan Program, Shorenstein Asia-Pacific Research Center*
*Deputy Director, Shorenstein Asia-Pacific Research Center*
*Co-Director, Center for Human Rights and International Justice*
*Professor of Sociology*
*Stanford University*

**Welcome Remarks**

Gi-Wook Shin (https://aparc.fsi.stanford.edu/people/giwook_shin)
*Senior Fellow at the Freeman Spogli Institute for International Studies*
*Professor of Sociology*
*William J. Perry Professor of Contemporary Korea*
*Director of the Shorenstein Asia-Pacific Research Center and the Korea Program*
*Stanford University*

**Gretchen Daily (https://naturalcapitalproject.stanford.edu/people/gretchen-daily)**
*Co-Founder and Faculty Director, Natural Capital Project*
*Bing Professor of Environmental Science*
*Senior Fellow in the Stanford Woods Institute for the Environment*
*Director of the Center for Conservation Biology*
*Stanford University*

**Reiko Hayashi**
*Director and Deputy President BofA Securities Japan Co., Ltd.*

Moderator: **Yasumasa Yamamoto (https://aparc.fsi.stanford.edu/people/yasumasa-yamamoto)**
*Visiting Scholar at APARC, 2022-23*
*Visiting Professor, Kyoto University Graduate School of Management*

---

**11:15 a.m.-12:30 p.m.**

**Panel 2 – STEAM, EXPO, and the Future of Sciences and Arts Education**

**Rie Kijima (https://www.riekijima.com/ )**
*Assistant Professor and Director, Initiative for Education Policy and Innovation*
*Munk School of Global Affairs & Public Policy, University of Toronto*
*Co-founder, SKY Labo*

**Sachiko Nakajima**
*CEO, steAm, Inc.*
*Thematic Project Producer, Japan Association for the 2025 World Exposition*

Moderator: **Takako Hikotani (https://asiasociety.org/policy-institute/takako-hikotani)**
*Professor at Gakushuin University International Centre*
*Senior Fellow at the Asia Society Policy Institute, Tokyo*

---

**12:30-1:30 p.m. ~ Lunch Break**

---

**1:30-2:45 p.m.**

**Panel 3 – The Future of Democracy and Digital Media**

**Larry Diamond (https://cddrl.fsi.stanford.edu/people/larry_diamond)**
*Mosbacher Senior Fellow in Global Democracy at the Freeman Spogli Institute for International Studies*
*William L. Clayton Senior Fellow at the Hoover Institution*
*Stanford University*

**Francis Fukuyama (https://cddrl.fsi.stanford.edu/people/fukuyama)**
*Olivier Nomellini Senior Fellow, Freeman Spogli Institute for International Studies*
*Director, Ford Dorsey Master's in International Policy*
*Professor by Courtesy, Department of Political Science Stanford University*

**Ken Suzuki (https://about.smartnews.com/en/about/leadership/#ls01 )**
*Founder and CEO, SmartNews*
*Project Researcher, The University of Tokyo*

Moderator: **Kiyoteru Tsutsui (https://aparc.fsi.stanford.edu/people/kiyoteru-tsutsui)**
*Senior Fellow, Freeman Spogli Institute for International Studies*
*Henri H. and Tomoye Takahashi Professor in Japanese Studies*
*Director, Japan Program, Shorenstein Asia-Pacific Research Center*
*Deputy Director, Shorenstein Asia-Pacific Research Center*
*Co-Director, Center for Human Rights and International Justice*

**YOSHIKI (https://www.yoshiki.net/)**
*Composer, classically-trained pianist, rock drummer, and leader of the rock groups X Japan and The Last Rockstars*

Moderator: **Ichiro Fujisaki**
*Former Japanese Ambassador to the United States*

ALL SHORENSTEIN APARC EVENTS (HTTP://APARC.FSI.STANFORD.EDU/EVENTS)



© Stanford University, Stanford, California 94305.

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

---

# EXHIBIT D

to the Declaration of Jeremiah A. Armstrong

*PwC Strategy& Foresight vol. 23 (2020-II), Japanese original*

# 対談：スタートアップ企業への投資可能性とその意義〜ニューノーマル時代、DX化も見据えたビジネス基盤を築くために〜

人工知能やロボット、IoT（Internet of Things）など最新技術の台頭は、さまざまな業界に破壊的なイノベーションと新たなビジネスのチャンスをもたらしました。この潮流をつかみ、ビジネスを加速させるためには、スタートアップ企業に代表される広範なプレーヤーとの協業が不可欠です。では、日本企業がスタートアップ企業を取り巻く世界の趨勢を見極め、スタートアップ企業との協業を成功させるためには何が必要なのでしょうか。米国のシリコンバレーに拠点を構えるベンチャーキャピタルのDNX Venturesで、インダストリー パートナーとして活躍する山本 康正氏を迎え、お話を伺いました。（服部）


（左から）服部 真、山本 康正氏

**服部 真**

PwCコンサルティング、Strategy&のパートナー。約15年にわたり、総合商社、産業材メーカー、エネルギー企業、建設企業等に対し、全社戦略、事業戦略、M&A戦略立案および実行支援のプロジェクトを手がけてきた。近年はスタートアップ投資に関わるビジネスデューデリジェンスにも取り組んでいる。

**山本 康正**

DNX Ventures インダストリー パートナー

東京大学で修士号取得後、三菱UFJ銀行ニューヨーク米州本部に就職し、債券、デリバティブの分析に携わる。ハーバード大学大学院で理学修士号を取得後、米Googleに入社し、フィンテックやAI（人工知能）などで日本企業のデジタル活用を推進する。ハーバード大学客員研究員。日米のリーダー間にネットワークを構築するプログラム「US-Japan Leadership Program」諮問機関委員、国立研究開発法人新エネルギー・産業技術総合開発機構 事業カタライザー。2018年より DNX Ventures インダストリーパートナー。京都大学大学院総合生存学館特任准教授。著書に『シリコンバレーのベンチャーキャピタリストは何を見ているのか』（東洋経済新報社）、『次のテクノロジーで世界はどう変わるのか』（講談社現代新書）などがある。

## 新進気鋭スタートアップを「狩り」に行く感覚でコンタクトする


DNX Ventures インダストリー パートナー 山本 康正氏

**Strategy& 服部：**
最初に山本さんの経歴について確認させてください。社会人キャリアの最初は、三菱UFJ銀行のニューヨーク米州本部ですよね。日本の大手企業を経験し、Googleを経て、現在はベンチャーキャピタリストとして活躍されていらっしゃいます。かなりユニークなご経歴ですね。

**DNX 山本：**
そうですね。三菱UFJ銀行に入行した時点で、2〜3年で辞めて国際機関で働こうと考えていました。勤務地をニューヨーク米州本部にしたのは、金融技術が日本の10年先に進んでいて、さまざまな価値観を持った人や多様なビジネスが集積しており、それを肌身で実感できると考えたからです。人間は環境に左右される部分が大きい。この判断はその後のキャリアでプラスに働いたと考えています。

**Strategy& 服部：**
現在、DNX Venturesではどのようなお仕事をされているのですか。

**DNX 山本：**
私がインダストリーパートナーを務めるDNX Venturesは、アーリーステージのB2Bスタートアップ企業へ投資するベンチャーキャピタル（VC）です。リターンを求める日本の大手企業から出資を受け、スタートアップ企業に投資をしています。投資領域はクラウドやSaaS（Software asa Service）、フィンテック、リテールテック、サイバーセキュリティなどです。シリコンバレーと東京に2拠点を構え、国内外のネットワークを生かして、日本の大手企業におけるDXに不可欠なオープンイノベーションも支援しています。

**Strategy& 服部：**
シリコンバレーのスタートアップ企業を取り巻くエコシステムについて教えてください。スタートアップ企業は、VCや大学、他のスタートアップ企業との間でどのようなコミュニティを形成しているのでしょうか。

**DNX 山本：**
スタートアップ企業が誕生しやすいエコシステムを最初に構築したのは、「シリコンバレーの父」として知られているフレデリック・エモンス・ターマン氏でしょう。スタンフォード大学の教授だった彼は、学生たちに事業を興すことを積極に奨励しました。生徒だったウィリアム・ヒューレット氏とデヴィッド・パッカー氏がHewlett-Packard社（現在のHP Inc.／Hewlett Packard Enterprise）を起業し、成功を収めました。それを見た他の学生たちも続き、成功した人たちがエンジェル投資家になって次の世代へと投資するサイクルが誕生しました。このエコシステムが現在のシリコンバレーにも脈々と受け継がれています。

**Strategy& 服部：**
日本には「スタートアップ企業の芽」はあっても、それを育成する体制が整っていません。政府のスタートアップ育成の体制は十分ではなく、リスクマネーを供給する土壌がないと感じています。その一方で、日本の大手企業が直接もしくは、コーポレート・ベンチャー・キャピタル（CVC）を立ち上げて、シリコンバレーのスタートアップに企業に投資する例はまだ限定的です。

**DNX 山本：**
シリコンバレーにネットワークがない日本企業がいきなり現地事務所を構え、名刺を配り歩いてもアーリーステージの良質なスタートアップ企業にコンタクトすることは難しいでしょう。起業家や創業者、投資家が集まるシリコンバレーのコミュニティは閉鎖的で、学歴や専門性、そして人脈がないとコミュニティには入れません。新進気鋭のスタートアップ企業とコンタクトをとることは、「狩り」をするような感覚です。

**Strategy& 服部：**
日本の大手企業がそうしたコミュニティに入り込むためには、何が求められるのでしょう。

**DNX 山本：**
大手企業の意思決定者が、技術の潮流を理解していることです。さらに、スタートアップ企業の天才エンジニアと話をし、彼らの熱量を受け止めてビジョンを共有できること。「投資」とは「伴走」ですから、両者で世界観・ビジョンを共有することは大切です。スタートアップ企業側に「この人物と組みたい」と思わせる要素がないといけません。

**Strategy& 服部：**
他方で世界に目を向けると、シリコンバレー以外のスタートアップ企業の集積地として、ボストンやベルリン、イスラエルなどがあります。これらの国・地域にはそれぞれどのような特徴と違いがあるのでしょうか。

**DNX 山本：**
ボストンとサンディエゴにはバイオ系のスタートアップ企業が集まっています。また、イスラエルはサイバーセキュリティが強い。その背景には、イスラエルが常に軍事的な脅威にさらされていることがあり、「第5の戦場」であるサイバー空間の防衛には技術と資金と人材が集まっています。

**Strategy& 服部：**
シリコンバレーではなく、こうした国・地域のスタートアップ企業に日本の大手企業が投資するという選択肢はありますか。

**DNX 山本：**
人材や技術の潮流を見ているかぎりでは、そして、緊張する米中関係を考慮すると、スタートアップ企業の中心は依然としてシリコンバレーです。

スタートアップ企業の集積地を見る際には、「その地域が盛り上がっているのはなぜか」を見極める必要があります。例えば、インドのスタートアップ企業に投資が集中しているのは、最新技術に対する評価ではなく、インド国内のGDP成長率上昇を見越しているからです。Googleがインドに対して1兆円規模の投資計画を立てているのは、インドの経済成長に期待しているからです[*1]。

## ビジネスインパクト重視でスタートアップ企業への投資を決める

**Strategy& 服部：**
スタートアップ企業が大手企業と協業したいと考える理由は何でしょうか。スタートアップ企業の目には、大手企業はどのように映っているのでしょう。

**DNX 山本：**
大枠では「レガシー産業」だと捉えている人が多いです。大手企業は安定的な売り上げはあるものの、時価総額が低い企業も多い。今後、急速にビジネスが拡大するとは見込んでいないのです。

スタートアップ企業にとって魅力的なのは、大手企業が所有するリソースです。例えば総合商社の場合、傘下にコンビニエンスストアを擁し、関連する膨大なデータを持っています。スタートアップ企業がこうしたデータを活用するサービスを開発しているなら、双方にとって協業するメリットはあるのです。

**Strategy& 服部：**
つまり、顧客が増え始める「シリーズA」の時期で、サービス内容を拡充したり、新しいマーケットにアプローチしたりする際に、すでにリソースと販路を持っている大手企業と協業したいと考えるのですね。逆に大手企業がスタートアップ企業に投資する意義は何でしょうか。

**DNX 山本：**
自社のビジネス規模を拡大し、加速させるためです。例えば、売上げ1兆円規模の企業が、人工知能関連のスタートアップ企業を1億円で買収したとします。そして、その技術を自社のビジネスモデルに適用させてビジネスを5%伸ばすことができれば、500億円の売り上げになるのです。

これまで大手企業は自社で新技術を開発していましたが、今はスタートアップ企業に出資をしたり買収したりしたほうが早い。つまり、「時間を買っている」のです。激しいイノベーション競争で、業界同士を隔てていた壁が崩れ、異業種からの参入も増えています。そのような状況下、競争力を強化するには、スタートアップ企業の持つスピード感を活用し、協業していくことが非常に大事です。

## 経営改革のモチベーションは「危機感」

**Strategy& 服部：**
大手企業がスタートアップ企業を買収し、経営変革した好例を教えてください。

**DNX 山本：**
有名なのは、米General Motors（以下GM）と米Walmartです。

大手自動車メーカーであるGMは、2016年に起業3年目のロボット系スタートアップ企業米Cruiseを約10億ドルで買収し、当時29歳だった同社のCEOを役員に迎え、経営会議に参加させました。

また、小売り世界最大手のWalmartは、2005年にEコマース事業を展開するwalmart.comという子会社を設立し、シリコンバレーにオフィスを構え、技術ベンチャーコミュニティと活発に交流し、自社サービスの強化に取り組んでいます。2016年にはネット通販のスタートアップ企業であるJET.COMを約35億ドルで買収し、自社のネット通販を強化しました[*2]。

GMとWalmartに共通しているのは、トップが強い危機感を持っていることです。GMはリーマンショック後に一度経営破綻しています。その教訓から10年先、20年先を見据えて何が必要かを判断し、既存のビジネス枠にとらわれず、素早く行動する姿勢を貫いています。

同じくWalmartもAmazon.comの登場に強い危機感を持っており、従来の店舗による販売を維持しながらも「DX（デジタルトランスフォーメーション）」に取り組んでいる。こうした経営改革やDXの推進は、一朝一夕にできるものではありません。

**Strategy& 服部：**
両社のような決断は、日本の大手企業では難しいでしょうね。スピード感だけでなく、トップに与えられた権限も大きく異なると感じています。

**DNX 山本：**
おっしゃるとおりです。オーナー企業を除き、日本企業にはリーダーシップを発揮できる環境が整っていません。GMはトップダウンで物事が決められるし、Walmartは創業家の権限で意思決定できます。翻って5年ごとに社長が代わるような日本の企業では、思い切った意思決定が難しいのです。

もう1つはインセンティブ構造です。米国の場合、トップの報酬は半分以上が自社株なので、成果を出さなければ株価が上がらず、自分の報酬が下がります。ですからトップは何としても株価を上げようとします。しかし、日本企業のトップは業績にかかわらず報酬が決められているので、失敗さえしなければ安泰です。そのため、危機が迫っていても動かないのです。

## シリコンバレーのエコシステムへの参入

**Strategy& 服部：**
お話を伺っていると、大手企業にはトップの矜持や情報収集能力はもちろん、「自社のビジネスを発展させるためには何が必要か」、「それを持っているスタートアップ企業はどこか」を見極める能力が求められるのですね。日本企業の大手企業で投資を成功させている事例ありますか。

Case 5:26-cv-00945-NC Document 31-3 Filed 08/24/26 Page 25 of 107

**DNX 山本：**
紹介したいのが、コマツと東京海上日動火災保険（以下、東京海上）の取り組みです。

コマツはドローンを活用した測量大手の米Skycatchに出資しました。そして、Skycatchの技術を活用して建設・土木現場を上空からドローンで撮影して3Dの地形データを作成し、盛り土の正確な測量や労働時間の短縮による人件費削減に成功したのです。

コマツは担当者たちが海外出張に多くの時間を割き、現地でスタートアップを含めさまざま人に会って情報収集を行い、スタートアップ投資を進めています。また、コマツはシリコンバレーでも役員会を開催し、役員全員がスタートアップ企業のトップと直接話をする。ですから意思決定が速いんです。

**Strategy& 服部：**
技術に精通した社員が目利きとなって世界を飛び回り、自社にない技術を見つけて協業し、現場の生産性向上につなげる。理想的なサイクルですね。

**DNX 山本：**
コマツを突き動かした要因の1つも危機感です。同社は2001年に創業以来初の営業赤字を出し、ライバル社に差をつけられました。その時に実行したのは、経営ビジョンの明確化です。コマツの目指している世界観と技術活用の方向性を明確にするビデオを作成し、大々的に公開しました。その結果、同じようなビジョンを持つスタートアップ企業からの共感を得られやすくなり、両社が発展できる協業やスタートアップ企業への出資につながったのです。

一方の東京海上は、自動運転と保険を掛け合わせたイベントへの出展を通じて、自社の存在とビジョンをアピールし、スタートアップ企業とのコネクション強化に成功しています。同社は金融系企業が多い米国東海岸では知られていても、テクノロジー企業が多い西海岸ではほとんど知名度がありません。ですから多くのスタートアップ企業やその関係者が参加するイベントで自社のプレゼンスを上げる努力をしました。その結果、シリコンバレーのエコシステムに加われるようになり、インシュアテックのスタートアップ企業である米MetroMileに出資し、業務提携に成功したのです。



PwCコンサルティング Strategy& パートナー 服部 真

## VCはスタートアップ企業の何に注目しているのか

**Strategy& 服部：**
次に、実際に投資する際の注意点を教えてください。開発中の技術やサービス以外でスタートアップ企業を見極めるには、どのようなポイントに留意すべきでしょうか。

**DNX 山本：**
スタートアップ企業は、自社の技術やビジネスモデルを10倍にも20倍にも大きく見せようとします。ですから彼らの説明を鵜呑みにせず、リファレンスを取ったり、その技術分野に長けた専門家にアドバイスを受けたりする必要があります。もちろん、われわれのようなVCを利用するのも1つの方法です（笑）。

シリコンバレーではVC同士で、「あそこのビジネスプランについては懐疑的」程度の情報は共有しており、事業経営上のリスクを見極める力を持っています。例えば「人工知能を使っています」と言いながら、アルゴリズムに関する質問には「ブラックボックスです」と言ったり、リードエンジニアが1本も論文を書いていなかったりするスタートアップ企業はアウトです。こうした情報はVCに蓄積されています。

**Strategy& 服部：**
日本の大手企業は、投資先が成長する蓋然性を示したり、社内で設定されたKPI（重要業績評価指数）をクリアしたりすることが求められます。こうした「縛り」はCVCにとってよい方向に働かないと考えるのですが、いかがでしょうか。

Case 5:26-cv-00945-NC Document 31-3 Filed 08/24/26 Page 26 of 107

**DNX 山本：**
大手企業の投資とVCの投資ではスタートアップ企業の評価基準が異なります。ひとつ言えるのは、スタートアップ企業への投資は「10件投資して1件からリターンがあればよい」という世界であることです。スタートアップ投資を理解していない経営者は、「すべての投資を成功させたい」と無茶を言いますが、それは不可能です。VCでも打率3割は難しい。まずは経営者のマインドと、現実と乖離したKPIを変えることです。

**Strategy& 服部：**
スタートアップ企業の事業内容は、何を基準に評価すればよいのでしょうか。

**DNX 山本：**
技術や起業理念といった軸がぶれていないことを見極めることです。一方、ビジネスモデルは変化する可能性があると考えてください。アーリーステージでは市場ニーズに応じてビジネスモデルを変更することも大事です。

もちろん、ビジネスモデル自体が間違っていないかどうかの確認も必要です。例えばサブスクリプションモデルの原理を理解せず「誰もやっていないから」との理由で、リースとほぼ変わらないことをやる。これは論外です。

もう1つはそのスタートアップ企業だけでなく、市場の構造と他のプレーヤーの動向に目を配り、ビジネスの将来性を評価することです。具体的には「同じ技術やサービスをGoogleがやったらどうなるか」を考えることです。

**Strategy& 服部：**
どういうことでしょう。

**DNX 山本：**
例えば、投資したいスタートアップ企業が開発している技術やサービスの領域に、Googleが本格参入したら敵いません。しかしGoogleは100兆円規模の企業[*3]ですから、利用者数が10億人以下のサービスをリリースしようとは考えない。なぜなら彼らにとっては、それをロールアウトする手間やコストが見合わないからです。Googleの広告ビジネスの利益率は20％以上ですから、それ以下の利益率や事業との親和性しか見込めないサービス領域に参入することは、彼らにとってもメリットがないのです。こうした市場構造的な視点から投資先を判断することも、CVCの担当者には求められます。

---

**Strategy& 服部：**
最後に、山本さんが感じるVCの醍醐味を教えてください。

**DNX 山本：**
世界が変わるダイナミズムを間近で見られることです。例えば2011年創業の米Zoomの時価総額は、米航空最大手7社の合計を上回りました（2020年5月15日時点）。最新技術やスタートアップ企業の理念が世界を変えていく中で、VCが果たす役割は大きい。ここに面白みとやりがいを感じています。

**Strategy& 服部：**
コロナ禍でも柔軟に労働環境を見直してビジネスを成長させている企業は、デジタル化を推進し、ソフトウェアを中心にビジネスを展開している企業です。また、そうした技術やサービスを開発するスタートアップ企業の動向にも注目が集まっています。しかし、お話いただいたとおり、日本企業は「スタートアップ企業に投資する」ことに慣れていません。同時に、シリコンバレーのように投資対象になるようなスタートアップ企業が少ないのも現状です。

日本のCVCが投資や協業を積極的に行っていくためには、情報収集力とコミュニケーション能力、そして第一線で活躍する人に話を聞けるようなネットワーク力が必要になる。加えて、スタートアップ企業を育成するエコシステムを確立し、

同時に経営戦略として「スタートアップ企業との協業による自社ビジネスの強化」を常に考えていくことが重要だと実感しました。本日はありがとうございました。

*1：2020年7月14日の日本経済新聞朝刊を参照

*2：Wal-Mart Stores, Inc., "Walmart Agrees to Acquire Jet.com, One of the Fastest Growing e-Commerce Companies in the U.S." 8 August, 2016.

*3：時事ドットコム,「グーグルも1兆ドル企業 時価総額、米で4社目」（2020年01月17日） 参照

PDFファイル内の執筆者の所属・肩書きは、レポート執筆時のものです。

ダウンロードPDF

**特集 スタートアップ投資**

Strategy& Foresight vol.23 2020 -II-

## Strategy& Foresight

ストラテジーアンド・フォーサイトは、PwCネットワークの戦略コンサルティングチームStrategy&が、経営戦略についてのさまざまな課題をテーマに、経営の基幹を担われている皆さまに向けて発行する定期刊行物です。日本企業の方に興味を持っていただけると思われる記事を**リーダーシップチーム**のメンバーが執筆、また欧米で刊行している季刊ビジネス誌「strategy+business」およびグローバルで刊行している冊子や調査報告書の中から抄訳し、ご紹介させていただいております。

# 本ページに関するお問い合わせ

**フォーム**



© 2019 - 2026 PwC. All rights reserved. PwC refers to the PwC network and/or one or more of its member firms, each of which is a separate legal entity. Please see www.pwc.com/structure for further details.

Privacy statement Terms of use Cookies info

About site provider

---

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

# EXHIBIT E

to the Declaration of Jeremiah A. Armstrong

*PwC Strategy& Foresight vol. 23 (2020-II), English rendering*

# Dialogue: Investment Potential and Significance in Startup Companies – Building a Business Foundation for the New Normal Era, Including Digital Transformation –

The rise of cutting-edge technologies such as artificial intelligence, robotics, and IoT (Internet of Things) has brought disruptive innovation and new business opportunities to various industries. To seize this trend and accelerate business growth, collaboration with a wide range of players, including startups, is essential. So, what is necessary for Japanese companies to grasp the global trends surrounding startups and to successfully collaborate with them? We spoke with Yasumasa Yamamoto, Industry Partner at DNX Ventures, a venture capital firm based in Silicon Valley, USA. (Hattori)


(From left) Makoto Hattori, Yasumasa Yamamoto

**Makoto Hattori**

Partner at PwC Consulting, Strategy&. For approximately 15 years, he has worked on projects supporting the development and implementation of corporate strategy, business strategy, and M&A strategy for general trading companies, industrial materials manufacturers, energy companies, construction companies, and other organizations. In recent years, he has also been involved in business due diligence related to startup investments.

**Yasumasa Yamamoto**

DNX Ventures Industry Partner

After obtaining a master's degree from the University of Tokyo, he joined Mitsubishi UFJ Bank's New York headquarters, where he was involved in bond and derivatives analysis. After obtaining a Master of Science degree from Harvard University, he joined Google, where he promoted the digital transformation of Japanese companies in areas such as fintech and AI (artificial intelligence). He is a visiting researcher at Harvard University, an advisory board member for the "US-Japan Leadership Program," a program that builds networks between leaders in Japan and the United States, and a project catalyst at the New Energy and Industrial Technology Development Organization (NEDO). Since 2018, he has been an Industry Partner at DNX Ventures. He is also a specially appointed associate professor at the Graduate School of Advanced Integrated

Studies in Human Survivability, Kyoto University. His publications include "What Are Silicon Valley Venture Capitalists Looking At?" (Toyo Keizai Inc.) and "How Will the World Change with the Next Technology?" (Kodansha Gendai Shinsho).

## Contacting up-and-coming startups is like going on a "hunt."



Yasumasa Yamamoto, Industry Partner, DNX Ventures

**Strategy& Hattori:**
First, let me confirm your career history, Mr. Yamamoto. Your professional career began at Mitsubishi UFJ Bank's New York Americas headquarters, correct? You've worked for major Japanese companies, then Google, and now you're active as a venture capitalist. That's quite a unique career path.

**DNX Yamamoto:**
That's right. When I joined Mitsubishi UFJ Bank, I was already thinking about leaving after two or three years to work for an international organization. I chose the New York Americas headquarters as my workplace because I thought that financial technology there was 10 years ahead of Japan, and that it was a place where people with diverse values and a variety of businesses were concentrated, and that I could experience that firsthand. Humans are greatly influenced by their environment. I believe this decision has worked to my advantage in my subsequent career.

**Strategy & Hattori:**
What kind of work are you currently doing at DNX Ventures?

**DNX Yamamoto:**
DNX Ventures, where I serve as Industry Partner, is a venture capital (VC) firm that invests in early-stage B2B startups. We receive investments from major Japanese companies seeking returns and invest in startups. Our investment areas include cloud computing, SaaS (Software as a Service), fintech, retail tech, and cybersecurity. We have two offices in Silicon Valley and Tokyo, and we leverage our domestic and international network to support open innovation, which is essential for digital transformation in major Japanese companies.

**Strategy& Hattori:**
Could you tell us about the ecosystem surrounding Silicon Valley startups? What kind of communities do startups form with VCs, universities, and other startups?

**DNX Yamamoto:**
I think the first person to build an ecosystem conducive to the birth of startup companies was Frederick Emmons Turman, known as the "father of Silicon Valley." As a professor at Stanford University, he actively encouraged his students to start businesses. William Hewlett and David Packer, who were his students at the time, founded Hewlett-Packard (now HP Inc./Hewlett Packard Enterprise) and achieved great success. Other students saw this and followed suit, creating a cycle where successful people became angel investors and invested in the next generation. This ecosystem continues to thrive in Silicon Valley today.

**Strategy& Hattori:**
While Japan has the potential for startup companies, it lacks the infrastructure to nurture them. I feel that the government's system for supporting startups is insufficient, and there is no environment for supplying risk capital. On the other hand, there are still limited examples of major Japanese companies directly investing in Silicon Valley startups, either through their own venture capital (CVC) arm.

**DNX's Yamamoto:**
It would be difficult for a Japanese company without a network in Silicon Valley to suddenly set up a local office and hand out business cards to make contact with high-quality early-stage startups. The Silicon Valley community, where entrepreneurs, founders, and investors gather, is closed off, and you can't get in without a good education, expertise, and connections. Making contact with up-and-coming startups feels like "hunting."

**Strategy & Hattori:**
What would be required for major Japanese companies to break into such communities?

**DNX Yamamoto:**
It's about decision-makers at large companies understanding technological trends. Furthermore, it's about being able to talk to brilliant engineers at startups, understand their passion, and share their vision. "Investment" is about "partnership," so it's important for both parties to share a common worldview and vision. There must be something about the person that makes the startup company think, "I want to partner with this person."

**Strategy& Hattori:**
On the other hand, looking at the world, there are other hubs for startup companies besides Silicon Valley, such as Boston, Berlin, and Israel. What are the characteristics and differences of each of these countries and regions?

**DNX Yamamoto:**
Boston and San Diego are home to many biotech startups. Also, Israel has a strong cybersecurity presence. This is because Israel is constantly under military threat, and technology, funding, and talent are concentrated there to defend cyberspace, which is considered the "fifth battlefield."

**Strategy& Hattori:**
Is there an option for major Japanese companies to invest in startups in these countries and regions, rather than in Silicon Valley?

**DNX Yamamoto:**
Judging from the trends in talent and technology, and considering the tense US-China relations, Silicon Valley remains the center of the startup world.

When examining clusters of startup companies, it's essential to understand "why that region is thriving." For example, the concentration of investment in Indian startups isn't due to the value of cutting-edge technology, but rather to the anticipated rise in India's domestic GDP growth rate. Google's plan to invest approximately 1 trillion yen in India stems from its expectations for India's economic growth . *1

## We prioritize business impact when deciding to invest in startup companies.

**Strategy& Hattori:**
What are the reasons why startup companies want to collaborate with large corporations? How do large corporations appear in the eyes of startup companies?

**DNX's Yamamoto:**
In broad terms, many people perceive it as a "legacy industry." While large companies have stable sales, many of them have low market capitalization. They don't expect the business to expand rapidly in the future.

What makes a startup company attractive is the resources owned by large corporations. For example, a general trading company might have convenience stores under its umbrella and possess a vast amount of related data. If a startup company is developing a service that utilizes this data, there are mutual benefits to collaborating.

**Strategy& Hattori:**
So, in the "Series A" stage, when the number of customers starts to increase, you want to collaborate with large companies that already have resources and sales channels when you want to expand your services or approach new markets. Conversely, what is the significance of large companies investing in startup companies?

**DNX's Yamamoto:**
It's to expand and accelerate the scale of our business. For example, let's say a company with sales of 1 trillion yen acquires an artificial intelligence-related startup for 100 million yen. If they can then apply that technology to their own business model and grow their business by 5%, that would result in 50 billion yen in sales.

Previously, large corporations developed new technologies in-house, but now it's faster to invest in or acquire startups. In other words, they're "buying time." The fierce competition for innovation has broken down the barriers that separated industries, and more companies from other sectors are entering the market. In this situation, leveraging the speed and agility of startups and collaborating with them is crucial for strengthening competitiveness.

## The motivation for management reform is a "sense of crisis."

**Strategy& Hattori:**
Could you give us a good example of a large corporation acquiring a startup company and transforming its management?

**DNX Yamamoto:**
The most well-known examples are General Motors (GM) and Walmart.

In 2016, GM, a major automobile manufacturer, acquired Cruise, a US robotics startup that was only three years old at the time, for approximately $1 billion. GM appointed the then 29-year-old CEO of Cruise to its board of directors and allowed him to participate in management meetings.

Furthermore, Walmart, the world's largest retailer, established a subsidiary called walmart.com in 2005 to operate its e-commerce business, setting up an office in Silicon Valley, actively engaging with the technology venture community, and working to strengthen its own services. In 2016, it acquired the e-commerce startup JET.COM for approximately $3.5 billion, further strengthening its own e-commerce operations [*2] .

What GM and Walmart have in common is that their top management has a strong sense of urgency. GM went bankrupt once after the Lehman Shock. Learning from that experience, they look 10 or 20 years into the future to determine what is needed, and they maintain a stance of acting quickly without being bound by existing business frameworks.

Walmart, too, feels a strong sense of crisis due to the emergence of Amazon.com, and is working on "DX (Digital Transformation)" while maintaining its traditional store-based sales. Such management reforms and the promotion of DX cannot be achieved overnight.

**Strategy& Hattori:**
I think it would be difficult for major Japanese companies to make decisions like those made by these two companies. I feel that not only is the speed different, but the authority given to top management is also very different.

**DNX Yamamoto:**
You're absolutely right. With the exception of owner-managed companies, Japanese companies lack an environment where leadership can be effectively exercised. GM can make decisions from the top down, and Walmart can make decisions based on the authority of the founding family. In contrast, in Japanese companies where the president changes every five years, it's difficult to make bold decisions.

Another factor is the incentive structure. In the US, more than half of top executives' compensation is in the form of company stock, so if they don't produce results, the stock price won't rise, and their own compensation will decrease. Therefore, top executives will do everything they can to raise the stock price. However, in Japanese companies, top executives' compensation is determined regardless of performance, so as long as they don't fail, they are secure. That's why they don't act even when a crisis is looming.

## Entering the Silicon Valley ecosystem

**Strategy& Hattori:**
From what I've heard, large corporations require not only top management pride and information-gathering abilities, but also the ability to determine "what is necessary to develop our own business" and "which startup companies possess those things." Are there any examples of large Japanese companies that have successfully invested in such ventures?

**DNX Yamamoto:**
I'd like to introduce the collaboration between Komatsu and Tokio Marine & Nichido Fire Insurance (hereinafter, Tokio Marine).

Komatsu invested in Skycatch, a leading US company specializing in drone-based surveying. By utilizing Skycatch's technology, Komatsu has successfully created 3D terrain data by using drones to photograph construction and civil engineering sites from above, enabling accurate surveying of embankments and reducing labor costs by shortening working hours.

Komatsu's staff dedicate a significant amount of time to overseas business trips, meeting with various people, including startup founders, to gather information and advance their startup investments. Furthermore, Komatsu holds board meetings in Silicon Valley, where all board members speak directly with the heads of startup companies. This allows for rapid decision-making.

**Strategy& Hattori:**
Employees with a keen eye for technology travel the world, discover technologies that the company doesn't have, collaborate with others, and use that to improve productivity on the ground. It's an ideal cycle.

**DNX Yamamoto:**
One of the factors that motivated Komatsu was a sense of crisis. In 2001, the company posted its first operating loss since its founding, and fell behind its rivals. What they did at that time was to clarify their management vision. They created a video that clearly showed the world view that Komatsu was aiming for and the direction of technology utilization, and released it on a large scale. As a result, they were able to easily gain the empathy of startup companies that had a similar vision, which led to collaborations that allowed both companies to grow and investments in startup companies.

Meanwhile, Tokio Marine has successfully strengthened its connections with startup companies by showcasing its presence and vision through participation in an event combining autonomous driving and insurance. Although the company is well-known on the US East Coast, where there are many financial companies, it has almost no name recognition on the West Coast, where there are many technology companies. Therefore, it made efforts to increase its presence at events attended by many startup companies and their associates. As a result, it has been able to join the Silicon Valley ecosystem, invest in the US insurtech startup MetroMile, and successfully formed a business partnership.



Makoto Hattori, Partner, Strategy & Co., PwC Consulting

## What are VCs focusing on in startup companies?

**Strategy& Hattori:**
Next, could you tell us about the points to keep in mind when actually investing? Aside from the technology and services under development, what points should we pay attention to when evaluating startup companies?

**DNX Yamamoto:**
Startup companies try to make their technology and business models seem 10 or even 20 times bigger than they actually are. So you shouldn't take their explanations at face value. You need to get references and advice from experts who are skilled in that technology field. Of course, using a VC like us is one way to do that (laughs).

In Silicon Valley, VCs share information with each other, even if it's just a matter of being skeptical about a company's business plan, and they have the ability to assess the risks involved in business management. For example, a startup that says "we're using artificial intelligence" but then says "it's a black box" when asked about the algorithm, or a lead engineer who hasn't published a single paper, is a no-go. This kind of information is accumulated among VCs.

**Strategy& Hattori:**
Major Japanese companies are required to demonstrate the likelihood of growth in their investment targets and to meet internally set KPIs (Key Performance Indicators). I believe these "constraints" do not work in a positive direction for CVCs. What are your thoughts?

**DNX Yamamoto:**
The evaluation criteria for startup companies differ between large corporations and venture capital firms. One thing I can say is that investing in startups is a world where "it's good enough if you get a return from 1 in 10 investments." Executives who don't understand startup investing often say they want to "make every investment a success," which is unreasonable. Even for VCs, a 30% success rate is difficult. First, executives need to change their mindset and their KPIs, which are out of touch with reality.

**Strategy& Hattori:**
What criteria should be used to evaluate the business content of a startup company?

**DNX's Yamamoto:**
The key is to ensure that the core elements, such as technology and entrepreneurial philosophy, remain consistent. On the other hand, you should be aware that the business model may change. In the early stages, it's important to adapt the business model to market needs.

Of course, it's also necessary to verify whether the business model itself is flawed. For example, doing something that's almost identical to leasing simply because "nobody else is doing it," without understanding the principles of the subscription model, is out of the question.

Another approach is to look beyond the startup itself and consider the market structure and the actions of other players to assess the business's future potential. Specifically, this involves considering "what would happen if Google were to implement the same technology or service?"

**Strategy & Hattori:**
What do you mean?

**DNX Yamamoto:**
For example, if Google were to seriously enter the technology or service area that a startup company we want to invest in is developing, we wouldn't stand a chance. However, Google is a company worth 100 trillion yen [*3], so they wouldn't consider releasing a service with fewer than 1 billion users. That's because the effort and cost of rolling it out wouldn't be worth it for them. Google's advertising business has a profit margin of over 20%, so entering a service area with a lower profit margin or less compatibility with their business wouldn't be beneficial for them either. Judging investment targets from this kind of market structure perspective is also required of CVC personnel.

---

**Strategy& Hattori:**
Finally, could you tell us what you find most appealing about venture capital, Mr. Yamamoto?

**DNX's Yamamoto:**
What I find most interesting and rewarding is being able to witness the dynamism of world-changing events firsthand. For example, the market capitalization of Zoom, founded in 2011, has surpassed the combined market capitalization of the seven largest US airlines (as of May 15, 2020). As cutting-edge technologies and the philosophies of startup companies change the world, VCs have a significant role to play. This is where I find the excitement and fulfillment.

**Strategy& Hattori:**
Companies that have flexibly reviewed their work environment and grown their businesses even amidst the COVID-19 pandemic are those that are promoting digitalization and developing their businesses primarily around software. Attention is also being drawn to the trends of startup companies that develop such technologies and services. However, as you mentioned, Japanese companies are not accustomed to "investing in startup companies." At the same time, there are currently few startup companies that are suitable for investment, unlike in Silicon Valley.

For Japanese corporate venture capital (CVC) firms to actively invest and collaborate, they need strong information gathering and communication skills, as well as the ability to network with leading figures in their respective fields. Furthermore, I realized the importance of establishing an ecosystem for nurturing startups and, simultaneously, consistently considering "strengthening their own business through collaboration with startups" as a core management strategy. Thank you for your time today.

---

*1: Refer to the July 14, 2020 morning edition of the Nikkei Shimbun.

*2: Wal-Mart Stores, Inc., "Walmart Agrees to Acquire Jet.com, One of the Fastest Growing e-Commerce Companies in the US" 8 August, 2016.

*3: See Jiji.com, "Google also becomes a $1 trillion company: the fourth company in the US by market capitalization" (January 17, 2020).

The affiliations and titles of the authors listed in the PDF file are as of the time the report was written.

Download PDF

## Special Feature: Startup Investment

Strategy& Foresight vol.23 2020 -II-

## Strategy & Foresight

Strategy & Foresight is a periodical published by Strategy&, the strategy consulting team of the PwC network, addressing various challenges in business strategy for those who play a key role in management. Members of **the leadership team** write articles that we believe will be of interest to Japanese companies, and we also introduce excerpts from the quarterly business magazine "strategy+business," published in Europe and the US, as well as from booklets and research reports published globally.

# Inquiries regarding this page

**form**



© 2019 - 2026 PwC. All rights reserved. PwC refers to the PwC network and/or one or more of its member firms, each of which is a separate legal entity. Please see www.pwc.com/structure for further details.

Privacy Statement Terms of use Cookies info

About site provider

---

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

---

# EXHIBIT F

to the Declaration of Jeremiah A. Armstrong

*California Secretary of State records, Green Capital Management LLC*

# History

Expand All

## Termination - 2/18/2026

*Amendment Type*
Termination

*Control ID*
BA20260456650

*Date*
2/18/2026

*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Filing Status | Active | Terminated |
| Inactive Date | None | 2/18/2026 5:00:00 PM |

## Statement of Information - 1/8/2025

*Amendment Type*
Statement of Information

*Control ID*
BA20250055513

*Date*
1/8/2025

*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2024 12:00:00 AM | 10/31/2026 12:00:00 AM |

## Statement of Information - 10/25/2022

*Amendment Type*
Statement of Information

*Control ID*
BA20221029327

*Date*
10/25/2022

*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2022 12:00:00 AM | 10/31/2024 12:00:00 AM |
| Labor Judgement | | N |
| CRA Changed | PARACORP INCORPORATED<br>2804 GATEWAY OAKS DR #100<br>SACRAMENTO, CA 95833 | Yasumasa Yamamoto<br>55 E 3RD AVE<br>SAN MATEO, CA 94401 |

## Initial Filing - 10/30/2020

*Amendment Type*
Initial Filing

*Control ID*
202030810363

*Date*
10/30/2020

*Image Download*
Download

Skip to main content

# History

*Amendment Type*
**Termination**
*Control ID*
**BA20260456650**
*Date*
**2/18/2026**
*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Filing Status | Active | Terminated |
| Inactive Date | None | 2/18/2026 5:00:00 PM |

*Amendment Type*
**Statement of Information**
*Control ID*
**BA20250055513**
*Date*
**1/8/2025**
*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2024 12:00:00 AM | 10/31/2026 12:00:00 AM |

*Amendment Type*
**Statement of Information**
*Control ID*
**BA20221029327**
*Date*
**10/25/2022**
*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2022 12:00:00 AM | 10/31/2024 12:00:00 AM |
| Labor Judgement | | N |
| CRA Changed | PARACORP INCORPORATED<br>2804 GATEWAY OAKS DR #100<br>SACRAMENTO, CA 95833 | Yasumasa Yamamoto<br>55 E 3RD AVE<br>SAN MATEO, CA 94401 |

*Amendment Type*
**Initial Filing**
*Control ID*
**202030810363**
*Date*
**10/30/2020**
*Image Download*
Download

Skip to main content

# History

Amendment Type
**Termination**
Control ID
**BA20260456650**
Date
**2/18/2026**
Image Download
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Filing Status | Active | Terminated |
| Inactive Date | None | 2/18/2026 5:00:00 PM |

Amendment Type
**Statement of Information**
Control ID
**BA20250055513**
Date
**1/8/2025**
Image Download
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2024 12:00:00 AM | 10/31/2026 12:00:00 AM |

Amendment Type
**Statement of Information**
Control ID
**BA20221029327**
Date
**10/25/2022**
Image Download
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2022 12:00:00 AM | 10/31/2024 12:00:00 AM |
| Labor Judgement | | N |
| CRA Changed | PARACORP INCORPORATED<br>2804 GATEWAY OAKS DR #100<br>SACRAMENTO, CA 95833 | Yasumasa Yamamoto<br>55 E 3RD AVE<br>SAN MATEO, CA 94401 |

Amendment Type
**Initial Filing**
Control ID
**202030810363**
Date
**10/30/2020**
Image Download
Download

Skip to main content

# History

*Amendment Type*
**Termination**
*Control ID*
**BA20260456650**
*Date*
**2/18/2026**
*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Filing Status | Active | Terminated |
| Inactive Date | None | 2/18/2026 5:00:00 PM |

*Amendment Type*
**Statement of Information**
*Control ID*
**BA20250055513**
*Date*
**1/8/2025**
*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2024 12:00:00 AM | 10/31/2026 12:00:00 AM |

*Amendment Type*
**Statement of Information**
*Control ID*
**BA20221029327**
*Date*
**10/25/2022**
*Image Download*
Download

| Field Name | Changed From | Changed To |
|---|---|---|
| Annual Report Due Date | 10/31/2022 12:00:00 AM | 10/31/2024 12:00:00 AM |
| Labor Judgement | | N |
| CRA Changed | PARACORP INCORPORATED<br>2804 GATEWAY OAKS DR #100<br>SACRAMENTO, CA 95833 | Yasumasa Yamamoto<br>55 E 3RD AVE<br>SAN MATEO, CA 94401 |

*Amendment Type*
**Initial Filing**
*Control ID*
**202030810363**
*Date*
**10/30/2020**
*Image Download*
Download

© 2026 CA Secretary of State

B4387-1652 02/18/2026 5:00 PM Received by California Secretary of State

# Secretary of State
## Certificate of Cancellation
## Limited Liability Company (LLC)

**LLC-4/7**

For Office Use Only

**-FILED-**

File No.: BA20260456650

Date Filed: 2/18/2026

There is **No Fee** for filing a Certificate of Cancellation

**Certified Copy Fee (Optional) – $5.00**

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC as it is recorded with the California Secretary of State)

Green Capital Management LLC

**2. LLC Entity (File) Number** (Enter the exact 12-digit Entity (File) Number issued by the California Secretary of State.)

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0 | 2 | 0 | 3 | 0 | 8 | 1 | 0 | 3 | 6 | 3 |

**3. Dissolution** (California LLCs ONLY: Check the box if the vote to dissolve was made by the vote of **ALL** the members.)

☒ The dissolution was made by a vote of **ALL** of the members of the California Limited Liability Company.

**Note**: If the above box is not checked, a **Certificate of Dissolution** (Form LLC-3) must be filed prior to or together with this Certificate of Cancellation. (California Corporations Code section 17707.08(a).)

**4. Tax Liability Statement** (Do not alter the Tax Liability Statement.)

All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**5. Cancellation Statement** (Do not alter the Cancellation Statement.)

**For California Limited Liability Companies:** Upon the effective date of this Certificate of Cancellation, except as provided in California Corporations Code Section 17707.06, the Limited Liability Company's registration is cancelled and its powers, rights, and privileges will cease in California.

**For Out-of-State Limited Liability Companies:** Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its right to conduct intrastate business will cease in California.

**6. Read and Sign Below** (Do not use a computer generated signature.)

By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

[signature] Jan 23 2026 — Yasumasa Yamamoto

Signature — Type or Print Name

Signature — Type or Print Name

Signature — Type or Print Name



2024 California Secretary of State
bizfileOnline.sos.ca.gov

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

# EXHIBIT G

to the Declaration of Jeremiah A. Armstrong

*Pages to which the two map links in ECF No. 11-1 resolve*

Starbucks Coffee Company




Imagery ©2026 Airbus, Maxar Technologies, Vexcel Imaging US, Inc., Map data ©2026 200 ft




## Starbucks Coffee Company

4.1 ★★★★ (591) · $1–10
Coffee shop ·

Overview Menu Reviews About

Directions Save Nearby Send to phone Share

Order online

Welcoming coffeehouse with handcrafted coffee, espresso & tea, plus breakfast, lunch & pastries.

✓ Dine-in · ✓ Drive-through · ✓ Delivery

**Sponsored** · By GrubHub, Inc.

Starbucks Coffee Company




Imagery ©2026 Airbus, Maxar Technologies, Vexcel Imaging US, Inc., Map data ©2026 200 ft




## Starbucks Coffee Company

4.4 ★★★★½ (561) · $1–10

Coffee shop · ♿

Overview Menu Reviews About

Directions Save Nearby Send to phone Share

Order online

Welcoming coffeehouse with handcrafted coffee, espresso & tea, plus breakfast, lunch & pastries.

✓ Dine-in · ✓ Takeout · ✗ Delivery

3350 Zanker Rd, San Jose, CA 95134

Open · Closes 8:30 PM

$1–10 per person

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

# EXHIBIT H

to the Declaration of Jeremiah A. Armstrong

*Sankei Co., Ltd. news item dated May 15, 2026*

Sankei

ホーム タレント一覧 講演会情報 ニュース 会社概要 お問い合わせ

NEWS ARTICLE

# ニュース詳細

← ニュース一覧へ戻る

トピックス 2026年5月15日(金)

## この度、大和大学特任教授でベンチャー投資家の山本康正さんが所属いたしました

山本康正






山本康正

米国シリコンバレーを行き来しながら活動するベンチャー投資家。

米国スタートアップの動向やビックテックの戦略に精通し、投資活動と並行して、日本企業のイノベーション支援や新規事業開発のアドバイザリーを行う。 データ・AI・プラットフォームビジネスなどの分野に強みを持ち、グローバル市場を前提とした事業設計やスケーリング戦略に関する知見を提供。著書やメディア出演を通じて、最新のテクノロジーや経営戦略をわかりやすく解説している。

企業コンサルや講演会、メディア出演等のご依頼は弊社ホームページをご覧ください

詳細を見る

Sankei
ホーム タレント一覧 講演会情報 ニュース 会社概要 お問い合わせ

CONTACT

## お問い合わせ

出演依頼・講演依頼・その他のお問い合わせはこちら

お問い合わせフォームへ

株式会社三桂

ホーム ニュース タレント一覧 会社概要 お問い合わせ

Sankei

© 2026 SANKEI. All Rights Reserved.

プライバシーポリシー

Sankei Home Talent List Lecture Information news Company Profile inquiry

NEWS ARTICLE

# News details

← Return to news list

Topics Friday, May 15, 2026

## We are pleased to announce that Yasumasa Yamamoto, a specially appointed professor at Yamato University and a venture capitalist, has joined our team.

Yasumasa Yamamoto






Yasumasa Yamamoto

A venture capitalist who travels back and forth between Silicon Valley in the United States and other locations.

He is well-versed in the trends of US startups and the strategies of Big Tech companies, and in parallel with his investment activities, he provides advisory services to Japanese companies for innovation support and new business development. He has strengths in fields such as data, AI, and platform businesses, and provides insights into business design and scaling strategies based on the global market. Through his books and media appearances, he explains the latest technologies and management strategies in an easy-to-understand manner.

For inquiries regarding corporate consulting, lectures, media appearances, etc., please visit our website.

Sankei Home Talent List Lecture Information news Company Profile inquiry

Return to news list

CONTACT

## inquiry

For performance requests, speaking engagements, and other inquiries, please contact us here.

Go to the inquiry form

Sankei Co., Ltd.

Home news Talent List Company Profile inquiry

© 2026 SANKEI. All Rights Reserved.

Privacy Policy

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

---

# EXHIBIT I

to the Declaration of Jeremiah A. Armstrong

*Sankei Co., Ltd. lecture information page for Yasumasa Yamamoto*

Sankei

ホーム タレント一覧 講演会情報 ニュース 会社概要 お問い合わせ

LECTURE

# 講演会情報

← 講演タレント一覧へ戻る



# 山本康正 yamamoto yasumasa

講演のお申し込み

メディア情報

肩書
大和大学特任教授 / ベンチャー投資家

ジャンル
文化人

出身地
大阪府

生年月日
—

経歴
1981年、大阪府生まれ。3人兄弟の末っ子。4歳の時に日本航空 123便墜落事故で父親を亡くす。西大和学園中学校・高等学校、京都大学農学部卒業。東京大学大学院新領域創成科学研究科環境学研究系環境学専攻国際環境協力コース修士課程修了。修士号取得後、三菱東京UFJ銀行（現：三菱UFJ銀行）ニューヨーク米州本部に勤務。ハーバード大学大学院で理学修士号を取得後、Googleに入社してフィンテックや人工知能（AI）などで日本企業のデジタル活用（DX）を推進。2021年より、パシフィック・リーグマーケティング株式会社（PLM）のテクノロジーアドバイザーを務めた。
また、ハーバード大学やスタンフォード大学にて客員研究員、京都大学大学院客員教授を務めた。

プロフィール
1981年、大阪府生まれ。3人兄弟の末っ子。4歳の時に日本航空 123便墜落事故で父親を亡くす。西大和学園中学校・高等学校、京都大学農学部卒業。東京大学大学院新領域創成科学研究科環境学研究系環境学専攻国際環境協力コース修士課程修了。修士号取得後、三菱東京UFJ銀行（現：三菱UFJ銀行）ニューヨーク米州本部に勤務。ハーバード大学大学院で理学修士号を取得後、Googleに入社してフィンテックや人工知能（AI）などで日本企業のデジタル活用（DX）を推進。2021年より、パシフィック・リーグマーケティング株式会社（PLM）のテクノロジーアドバイザーを務めた。
また、ハーバード大学やスタンフォード大学にて客員研究員、京都大学大学院客員教授を務めた。

ACTIVITY

## 活動情報

出版物 | お知らせ

- 『次のテクノロジーで世界はどう変わるのか』講談社<講談社現代新書>、2020年
- 『シリコンバレーのVC=ベンチャーキャピタリストは何を見ているのか』東洋経済新報社、2020年

・『世界を変える5つのテクノロジー　SDGs、ESGの最前線』祥伝社新書、2021年
・『銀行を淘汰する破壊的企業』（SB新書、2021年
・『情報の選球眼 真実の収集・分析・発信』幻冬舎新書、2021年
・『2030年に勝ち残る日本企業』ＰＨＰビジネス新書、2021年
・『「世界水準」で働け 新時代の人生サバイバル戦略』大和書房、2022年
・『お金の未来』講談社、2022年
・『入門Web３とブロックチェーン』PHPビジネス新書、2022年
・『なぜ日本企業はゲームベンチャーになれないのかーイノベーションの興亡と未来ー』祥伝社新書、2022年
・『テックジャイアントと地政学 山本康正のテクノロジー教養講座 2023-2024』日経プレミアシリーズ、2023年
・『アフターChatGPT 生成AIが変えた世界の生き残り方』PHPビジネス新書、2023年
・『世界最高峰の研究者たちが予測する未来』SB新書、2023年
・『きみたちは宇宙でなにをする？ 2050年に活躍するために知っておきたい38の話』飛鳥新社、2023年
・『外資系データサイエンティストの知的生産術 どこへ行っても通用する人になる超基本50』東洋経済新報社、2023年
・『Google VS Microsoft 生成AIをめぐる攻防』日経BP、2024年
・『2035年に生き残る企業、消える企業、世界最先端のテクノロジーを味方にする思考法』PHP研究所、2024年

共著
・『お金の未来』講談社<講談社現代新書＞、2022年、ジェリー・チーとの共著

CONTACT
## お問い合わせ

出演依頼・講演依頼・その他のお問い合わせはこちら

お問い合わせフォームへ

株式会社三桂

ホーム ニュース タレント一覧 会社概要 お問い合わせ

© 2026 SANKEI. All Rights Reserved.

プライバシーポリシー

Sankei Home Talent List Lecture Information news Company Profile inquiry

LECTURE

# Lecture Information

← Return to the list of speaking talents



Application for a lecture

Media Information

## Yasumasa Yamamoto

Yamamoto Yasumasa

| title | Genre |
| --- | --- |
| Visiting Professor at Yamato University / Venture Investor | cultural person |
| **Birthplace** | **date of birth** |
| Osaka Prefecture | — |

Career

Born in Osaka Prefecture in 1981, he is the youngest of three siblings. At the age of four, he lost his father in the Japan Airlines Flight 123 crash. He graduated from Nishiyamato Gakuen Junior and Senior High School and the Faculty of Agriculture, Kyoto University. He completed his Master's degree in International Environmental Cooperation at the Department of Environmental Studies, Graduate School of Frontier Sciences, University of Tokyo. After obtaining his Master's degree, he worked at the New York Americas Headquarters of Mitsubishi Tokyo UFJ Bank (now Mitsubishi UFJ Bank). After obtaining a Master of Science degree from Harvard University, he joined Google and promoted the digital transformation (DX) of Japanese companies through fintech and artificial intelligence (AI). From 2021, he served as a technology advisor at Pacific League Marketing Co., Ltd. (PLM). He also served as a visiting researcher at Harvard University and Stanford University, and as a visiting professor at Kyoto University Graduate School.

profile

Born in Osaka Prefecture in 1981, he is the youngest of three siblings. At the age of four, he lost his father in the Japan Airlines Flight 123 crash. He graduated from Nishiyamato Gakuen Junior and Senior High School and the Faculty of Agriculture, Kyoto University. He completed his Master's degree in International Environmental Cooperation at the Department of Environmental Studies, Graduate School of Frontier Sciences, University of Tokyo. After obtaining his Master's degree, he worked at the New York Americas Headquarters of Mitsubishi Tokyo UFJ Bank (now Mitsubishi UFJ Bank). After obtaining a Master of Science degree from Harvard University, he joined Google and promoted the digital transformation (DX) of Japanese companies through fintech and artificial intelligence (AI). From 2021, he served as a technology advisor at Pacific League Marketing Co., Ltd. (PLM). He also served as a visiting researcher at Harvard University and Stanford University, and as a visiting professor at Kyoto University Graduate School.

# Activity information

publications notice

・"How Will the World Change with the Next Technology?" Kodansha <Kodansha Gendai Shinsho>, 2020
・"What Are Silicon Valley VCs (Venture Capitalists) Looking At?" Toyo Keizai Inc., 2020
・"New Business Literacy Course: A Textbook of Technology" Nikkei Bunko, 2020
・"Disruptive Companies That Will Dominate 2025" SB Shinsho, 2020
・"A World Map of Startups and Technology" Diamond, Inc., 2020
・"World Standard Technology Literacy Taught by Top Silicon Valley Investors" Gentosha, 2021
・"Five Technologies That Will Change the World: The Cutting Edge of SDGs and ESG" Shodensha Shinsho, 2021
・"Disruptive Companies That Will Eliminate Banks" (SB Shinsho, 2021)
・"The Eye for Selecting Information" * "Collecting, Analyzing, and Disseminating the Truth" Gentosha Shinsho, 2021
* "Japanese Companies That Will Survive in 2030" PHP Business Shinsho, 2021
* "Work at a 'World Standard': A Survival Strategy for a New Era" Daiwa Shobo, 2022
* "The Future of Money" Kodansha, 2022 * "Introduction
to Web 3 and Blockchain" PHP Business Shinsho, 2022
* "Why Can't Japanese Companies Become Game Ventures? - The Rise and Fall and Future of Innovation" Shodensha Shinsho, 2022
* "Tech Giants and Geopolitics: Yasumasa Yamamoto's Technology Literacy Lecture 2023-2024" Nikkei Premier Series, 2023
* "After ChatGPT: How to Survive in a World Changed by Generating AI" PHP Business Shinsho, 2023
* "The Future Predicted by the World's Top Researchers" SB Shinsho, 2023
* "What Will You Do in Space?" * 38 Things You Should Know to Succeed in 2050 (Asuka Shinsha, 2023
) * 50 Essential Basics for Becoming a Data Scientist with Intellectual Productivity Skills Who Works Anywhere (Toyo Keizai Inc., 2023)
* 2024: Google vs. Microsoft: The Battle Over Generative AI (Nikkei BP, 2024)
* 2024: Companies That Will Survive, Companies That Will Disappear, and How to Leverage Cutting-Edge Technology (PHP Institute, 2024)

Co-authored
"The Future of Money," Kodansha (Kodansha Gendai Shinsho), 2022, co-authored with Jerry Chi.

CONTACT

## inquiry

For performance requests, speaking engagements, and other inquiries, please contact us here.

Go to the inquiry form



© 2026 SANKEI. All Rights Reserved.

Privacy Policy

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

---

# EXHIBIT J

to the Declaration of Jeremiah A. Armstrong

*Plaintiff Md Anis Uzzaman's First Set of Interrogatories*

Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**PLAINTIFF MD ANIS UZZAMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT YASUMASA YAMAMOTO (NOS. 1-12)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Md Anis Uzzaman ("Uzzaman") hereby requests that Defendant Yasumasa Yamamoto ("Yamamoto" or "You") respond to each of the following interrogatories in writing, under oath, and in accordance with the following definitions and instructions, within thirty (30) days of service hereof. The

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

parties conducted their conference under Rule 26(f) on July 27, 2026, and discovery is accordingly open under Rule 26(d)(1). You shall timely supplement Your responses as required by Rule 26(e).

## DEFINITIONS

The following terms shall have the following definitions and meanings, unless another definition or meaning clearly appears from the context in which the term is used:

1. "Uzzaman" shall mean Plaintiff Md Anis Uzzaman, the propounding party.

2. "Pegasus Organization" shall mean, collectively and individually, Plaintiff Md Anis Uzzaman; Plaintiff Pegasus Tech Ventures, Inc.; any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either of them, including the Startup World Cup; any parent, subsidiary, affiliate, division, joint venture, predecessor, or successor in interest of Pegasus Tech Ventures, Inc.; and each of their respective current and former officers, directors, managers, partners, employees, agents, representatives, consultants, and attorneys. **A reference to the Pegasus Organization means any one or more of its members, and no request or interrogatory is limited to statements or conduct directed at all members collectively.**

3. "Yamamoto," "You," "Your," and "Defendant" shall mean Defendant Yasumasa Yamamoto, and any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and any entity that he owns, controls, manages, or in which he holds an ownership, managerial, or economic interest, including Green Capital Management LLC and Kyoto Angel Fund.

4. "Action" means the present action, captioned *Md Anis Uzzaman, et al. v. Yasumasa Yamamoto*, Case No. 5:26-cv-00945-NC, pending in the United States District Court for the Northern District of California.

5. "State Action" means the action captioned *Uzzaman, et al. v. Yamamoto, et al.*, Case No. 25-CIV-06027, filed in the Superior Court of California, County of San Mateo.

6. "Complaint" refers to the Complaint for Damages filed by Uzzaman and Pegasus Tech Ventures, Inc. in the Action on January 30, 2026.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

7. The terms "Document" and "Thing" are used in their broadest sense as contemplated by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and include documents in any form, including those stored electronically. The term "Document" shall not be limited in any way with respect to the process by which the document was created, generated, or reproduced, or with respect to the medium in which it is embodied, and shall include, by way of example and without limitation: correspondence, letters, memoranda, notes, calendars, diaries, contracts, agreements, presentations, spreadsheets, financial statements, tax filings, corporate and limited liability company records, minutes and consents, photographs, audio and video recordings, voicemail, telephone logs, electronic mail, text messages, messages sent or received through any Messaging Application, social media content, and metadata. The term "Document" further includes all preliminary, intermediate, and final drafts or versions of any document, as well as any notes, comments, and marginalia appearing on any document. Any comment or notation appearing on any Document and not part of the original is to be considered a separate Document. If a draft Document has been prepared in several copies that are not identical, or if originally identical copies are no longer identical due to subsequent notation, each non-identical copy is a separate Document.

8. "Communication" means any oral, written, or electronic transmission of information, including without limitation meetings, discussions, conversations, telephone calls, video conferences, electronic mail, memoranda, letters, text messages, messages sent or received through any Messaging Application, and notes.

9. "Electronically Stored Information" and "ESI" have the meaning given by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and include electronic mail, calendar entries, contact records, text messages, messages sent or received through any Messaging Application, voicemail, call logs, social media content, cloud-stored files, backups, and all associated metadata.

10. "Messaging Application" means any application, platform, or service used to exchange messages, including without limitation LINE, WhatsApp, WeChat, Signal, Telegram, Facebook Messenger, Instagram direct messages, X (Twitter) direct messages, LinkedIn

messaging, Apple iMessage, SMS and MMS, Chatwork, KakaoTalk, Slack, Microsoft Teams, Skype, Zoom chat, and Google Chat.

11. "Green Capital" means Green Capital Management LLC, California Secretary of State entity number 202030810363, including its predecessors, successors, members, managers, officers, employees, agents, and attorneys.

12. "Kyoto Angel Fund" means the entity, fund, or enterprise identified as Kyoto Angel Fund, including any related fund, vehicle, or program bearing that name, and its members, managers, officers, employees, and agents.

13. "Startup World Cup" means the Startup World Cup competition organized by Uzzaman and Pegasus Tech Ventures, Inc., including its global finals and all regional events, and including the 2023 and 2024 Kyoto Regional Events, the Kyushu Regional Event, and the Tokyo Regional Event.

14. "Kyoto University" means Kyoto University, including its Graduate School of Management and any affiliated program, institute, faculty member, administrator, or event.

15. "Target Companies" means, collectively, Nihonkai Gas Co., Ltd.; Kyocera Corporation; Marubeni Corporation; Daiwa House Industry Co., Ltd.; Idemitsu Kosan Co., Ltd., including Idemitsu Innovation Europe; and DIC Corporation. "Target Company" means any one of them.

16. "Identified Individuals" means Jin-ichiro Yamada, Nobuyuki Isagawa, Norio Sawabe, Yumiko Murakami, Chiamin Lai, Yasuyuki (Yasu) Higuchi, Makoto Takano, Fujiyo Ishiguro, Takeshi Homma, Hiroshi Minato, Takatoshi Nishiwaki, Mizuki Iwamura, Ari Horie, Yotaro Nitta, Ikuro Kiyoto, and Mai Yamamoto.

17. The term "person" means any individual, corporation, limited liability company, proprietorship, association, joint venture, partnership, fund, trust, or other business or legal entity, including governmental bodies and agencies.

18. "Identify," when used with respect to a natural person, means to state the person's full name, last known address, last known telephone number and electronic mail address, and employer and position during the Relevant Period. When used with respect to an entity, it means

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

to state the entity's full name, form, jurisdiction of organization, and principal place of business. When used with respect to a Communication, it means to state the date, the medium, each participant, and the substance. When used with respect to a Document, it means to state its date, type, author, recipients, present custodian, and production number if produced.

19. "Relevant Period" means January 1, 2019 through the date of Your response, unless a particular request or interrogatory specifies otherwise. Where a request or interrogatory concerns the formation, ownership, or operations of Green Capital, the Relevant Period begins on the date of its formation.

20. "Reflect," "reflecting," "relate to," "relating to," "refer to," "referring to," and "concerning" shall mean reflecting, relating to, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting, in whole or in part, as the context makes appropriate.

21. "Include" and "including" shall mean including without limitation.

22. Use of the singular includes the plural and vice versa. The words "and" and "or" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither shall be interpreted to limit the scope of these requests. The terms "all" and "each" shall be construed as all and each. The present tense includes the past tense and vice versa.

**INSTRUCTIONS**

The following instructions apply to each of the Interrogatories herein:

A. Grammar and syntax, as used in these interrogatories, shall be construed and interpreted to give proper meaning and consistency to their context, so as to bring within their scope any information that might otherwise be construed to fall outside their scope.

B. Each interrogatory must be answered separately and fully in writing under oath, unless it is objected to. Fed. R. Civ. P. 33(b)(3). The answers must be signed by Defendant, and any objections must be signed by the attorney making them. Fed. R. Civ. P. 33(b)(5).

C. Each numbered interrogatory poses a single primary question, and the detail called for within it is logically and factually subsumed within, and necessarily related to, that primary question. Such detail is not a discrete subpart within the meaning of Rule 33(a)(1). As the Advisory

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Committee explained in 1993, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." If You contend that any interrogatory nonetheless contains discrete subparts, answer it in full and state Your count and the basis for it, so that the parties may confer rather than litigate the point.

D. Answer on the basis of all information available to You, including information in the possession of Your attorneys, agents, and representatives, and any entity from which You have the practical ability to obtain information. If You cannot answer an interrogatory in full after exercising due diligence, answer to the extent possible, state why the remainder cannot be answered, and state what knowledge, information, or belief You have concerning the unanswered portion.

E. Any ground for objection must be stated with specificity, and any ground not stated in a timely objection is waived unless the Court excuses the failure. Fed. R. Civ. P. 33(b)(4). Where You object to part of an interrogatory, answer the remainder.

F. If You elect to answer by producing business records under Rule 33(d), specify the records to be reviewed in sufficient detail to enable Uzzaman to locate and identify them as readily as You could, and confirm that the burden of deriving the answer is substantially the same for both parties.

G. If You withhold information on a claim of privilege or other protection, state the claim and describe the nature of the information withheld in a manner that, without revealing the protected information, will enable Uzzaman to assess the claim. Fed. R. Civ. P. 26(b)(5)(A).

H. Although these interrogatories are propounded by Uzzaman alone, the identity of the propounding party does not narrow the scope of any interrogatory. Each interrogatory seeks information concerning every member of the Pegasus Organization, as that term is defined above. Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any party's claim or defense, and the statements at issue in Uzzaman's own claims are alleged to concern each member of the Pegasus Organization. Accordingly, no interrogatory may be read as limited to Uzzaman individually, and an objection on that basis is not well founded.

LAW OFFICES OF CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

I. Unless an interrogatory states otherwise, each interrogatory is limited to the Relevant Period.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person to whom You communicated, at any time during the Relevant Period, any statement concerning any member of the Pegasus Organization, and for each such statement state the date, the medium by which it was communicated, each person present or copied, and the substance of what You said.

**INTERROGATORY NO. 2:**

Identify each electronic mail address, telephone number, Messaging Application account (including its display name and account identifier), and social media account that You used at any time during the Relevant Period to send or receive any Communication concerning any member of the Pegasus Organization.

**INTERROGATORY NO. 3:**

Identify each mobile telephone, computer, tablet, and other device that You used at any time during the Relevant Period to send or receive any Communication concerning any member of the Pegasus Organization, and for each state whether it remains in Your possession, custody, or control and, if it does not, its current location and custodian.

**INTERROGATORY NO. 4:**

For each account and device identified in response to Interrogatories Nos. 2 and 3, describe the retention and loss of Communications concerning any member of the Pegasus Organization, including any automatic-deletion, disappearing-message, or retention-limit setting in effect and the period during which it applied, and any instance in which such a Communication was deleted, destroyed, overwritten, lost, or otherwise rendered unavailable, together with the date, the manner, and the person responsible.

**INTERROGATORY NO. 5:**

Identify each entity that You formed, owned, managed, controlled, or held an ownership or economic interest in during the Relevant Period that was organized or registered under the laws

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

of California or of any other State of the United States, or that maintained an office, mailing address, or agent for service of process in California or in any other State of the United States, and for each state the State or States involved, Your role, and the period of Your involvement.

**INTERROGATORY NO. 6:**

Describe each occasion on which You were physically present in California or in any other State of the United States during the Relevant Period, stating the dates, the duration, the location, and the purpose of that presence.

**INTERROGATORY NO. 7:**

State each fact on which You rely in support of any contention that this Court lacks personal jurisdiction over You, and identify each person with knowledge of and each Document supporting each such fact.

**INTERROGATORY NO. 8:**

State each fact on which You rely in support of any contention that this Action should be adjudicated in Japan or in any forum other than this District, and identify each person with knowledge of and each Document supporting each such fact.

**INTERROGATORY NO. 9:**

Identify each person who has knowledge of any fact concerning the claims or defenses in this Action, and for each person describe the subject matter of that knowledge.

**INTERROGATORY NO. 10:**

Identify each person, other than Your legal counsel, who has paid, advanced, guaranteed, reimbursed, agreed to pay, or otherwise contributed to the payment of any attorney's fee, cost, or expense incurred by You in connection with the Action or the State Action, or who holds any financial interest in the outcome of either, stating for each the nature and amount of the payment or interest, the date the arrangement was made, and that person's relationship to You.

**INTERROGATORY NO. 11:**

State each address in the United States at which You have resided, stayed, or received mail at any time since January 1, 2019, and identify each item of real property located in the United States in which You, Mai Yamamoto, or any entity in which You hold an interest has held any

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

ownership, leasehold, tenancy, possessory, or beneficial interest during that period, stating for each the dates of that interest and the identity of the landlord, lessor, or owner, including the real property located at 5134 Tawny Lake Place, Fairfield, California 94534.

**INTERROGATORY NO. 12:**

State whether You hold or have at any time held any United States immigration status or travel authorization, including lawful permanent residence, a Permanent Resident Card, an immigrant or nonimmigrant visa of any classification, employment authorization, or trusted traveler status, and for each state the classification, the date it was granted, the date it expired or was surrendered if applicable, and whether it remains in effect.

Dated: July 27, 2026

Respectfully submitted,

/s/ *Jeremiah A. Armstrong*
Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990

*Attorneys for Plaintiffs*
*Md Anis Uzzaman and*
*Pegasus Tech Ventures, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I caused a true and correct copy of the foregoing Plaintiff Md Anis Uzzaman's First Set of Interrogatories to Defendant Yasumasa Yamamoto (Nos.

1-12) to be served by electronic mail upon counsel of record for Defendant Yasumasa Yamamoto at the electronic mail addresses of record.

/s/ *Jeremiah A. Armstrong*

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

---

# EXHIBIT K

to the Declaration of Jeremiah A. Armstrong

*Plaintiff Md Anis Uzzaman's First Set of Requests for Production*

Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF
**CRAIG S. MILLER, P.C.**
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**PLAINTIFF MD ANIS UZZAMAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT YASUMASA YAMAMOTO (NOS. 1-32)** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Md Anis Uzzaman ("Uzzaman") hereby requests that Defendant Yasumasa Yamamoto ("Yamamoto" or "You") produce and permit inspection and copying of the Documents and Things described below, in accordance with the following definitions and instructions. Production shall be made within thirty (30) days of service hereof, at the offices of Law Offices of Craig S. Miller, P.C., 42 Miller

LAW OFFICES OF CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Avenue, Mill Valley, California 94941, or by secure electronic transfer to counsel for Uzzaman. The parties conducted their conference under Rule 26(f) on July 27, 2026, and discovery is accordingly open under Rule 26(d)(1). You shall timely supplement Your responses and production as required by Rule 26(e).

**DEFINITIONS**

The following terms shall have the following definitions and meanings, unless another definition or meaning clearly appears from the context in which the term is used:

1. "Uzzaman" shall mean Plaintiff Md Anis Uzzaman, the propounding party.

2. "Pegasus Organization" shall mean, collectively and individually, Plaintiff Md Anis Uzzaman; Plaintiff Pegasus Tech Ventures, Inc.; any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either of them, including the Startup World Cup; any parent, subsidiary, affiliate, division, joint venture, predecessor, or successor in interest of Pegasus Tech Ventures, Inc.; and each of their respective current and former officers, directors, managers, partners, employees, agents, representatives, consultants, and attorneys. **A reference to the Pegasus Organization means any one or more of its members, and no request or interrogatory is limited to statements or conduct directed at all members collectively.**

3. "Yamamoto," "You," "Your," and "Defendant" shall mean Defendant Yasumasa Yamamoto, and any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and any entity that he owns, controls, manages, or in which he holds an ownership, managerial, or economic interest, including Green Capital Management LLC and Kyoto Angel Fund.

4. "Action" means the present action, captioned *Md Anis Uzzaman, et al. v. Yasumasa Yamamoto*, Case No. 5:26-cv-00945-NC, pending in the United States District Court for the Northern District of California.

5. "State Action" means the action captioned *Uzzaman, et al. v. Yamamoto, et al.*, Case No. 25-CIV-06027, filed in the Superior Court of California, County of San Mateo.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

6. “Complaint” refers to the Complaint for Damages filed by Uzzaman and Pegasus Tech Ventures, Inc. in the Action on January 30, 2026.

7. The terms “Document” and “Thing” are used in their broadest sense as contemplated by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and include documents in any form, including those stored electronically. The term “Document” shall not be limited in any way with respect to the process by which the document was created, generated, or reproduced, or with respect to the medium in which it is embodied, and shall include, by way of example and without limitation: correspondence, letters, memoranda, notes, calendars, diaries, contracts, agreements, presentations, spreadsheets, financial statements, tax filings, corporate and limited liability company records, minutes and consents, photographs, audio and video recordings, voicemail, telephone logs, electronic mail, text messages, messages sent or received through any Messaging Application, social media content, and metadata. The term “Document” further includes all preliminary, intermediate, and final drafts or versions of any document, as well as any notes, comments, and marginalia appearing on any document. Any comment or notation appearing on any Document and not part of the original is to be considered a separate Document. If a draft Document has been prepared in several copies that are not identical, or if originally identical copies are no longer identical due to subsequent notation, each non-identical copy is a separate Document.

8. “Communication” means any oral, written, or electronic transmission of information, including without limitation meetings, discussions, conversations, telephone calls, video conferences, electronic mail, memoranda, letters, text messages, messages sent or received through any Messaging Application, and notes.

9. “Electronically Stored Information” and “ESI” have the meaning given by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and include electronic mail, calendar entries, contact records, text messages, messages sent or received through any Messaging Application, voicemail, call logs, social media content, cloud-stored files, backups, and all associated metadata.

10. “Messaging Application” means any application, platform, or service used to exchange messages, including without limitation LINE, WhatsApp, WeChat, Signal, Telegram,

Facebook Messenger, Instagram direct messages, X (Twitter) direct messages, LinkedIn messaging, Apple iMessage, SMS and MMS, Chatwork, KakaoTalk, Slack, Microsoft Teams, Skype, Zoom chat, and Google Chat.

11. "Green Capital" means Green Capital Management LLC, California Secretary of State entity number 202030810363, including its predecessors, successors, members, managers, officers, employees, agents, and attorneys.

12. "Kyoto Angel Fund" means the entity, fund, or enterprise identified as Kyoto Angel Fund, including any related fund, vehicle, or program bearing that name, and its members, managers, officers, employees, and agents.

13. "Startup World Cup" means the Startup World Cup competition organized by Uzzaman and Pegasus Tech Ventures, Inc., including its global finals and all regional events, and including the 2023 and 2024 Kyoto Regional Events, the Kyushu Regional Event, and the Tokyo Regional Event.

14. "Kyoto University" means Kyoto University, including its Graduate School of Management and any affiliated program, institute, faculty member, administrator, or event.

15. "Target Companies" means, collectively, Nihonkai Gas Co., Ltd.; Kyocera Corporation; Marubeni Corporation; Daiwa House Industry Co., Ltd.; Idemitsu Kosan Co., Ltd., including Idemitsu Innovation Europe; and DIC Corporation. "Target Company" means any one of them.

16. "Identified Individuals" means Jin-ichiro Yamada, Nobuyuki Isagawa, Norio Sawabe, Yumiko Murakami, Chiamin Lai, Yasuyuki (Yasu) Higuchi, Makoto Takano, Fujiyo Ishiguro, Takeshi Homma, Hiroshi Minato, Takatoshi Nishiwaki, Mizuki Iwamura, Ari Horie, Yotaro Nitta, Ikuro Kiyoto, and Mai Yamamoto.

17. The term "person" means any individual, corporation, limited liability company, proprietorship, association, joint venture, partnership, fund, trust, or other business or legal entity, including governmental bodies and agencies.

18. "Identify," when used with respect to a natural person, means to state the person's full name, last known address, last known telephone number and electronic mail address, and

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

employer and position during the Relevant Period. When used with respect to an entity, it means to state the entity's full name, form, jurisdiction of organization, and principal place of business. When used with respect to a Communication, it means to state the date, the medium, each participant, and the substance. When used with respect to a Document, it means to state its date, type, author, recipients, present custodian, and production number if produced.

19. "Relevant Period" means January 1, 2019 through the date of Your response, unless a particular request or interrogatory specifies otherwise. Where a request or interrogatory concerns the formation, ownership, or operations of Green Capital, the Relevant Period begins on the date of its formation.

20. "Reflect," "reflecting," "relate to," "relating to," "refer to," "referring to," and "concerning" shall mean reflecting, relating to, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting, in whole or in part, as the context makes appropriate.

21. "Include" and "including" shall mean including without limitation.

22. Use of the singular includes the plural and vice versa. The words "and" and "or" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither shall be interpreted to limit the scope of these requests. The terms "all" and "each" shall be construed as all and each. The present tense includes the past tense and vice versa.

**INSTRUCTIONS**

The following instructions apply to each of the Requests for Production herein:

A. Grammar and syntax, as used in these requests, shall be construed and interpreted to give proper meaning and consistency to their context, so as to bring within their scope any information that might otherwise be construed to fall outside their scope.

B. In responding to these requests, furnish all Documents and Things in Your possession, custody, or control within the meaning of Rule 34(a)(1), including material held by any person or entity from which You have the practical ability to obtain it, and including material held on Your behalf by any accountant, administrator, registered agent, filing service, financial institution, or affiliated entity.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

C. If You cannot respond to a request in full after exercising due diligence to secure the material sought, so state, specify the portion of the request that cannot be responded to fully, and state what knowledge, information, or belief You have concerning the unanswered portion.

D. If no Documents responsive to a request are in Your possession, custody, or control, You shall so state.

E. Rule 34(b)(2)(B) requires that any objection state the grounds for objecting with specificity. An objection asserting only that a request is overly broad, unduly burdensome, vague, or not proportional to the needs of the case, without explaining why, does not comply with the Rule.

F. Rule 34(b)(2)(C) requires that any objection state whether responsive material is being withheld on the basis of that objection. For each request to which You object in whole or in part, state whether responsive material is being withheld and describe the categories of material withheld.

G. Where You object to only part of a request, produce all material responsive to the unobjectionable portion.

H. Pursuant to Rule 34(b)(1)(C), Uzzaman specifies the following forms of production, and request that You confer with Uzzaman before producing in any other form. Electronic mail and electronic documents shall be produced as single-page Group IV TIFF images at 300 DPI, or in native format for spreadsheets, presentations, audio, and video, in each case with document-level extracted text and a standard delimited load file containing at minimum the fields BegBates, EndBates, BegAttach, EndAttach, Custodian, AllCustodians, From, To, CC, BCC, Subject, DateSent, TimeSent, DateReceived, FileName, FileExtension, FileSize, MD5Hash, DateCreated, DateLastModified, and NativeLink.

I. Messaging and chat data shall be produced in Relativity Short Message Format (RSMF) or, if RSMF is not available to You, in a reasonably usable format that preserves for each message the sender, each recipient, the date and time with time zone, the conversation or thread identifier, the full message text, all attachments and embedded media, and any reactions, edits, or

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

deletion indicators. Messaging and chat data shall not be produced as screenshots or as flattened images of a scrolled conversation.

J. Paper Documents shall be produced as text-searchable PDF, or as TIFF images with optical character recognition text, in each case with family relationships preserved. All material shall be produced with Bates numbering and with parent-child relationships intact. Documents shall not be de-duplicated across custodians without identifying all custodians in the AllCustodians field.

K. Produce responsive Documents in the language in which they exist. These requests do not ask You to create translations. If a translation of a responsive Document already exists, produce it as well.

L. Produce Documents as they are kept in the usual course of business, or organize and label them to correspond to the categories in these requests, as Rule 34(b)(2)(E)(i) requires. File folders with tabs or labels, and directories of files identifying Documents, shall be produced intact with such Documents. Documents attached to one another shall not be separated.

M. If any Document is withheld or redacted on a claim of privilege or other protection, provide a log pursuant to Rule 26(b)(5)(A) stating the date of the Document, its author, all recipients and other persons to whom it was disclosed, the type of Document, the privilege or protection asserted, the request number to which it is responsive, and a description of its general subject matter sufficient to permit an assessment of the claim without revealing the protected information. Produce the log no later than the date of the corresponding production.

N. The parties are negotiating a stipulated protective order. Pending its entry, Uzzaman will treat any material You designate as confidential as though it were designated under the highest tier of the proposed order. The absence of an entered protective order is therefore not a ground to delay or withhold production.

O. If any responsive Document was, but is no longer, in Your possession, custody, or control, or has been lost, destroyed, or otherwise disposed of, identify the Document, state when and how it left Your possession, state the reason for Your inability to comply, and provide the

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

name, address, and contact information of any person believed to have possession, custody, or control of it.

P. You are reminded of Your obligation to preserve all Documents and ESI potentially relevant to this Action, including messages held in any Messaging Application, and to suspend any automatic-deletion, disappearing-message, or retention-limit setting that would delete such material.

Q. Although these requests are propounded by Uzzaman alone, the identity of the propounding party does not narrow the scope of any request. Each request seeks Documents concerning every member of the Pegasus Organization, as that term is defined above. Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any party's claim or defense, and the statements at issue in Uzzaman's own claims are alleged to concern each member of the Pegasus Organization. Accordingly, no request may be read as limited to Uzzaman individually, and an objection on that basis is not well founded.

R. Produce responsive material on a rolling basis as it is collected and reviewed. If You contend that any request is unclear, overbroad, or disproportionate, Uzzaman will confer promptly and in good faith to narrow it, and request that You raise any such contention before the response date rather than by objection alone.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between You and any person concerning any member of the Pegasus Organization.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning any statement You made concerning the professional qualifications, legitimacy, competence, integrity, track record, or business practices of any member of the Pegasus Organization, including drafts, notes, outlines, scripts, talking points, social media posts, articles, blog entries, interviews, and other public statements, and including all Documents concerning Pegasus Tech Ventures, Inc.'s investment in Quibi.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the withdrawal, declination, cancellation, or non-participation of any speaker, judge, sponsor, panelist, or participant in any Startup World Cup event.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning any corporate venture capital fund, investment fund, or consulting engagement that any Target Company considered, negotiated, or declined with any member of the Pegasus Organization.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning any person who provided You with information concerning any member of the Pegasus Organization, or who communicated to You any dispute, grievance, complaint, criticism, or adverse interest concerning any member of the Pegasus Organization.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify each electronic mail account, Messaging Application account (including each LINE account and its display name and account identifier), telephone number, social media account, and mobile telephone, computer, tablet, or other device that You used at any time during the Relevant Period to send or receive a Communication concerning any member of the Pegasus Organization, and to show the retention, archiving, backup, synchronization, and automatic-deletion settings in effect for each.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning any deletion, destruction, overwriting, wiping, resetting, loss, or disposal of any Document, ESI, or device containing a Communication concerning any member of the Pegasus Organization.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the date on which any litigation hold, preservation notice, or document-retention instruction concerning the Action or the State Action was issued, and the identity of each person to whom it was directed. This request does not seek the content of any communication protected by the attorney-client privilege or the work-product doctrine.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any venture capital fund, corporate venture capital fund, investment vehicle, accelerator, or advisory engagement in which You held any role that solicited, negotiated with, advised, or provided services to any Target Company, including any compensation, management fee, carried interest, commission, referral fee, or other economic benefit You received or expected to receive in connection with it, and any payment, gift, or other thing of value You provided to or received from any Target Company or any of the Identified Individuals.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning any actual or potential competition, rivalry, dispute, grievance, or adverse interest between You and any member of the Pegasus Organization.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning any person who requested, encouraged, solicited, directed, assisted, or compensated You to make any statement or take any action concerning any member of the Pegasus Organization, and any agreement, understanding, joint effort, or coordination between You and any person concerning any such statement or action.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show each business, professional, academic, and advisory position You held during the Relevant Period, and all Documents concerning Your affiliation with Kyoto University and with Kyoto Angel Fund, including any appointment, engagement letter, organizational document, and any complaint, investigation, discipline, non-renewal, or termination concerning You.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show the nature of Your relationship with Mai Yamamoto, including any marital, domestic-partnership, or familial relationship and the dates of that relationship, and all Documents concerning any financial account, real property, entity, or business interest held jointly by You and Mai Yamamoto or in which both of You hold or have held an interest, and any transfer of funds or property between You and Mai Yamamoto.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any residence, dwelling, or real property located in the United States that You or Mai Yamamoto has rented, leased, owned, occupied, or maintained at any time since January 1, 2019, including the real property located at 5134 Tawny Lake Place, Fairfield, California 94534, and including rental applications, tenant screening and credit reports, lease and rental agreements and all renewals and amendments, security deposit records, rent payment and receipt records, move-in and move-out inspection records, Communications with any landlord, lessor, property manager, or real estate agent, renter's or homeowner's insurance policies, utility accounts and bills, deeds, deeds of trust, mortgages, escrow and closing statements, and property tax records.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning any visa, permanent resident card, employment authorization document, advance parole document, border crossing card, or other United States immigration status or travel authorization issued to or sought by You or Mai Yamamoto, including all applications, petitions, supporting declarations, approval and denial notices, and Communications with United States Citizenship and Immigration Services, the United States Department of State, any United States consulate or embassy, or United States Customs and Border Protection.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning each entry into and departure from the United States by You since January 1, 2019, including passport pages bearing entry or exit stamps, Form I-94 arrival and departure records, Global Entry or trusted traveler records, boarding passes, and airline itineraries.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning any United States federal, California, or other state income tax return filed by You or Mai Yamamoto for any tax year since 2019, and all Documents concerning any statement made by You to any governmental agency concerning Your residence or intent to reside in the United States.

LAW OFFICES OF CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show each address used by You or Mai Yamamoto since January 1, 2019 for any driver's license, state identification card, voter registration, tax filing, financial account, insurance policy, vehicle registration, mail delivery, or mail forwarding.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning the formation, ownership, governance, and management of Green Capital, including its articles of organization, operating agreement, and all amendments, consents, and minutes, and Documents sufficient to identify each of its members, managers, officers, employees, contractors, and agents, including Mai Yamamoto.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning Green Capital's business activities, services, clients, engagements, marketing, and sources of revenue, and concerning any office, place of business, or mailing address it used, including 55 E. 3rd Avenue, San Mateo, California, and including any lease, license, membership, or service agreement with Draper University, Hero City, or any coworking, incubator, or office-service provider located at that address.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Green Capital's bank accounts, financial statements, and tax filings, including all filings with the Internal Revenue Service and the California Franchise Tax Board.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the decision to dissolve, wind up, or cancel Green Capital, including the vote or consent of members referenced in Item 3 of the Certificate of Cancellation filed with the California Secretary of State on February 18, 2026 (File No. BA20260456650), all drafts of that Certificate, all Communications with any filing agent, registered agent, accountant, or service company concerning its preparation, execution, or submission, and any distribution or transfer of Green Capital's assets to any person.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning Your physical presence in California or in any other State of the United States at any time during the Relevant Period, including travel itineraries, airline records, boarding passes, hotel reservations and folios, rental agreements, and calendar entries.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning any mailing address, residential address, telephone number, or financial account located in California or in any other State of the United States that was used by You, concerning any income, compensation, fee, distribution, or reimbursement You received from any person or entity located in the United States, and concerning any Document You submitted to any governmental agency, financial institution, or business counterparty representing that You reside in, are present in, or conduct business in the United States, including any visa, immigration filing, or United States federal or state tax filing.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning any entity other than Green Capital that You formed, owned, managed, controlled, or held an interest in that is organized under the laws of, or registered to do business in, any State of the United States, including Capital Technology LLC.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning any appointment, fellowship, visiting position, residency, lectureship, or other affiliation You held with any university or research institution located in the United States, including Your position as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University during 2022 and 2023 and any affiliation with the Program on US-Japan Relations at the Weatherhead Center for International Affairs at Harvard University, and including all Documents concerning Your application for, compensation in connection with, physical presence at, and work performed during each such affiliation.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning any conference, summit, panel, workshop, lecture, or other event held in the United States at which You spoke, presented, taught, moderated, judged, or otherwise appeared, including the 2019 Asia 21 Young Leaders Summit held on November 15 and

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

16, 2019 in San Francisco and San Mateo, California, and including all Documents concerning Your membership or participation in the Asia Society Asia 21 Young Leaders program.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning any employment, partnership, officer, director, managerial, advisory, industry-partner, mentor, or consulting relationship between You and any venture capital firm, investment firm, accelerator, incubator, or asset manager, including Draper Nexus Ventures (also known as DNX Ventures), Draper University, Hero City, any other entity affiliated with Timothy C. Draper, Nomura Asset Management Co., Ltd., Nomura Holdings, Inc., Nomura Research Institute, Ltd., and any of their subsidiaries or affiliates, and including Documents sufficient to show each position You held, the dates You held it, the location from which You performed it, and any duty or responsibility concerning venture capital investment or investment in or by any member of the Pegasus Organization.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents supporting any contention that any statement You made concerning any member of the Pegasus Organization was true, or that any person or circumstance other than You caused the losses alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents supporting any contention that this Court lacks personal jurisdiction over You, or that this Action should be adjudicated in Japan or in any forum other than this District.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning any agreement or arrangement under which any person other than You has paid, advanced, guaranteed, reimbursed, or agreed to pay any attorney's fee, cost, or expense incurred by You in connection with the Action or the State Action, or under which any person holds any financial interest in the outcome of either, including any insurance policy, indemnity agreement, and defense-funding or advancement arrangement.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR PRODUCTION NO. 32:**

All Communications between You and any person other than Your legal counsel concerning the Action, the State Action, or the claims asserted in either, and all other Documents concerning the State Action.

Dated: July 27, 2026

Respectfully submitted,

/s/ *Jeremiah A. Armstrong*
Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990

*Attorneys for Plaintiffs*
*Md Anis Uzzaman and*
*Pegasus Tech Ventures, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I caused a true and correct copy of the foregoing Plaintiff Md Anis Uzzaman's First Set of Requests for Production of Documents and Things to Defendant Yasumasa Yamamoto (Nos. 1-32) to be served by electronic mail upon counsel of record for Defendant Yasumasa Yamamoto at the electronic mail addresses of record.

/s/ *Jeremiah A. Armstrong*

**Uzzaman v. Yamamoto**

Case No. 5:26-cv-00945-NC

United States District Court, Northern District of California

# EXHIBIT L

to the Declaration of Jeremiah A. Armstrong

*Plaintiff Md Anis Uzzaman's First Set of Requests for Admission*

Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**PLAINTIFF MD ANIS UZZAMAN'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT YASUMASA YAMAMOTO (NOS. 1-41)** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Md Anis Uzzaman ("Uzzaman") hereby requests that Defendant Yasumasa Yamamoto ("Yamamoto" or "You") admit the truth of each of the following matters, and the genuineness of each of the documents described below, within thirty (30) days of service hereof. The parties conducted their

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

conference under Rule 26(f) on July 27, 2026, and discovery is accordingly open under Rule 26(d)(1).

The following exhibits are served with these requests: **Exhibit A**, the Certificate of Cancellation of Green Capital Management LLC filed with the California Secretary of State under File No. BA20260456650; **Exhibit B**, a printout of the webpage published by Stanford University at https://fsi.stanford.edu/people/yasumasa-yamamoto; **Exhibit C**, a printout of the webpage published by Harvard University at https://us-japan.wcfia.harvard.edu/resource/panelist-yasumasa-yamamoto; and **Exhibit D**, a printout of the webpage published by Asia Society at https://asiasociety.org/northern-california/events/2019-asia-21-young-leaders-summit.

**DEFINITIONS**

The following terms shall have the following definitions and meanings, unless another definition or meaning clearly appears from the context in which the term is used:

1. "Uzzaman" shall mean Plaintiff Md Anis Uzzaman, the propounding party.

2. "Pegasus Organization" shall mean, collectively and individually, Plaintiff Md Anis Uzzaman; Plaintiff Pegasus Tech Ventures, Inc.; any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either of them, including the Startup World Cup; any parent, subsidiary, affiliate, division, joint venture, predecessor, or successor in interest of Pegasus Tech Ventures, Inc.; and each of their respective current and former officers, directors, managers, partners, employees, agents, representatives, consultants, and attorneys. **A reference to the Pegasus Organization means any one or more of its members, and no request or interrogatory is limited to statements or conduct directed at all members collectively.**

3. "Yamamoto," "You," "Your," and "Defendant" shall mean Defendant Yasumasa Yamamoto, and any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and any entity that he owns, controls, manages, or in which he holds an ownership, managerial, or economic interest, including Green Capital Management LLC and Kyoto Angel Fund.

4. "Action" means the present action, captioned *Md Anis Uzzaman, et al. v. Yasumasa Yamamoto*, Case No. 5:26-cv-00945-NC, pending in the United States District Court for the Northern District of California.

5. "State Action" means the action captioned *Uzzaman, et al. v. Yamamoto, et al.*, Case No. 25-CIV-06027, filed in the Superior Court of California, County of San Mateo.

6. "Complaint" refers to the Complaint for Damages filed by Uzzaman and Pegasus Tech Ventures, Inc. in the Action on January 30, 2026.

7. The terms "Document" and "Thing" are used in their broadest sense as contemplated by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and include documents in any form, including those stored electronically. The term "Document" shall not be limited in any way with respect to the process by which the document was created, generated, or reproduced, or with respect to the medium in which it is embodied, and shall include, by way of example and without limitation: correspondence, letters, memoranda, notes, calendars, diaries, contracts, agreements, presentations, spreadsheets, financial statements, tax filings, corporate and limited liability company records, minutes and consents, photographs, audio and video recordings, voicemail, telephone logs, electronic mail, text messages, messages sent or received through any Messaging Application, social media content, and metadata. The term "Document" further includes all preliminary, intermediate, and final drafts or versions of any document, as well as any notes, comments, and marginalia appearing on any document. Any comment or notation appearing on any Document and not part of the original is to be considered a separate Document. If a draft Document has been prepared in several copies that are not identical, or if originally identical copies are no longer identical due to subsequent notation, each non-identical copy is a separate Document.

8. "Communication" means any oral, written, or electronic transmission of information, including without limitation meetings, discussions, conversations, telephone calls, video conferences, electronic mail, memoranda, letters, text messages, messages sent or received through any Messaging Application, and notes.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

9. "Electronically Stored Information" and "ESI" have the meaning given by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and include electronic mail, calendar entries, contact records, text messages, messages sent or received through any Messaging Application, voicemail, call logs, social media content, cloud-stored files, backups, and all associated metadata.

10. "Messaging Application" means any application, platform, or service used to exchange messages, including without limitation LINE, WhatsApp, WeChat, Signal, Telegram, Facebook Messenger, Instagram direct messages, X (Twitter) direct messages, LinkedIn messaging, Apple iMessage, SMS and MMS, Chatwork, KakaoTalk, Slack, Microsoft Teams, Skype, Zoom chat, and Google Chat.

11. "Green Capital" means Green Capital Management LLC, California Secretary of State entity number 202030810363, including its predecessors, successors, members, managers, officers, employees, agents, and attorneys.

12. "Kyoto Angel Fund" means the entity, fund, or enterprise identified as Kyoto Angel Fund, including any related fund, vehicle, or program bearing that name, and its members, managers, officers, employees, and agents.

13. "Startup World Cup" means the Startup World Cup competition organized by Uzzaman and Pegasus Tech Ventures, Inc., including its global finals and all regional events, and including the 2023 and 2024 Kyoto Regional Events, the Kyushu Regional Event, and the Tokyo Regional Event.

14. "Kyoto University" means Kyoto University, including its Graduate School of Management and any affiliated program, institute, faculty member, administrator, or event.

15. "Target Companies" means, collectively, Nihonkai Gas Co., Ltd.; Kyocera Corporation; Marubeni Corporation; Daiwa House Industry Co., Ltd.; Idemitsu Kosan Co., Ltd., including Idemitsu Innovation Europe; and DIC Corporation. "Target Company" means any one of them.

16. "Identified Individuals" means Jin-ichiro Yamada, Nobuyuki Isagawa, Norio Sawabe, Yumiko Murakami, Chiamin Lai, Yasuyuki (Yasu) Higuchi, Makoto Takano, Fujiyo

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Ishiguro, Takeshi Homma, Hiroshi Minato, Takatoshi Nishiwaki, Mizuki Iwamura, Ari Horie, Yotaro Nitta, Ikuro Kiyoto, and Mai Yamamoto.

17. The term "person" means any individual, corporation, limited liability company, proprietorship, association, joint venture, partnership, fund, trust, or other business or legal entity, including governmental bodies and agencies.

18. "Identify," when used with respect to a natural person, means to state the person's full name, last known address, last known telephone number and electronic mail address, and employer and position during the Relevant Period. When used with respect to an entity, it means to state the entity's full name, form, jurisdiction of organization, and principal place of business. When used with respect to a Communication, it means to state the date, the medium, each participant, and the substance. When used with respect to a Document, it means to state its date, type, author, recipients, present custodian, and production number if produced.

19. "Relevant Period" means January 1, 2019 through the date of Your response, unless a particular request or interrogatory specifies otherwise. Where a request or interrogatory concerns the formation, ownership, or operations of Green Capital, the Relevant Period begins on the date of its formation.

20. "Reflect," "reflecting," "relate to," "relating to," "refer to," "referring to," and "concerning" shall mean reflecting, relating to, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting, in whole or in part, as the context makes appropriate.

21. "Include" and "including" shall mean including without limitation.

22. Use of the singular includes the plural and vice versa. The words "and" and "or" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither shall be interpreted to limit the scope of these requests. The terms "all" and "each" shall be construed as all and each. The present tense includes the past tense and vice versa.

## INSTRUCTIONS

The following instructions apply to each of the Requests for Admission herein:

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

A. Admit or deny each request separately. If You do not admit a request in full, specify the part admitted and qualify or deny the remainder. A denial must fairly respond to the substance of the matter. Fed. R. Civ. P. 36(a)(4).

B. You may assert lack of knowledge or information as a reason for failing to admit or deny only if You state that You have made reasonable inquiry and that the information You know or can readily obtain is insufficient to enable You to admit or deny. Fed. R. Civ. P. 36(a)(4). Reasonable inquiry includes inquiry of Your agents, representatives, and attorneys, and of any entity that You own, control, or manage.

C. A matter is admitted unless, within thirty (30) days after service of these requests, You serve on Uzzaman a written answer or objection addressed to the matter and signed by You or Your attorney. Fed. R. Civ. P. 36(a)(3).

D. You may not object to a request solely on the ground that it presents a genuine issue for trial. Fed. R. Civ. P. 36(a)(5). The grounds for any objection must be stated.

E. A matter admitted is conclusively established unless the Court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b).

F. If You fail to admit a matter and Uzzaman later proves that matter to be true, Uzzaman may move under Rule 37(c)(2) for an order requiring You to pay the reasonable expenses, including attorney's fees, incurred in making that proof.

G. Unless a request states otherwise, each request is directed to the Relevant Period and is not limited to any particular capacity in which You acted.

H. Although these requests are propounded by Uzzaman alone, the identity of the propounding party does not narrow the scope of any request.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You served as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR ADMISSION NO. 2:**

Admit that Your appointment as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University began in calendar year 2022.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Your appointment as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University continued into calendar year 2023.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You were physically present in the State of California on more than thirty (30) days during calendar year 2022.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You were physically present in the State of California on more than thirty (30) days during calendar year 2023.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You were assigned an office or workspace at Encina Hall on the campus of Stanford University in Stanford, California.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Green Capital Management LLC was registered with the California Secretary of State.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the principal place of business reported for Green Capital Management LLC to the California Secretary of State was 55 E. 3rd Avenue, San Mateo, California 94401.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You were designated as the agent for service of process for Green Capital Management LLC at an address located in the State of California.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You held a membership interest in, or served as a manager of, Green Capital Management LLC.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You signed the document attached hereto as Exhibit A.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You signed Exhibit A on January 23, 2026.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You appeared as a presenter, instructor, or panelist at the 2019 Asia 21 Young Leaders Summit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that You participated in a session of the 2019 Asia 21 Young Leaders Summit held on November 16, 2019 at 55 E. 3rd Avenue, San Mateo, California.

**REQUEST FOR ADMISSION NO. 15:**

Admit that You have held the title Managing Partner of Capital Technology LLC.

**REQUEST FOR ADMISSION NO. 16:**

Admit that You have held a position with Draper Nexus Ventures, also known as DNX Ventures.

**REQUEST FOR ADMISSION NO. 17:**

Admit that You have received compensation, fees, or reimbursement from at least one person or entity located in the State of California.

**REQUEST FOR ADMISSION NO. 18:**

Admit that You sent one or more messages to Jin-ichiro Yamada through the LINE application on June 9, 2024.

**REQUEST FOR ADMISSION NO. 19:**

Admit that You communicated with Jin-ichiro Yamada concerning Md Anis Uzzaman.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You communicated with one or more representatives of Idemitsu Kosan Co., Ltd. concerning Pegasus Tech Ventures, Inc.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR ADMISSION NO. 21:**

Admit that You communicated with one or more representatives of DIC Corporation concerning Pegasus Tech Ventures, Inc.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You communicated with one or more representatives of Nihonkai Gas Co., Ltd. concerning Pegasus Tech Ventures, Inc.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Mai Yamamoto is Your spouse.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Mai Yamamoto has at any time been Your spouse.

**REQUEST FOR ADMISSION NO. 25:**

Admit that You or Mai Yamamoto has held an ownership, leasehold, or possessory interest in the real property located at 5134 Tawny Lake Place, Fairfield, California 94534.

**REQUEST FOR ADMISSION NO. 26:**

Admit that You or Mai Yamamoto has been a party to a lease or rental agreement for the real property located at 5134 Tawny Lake Place, Fairfield, California 94534.

**REQUEST FOR ADMISSION NO. 27:**

Admit that You or Mai Yamamoto has paid rent for the real property located at 5134 Tawny Lake Place, Fairfield, California 94534.

**REQUEST FOR ADMISSION NO. 28:**

Admit that You have resided at 5134 Tawny Lake Place, Fairfield, California 94534.

**REQUEST FOR ADMISSION NO. 29:**

Admit that You have stayed overnight at the real property located at 5134 Tawny Lake Place, Fairfield, California 94534.

**REQUEST FOR ADMISSION NO. 30:**

Admit that You have used an address located in the State of California as a mailing address at any time since January 1, 2019.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR ADMISSION NO. 31:**

Admit that You have been lawfully admitted to the United States for permanent residence.

**REQUEST FOR ADMISSION NO. 32:**

Admit that You hold a United States Permanent Resident Card.

**REQUEST FOR ADMISSION NO. 33:**

Admit that You have entered the United States on more than five (5) separate occasions since January 1, 2019.

**REQUEST FOR ADMISSION NO. 34:**

Admit that You have filed a United States federal income tax return for one or more tax years since 2019.

**REQUEST FOR ADMISSION NO. 35:**

Admit that You have filed a California state income tax return for one or more tax years since 2019.

**REQUEST FOR ADMISSION NO. 36:**

Admit that You are not domiciled in the State of California.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Exhibit A is a true and correct copy of the Certificate of Cancellation of Green Capital Management LLC filed with the California Secretary of State on February 18, 2026 under File No. BA20260456650.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Exhibit B is a true and correct copy of a webpage published by Stanford University at https://fsi.stanford.edu/people/yasumasa-yamamoto.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Exhibit C is a true and correct copy of a webpage published by Harvard University at https://us-japan.wcfia.harvard.edu/resource/panelist-yasumasa-yamamoto.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the individual depicted in the photograph appearing on Exhibit C is You.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

**REQUEST FOR ADMISSION NO. 41:**

Admit that Exhibit D is a true and correct copy of a webpage published by Asia Society at https://asiasociety.org/northern-california/events/2019-asia-21-young-leaders-summit.

Dated: July 27, 2026

Respectfully submitted,

/s/ *Jeremiah A. Armstrong*
Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990

*Attorneys for Plaintiffs*
*Md Anis Uzzaman and*
*Pegasus Tech Ventures, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I caused a true and correct copy of the foregoing Plaintiff Md Anis Uzzaman's First Set of Requests for Admission to Defendant Yasumasa Yamamoto (Nos. 1-41) to be served by electronic mail upon counsel of record for Defendant Yasumasa Yamamoto at the electronic mail addresses of record.

/s/ *Jeremiah A. Armstrong*

# EXHIBIT A

*Certificate of Cancellation of Green Capital Management LLC*
*California Secretary of State, File No. BA20260456650*

Uzzaman v. Yamamoto, No. 5:26-cv-00945-NC (N.D. Cal.)
Plaintiff Md Anis Uzzaman's First Set of Requests for Admission

B4387-1652 02/18/2026 5:00 PM Received by California Secretary of State

**LLC-4/7**

# Secretary of State
# Certificate of Cancellation
# Limited Liability Company (LLC)

For Office Use Only

**-FILED-**

File No.: BA20260456650

Date Filed: 2/18/2026

There is **No Fee** for filing a Certificate of Cancellation

**Certified Copy Fee (Optional) – $5.00**

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC as it is recorded with the California Secretary of State)

Green Capital Management LLC

**2. LLC Entity (File) Number** (Enter the exact 12-digit Entity (File) Number issued by the California Secretary of State.)

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0 | 2 | 0 | 3 | 0 | 8 | 1 | 0 | 3 | 6 | 3 |

**3. Dissolution** (California LLCs ONLY: Check the box if the vote to dissolve was made by the vote of **ALL** the members.)

■ The dissolution was made by a vote of **ALL** of the members of the California Limited Liability Company.

**Note**: If the above box is not checked, a **Certificate of Dissolution** (Form LLC-3) must be filed prior to or together with this Certificate of Cancellation. (California Corporations Code section 17707.08(a).)

**4. Tax Liability Statement** (Do not alter the Tax Liability Statement.)

All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**5. Cancellation Statement** (Do not alter the Cancellation Statement.)

**For California Limited Liability Companies:** Upon the effective date of this Certificate of Cancellation, except as provided in California Corporations Code Section 17707.06, the Limited Liability Company's registration is cancelled and its powers, rights, and privileges will cease in California.

**For Out-of-State Limited Liability Companies:** Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its right to conduct intrastate business will cease in California.

**6. Read and Sign Below** (Do not use a computer generated signature.)

By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

[signature] Jan 23 2026 — Signature

Yasumasa Yamamoto — Type or Print Name

Signature

Type or Print Name

Signature

Type or Print Name



2024 California Secretary of State
bizfileOnline.sos.ca.gov

# EXHIBIT B

*Stanford University — Freeman Spogli Institute for International Studies*
*Faculty and Affiliate Page for Yasumasa Yamamoto*

https://fsi.stanford.edu/people/yasumasa-yamamoto
Retrieved July 27, 2026

Uzzaman v. Yamamoto, No. 5:26-cv-00945-NC (N.D. Cal.)
Plaintiff Md Anis Uzzaman's First Set of Requests for Admission

# Yasumasa Yamamoto

- Visiting Scholar at APARC, 2022-23

Shorenstein APARC
Stanford University
Encina Hall, E301
Stanford, CA 94305-6055

## — BIOGRAPHY —

Yasumasa Yamamoto joined the Walter H. Shorenstein Asia-Pacific Research Center (APARC) as visiting scholar starting the spring of 2022. While at APARC, Yamamoto worked with Professor Kiyoteru Tsutsui and conducting research on how to stimulate innovation in Japan, learning from the experiences of Silicon Valley companies, with a focus on sociological views on innovation, business, and social impact.

Research
Education
Policy
People
Centers
News
Events
About

**General inquiries**
650-723-4581

SUPPORT US

Learn more about how your support makes a difference or make a gift now

MAKE A GIFT

TOP

Stanford University

**Stanford Home** **Maps & Directions** **Search Stanford** **Emergency Info**

Terms of Use Privacy Copyright Trademarks Non-Discrimination Accessibility Copyright Complaints

© Stanford University, Stanford, California 94305.

# EXHIBIT C

*Harvard University — Weatherhead Center for International Affairs*
*Program on US-Japan Relations, Panelist Page for Yasumasa Yamamoto*

https://us-japan.wcfia.harvard.edu/resource/panelist-yasumasa-yamamoto
Retrieved July 27, 2026

Uzzaman v. Yamamoto, No. 5:26-cv-00945-NC (N.D. Cal.)
Plaintiff Md Anis Uzzaman's First Set of Requests for Admission

HARVARD UNIVERSITY

Weatherhead
Program on US-Japan Relations

Menu

Home > Resources > Panelist Yasumasa Yamamoto

# Panelist Yasumasa Yamamoto



# Weatherhead

## Program on US-Japan Relations

**Program on US-Japan Relations**
Weatherhead Center for International Affairs
Harvard University
61 Kirkland Street, Cambridge, MA 02138

Phone: 617-495-1890 / Fax: 617-495-4921

usjapan@wcfia.harvard.edu

Social

Admin login

HARVARD UNIVERSITY

Copyright © 2026 The President and Fellows of Harvard College

Accessibility

Digital Accessibility

Report Copyright Infringement

Info Practices

# EXHIBIT D

*Asia Society Northern California*
*2019 Asia 21 Young Leaders Summit — Event Page and Agenda*

https://asiasociety.org/northern-california/events/2019-asia-21-young-leaders-summit
Retrieved July 27, 2026

Uzzaman v. Yamamoto, No. 5:26-cv-00945-NC (N.D. Cal.)
Plaintiff Md Anis Uzzaman's First Set of Requests for Admission

# 2019 Asia 21 Young Leaders Summit

VIEW EVENT DETAILS

*November 15-16, 2019 in San Francisco and Silicon Valley*




The 2019 Class of Asia 21 Young Leaders (https://asiasociety.org/meet-asia-societys-2019-class-asia-21-young-leaders) will meet on November 15-16 in San Francisco and Silicon Valley at the annual Asia 21 Young Leaders Summit. This summit – the first to be held in the United States – will carry the theme "Technology & Humanity: Roadmaps for the Future." Since the first Asia 21 summit, held in Seoul in 2006, the initiative has connected people from the region and facilitated collaborations in tackling the common challenges of the 21st century.

Made up of 40 visionary leaders from 31 countries, the 2019 Class is the 13th joining an unparalleled network of accomplished individuals under the age of 40 from across the Asia Pacific. This year's class includes activists, artists, educators, journalists, scientists, and social entrepreneurs and represents private, public, and nonprofit sectors.

---

**Agenda**

**Date**: Friday, November 15, 2019
**Time**: 9:00 AM - 2:45 PM

**Location**:
Asia Society Northern California
500 Washington Street
San Francisco, CA 94111

9:00 AM Registration & Networking

9:30-10:30 AM *Engineering Leadership in a Globally Connected Society: Fireside Chat with **Tsu-Jae King Liu**, Dean, College of Engineering, UC Berkeley*

- Moderator: **Chuck Ng**, President, Project PAI Steering Committee (Class of 2008)

11:30-1:00 PM *Lunchtime Roundtable Conversation: The Rise of 2 Internets & The Great Firewall*

- **Alex Moazed**, Founder & CEO, Applico (Class of 2019)
- **Alistair Thornton**, Co-Founder, Young China Watchers (Class of 2019)
- **Bing Chen**, Co-Founder & Chairman, Gold House Foundation (Class of 2019)
- Moderator: **Ernestine Fu**, Investor, Alsop Louie Partners (Class of 2018)

## Event Details

Fri 15 Nov 2019 - Sat 16 Nov 2019
9 a.m. - 4 p.m.
San Francisco & Silicon Valley

Click for directions (https://maps.google.com/maps?q=San Francisco & Silicon Valley )

BUY TICKETS (HTTPS://WWW.EVENTBRITE.COM/E/2019-ASIA-21-YOUNG-LEADERS-SUMMIT-TICKETS-76491637547)

$50 One-Day, $80 Two-Day for Members; $60 One-Day, $100 Two-Day for Non-Members; $75 cash each day to purchase at the door

1:15-2:15 PM *Art for Catalyzing Social Change*

- **Lesley Ma**, Curator, Ink Art (Class of 2019)
- **Zen Cho**, Speculative Fiction Writer (Class of 2019)
- **Nikora Ngaropo**, Founder and Managing Director, NNMD and Young Animators Local Artists (Class of 2019)

- Moderator: **Jack Wadsworth,** Honorary Chairman, Asia Society Northern California

2:15-2:45 PM Coffee and Networking Break sponsored by the Consulate General of the Republic of Indonesia in San Francisco

2:45 PM Conclusion of Public Agenda

**Date**: Saturday, November 16, 2019
**Time**: 9:00 AM - 4:00 PM

**Location**:
Hero City at Draper University
55 E 3rd Ave.
San Mateo, CA 94401

9:00 AM Registration & Networking

9:30 AM Opening Remarks

9:45-11:00 AM *Setting the Stage*

- **James Higa**, Executive Director, Philanthropic Ventures Foundation
- Moderator: **Tania Hyde**, Director, Jata Advisory (Class of 2013)

11:00-12:00 PM *Session I: Conversation with **Norman Liang**, Startup Advisor and Mentor, TBD, on Sustainable Leadership & Innovation*

- Moderator: **Stephanie Sy**, Founder, Thinking Machines (Class of 2019)

12:00-1:30 PM *Session II: Workshop on Hero Training*
At Hero City, you will go from an idea to a product ready to pitch to venture capital investors as you learn from top-tier venture capitalists and entrepreneurs.

- **Mitch Kitamura**, Managing Director, Draper Nexus Ventures
- **Yasumasa Yamamoto**, Managing Partner, Capital Technology LLC (Class of 2016)

1:30 PM Coffee & Networking Break

1:45-2:45 PM *Session III: Regulating Big Tech and AI Global Governance with **Armen Orujyan**, CEO, Foundation for Armenian Science and Technology (Class of 2008)*

- Moderator: **Heather Evans**, Director of Frontier Technology Research, Asia Society Northern California

2:45-4:00 PM *Session IV: Celebrate Women in Leadership*
An empowering conversation with influential, diverse women paving the way in business, culture and technology. Hear how these leaders are changing their fields and making a substantial impact in their respective communities, with the aim to scale globally.

4:00 PM Conclusion of Public Agenda

Agenda details subject to change.

---

**Thank you to our supporters**

Susy & Jack Wadsworth Duncan L.J. Clark O.B.E. Norman Liang and Jennifer Lu Paul Chong Charles Eric Rosenblum and Mina Titi Liu Consulate-General of the People's Republic of China in San Francisco Consulate General of India, San Francisco Union Bank Southwest

## ABOUT

About Asia Society (https://asiasociety.org/about)

What We Do (https://asiasociety.org/what-we-do)

Support (https://asiasociety.org/support)

Membership (https://asiasociety.org/support/membership)

Careers (https://asiasociety.org/about/careers)

Interns and Volunteers (https://asiasociety.org/about/interns-and-volunteers)

## FOR THE MEDIA

Press Releases and News (https://asiasociety.org/about/media)

## OUR LOCATIONS

New York (https://asiasociety.org/new-york)

Hong Kong (https://asiasociety.org/hong-kong)

Texas (https://asiasociety.org/texas)

Australia (https://asiasociety.org/australia)

France (https://asiasociety.org/france)

India (https://asiasociety.org/india)

Japan (https://asiasociety.org/japan)

Korea (https://asiasociety.org/korea)

Northern California (https://asiasociety.org/northern-california)

Philippines (https://asiasociety.org/philippines)

Seattle (https://asiasociety.org/seattle)

Southern California (https://asiasociety.org/southern-california)

Switzerland (https://asiasociety.org/switzerland)

Washington, D.C. (https://asiasociety.org/washington-dc)

## OUR PILLARS

Arts (https://asiasociety.org/arts)

Education (https://asiasociety.org/education)

Policy (https://asiasociety.org/policy)

## INITIATIVES

Arts & Museum Summit (https://asiasociety.org/arts/arts-museum-summit)

Asia 21 Next Generation Fellows (https://asiasociety.org/asia-21-next-generation-fellows)

Asia Arts Game Changer Awards (https://asiasociety.org/asia-arts-game-changer-awards)

Asia Game Changer Awards (https://asiasociety.org/asia-game-changer-awards)

Asia Society Policy Institute (https://asiasociety.org/policy-institute)

Asian Women Empowered (https://asiasociety.org/asian-women-empowered)

Center on U.S.-China Relations (https://asiasociety.org/center-us-china-relations)

Coal + Ice (http://coalandice.org/)

Creative Voices of Muslim Asia (https://asiasociety.org/creative-voices-muslim-asia)

Global Talent Initiatives (https://asiasociety.org/global-talent-initiatives)

## CONN

(https:/

ASIA SOCIETY

*Navigating Shared Futures*

©2026 Asia Society | Privacy Statement (/about/web-site-privacy-statement) | Accessibility (/accessiblity) | Terms & Conditions (/about/terms-conditions) | Sitemap (/sitemap) | Contact (/about/contact)

Asia Society's purpose is to navigate shared futures for Asia and the world across policy, arts and culture, education, sustainability, business, and technology.
Asia Society takes no institutional position on policy issues and has no affiliation with any government.
The views expressed by Asia Society staff, fellows, experts, report authors, program speakers, board members, and other affiliates are solely their own.
Learn more (/about).

OUR LOCATIONS HONG KONG (/HONG-KONG) NEW YORK (/NEW-YORK) TEXAS (/TEXAS) AUSTRALIA (/AUSTRALIA) FRANCE (/FRANCE) INDIA (/INDIA) JAPAN (/JAPAN) KOREA (/KOREA) NORTHERN CALIFORNIA (/NORTHERN-CALIFORNIA) PHILIPPINES (/PHILIPPINES) SEATTLE (/SEATTLE) SOUTHERN CALIFORNIA (/SOUTHERN-CALIFORNIA) SWITZERLAND (/SWITZERLAND) WASHINGTON, D.C. (/WASHINGTON-DC)