Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL SUBMISSION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>[Civil L.R. 7-11]<br><br>Date: September 16, 2026<br>Time: 11:00 a.m.<br>Judge: Hon. Nathanael M. Cousins<br>Action Filed: January 30, 2026 |

Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc. respectfully move under Civil Local Rule 7-11 for leave to file the accompanying five-page Supplemental Submission in opposition to Defendant's motion to dismiss. The Supplemental Submission is attached as **Exhibit 1** to the concurrently filed Supplemental Declaration of Jeremiah A. Armstrong.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

## I. RELIEF REQUESTED

Plaintiffs ask the Court for leave to file the Supplemental Submission attached as **Exhibit 1** to the accompanying declaration. It addresses Defendant's responses to Plaintiffs' first sets of interrogatories, requests for admission, and requests for production, which Plaintiffs received on August 27, 2026. Armstrong Suppl. Decl. ¶ 3.

## II. REASONS SUPPORTING THE MOTION

*The submission addresses evidence that did not exist when the opposition was filed.* Defendant filed his motion on August 10, 2026. ECF No. 28. Civil Local Rule 7-3(a) required any opposition to be filed not more than 14 days after the motion was filed. Plaintiffs' opposition was due August 24, 2026 and was filed that day. ECF No. 31. Plaintiffs served the discovery at issue on July 27, 2026, right after the conclusion of the conference required by Federal Rule of Civil Procedure 26(f). Defendant moved to stay discovery, but the Court denied that request on August 18, 2026. ECF No. 30. Defendant's responses came due on August 26, 2026 and arrived via email on August 27. Plaintiffs could not address them in the opposition because they did not exist.

*Plaintiffs reserved this request in the opposition itself.* Plaintiffs advised the Court that if Defendant's "August 26, 2026 discovery responses disclose material facts bearing on the threshold issues, Plaintiffs will seek leave to file a narrowly tailored supplemental submission." ECF No. 31 at 1. This motion is that request.

*The responses contain admissions that are conclusively established.* Defendant admitted that his appointment as a Visiting Scholar at Stanford University began in 2022, that Green Capital Management LLC was registered with the California Secretary of State and that the principal place of business reported for it was 55 E. 3rd Avenue in San Mateo, and that he communicated with Professor Jin-ichiro Yamada concerning Dr. Uzzaman. Under Federal Rule of Civil Procedure 36(b), a matter admitted is conclusively established. Defendant has designated further responses bearing on his contacts with California and the United States, and the Supplemental Submission addresses those. They pertain to the contacts Defendant's motion asks the Court to find absent.

*The responses are being filed under seal at Defendant's insistence, not Plaintiffs'.* Defendant marked seventeen of his responses "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY," including responses concerning his presence in California and his entries into the United States. On August 27, 2026, Plaintiffs asked Defendant to withdraw those unwarranted designations and explained why Plaintiffs understood them not to meet the governing standard. Defendant declined and gave no reason. Armstrong Suppl. Decl. ¶ 10 & Ex. 5. Plaintiffs are therefore lodging the designated material provisionally under seal, as Civil Local Rule 79-5(b) permits and as the parties' interim agreement requires pending resolution, and have filed the accompanying motion under Civil Local Rule 79-5(f).

Plaintiffs do not contend that any of this material is sealable. The designated responses consist of brief factual admissions, denials, and objections. Plaintiffs do not believe that anything in them warrants a confidentiality designation or supports withholding any part of this record from public view, and Plaintiffs would prefer that the entire filing be public. Under Civil Local Rule 79-5(f)(3) the burden of justifying each designation rests with Defendant.

*The submission is short, and the combined briefing stays within the page limit.* Civil Local Rule 7-4(b) permits an opposition brief of 25 pages of text. Plaintiffs used 18 pages. ECF No. 31. The Supplemental Submission is five pages, so the two documents together come to 23 pages, less than Plaintiffs could have filed on August 24. Defendant therefore faces no more argument than the rules always allowed Plaintiffs to put before the Court. The submission does not reargue the motion or raise new legal theories. It identifies what Defendant admitted, what he declined to answer, and the effect of each on the threshold issues in Defendant's motion to dismiss.

*Defendant is not prejudiced.* Plaintiffs drafted this motion on August 27, 2026, the same day they received Defendant's responses, and are filing it in the very early morning hours of August 28. Defendant's reply is due Monday, August 31, 2026, which leaves him four days to address the responses in a brief he was already going to file. The material is his own. Defendant drafted and served these responses, so no investigation is required for him to address them. The hearing remains September 16, 2026. Plaintiffs do not seek to displace or extend any deadline, and had Plaintiffs instead waited until after the reply, Defendant would have had no opportunity to respond at all.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

## III. MEET AND CONFER

As Civil Local Rule 7-11(a) requires, Plaintiffs asked Defendant to stipulate to the filing. On August 27, 2026, Defendant's counsel responded that Defendant "will not agree or stipulate to Plaintiffs filing any supplemental submission." No reason was given. Armstrong Suppl. Decl. ¶ 10 & Ex. 5. No stipulation under Civil Local Rule 7-12 could be obtained, and this declaration is submitted in its place.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant leave and deem the Supplemental Submission filed as of the date of the order.

Dated: August 28, 2026

Respectfully submitted,

**LAW OFFICES OF CRAIG S. MILLER, P.C.**

/s/ *Jeremiah A. Armstrong*

*Attorneys for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*