# EXHIBIT 4

*Defendant's Responses to Plaintiffs' First Requests for Production Nos. 1-32*

Uzzaman v. Yamamoto, Case No. 5:26-cv-00945-NC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

vs.

YASUMASA YAMAMOTO, and DOES 1-10, inclusive,

Defendant.

CASE NO. 5:26-cv-00945-NC

**DEFENDANT YASUMASA YAMAMOTO'S RESPONSE TO PLAINTIFF MD ANIS UZZAMAN'S [JOINED BY PEGASUS TECH VENTURES, INC.] FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-32)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Yasumasa Yamamoto ("Defendant"), by and through his undersigned counsel, hereby submits the following responses and objections to Plaintiff Md Anis Uzzaman's ("Uzzaman") and Plaintiff Pegasus Tech Ventures, Inc.'s ("Pegasus") (collectively, "Plaintiffs") First Set of Requests for Production of Documents (collectively, the "Requests" and each individually a "Request"), served July 27, 2026, as follows. Defendant reserves the right to supplement, amend, modify, or correct these responses and objections.

## GENERAL OBJECTIONS

Defendant makes the following general objections ("General Objections") to each Request listed in Plaintiffs' Requests. These General Objections are hereby incorporated into each response as if set forth fully therein. The assertion of the same, similar, or additional objections—or partial responses to the Requests—do not waive any of Defendant's General Objections. Defendant's responses are based upon currently available information as a result of reasonable searches and inquiries. Defendant's discovery and investigation of the facts and documents relevant to this case are ongoing. Accordingly, Defendant reserves the right to amend and/or supplement its responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

1. Defendant has moved to dismiss the Complaint on three independent grounds: forum non conveniens, lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6). *See* Dkt. 28. That motion is pending and scheduled to be heard on September 16, 2026. A substantial number of these Requests are directed to Defendant's presence in, contacts with, residence in, travel to, property interests in, entity affiliations with, immigration status in, and tax filings concerning California and the United States. No response, objection, admission, denial, or qualification set forth herein is or shall be construed as (a) consent to the personal jurisdiction of this Court; (b) an admission or concession that this District is a proper, adequate, or convenient forum; (c) a waiver of any ground asserted in the pending motion or of any defense preserved by it; or (d) a submission to the merits of Plaintiffs' claims. Defendant expressly reserves each such defense.

2. Defendant's response to any of these Requests is not (a) a concession that the material is relevant to this case; (b) a waiver of Defendant's general objections or the objections asserted in response to specific Requests; or (c) an agreement that Requests for similar information will be treated in a similar manner.

3. Any response is made solely for the purpose of this action and not for any other purpose or in any other proceeding. Any response is limited to the specific matter, the specific document, and the specific time period stated in the Request as Defendant construes it, and is not a response as to any other matter, or an admission to any inference Plaintiffs may seek to draw, or of the relevance, materiality, or admissibility of the matter admitted. A statement that Defendant has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny has no effect beyond the specific matter addressed.

4. The Parties are negotiating a stipulated Protective Order and an Electronically Stored Information Protocol. Neither has been entered. These Requests seek documents and information concerning Defendant's personal financial, tax, immigration, residential, and travel circumstances, and concerning a member of Defendant's family who is not a party to this action. In his First Set of Requests for Production, Uzzaman represented that, pending entry of a stipulated Protective Order, he "will treat any material You designate as confidential as though it were designated under the highest tier of the proposed order," and that "[t]he absence of an entered protective order is therefore not a ground to delay or withhold production." Defendant relies on that representation as to both Plaintiffs and, consistent with it, designates responses pertaining to financial, tax, immigration, residential, and travel circumstances, and responses concerning a member of Defendant's family who is not a party to this action, as Attorneys' Eyes Only — the highest tier of the proposed Protective Order. Pending and upon entry of the Protective Order, such material may be disclosed only to outside counsel of record and to those persons to whom the highest tier of the proposed order permits disclosure, may be used solely for the prosecution or defense of this action and for no other purpose or proceeding, and may not be filed or otherwise made public absent a sealing order. Nothing herein waives Defendant's objections that no Protective Order has been entered,

Defendant's right to seek relief under Rule 26(c), or any applicable objections under Japan's Act on the Protection of Personal Information.

5. Defendant objects to these Requests, together with their accompanying Definitions and Instructions, to the extent they are unduly burdensome, overly broad, impose extreme hardship, seek information for which the burden or expense outweighs their likely benefit in resolving the issues of this litigation, would impose an undue burden on Defendant in the form of an excessive expenditure of time and money, or otherwise seek to impose a duty or obligation on Defendant beyond those set forth in the Federal Rules of Civil Procedure, Local Civil Rules of this Court, or other applicable law.

6. Defendant objects to the Requests to the extent they are unreasonable in their scope, subject matter, and/or requested method for compliance.

7. Defendant objects to these Requests to the extent they seek, or may be construed as seeking, information not relevant to the above-captioned action (the "Action"), that is not relevant to any claim or defense raised in this litigation, not reasonably likely to lead to the discovery of admissible evidence, and/or is otherwise beyond the scope of permissible discovery in the Action.

8. Defendant objects to these Requests to the extent they seek information that is unreasonably cumulative or duplicative of document requests, interrogatories, and/or other discovery requests, or is obtainable from some other source that is more convenient, less burdensome, less expensive, or publicly available.

9. Defendant objects to the Requests to the extent they seek or may be construed as seeking information that is not in the possession, custody, or control of Defendant, and/or information equally, or more readily, available to Plaintiffs.

10. Defendant objects to the Requests to the extent they contain any explicit or implicit characterization of facts, events, circumstances, or issues. Defendant's response to a Request is not intended to mean that Defendant agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

11. Defendant objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other available

privilege or immunity. The inadvertent disclosure of any information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant and/or immune from discovery shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, the subject matter of the information, or of Defendant's right to object to the use of any such information in this litigation or elsewhere.

12. Defendant objects to each Request to the extent that it seeks information more properly obtained through depositions or interrogatories.

13. Defendant objects to these Requests to the extent they are vague, ambiguous, indefinite, overbroad, or otherwise unclear as to the information sought. Defendant will respond to each Request as Defendant interprets and understands it. Defendant reserves the right to supplement these Objections and/or Responses if Plaintiffs subsequently assert an interpretation of any Request that differs from Defendant's present understanding.

14. Defendant objects to each Request to the extent it seeks an admission of a legal conclusion, of the legal effect of a document, or of the application of law to fact, including Requests employing terms that have a defined legal meaning under California, federal, or immigration law or pose questions of law. Where a Request is susceptible of a factual reading, Defendant will respond to the facts rather than to the legal characterization, and will state the construction on which he responds.

15. Defendant objects to each Request to the extent it calls for expert opinions, conclusions, or analysis. Defendant will provide expert discovery, as appropriate, according to the schedule determined by the Court.

16. Defendant objects to each Request to the extent it seeks information concerning the personal circumstances, residence, property, marital or familial status, immigration status, or financial affairs of any person who is not a party to this action. Such persons have made no claim in this action, and their privacy interests are protected under the California Constitution and under the law of Japan. Defendant further objects to each such Request as not proportional to the needs of the case.

17. Defendant is a citizen and national of Japan who resides in Japan. Records bearing on these Requests are located in Japan and are predominantly in the Japanese language, and Defendant's reasonable inquiry is measured accordingly. Certain information bearing on these Requests constitutes personal information of individuals who are not parties to this action and who are protected by Japan's Act on the Protection of Personal Information, including its restrictions on the provision of personal data to third parties and on cross-border transfer. Defendant objects to each Request to the extent a response would require the provision or transfer of such third-party personal information in the absence of an entered Protective Order addressing that material and of the consent or notice required by Japanese law.

18. Defendant objects to the Requests to the extent they purport to require the disclosure of information or documents protected from disclosure by any law, or any applicable state law, court order, protective order, government contract, or any other agreement with respect to confidentiality or non-disclosure. Any inadvertent disclosure of such protected information or documents shall not be construed to waive any applicable protections in any respect or any related grounds for objecting to discovery or admissibility regarding a protected document or regarding the subject matter thereof. Nor shall such inadvertent production or disclosure waive Defendant's rights to object to the use of any such document or information during this action or in any subsequent proceedings.

19. Responding to any Request is not an admission that any fact assumed or asserted in the Request is true, that any characterization contained in the Request is accurate, that any document, communication, entity, relationship, or event referred to in the Request exists or existed, that the matter is relevant to any claim or defense, that it is admissible, or that Plaintiffs are entitled to it. Defendant does not adopt Plaintiffs' characterization of any statement, event, document, entity, or relationship.

20. Where Defendant states an objection and nonetheless responds in whole or in part, the response is provided subject to and without waiver of the objection, and no partial response waives any objection as to the remainder. These General Objections, the Objections to Plaintiff's Definitions, and Objections to Plaintiff's Instructions apply to each response and are incorporated

where applicable; Defendant also states the grounds for objection with specificity in each individual response.

21. Defendant objects to the Definitions and Instructions preceding the Requests to the extent they seek to impose duties and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law.

22. Defendant objects to each Definition and Instruction to the extent that it seeks information that is proprietary or confidential to Defendant.

## OBJECTIONS TO DEFINITIONS

23. Defendant objects to Plaintiffs' Definitions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law. Defendant states the following specific Objections and construes the defined terms as set forth below. Defendant preserves all objections to any Definition not addressed below to the extent Plaintiffs later contend it applies to any Request.

24. Defendant objects to any Definition to the extent it assumes facts that do not exist or the occurrence of events that did not take place.

25. Defendant objects to Definition No. 2 — "Pegasus Organization" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Definition reaches beyond the two Plaintiffs to any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either Plaintiff; every parent, subsidiary, affiliate, division, joint venture, predecessor, and successor in interest of Pegasus Tech Ventures, Inc.; and every current and former officer, director, manager, partner, employee, agent, representative, consultant, and attorney of each of the foregoing, across a period exceeding seven years. The membership of that group is unknown to Defendant, is not ascertainable by him, lies within Plaintiffs' knowledge rather than his, and has not been identified by Plaintiffs. The provision that a reference to the group means any one or more of its members would render any Request in which the term appears incapable of a determinate admission or denial. Defendant further objects to the inclusion of attorneys within the Definition to the extent it seeks privileged or work product

information, and to the Definition to the extent it seeks information concerning non-parties whose privacy interests are protected under the California Constitution and under the law of Japan.

26. Defendant objects to Definition No. 3 — "Yamamoto," "You," "Your," and "Defendant" as overbroad, unduly burdensome, and vague. The Definition purports to expand the responding party beyond the individual defendant to any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and to separate legal entities, including Green Capital Management LLC and "Kyoto Angel Fund." Defendant cannot ascertain who may purport to act on his behalf. The inclusion of attorneys seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent the Definition assumes that Green Capital Management LLC — a Delaware limited liability company that was dissolved in Delaware in December 2025 and whose California foreign registration was subsequently cancelled — presently exists or has officers, employees, agents, or records within Defendant's knowledge or control, and to the extent it assumes that "Kyoto Angel Fund" is an entity, fund, or enterprise in which Defendant holds or has held any ownership, managerial, or economic interest. Defendant construes these terms to mean Yasumasa Yamamoto individually, and responds based on information within his personal knowledge or readily obtainable by him, excluding privileged and otherwise protected information.

27. Defendant objects to Definition No. 7 — "Document" and "Thing" to the extent it purports to impose obligations broader than Rule 34(a)(1), including by treating every comment, notation, and marginal annotation, every preliminary, intermediate, and final draft, and every non-identical copy as a separate Document. Defendant construes these terms consistent with Rule 34(a)(1).

28. Defendant objects to Definition No. 8 — "Communication," together with Definition No. 20 as vague, ambiguous, overbroad, and unduly burdensome. Definition No. 8 encompasses every oral, written, and electronic transmission of information, including every meeting, discussion, conversation, and telephone call, over a period exceeding seven years. Definition No. 20 stacks fifteen verbs of connection, so that a Request asking whether Defendant "communicated with" a person "concerning" a subject would extend to any exchange that merely mentioned, pertained to,

or in any way involved that subject. So construed, the Requests in which these terms appear have no ascertainable boundary and cannot fairly be admitted or denied. Defendant construes these terms according to their ordinary meaning.

29. Defendant objects to Definition No. 11 — "Green Capital" as overbroad and unduly burdensome to the extent it extends to the predecessors, successors, members, managers, officers, employees, agents, and attorneys of an entity whose registration has been cancelled, and objects to the inclusion of attorneys as seeking privileged and work product information. Defendant is not the entity and objects to the extent the Definition assumes he has present knowledge of or access to entity records. Defendant responds as to Green Capital Management LLC based on information within his personal knowledge or readily obtainable by him.

30. Defendant objects to Definition No. 12 — "Kyoto Angel Fund" as vague, ambiguous, and assuming facts not established. The phrase "the entity, fund, or enterprise identified as Kyoto Angel Fund" does not identify any ascertainable person or entity, and the extension to any related fund, vehicle, or program bearing that name is indeterminate.

31. Defendant objects to Definition No. 16 — "Identified Individuals" as overbroad, unduly burdensome, and not proportional to the needs of the case. It names sixteen non-parties, nearly all of whom are Japanese nationals or residents and one of whom is a member of Defendant's family. Defendant objects to each Request incorporating or referring to any such individual to the extent it seeks information concerning a non-party whose privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

32. Defendant objects to Definition No. 17 — "person" as overbroad to the extent it extends to governmental bodies and agencies, and to the extent it would require Defendant to admit or deny matters concerning an indeterminate universe of entities whose locations and affiliations are not within his knowledge.

33. Defendant objects to Definition No. 19 — "Relevant Period," defined as January 1, 2019 through the date of response — a span exceeding seven and a half years — as overbroad,

unduly burdensome, and not proportional to the needs of the case. The Complaint concerns statements alleged to have been made in 2024 in connection with an event held in May 2024. A period of that length bears no relationship to the conduct alleged. Where a Request does not itself specify a period, Defendant will respond for a period reasonably related to the matters alleged and will state the period used.

34. Defendant objects to Definition No. 22 as rendering the Requests vague, ambiguous, and compound in that it requires every "and" and every "or" be read simultaneously in the conjunctive and in the disjunctive, and requires that the present tense be read as the past tense and the past as the present, which collapses distinctions that Plaintiff's own Requests draw. Defendant construes each Request according to its ordinary grammatical meaning, in the tense in which it is written.

**OBJECTIONS TO INSTRUCTIONS**

35. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of creating a privilege log absent an agreement of the Parties as to the parameters of any such log.

36. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of identifying or producing documents that are either outside of Defendant's possession, custody, or control, or are already available to Plaintiffs from another source.

37. Defendant objects to Plaintiffs' instructions to the extent they are inconsistent with or seek to impose obligations, burdens, or duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, any applicable orders of the Court, or any agreement or stipulation of the Parties, including the Electronically Stored Information Protocol and Protective Order that are currently being negotiated.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between You and any person concerning any member of the Pegasus Organization.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**<u>[a]ll Communications</u>** between **<u>You</u>** and **<u>any person</u>** **<u>concerning</u>** **<u>any member</u>** of the **<u>Pegasus Organization</u>**." Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 1 and Request for Production Nos. 2, 5, 10, 11 and 29. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the appropriate scope of a Request seeking Communications concerning the Pegasus Organization.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

All Documents concerning any statement You made concerning the professional qualifications, legitimacy, competence, integrity, track record, or business practices of any member of the Pegasus Organization, including drafts, notes, outlines, scripts, talking points, social media posts, articles, blog entries, interviews, and other public statements, and including all Documents concerning Pegasus Tech Ventures, Inc.'s investment in Quibi.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates by reference the above General Objections, Objections to Definitions and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Documents concerning any statement You** made **concerning** the professional qualifications, legitimacy, competence, integrity, track record, or business practices of **any member** of the **Pegasus Organization**." Defendant further objects to this Request because the terms "professional qualifications," "legitimacy," "competence," "integrity," "track record," and "business practices" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 1 and Request for Production Nos. 1, 10, 11, and 29. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks information in the public domain and therefore equally available to Plaintiff. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Once a Protective Order is agreed upon and entered, Defendant will produce non-privileged documents responsive to this Request that concern Pegasus Tech Ventures, Inc.'s investment in Quibi to the extent they are in Defendant's possession, custody, or control and can be located following a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

All Documents concerning the withdrawal, declination, cancellation, or non-participation of any speaker, judge, sponsor, panelist, or participant in any Startup World Cup event.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**<u>[a]ll Documents</u>** **<u>concerning</u>** the withdrawal, declination, cancellation, or non-participation of **<u>any speaker, judge, sponsor, panelist, or participant</u>** in **<u>any Startup World Cup event</u>**." Defendant further objects to this Request because the term "non-participation" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent that it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents about third parties' participation in Startup World Cup events.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

All Documents concerning any corporate venture capital fund, investment fund, or consulting engagement that any Target Company considered, negotiated, or declined with any member of the Pegasus Organization.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**<u>[a]ll Documents</u> <u>concerning</u> <u>any corporate venture capital fund, investment fund, or consulting engagement</u>** that **<u>any Target Company</u>** considered, negotiated, or declined with **<u>any member</u>** of the **<u>Pegasus Organization</u>**." Defendant further objects to this Request because the terms "corporate venture capital fund," "investment fund," and "consulting engagement" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent that it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding third parties' business dealings with Plaintiff.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

All Documents concerning any person who provided You with information concerning any member of the Pegasus Organization, or who communicated to You any dispute, grievance, complaint, criticism, or adverse interest concerning any member of the Pegasus Organization.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks **"<u>[a]ll Documents</u> <u>concerning</u> <u>any person</u>** who provided You with information **<u>concerning</u> <u>any member</u>** of the **<u>Pegasus Organization</u>**, or **<u>who communicated to You any dispute, grievance, complaint, criticism, or adverse interest</u> <u>concerning</u> <u>any member</u>** of the **<u>Pegasus Organization</u>**." Defendant further objects to this Request because the terms "provided," "dispute," "grievance," "complaint," "criticism," and "adverse interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 1, 10, and 11. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent that it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding third parties' statements concerning the Pegasus Organization.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

Documents sufficient to identify each electronic mail account, Messaging Application account (including each LINE account and its display name and account identifier), telephone

number, social media account, and mobile telephone, computer, tablet, or other device that You used at any time during the Relevant Period to send or receive a Communication concerning any member of the Pegasus Organization, and to show the retention, archiving, backup, synchronization, and automatic-deletion settings in effect for each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because the term "other device" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory Nos. 2, 3, and 4 and Request for Production Nos. 1 and 7. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it calls for information concerning the server-side retention, deletion, or overwriting behavior of consumer electronic mail and messaging platforms operated by third parties, which is not within Defendant's personal knowledge, is not within his possession, custody, or control, and is at least equally available to Plaintiffs from the platform operators or from publicly available documentation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning any deletion, destruction, overwriting, wiping, resetting, loss, or disposal of any Document, ESI, or device containing a Communication concerning any member of the Pegasus Organization.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as a spoliation predicate untethered to any showing that any responsive information has been lost. Rule 37(e) supplies the exclusive framework for addressing the loss of electronically stored information, and requires as a threshold matter a showing that information that should have been preserved was lost because a party failed to take reasonable steps to preserve it. Plaintiffs have made no such showing and none exists. Defendant further objects to this Request because the term “device” is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 4 and Request for Production Nos. 6 and 8. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it calls for information concerning the server-side retention, deletion, or overwriting behavior of consumer electronic mail and messaging platforms operated by third parties, which is not within Defendant’s personal knowledge, is not within his possession, custody, or control, and is at least equally available to Plaintiffs from the platform operators or from publicly available documentation. Defendant further objects to this Request to the extent it assumes that any communication has been deleted, destroyed, overwritten, lost, or rendered unavailable. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant’s pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss Plaintiff’s concern about document retention (if any).

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

Documents sufficient to show the date on which any litigation hold, preservation notice, or document-retention instruction concerning the Action or the State Action was issued, and the identity of each person to whom it was directed. This request does not seek the content of any communication protected by the attorney-client privilege or the work-product doctrine.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that is not relevant to the claims or defenses at issue in the litigation. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 7.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request, but will provide the requested information in the form of the following narrative response. On October 3, 2025, Defendant's prior attorneys at the law firm Davis Wright Tremaine LLP issued a litigation hold directed to Defendant.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

All Documents concerning any venture capital fund, corporate venture capital fund, investment vehicle, accelerator, or advisory engagement in which You held any role that solicited, negotiated with, advised, or provided services to any Target Company, including any compensation, management fee, carried interest, commission, referral fee, or other economic benefit You received or expected to receive in connection with it, and any payment, gift, or other thing of value You provided to or received from any Target Company or any of the Identified Individuals.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks information that is not relevant to the claims or defenses at issue in the litigation. Defendant further objects to this Request because the terms "venture capital fund," "corporate venture capital fund," "investment vehicle," "accelerator," "advisory engagement," "provided," "services," "economic benefit," "thing," and "value" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent that it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information in the possession of third parties and therefore equally available to Plaintiff. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Defendant's work and compensation history.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning any actual or potential competition, rivalry, dispute, grievance, or adverse interest between You and any member of the Pegasus Organization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Documents concerning any** actual or **potential competition, rivalry, dispute, grievance, or adverse interest** between You and **any member** of the **Pegasus Organization**." Defendant further objects to this Request because the terms "competition," "rivalry," "dispute," "grievance," and "adverse interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 1, 11, and 29. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks information in the possession of third parties or in the public domain and therefore equally available to Plaintiff. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning any person who requested, encouraged, solicited, directed, assisted, or compensated You to make any statement or take any action concerning any member of the Pegasus Organization, and any agreement, understanding, joint effort, or coordination between You and any person concerning any such statement or action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Documents** **concerning** **any person** who requested, **encouraged**, solicited, directed, **assisted**, or compensated You to make **any statement** or take **any action** concerning **any member** of the Pegasus Organization, and **any** agreement, **understanding**, joint effort, or coordination between You and **any person** **concerning** any such statement or action." Defendant further objects to this Request because the terms "encouraged," "assisted," and "understanding" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 1, 2, and 10. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show each business, professional, academic, and advisory position You held during the Relevant Period, and all Documents concerning Your affiliation with Kyoto University and with Kyoto Angel Fund, including any appointment, engagement letter, organizational document, and any complaint, investigation, discipline, non-renewal, or termination concerning You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the term “advisory” is vague, indefinite, and/or ambiguous. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the deliberative-process privilege, attorney-client privilege, and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent that it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant’s pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Defendant’s work history, Kyoto University, and Kyoto Angel Fund.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show the nature of Your relationship with Mai Yamamoto, including any marital, domestic-partnership, or familial relationship and the dates of that relationship, and all Documents concerning any financial account, real property, entity, or business interest held jointly by You and Mai Yamamoto or in which both of You hold or have held an interest, and any transfer of funds or property between You and Mai Yamamoto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant

further objects to this Request because the terms "nature," "relationship," "dates," "entity," and "interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 14. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any residence, dwelling, or real property located in the United States that You or Mai Yamamoto has rented, leased, owned, occupied, or maintained at any time since January 1, 2019, including the real property located at 5134 Tawny Lake Place, Fairfield, California 94534, and including rental applications, tenant screening and credit reports, lease and rental agreements and all renewals and amendments, security deposit records, rent payment and receipt records, move-in and move-out inspection records, Communications with any landlord, lessor, property manager, or real estate agent, renter's or homeowner's insurance policies, utility accounts and bills, deeds, deeds of trust, mortgages, escrow and closing statements, and property tax records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Plaintiffs concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 13 and 18. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning any visa, permanent resident card, employment authorization document, advance parole document, border crossing card, or other United States immigration status or travel authorization issued to or sought by You or Mai Yamamoto, including all applications, petitions, supporting declarations, approval and denial notices, and Communications with United States Citizenship and Immigration Services, the United States Department of State, any United States consulate or embassy, or United States Customs and Border Protection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Plaintiffs

concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 16, 17, 23, and 24. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning each entry into and departure from the United States by You since January 1, 2019, including passport pages bearing entry or exit stamps, Form I-94 arrival and departure records, Global Entry or trusted traveler records, boarding passes, and airline itineraries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 15, 17, 23, and 24. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Plaintiff's travel records.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning any United States federal, California, or other state income tax return filed by You or Mai Yamamoto for any tax year since 2019, and all Documents concerning any statement made by You to any governmental agency concerning Your residence or intent to reside in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the phrase "intent to reside" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 15, 16, 23, and 24. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the taxpayer privilege, attorney-client privilege, and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and

information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show each address used by You or Mai Yamamoto since January 1, 2019 for any driver's license, state identification card, voter registration, tax filing, financial account, insurance policy, vehicle registration, mail delivery, or mail forwarding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Plaintiffs concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 14. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning the formation, ownership, governance, and management of Green Capital, including its articles of organization, operating agreement, and all amendments, consents, and minutes, and Documents sufficient to identify each of its members, managers, officers, employees, contractors, and agents, including Mai Yamamoto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "ownership," "governance," and "management" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 20, 21, and 22. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto and Green Capital. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents

and information regarding a third party entity that is not alleged to have made any statements regarding Plaintiffs.

**<u>REQUEST FOR PRODUCTION NO. 20</u>:**

All Documents concerning Green Capital's business activities, services, clients, engagements, marketing, and sources of revenue, and concerning any office, place of business, or mailing address it used, including 55 E. 3rd Avenue, San Mateo, California, and including any lease, license, membership, or service agreement with Draper University, Hero City, or any coworking, incubator, or office-service provider located at that address.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "business activities," "services," "engagements," "sources of revenue," "places of business," "service," "coworking," "incubator," "office-service," and "provider" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 19, 21, and 22. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Green Capital. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding a third party entity that is not alleged to have made any statements regarding Plaintiffs.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Green Capital's bank accounts, financial statements, and tax filings, including all filings with the Internal Revenue Service and the California Franchise Tax Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 19, 20, and 22. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the taxpayer privilege, attorney-client privilege, and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Green Capital. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding a third party entity that is not alleged to have made any statements regarding Plaintiffs.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the decision to dissolve, wind up, or cancel Green Capital, including the vote or consent of members referenced in Item 3 of the Certificate of Cancellation filed with the California Secretary of State on February 18, 2026 (File No. BA20260456650), all drafts of that Certificate, all Communications with any filing agent, registered agent, accountant, or service company concerning its preparation, execution, or submission, and any distribution or transfer of Green Capital's assets to any person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "dissolve," "wind up," "cancel," "service company," and "its preparation, execution, or submission" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 19, 20, and 21. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further

objects to this Request to the extent it seeks information in the public domain and therefore equally available to Plaintiff. Defendant further objects to this Request to the extent it seeks information regarding Green Capital. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding a third party entity that is not alleged to have made any statements regarding Plaintiffs.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning Your physical presence in California or in any other State of the United States at any time during the Relevant Period, including travel itineraries, airline records, boarding passes, hotel reservations and folios, rental agreements, and calendar entries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Documents** concerning **Your** physical presence in California or **in any other State of the United States** at any time **during the Relevant Period**, including travel itineraries, airline records, boarding passes, hotel reservations and folios, rental agreements, and calendar entries." Defendant further objects to this Request because the term "physical presence" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 6 and Request for Production Nos. 14, 15, 16, 17, 24, 26, and 27. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks documents

and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Defendant's physical presence in California.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning any mailing address, residential address, telephone number, or financial account located in California or in any other State of the United States that was used by You, concerning any income, compensation, fee, distribution, or reimbursement You received from any person or entity located in the United States, and concerning any Document You submitted to any governmental agency, financial institution, or business counterparty representing that You reside in, are present in, or conduct business in the United States, including any visa, immigration filing, or United States federal or state tax filing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "used" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 6 and Request for Production Nos. 14, 15, 16, 17, 23, 26, and 27. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the taxpayer privilege. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects

to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Green Capital. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning any entity other than Green Capital that You formed, owned, managed, controlled, or held an interest in that is organized under the laws of, or registered to do business in, any State of the United States, including Capital Technology LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "owned," "managed," "controlled," and "interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding third party entities that are not alleged to have made any statements regarding Plaintiffs.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning any appointment, fellowship, visiting position, residency, lectureship, or other affiliation You held with any university or research institution located in the United States, including Your position as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University during 2022 and 2023 and any affiliation with the Program on US-Japan Relations at the Weatherhead Center for International Affairs at Harvard University, and including all Documents concerning Your application for, compensation in connection with, physical presence at, and work performed during each such affiliation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "other affiliation," "affiliation," and "physical presence" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 6 and Request for Production Nos. 23 and 24. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order,

non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Defendant's work and compensation history.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning any conference, summit, panel, workshop, lecture, or other event held in the United States at which You spoke, presented, taught, moderated, judged, or otherwise appeared, including the 2019 Asia 21 Young Leaders Summit held on November 15 and 16, 2019 in San Francisco and San Mateo, California, and including all Documents concerning Your membership or participation in the Asia Society Asia 21 Young Leaders program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "other event" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 6 and Request for Production Nos. 23 and 24. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality

obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Defendant's speaking appearances in California.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning any employment, partnership, officer, director, managerial, advisory, industry-partner, mentor, or consulting relationship between You and any venture capital firm, investment firm, accelerator, incubator, or asset manager, including Draper Nexus Ventures (also known as DNX Ventures), Draper University, Hero City, any other entity affiliated with Timothy C. Draper, Nomura Asset Management Co., Ltd., Nomura Holdings, Inc., Nomura Research Institute, Ltd., and any of their subsidiaries or affiliates, and including Documents sufficient to show each position You held, the dates You held it, the location from which You performed it, and any duty or responsibility concerning venture capital investment or investment in or by any member of the Pegasus Organization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "managerial," "advisory," "industry-partner," "mentor," "consulting," "relationship," "venture capital firm," "investment firm," "accelerator," "incubator," "asset manager," and "venture capital investment" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No.

9. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Defendant's work history.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents supporting any contention that any statement You made concerning any member of the Pegasus Organization was true, or that any person or circumstance other than You caused the losses alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Documents** supporting any contention that **any statement** You made **concerning** any member of the Pegasus Organization was true, or that any person or circumstance other than You caused the losses alleged in the Complaint." Defendant further objects to this Request because the terms "statement," "circumstance," and "losses" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have

propounded in the litigation, including Request for Production No. 1. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request as premature contention discovery. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents supporting any contention that this Court lacks personal jurisdiction over You, or that this Action should be adjudicated in Japan or in any forum other than this District.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 7. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to the extent the Request assumes that Defendant bears any burden on the question of personal jurisdiction; Plaintiffs bear the burden of establishing that this Court may exercise personal jurisdiction over Defendant. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the

Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant refers Plaintiffs to his pending motion to dismiss and to the declarations filed in support of it, which set out the facts on which Defendant presently relies, and states that the persons with knowledge of those facts include Defendant. Defendant will supplement this response at the close of fact discovery or at such other time as the Court directs.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning any agreement or arrangement under which any person other than You has paid, advanced, guaranteed, reimbursed, or agreed to pay any attorney's fee, cost, or expense incurred by You in connection with the Action or the State Action, or under which any person holds any financial interest in the outcome of either, including any insurance policy, indemnity agreement, and defense-funding or advancement arrangement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "arrangement" and "financial interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 10. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Communications between You and any person other than Your legal counsel concerning the Action, the State Action, or the claims asserted in either, and all other Documents concerning the State Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Communications** between You and any person other than Your legal counsel **concerning** the Action, the State Action, or the claims asserted in either, **and all other Documents concerning the State Action**." Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks information in the public domain and therefore equally available to Plaintiff. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of this Request.

DATED: August 26, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *\/s\/ Justin C. Griffin*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*