QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
Scott Schlafer (Bar No. 335708)
justingriffin@quinnemanuel.com
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

vs.

YASUMASA YAMAMOTO, and DOES 1-10, inclusive,

Defendants.

CASE NO. 5:26-cv-00945-NC

**SECOND DECLARATION OF YUTA YAMASAKI ON JAPANESE LAW IN SUPPORT OF THE *FORUM NON CONVENIENS* GROUND OF DEFENDANT YASUMASA YAMAMOTO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Judge: Hon. Nathanael M. Cousins
Hearing Date: September 16, 2026

**SECOND DECLARATION OF YUTA YAMASAKI**

I, Yuta Yamasaki, declare as follows:

1. I am a former Japanese judge and an attorney admitted to practice in Japan, currently practicing at Tokyo International Law Office. I submit this second declaration in support of Defendant Yasumasa Yamamoto's Reply in support of his Motion to Dismiss. I previously submitted a declaration on Japanese law in this action on August 10, 2026 (ECF No. 28-1) (the "First Declaration"), and incorporate that declaration by reference. I have personal knowledge of the facts set forth herein, except where stated to be based on materials I reviewed and, if called as a witness, I could and would testify competently to each of them.

2. I submit this declaration in response to the Declaration of Kosuke Tsunashima on Japanese Law dated August 23, 2026 (ECF No. 31-2) (the "Tsunashima Declaration"), filed with Plaintiffs' Opposition. I have reviewed the Tsunashima Declaration and its exhibits, Plaintiffs' Opposition (ECF No. 31), and the Declarations of Md Anis Uzzaman (ECF No. 31-1) and Jeremiah A. Armstrong (ECF No. 31-3). As in the First Declaration, my opinions are directed solely to Japanese law and the Japanese legal system. I express no opinion on any question of United States or California law.

**I. Choice of Law**

3. As is explained in Paragraph 10-14 and **Exhibit B** of the Tsunashima Declaration, Article 20 of the AGRAL replaces the governing law indicated by Article 19 of the same Act with the law of the place with which the tort is obviously more closely connected than the place indicated in the preceding three Articles (including Article 19) in light of any circumstances concerned. While the application of Article 20 is case-dependent, the plaintiffs reiterate the Complaint's allegation in Page 3, Lines 5-8 of the Plaintiffs' Opposition that Mr. Yamamoto sent messages disparaging the plaintiffs to Professor Yamada of Kyoto University and made similar statements to other Japanese companies and institutions. Under such circumstances, as I stated in Paragraph 17 of the First Declaration, it is likely that a Japanese court would apply Japanese law to this case pursuant to Article 20 of the AGRAL. My analysis on this issue is consistent with Tokyo District Court Judgment, June 20, 2016, Hanreihisho L07131449, which applied Japanese law pursuant to Article

20 of the Act to a case where a company incorporated in British Virgin Islands and its representative domiciled in Hong Kong filed a tort damages claim with the court against a US corporation on the ground that the US corporation failed to fulfil its obligation to delete a Japanese post on its blog service which made allegedly defamatory statements as to an insurance product provided by the representative of the BVI company to Japanese customers and a warning to the company from the Financial Services Agency of Japan.

4. The explanation about Article 22 of the AGRAL in Paragraphs 18-19 of the Tsunashima Declaration agrees with my analysis in Paragraph 30 of the First Declaration that, even if California law should be applied to this case, Japanese law must be concurrently applied to the same case pursuant to this Article and the plaintiffs' claims can be granted only within the scope recognized and permitted under Japanese law. Pursuant to this Article, if a Japanese court finds that Mr. Yamamoto's allegedly defamatory statements fail to constitute tortious acts under Japanese law, it would dismiss the plaintiffs' claims without any examination of California law.

**II. Court Filing Fees**

5. As is explained in Paragraphs 22-24 of the Tsunashima Declaration, the court fee at the timing of filing a civil action with a Japanese court is calculated on the amount claimed and a smaller claim requires a proportionately smaller fee. This structure discourages litigants from pleading amounts they cannot realistically substantiate. It is the plaintiffs' discretion and responsibility to set the amount of the claim in such a civil action, and it is a common practice, recognized and permitted under Japanese law, for such plaintiffs to set a reasonable and limited amount of the claim at the outset of the civil action and thereby limit the corresponding court fee. Irrespective of the amount of the claim initially set by the plaintiffs, the court would examine all arguments and evidence submitted by the parties and the plaintiffs can increase the amount of the claim as the case progresses.

6. Articles 61 and 67 of the CCP stipulate that the defeated party bears the court costs (including such court fees incurred at the time of filing a civil action) and the court shall decide on the bearing of all such court costs when rendering a decision that concludes the case. Attached as **Exhibit A** is a true and correct copy of excerpts of these Articles, together with an English

translation thereof made available by the Japanese Law Translation Project of the Ministry of Justice of Japan. If the plaintiffs obtain a Japanese court decision granting their claims against Mr. Yamamoto in this case, the plaintiffs would be entitled to recover the court fees from Mr. Yamamoto pursuant to these Articles.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 31st day of August, 2026, at Tokyo, Japan.

/s/ Yuta Yamasaki
Yuta Yamasaki