QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

vs.

YASUMASA YAMAMOTO, and DOES 1-10, inclusive,

Defendants.

CASE NO. 5:26-cv-00945-NC

**DEFENDANT YASUMASA YAMAMOTO'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: SUPPLEMENTAL SUBMISSION (ECF NO. 32)**

Pursuant to Civil Local Rules 7-11(b) and 79-5, Defendant Yasumasa Yamamoto files this Statement in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Supplemental Submission (ECF No. 32). Yamamoto does not concede that the Supplemental Submission is properly before the Court, and if leave to file is denied this request is moot.

Yamamoto has reviewed each designation against Plaintiffs' motion and substantially narrows his request. He withdraws his designations as to Interrogatory No. 6 and Request for Admission Nos. 30, 34, 35, and 36. Yamamoto asks the Court to seal only portions of Exhibits 1, 2, and 3 to the Supplemental Declaration of Jeremiah A. Armstrong in Support of Plaintiffs' Administrative Motions and Supplemental Submission, specifically those portions that reflect a nonparty's name, a nonparty's residential address, and information about Yamamoto's immigration status, physical presence, and U.S. entries. This confidential material is highlighted green in Exhibits 1, 2, and 3 to the Declaration of Scott Schlafer filed in support of this Statement.

Two standards govern a request to seal, and which one applies "turn[s] on whether the [pleading] is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Where the pleading is more than tangentially related to the merits, a stricter standard governs: "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1096–97 (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Otherwise, the less strict "good cause" standard applies, and a court may "keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,'" *Symantec Corp. v. Zscaler, Inc.*, 2019 WL 3859151, at *1 (N.D. Cal. Aug. 16, 2019) (quoting Fed. R. Civ. P. 26(c)).

## I. <u>GOOD CAUSE GOVERNS, BECAUSE THE SUPPLEMENTAL SUBMISSION IS NOT MORE THAN TANGENTIALLY RELATED TO THE MERITS.</u>

Plaintiffs' Supplemental Submission addresses two subjects: personal jurisdiction and forum. It does not discuss falsity, publication, causation, damages, or any other element of the trade libel, intentional interference, or unfair competition claims they assert. Every section is directed to

where Yamamoto has been and where this case should be heard. Nowhere do Plaintiffs explain how any of the designated material relates to the merits of any claim.

Nor does the Submission connect any of the material to a theory Plaintiffs are pursuing. Plaintiffs have not asserted general personal jurisdiction, and their opposition rests entirely on specific jurisdiction. *See* Compl. ¶¶ 6, 12; ECF No. 31 at 11–13 (Opp. to Mot. to Dismiss). The remaining basis for jurisdiction, specific jurisdiction, requires that Plaintiffs' claims arise out of or relate to Yamamoto's contacts with this forum. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). The forum non conveniens inquiry is likewise directed not to a defendant's contacts with the forum in the abstract, but to private and public factors more concerned with the connection between the controversy and the competing fora. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947).

The designated material bears on neither. Every contact the Submission recites predates the actionable communications Plaintiffs plead. Plaintiffs never establish, or even attempt to establish, that their claims *arose from* these contacts. Nor do the contacts answer where the evidence and witnesses are located or which forum has the greater interest in resolving the dispute. Because the designated material speaks to no element of any claim Plaintiffs assert, the Supplemental Submission is at most tangentially related to the merits, and good cause governs.

## II. <u>GOOD CAUSE AND COMPELLING REASONS FOR SEALING EXIST AS TO EACH CATEGORY OF DESIGNATED MATERIAL.</u>

### A. Information identifying an individual who is not a party (Request for Admission Nos. 23–27; Interrogatory No. 11)

Request for Admission Nos. 23 through 27 and Interrogatory No. 11 name an individual who is not a party to this action, has asserted no claim, and is not alleged to have any relation to the events at issue. Declaration of Scott Schlafer ("Schlafer Decl.") ¶ 7. Plaintiffs' own pleadings confirm as much: the Complaint does not name this individual, and no such person has appeared in this action. Courts in this District protect information of this kind, and may do so even under the more demanding compelling-reasons standard because "compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm

or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007). That principle applies squarely to individual names, disclosure of which "risks subjecting the persons identified . . . to annoyance, embarrassment, or other significant harm" where "the public has no meaningful need to obtain this information." *Campbell v. Facebook Inc.*, 2015 WL 12965295, at *3 (N.D. Cal. Oct. 15, 2015) (finding good cause to seal names); *see also Fed. Trade Comm'n v. AAFE Prods. Corp.*, 2017 WL 3721695, at *1 (S.D. Cal. Aug. 29, 2017) (sealing names of nonparties); *In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021) (privacy interest strongest "where the information relates to nonparties"). Whatever the public's interest in this dispute, it does not extend to a person who is not in it. And the harm from disclosure would be concrete and irreversible: once the name is on the public docket it is permanently searchable and publicly linked to this litigation, exposing an uninvolved individual to unwanted contact, reputational injury, and precisely the annoyance and embarrassment Rule 26(c) exists to prevent — none of which a later sealing order could undo. Schlafer Decl. ¶ 7. Yamamoto asks only that the individual's name be redacted.

**B. Residential address (Request for Admission Nos. 25–29; Interrogatory No. 11)**

A home address is the paradigm of information Rule 26(c) protects, and the privacy interest here belongs to the current occupants and owners of that property — none of whom is a party to this action, has asserted any claim, or is alleged to have any role in the events at issue. Schlafer Decl. ¶ 8. Publishing their address on the public docket would expose them to exactly the annoyance and risk of harm Rule 26(c) exists to prevent while serving no public purpose. *Id.*; *see also Nursing Home Pension Fund*, 2007 WL 3232267, at *2 (finding compelling reasons to seal home addresses); *Fed. Trade Comm'n*, 2017 WL 3721695, at *1 (sealing residential addresses of nonparties); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *2–3 (N.D. Cal. Jan. 21, 2014) (finding compelling reasons to seal personal contact information, including a residential address). Yamamoto asks only that the address be redacted.

### C. Immigration status, physical presence, and U.S. entries (Request for Admission Nos. 4, 5, and 31–33)

Immigration status is among the most sensitive categories of personal information, and for a foreign national the consequences of public disclosure extend well beyond this litigation. Schlafer Decl. ¶ 9. Once immigration status and entry history appear on the public docket, they are permanently available to anyone, for any purpose, regardless of how this case is resolved. *Id.* Compelling reasons therefore exist to seal this information. *Cf. Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064–65 (9th Cir. 2004) (affirming protective order barring discovery into immigration status, and recognizing that inquiry into a person's immigration history carries a risk of intimidation and chills the assertion of rights). The authorities cited above apply with at least equal force here: sealing is warranted "to protect an individual's privacy interest and to prevent exposure to harm." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2; *see also Campbell*, 2015 WL 12965295, at *3. The same is true of physical presence and movements across borders. That information is recorded in nonpublic government files, is not otherwise publicly available, and reveals patterns of work, family, and association far beyond anything at issue in this case — a chronology of where a person has lived, whom he has visited, and when. Schlafer Decl. ¶ 10. Against that, Plaintiffs offer nothing. They have disclaimed general jurisdiction, and they never explain how a person's immigration status or border crossings bear on whether their claims arose from Yamamoto's contacts with this District, or on any element of the trade libel, intentional interference, or unfair competition claims they assert. Public access to these particulars would serve no purpose the sealing doctrine recognizes. Yamamoto asks that his immigration and travel history be redacted from his responses; the substance of Plaintiffs' jurisdictional argument remains fully public. Yamamoto further asks that Request for Admission Nos. 4, 5, and 33 be sealed in their entirety because the unsealed portions of the Supplemental Submission note that Yamamoto admitted those Requests; Yamamoto further asks that certain objections reflecting the content of Request for Admission Nos. 4 and 33 also be redacted for the same reason.

## III. THE REQUEST IS NARROWLY TAILORED AND NO LESSER ALTERNATIVE WOULD SUFFICE.

Yamamoto does not ask for any document to be sealed in its entirety, and he has withdrawn his designations as to five of the responses Plaintiffs identified. As to the balance, Yamamoto seeks only targeted redactions of sensitive information. Redaction is also the least restrictive alternative: the sensitive content is the information itself — a nonparty's name, a street address, a person's immigration and travel history — so no summary or generic substitute would protect it while leaving the filing intelligible. And redaction defeats no public interest: Plaintiffs' jurisdictional argument, Yamamoto's response, and the Court's reasoning all remain fully public.

Weighing the public and private interests, the injury that disclosure would cause, and the absence of any meaningful public interest in these particulars, Yamamoto respectfully requests that the Court maintain under seal the portions of Exhibits 1, 2, and 3 identified and described above.

DATED: September 4, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Dawn Y. Yamane Hewett*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*