QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
Scott Schlafer (Bar No. 335708)
justingriffin@quinnemanuel.com
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 5:26-cv-00945-NC<br><br>**DECLARATION OF SCOTT SCHLAFER IN SUPPORT OF DEFENDANT YASUMASA YAMAMOTO'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: SUPPLEMENTAL SUBMISSION** |

# DECLARATION OF SCOTT SCHLAFER

I, Scott Schlafer, declare as follows:

1. I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Yasumasa Yamamoto in the above-captioned matter. I have personal knowledge regarding all facts in this declaration and, if called and sworn as a witness, could testify competently thereto.

2. I submit this declaration in support of Defendant Yasumasa Yamamoto's Statement in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Supplemental Submission.

3. Attached to this declaration as **Exhibit 1** is a true and correct copy of Plaintiffs' Supplemental Submission in Opposition to Defendant Yasumasa Yamamoto's Motion to Dismiss. Green highlights have been added to this document to identify material that Yamamoto asks the Court to maintain under seal.

4. Attached to this declaration as **Exhibit 2** is a true and correct copy of Defendant Yasumasa Yamamoto's Response to Plaintiff Md Anis Uzzaman's [Joined by Pegasus Tech Ventures, Inc.] First Requests for Admission (Nos. 1–41). Green highlights have been added to this document to identify material that Yamamoto asks the Court to maintain under seal.

5. Attached to this declaration as **Exhibit 3** is a true and correct copy of Defendant Yasumasa Yamamoto's Response to Plaintiff Md Anis Uzzaman's [Joined by Pegasus Tech Ventures, Inc.] First Set of Interrogatories (Nos. 1–12). Green highlights have been added to this document to identify material that Yamamoto asks the Court to maintain under seal.

6. Exhibits 1, 2, and 3 contain the name of a nonparty, a residential address, and/or Yamamoto's immigration status, physical presence, and U.S. entries.

7. As to the nonparty, disclosure of this individual's information would injure their legitimate privacy interests and expose them to potential harm The nonparty has asserted no claim and is not alleged to have any relation to the events at issue. The harm from disclosure of this name would be concrete and irreversible: once the name is on the public docket it is permanently searchable and publicly linked to this litigation, exposing an uninvolved individual to unwanted

contact, reputational injury, and precisely the annoyance and embarrassment Rule 26(c) exists to prevent — none of which a later sealing order could undo.

8. As to the residential address, its current occupants and owners are also nonparties, have asserted no claims, and are not alleged to have any role in the events at issue. Publishing their address on the public docket would expose them to exactly the annoyance and risk of harm Rule 26(c) exists to prevent while serving no public purpose.

9. As to Yamamoto's immigration status, that is among the most sensitive categories of personal information, and for a foreign national the consequences of public disclosure extend well beyond this litigation. Once immigration status and entry history appear on the public docket, they are permanently available to anyone, for any purpose, regardless of how this case is resolved.

10. As to Yamamoto's physical presence and U.S. entries, this information is recorded in nonpublic government files, is not otherwise publicly available, and reveals patterns of work, family, and association far beyond anything at issue in this case — a chronology of where a person has lived, whom he has visited, and when.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of September, 2026, at Los Angeles, California.

*/s/ Scott Schlafer*
Scott Schlafer