# Exhibit 1

**REDACTED**

Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN OPPOSITION TO DEFENDANT YASUMASA YAMAMOTO'S MOTION TO DISMISS**<br><br>**<u>REDACTED PUBLIC VERSION</u>**<br><br>Date: September 16, 2026<br>Page Time: 11:00 a.m.<br>Judge: Hon. Nathanael M. Cousins<br>Action Filed: January 30, 2026 |

Defendant's motion to dismiss relies on the premise that he is a Japanese resident whose connection to this District is too slight to support jurisdiction nor make California an appropriate forum. ECF No. 28 at 1. However, after Plaintiff's August 24 opposition brief, Defendant served responses on August 27 to Plaintiffs' requests for admission and interrogatories in which he admitted facts that undercut that premise, and he refused to answer the questions directed at it.

LAW OFFICES OF CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

## I. DEFENDANT HAS CONCLUSIVELY ESTABLISHED CALIFORNIA CONTACTS HIS MOTION DOES NOT DISCLOSE

Defendant admits each of the following, subject only to his objections:

- [redacted] Response to RFA No. 4.[1]
- [redacted] Response to RFA No. 5.
- [redacted] Response to RFA No. 33.
- His appointment as a Visiting Scholar at Stanford University's Walter H. Shorenstein Asia-Pacific Research Center began in calendar year 2022. Response to RFA No. 2.
- Green Capital Management LLC was registered with the California Secretary of State, and the principal place of business reported for it was 55 E. 3rd Avenue, San Mateo, California. Responses to RFA Nos. 7 and 8.
- He communicated with Professor Jin-ichiro Yamada concerning Dr. Uzzaman. Response to RFA No. 19.

Notably, [redacted] That is not the profile of a person for whom defending in this District is oppressive. And he has admitted communicating with the recipient of the statements at issue about the person those statements concerned. Neither fact appears anywhere in the declaration he submitted with his motion. *See* ECF No. 28-16.

The Green Capital admissions are also now beyond dispute. Defendant admits that Green Capital Management LLC was registered with the California Secretary of State and that the principal place of business reported for it was 55 E. 3rd Avenue, San Mateo. Responses to Requests Nos. 7-8. He admits that he signed the Certificate of Cancellation, and that the document attached to the requests is a true and correct copy of the Certificate of Cancellation filed with the Secretary

[1] *See* Armstrong Suppl. Decl. Ex. 2 (Defendant's RFA Responses).

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

of State on February 18, 2026. Responses to Requests Nos. 11 and 37. The Complaint alleges that Defendant is the chief executive officer of that entity, a manager or member of it, and its designated agent for service of process at the San Mateo address. Compl. ¶ 7.

## II. DEFENDANT'S OWN BURDEN OBJECTION CONFIRMS THE EXTENT OF HIS UNITED STATES TRAVEL

Interrogatory No. 6 asked Defendant to describe each occasion on which he was physically present in California or in any other State during the Relevant Period, which runs from January 1, 2019 through the date of his response. He did not answer. He objected that the interrogatory "seeks an occasion-by-occasion reconstruction of every entry into the United States over a period exceeding seven and a half years," that he "has no contemporaneous log of his travel," and that answering "would require Defendant to assemble and cross-reference airline records, hotel records, payment records, and calendar entries spanning a period of over seven years, some of which may no longer be within his possession." He closed by stating that he "is willing to meet and confer regarding the relevance (if any) and appropriate scope of an Interrogatory seeking information regarding Defendant's physical presence in California." Armstrong Suppl. Decl. Ex. 3, Response to Interrogatory No. 6.

A person who had been in the United States only occasionally could have answered that interrogatory in a paragraph. The burden Defendant describes presupposes a travel history extensive enough that reconstructing it requires cross-referencing four categories of records across seven years. The objection concedes the substance of what the interrogatory sought.

The relevance objection is harder still to reconcile with the motion. Defendant asks this Court to dismiss for want of contacts with California while questioning whether his physical presence in California has "relevance (if any)" to the case, [redacted]

## III. DEFENDANT HAS NOT SAID WHERE HE WAS AND EVADES RESPONDING

Plaintiffs' opposition observed that Defendant's declaration does not state where he was when the June 9, 2024 communications were sent. ECF No. 31 at 1. That is now true across three separate instruments. His declaration does not address it. ECF No. 28-16. Interrogatory No. 6 asked

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

and he did not answer. Requests for Production Nos. 16 and 23 sought his records of entry into and departure from the United States and documents concerning his physical presence in California. As to each he responded that he "will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope" of such a request. Armstrong Suppl. Decl. Ex. 4. An offer to confer is not a production, and no such document has been produced.

Twelve requests for admission received no answer at all. To Requests Nos. 1, 3, 6, 9, 10, 13, 14, 16, 17, 30, 34, and 35, Defendant responded only that he "is willing to meet and confer with Plaintiffs regarding this Request." Armstrong Suppl. Decl. Ex. 2. Rule 36(a)(4) permits an admission, a denial, or a statement in detail why the responding party can do neither. Those requests asked Defendant to admit, among other things, that he served as a Stanford Visiting Scholar, that he was assigned office space at Encina Hall, that he was the designated agent for service of process for a California entity, that he held a membership interest in or managed that entity, that he has held a position with Draper Nexus Ventures, also known as DNX Ventures, that he has received compensation from a California person or entity, and that he has used a California mailing address. Each is a jurisdictional fact.

The approach is visible on the face of the responses. Defendant admits that his Stanford appointment began in 2022, while declining to answer whether he served as a Visiting Scholar at all, or whether the appointment continued into 2023. *See* Response to RFA Nos. 1-3

## IV. DEFENDANT DENIES CONDUCT THE RECORD DOCUMENTS

Request No. 18 asked Defendant to admit that he sent one or more messages to Professor Yamada through the LINE application on June 9, 2024. He denied it but did admit in Response to RFA No. 19 that he communicated with Professor Yamada concerning Uzzaman. Armstrong Suppl. Decl. Ex. 2. Professor Yamada has sworn that he received those messages on that date and has reproduced screenshots of them. Compl. Ex. A ¶¶ 5(c)-(d). As to Requests Nos. 20 and 21, Defendant responded that "based on a reasonable inquiry" he "lacks sufficient knowledge to admit or deny" whether he communicated with representatives of Idemitsu Kosan Co., Ltd. or of DIC Corporation concerning Pegasus, "and on that basis denies the Request."

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

On a Rule 12(b)(2) motion these denials do not assist Defendant. Plaintiffs need make only a prima facie showing. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

## V. THE CONTENTION RESPONSES

Interrogatories Nos. 7 and 8 asked for the facts supporting Defendant's contentions that this Court lacks personal jurisdiction and that this action belongs in Japan. As to each, Defendant referred Plaintiffs back to his pending motion and the declarations filed with it and stated that he would supplement at the close of fact discovery. As to Interrogatory No. 7 he identified the persons with knowledge of those facts as "includ[ing] Defendant." Interrogatory No. 9 asked him to identify each person with knowledge of any fact concerning the claims or defenses. He identified no one, stating that his investigation is continuing. Armstrong Suppl. Decl. Ex. 3. Request for Production No. 30, seeking the documents supporting those same contentions, drew the same referral back to the motion. *Id.* Ex. 4.

## VI. THE EFFECT ON THE PENDING MOTION

Defendant asks the Court to find that his contacts with this District are too slight to support jurisdiction and that California is the wrong forum. The admissions establish contacts his motion does not disclose, and under Rule 36(b) they are conclusively established. As to the rest, Defendant is the only person who knows where he has been, and he declined to say. The burden on forum non conveniens was his, and the interrogatories directed to it pointed back to his motion and named no witness other than himself. A party is entitled to object. What he cannot do is withhold the facts and then ask the Court to decide the same question in his favor on the record that remains.

Dated: August 28, 2026

Respectfully submitted,
**LAW OFFICES OF CRAIG S. MILLER, P.C.**

/s/ *Jeremiah A. Armstrong*

*Attorneys for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*