# Exhibit 2

**REDACTED**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 5:26-cv-00945-NC<br><br>**DEFENDANT YASUMASA YAMAMOTO'S RESPONSE TO PLAINTIFF MD ANIS UZZAMAN'S [JOINED BY PEGASUS TECH VENTURES, INC.] FIRST REQUESTS FOR ADMISSION (NOS. 1-41)** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Yasumasa Yamamoto ("Defendant"), by and through his undersigned counsel, hereby submits the following responses and objections to Plaintiff Md Anis Uzzaman's ("Uzzaman") and Plaintiff Pegasus Tech Ventures, Inc.'s ("Pegasus") (collectively, "Plaintiffs") First Set of Requests for Admission (collectively, the "Requests" and each individually a "Request") to Defendant Yasumasa Yamamoto (Nos. 1-41), served July 27, 2026, as follows. Defendant reserves the right to supplement, amend, modify, or correct these responses and objections.

**GENERAL OBJECTIONS**

Defendant makes the following general objections ("General Objections") to each Request listed in Plaintiffs' Requests. These General Objections are hereby incorporated into each response as if set forth fully therein. The assertion of the same, similar, or additional objections—or partial responses to the Requests—do not waive any of Defendant's General Objections. Defendant's responses are based upon currently available information as a result of reasonable searches and inquiries. Defendant's discovery and investigation of the facts and documents relevant to this case are ongoing. Accordingly, Defendant reserves the right to amend and/or supplement its responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

1. Defendant has moved to dismiss the Complaint on three independent grounds: forum non conveniens, lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6). *See* Dkt. 28. That motion is pending and scheduled to be heard on September 16, 2026. A substantial number of these Requests are directed to Defendant's presence in, contacts with, residence in, travel to, property interests in, entity affiliations with, immigration status in, and tax filings concerning California and the United States. No response, objection, admission, denial, or qualification set forth herein is or shall be construed as (a) consent to the personal jurisdiction of this Court; (b) an admission or concession that this District is a proper, adequate, or convenient forum; (c) a waiver of any ground asserted in the pending motion or of any defense preserved by it; or (d) a submission to the merits of Plaintiffs' claims. Defendant expressly reserves each such defense.

2. Defendant's admission of any of these Requests is not (a) a concession that the material is relevant to this case; (b) a waiver of Defendant's general objections or the objections asserted in response to specific Requests; or (c) an agreement that Requests for similar information will be treated in a similar manner.

3. Any admission is made solely for the purpose of this action, as Rule 36(b) provides, and is not an admission for any other purpose or in any other proceeding. Any admission is limited to the specific matter, the specific document, and the specific time period stated in the Request as Defendant construes it, and is not an admission of any other matter, of any inference Plaintiffs may seek to draw, or of the relevance, materiality, or admissibility of the matter admitted. A denial, a qualified admission, or a statement that Defendant has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny has no effect beyond the specific matter addressed. Defendant reserves all rights under Rule 36(b) to seek withdrawal or amendment of any admission.

4. The Parties are negotiating a stipulated Protective Order and an Electronically Stored Information Protocol. Neither has been entered. These Requests seek admissions concerning Defendant's personal financial, tax, immigration, residential, and travel circumstances, and concerning a member of Defendant's family who is not a party to this action. In his First Set of Requests for Production, Uzzaman represented that, pending entry of a stipulated Protective Order, he "will treat any material You designate as confidential as though it were designated under the highest tier of the proposed order," and that "[t]he absence of an entered protective order is therefore not a ground to delay or withhold production." Defendant relies on that representation as to both Plaintiffs and, consistent with it, designates responses pertaining to financial, tax, immigration, residential, and travel circumstances, and responses concerning a member of Defendant's family who is not a party to this action, as Attorneys' Eyes Only — the highest tier of the proposed Protective Order. Pending and upon entry of the Protective Order, such material may be disclosed only to outside counsel of record and to those persons to whom the highest tier of the proposed order permits disclosure, may be used solely for the prosecution or defense of this action and for no other purpose or proceeding, and may not be filed or otherwise made public absent a sealing order.

Nothing herein waives Defendant's objections that no Protective Order has been entered, Defendant's right to seek relief under Rule 26(c), or any applicable objections under Japan's Act on the Protection of Personal Information.

5. Defendant objects to these Requests, together with their accompanying Definitions and Instructions, to the extent they are unduly burdensome, overly broad, impose extreme hardship, seek information for which the burden or expense outweighs their likely benefit in resolving the issues of this litigation, would impose an undue burden on Defendant in the form of an excessive expenditure of time and money, or otherwise seek to impose a duty or obligation on Defendant beyond those set forth in the Federal Rules of Civil Procedure, Local Civil Rules of this Court, or other applicable law.

6. Defendant objects to the Requests to the extent they are unreasonable in their scope, subject matter, and/or requested method for compliance.

7. Defendant objects to these Requests to the extent they seek, or may be construed as seeking, information not relevant to the above-captioned action (the "Action"), that is not relevant to any claim or defense raised in this litigation, not reasonably likely to lead to the discovery of admissible evidence, and/or is otherwise beyond the scope of permissible discovery in the Action.

8. Defendant objects to these Requests to the extent they seek information that is unreasonably cumulative or duplicative of document requests, interrogatories, and/or other discovery requests, or is obtainable from some other source that is more convenient, less burdensome, less expensive, or publicly available.

9. Defendant objects to the Requests to the extent they seek or may be construed as seeking information that is not in the possession, custody, or control of Defendant, and/or information equally, or more readily, available to Plaintiffs.

10. Defendant objects to the Requests to the extent they contain any explicit or implicit characterization of facts, events, circumstances, or issues. Defendant's response to a Request is not intended to mean that Defendant agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

11. Defendant objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other available privilege or immunity. The inadvertent disclosure of any information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant and/or immune from discovery shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, the subject matter of the information, or of Defendant's right to object to the use of any such information in this litigation or elsewhere.

12. Defendant objects to each Request to the extent that it seeks information more properly obtained through depositions, interrogatories, and/or requests for production of documents.

13. Defendant objects to these Requests to the extent they are vague, ambiguous, indefinite, overbroad, or otherwise unclear as to the information sought. Defendant will respond to each Request as Defendant interprets and understands it. Defendant reserves the right to supplement these Objections and/or Responses if Plaintiffs subsequently assert an interpretation of any Request that differs from Defendant's present understanding.

14. Defendant objects to each Request to the extent it seeks an admission of a legal conclusion, of the legal effect of a document, or of the application of law to fact, including Requests employing terms that have a defined legal meaning under California, federal, or immigration law or pose questions of law. Rule 36 permits Requests directed to facts, to the application of law to fact, and to the genuineness of documents; it does not require a party to admit a contested proposition of law. Where a Request is susceptible of a factual reading, Defendant will respond to the facts rather than to the legal characterization, and will state the construction on which he responds.

15. Defendant objects to each Request to the extent it calls for expert opinions, conclusions, or analysis. Defendant will provide expert discovery, as appropriate, according to the schedule determined by the Court.

16. Defendant objects to each Request that combines multiple facts, multiple persons, multiple entities, or multiple time periods such that the matter cannot fairly be admitted or denied as a single proposition, including Requests framed in the alternative as to two or more persons. Where a Request is compound, Defendant will admit or deny the portions he is able to admit or deny

and will qualify or deny the remainder as Rule 36(a)(4) requires; that response is not an admission or denial as to any portion not expressly addressed.

17. Defendant objects to each Request seeking an admission concerning the genuineness of a document authored, maintained, or published by a person other than Defendant, including printouts of webpages published by third parties, on the ground that whether such a printout is a true and correct copy of what a third party published is not within Defendant's knowledge and cannot readily be obtained by him. Any response concerning genuineness is limited to the document in the form served with the Requests and does not admit the authenticity of the document under Federal Rule of Evidence 901, its admissibility for any purpose, the truth of any statement contained in it, that any third party in fact published it or published it in that form, or that any description of Defendant appearing in it is accurate or complete.

18. Defendant objects to each Request to the extent it seeks an admission concerning the personal circumstances, residence, property, marital or familial status, immigration status, or financial affairs of any person who is not a party to this action. Such persons have made no claim in this action, and their privacy interests are protected under the California Constitution and under the law of Japan. Defendant further objects to each such Request as not proportional to the needs of the case.

19. Defendant is a citizen and national of Japan who resides in Japan. Records bearing on these Requests are located in Japan and are predominantly in the Japanese language, and Defendant's reasonable inquiry under Rule 36(a)(4) is measured accordingly. Certain information bearing on these Requests constitutes personal information of individuals who are not parties to this action and who are protected by Japan's Act on the Protection of Personal Information, including its restrictions on the provision of personal data to third parties and on cross-border transfer. Defendant objects to each Request to the extent a response would require the provision or transfer of such third-party personal information in the absence of an entered Protective Order addressing that material and of the consent or notice required by Japanese law.

20. Defendant objects to the Requests to the extent they purport to require the disclosure of information or documents protected from disclosure by any law, or any applicable state law, court

order, protective order, government contract, or any other agreement with respect to confidentiality or non-disclosure. Any inadvertent disclosure of such protected information or documents shall not be construed to waive any applicable protections in any respect or any related grounds for objecting to discovery or admissibility regarding a protected document or regarding the subject matter thereof. Nor shall such inadvertent production or disclosure waive Defendant's rights to object to the use of any such document or information during this action or in any subsequent proceedings.

21. Responding to any Request is not an admission that any fact assumed or asserted in the Request is true, that any characterization contained in the Request is accurate, that any document, communication, entity, relationship, or event referred to in the Request exists or existed, that the matter is relevant to any claim or defense, that it is admissible, or that Plaintiffs are entitled to it. Defendant does not adopt Plaintiffs' characterization of any statement, event, document, entity, or relationship.

22. Where Defendant states an objection and nonetheless responds in whole or in part, the response is provided subject to and without waiver of the objection, and no partial response waives any objection as to the remainder. These General Objections, the Objections to Plaintiff's Definitions, and Objections to Plaintiff's Instructions; consistent with Rule 36(a)(5), Defendant also states the grounds for objection with specificity in each individual response.

23. Defendant objects to the Definitions and Instructions preceding the Requests to the extent they seek to impose duties and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law.

24. Defendant objects to each Definition and Instruction to the extent that it seeks information that is proprietary or confidential to Defendant.

## OBJECTIONS TO DEFINITIONS

25. Defendant objects to Plaintiffs' Definitions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law. Defendant states the following specific Objections and construes the

defined terms as set forth below. Defendant preserves all objections to any Definition not addressed below to the extent Plaintiffs later contend it applies to any Request.

26. Defendant objects to any Definition to the extent it assumes facts that do not exist or the occurrence of events that did not take place.

27. Defendant objects to Definition No. 2 — "Pegasus Organization" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Definition reaches beyond the two Plaintiffs to any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either Plaintiff; every parent, subsidiary, affiliate, division, joint venture, predecessor, and successor in interest of Pegasus Tech Ventures, Inc.; and every current and former officer, director, manager, partner, employee, agent, representative, consultant, and attorney of each of the foregoing, across a period exceeding seven years. The membership of that group is unknown to Defendant, is not ascertainable by him, lies within Plaintiffs' knowledge rather than his, and has not been identified by Plaintiffs. The provision that a reference to the group means any one or more of its members would render any Request in which the term appears incapable of a determinate admission or denial. Defendant further objects to the inclusion of attorneys within the Definition to the extent it seeks privileged or work product information, and to the Definition to the extent it seeks information concerning non-parties whose privacy interests are protected under the California Constitution and under the law of Japan.

28. Defendant objects to Definition No. 3 — "Yamamoto," "You," "Your," and "Defendant" as overbroad, unduly burdensome, vague, and inconsistent with Rule 36. The Definition purports to expand the responding party beyond the individual defendant to any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and to separate legal entities, including Green Capital Management LLC and "Kyoto Angel Fund." Rule 36(a)(1) directs requests to the party served; Rule 36(a)(4) measures the response by what that party knows or can readily obtain. Defendant cannot ascertain who may purport to act on his behalf. The inclusion of attorneys seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent the Definition assumes that Green Capital Management LLC — a Delaware limited

liability company that was dissolved in Delaware in December 2025 and whose California foreign registration was subsequently cancelled — presently exists or has officers, employees, agents, or records within Defendant's knowledge or control, and to the extent it assumes that "Kyoto Angel Fund" is an entity, fund, or enterprise in which Defendant holds or has held any ownership, managerial, or economic interest. As applied to Requests directed to conduct, receipts, or addresses — including Requests Nos. 17 and 30 — the Definition would require Defendant to admit or deny matters concerning persons and entities other than himself, which he cannot fairly do. Defendant construes these terms to mean Yasumasa Yamamoto individually, and responds based on information within his personal knowledge or readily obtainable by him, excluding privileged and otherwise protected information.

29. Defendant objects to Definition No. 7 — "Document" and "Thing" to the extent it purports to impose obligations broader than Rules 34(a)(1) and 36(a)(1)(B), including by treating every comment, notation, and marginal annotation, every preliminary, intermediate, and final draft, and every non-identical copy as a separate Document. Defendant construes these terms consistent with Rule 34(a)(1). As applied to Requests directed to genuineness, Defendant construes each such Request to refer to the specific document served with the Requests as an exhibit, and to no other document, draft, copy, or version.

30. Defendant objects to Definition No. 8 — "Communication," together with Definition No. 20 as vague, ambiguous, overbroad, and unduly burdensome. Definition No. 8 encompasses every oral, written, and electronic transmission of information, including every meeting, discussion, conversation, and telephone call, over a period exceeding seven years. Definition No. 20 stacks fifteen verbs of connection, so that a Request asking whether Defendant "communicated with" a person "concerning" a subject would extend to any exchange that merely mentioned, pertained to, or in any way involved that subject. So construed, the Requests in which these terms appear have no ascertainable boundary and cannot fairly be admitted or denied. Defendant construes these terms according to their ordinary meaning.

31. Defendant objects to Definition No. 11 — "Green Capital" as overbroad and unduly burdensome to the extent it extends to the predecessors, successors, members, managers, officers,

employees, agents, and attorneys of an entity whose registration has been cancelled, and objects to the inclusion of attorneys as seeking privileged and work product information. Defendant is not the entity and objects to the extent the Definition assumes he has present knowledge of or access to entity records. Defendant responds as to Green Capital Management LLC based on information within his personal knowledge or readily obtainable by him.

32. Defendant objects to Definition No. 12 — "Kyoto Angel Fund" as vague, ambiguous, and assuming facts not established. The phrase "the entity, fund, or enterprise identified as Kyoto Angel Fund" does not identify any ascertainable person or entity, and the extension to any related fund, vehicle, or program bearing that name is indeterminate.

33. Defendant objects to Definition No. 16 — "Identified Individuals" as overbroad, unduly burdensome, and not proportional to the needs of the case. It names sixteen non-parties, nearly all of whom are Japanese nationals or residents and one of whom is a member of Defendant's family. Defendant objects to each Request incorporating or referring to any such individual to the extent it seeks information concerning a non-party whose privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

34. Defendant objects to Definition No. 17 — "person" as overbroad to the extent it extends to governmental bodies and agencies, and to the extent it would require Defendant to admit or deny matters concerning an indeterminate universe of entities whose locations and affiliations are not within his knowledge.

35. Defendant objects to Definition No. 19 — "Relevant Period," defined as January 1, 2019 through the date of response — a span exceeding seven and a half years — as overbroad, unduly burdensome, and not proportional to the needs of the case. The Complaint concerns statements alleged to have been made in 2024 in connection with an event held in May 2024. A period of that length bears no relationship to the conduct alleged. Where a Request does not itself specify a period, Defendant will respond for a period reasonably related to the matters alleged and will state the period used.

36. Defendant objects to Definition No. 22 as rendering the Requests vague, ambiguous, and compound. Requiring that every "and" and every "or" be read simultaneously in the conjunctive and in the disjunctive and converts each Request framed in the alternative as to two persons — including Requests Nos. 25 through 27 — into two or more distinct propositions that cannot be admitted or denied as one. Requiring that the present tense be read as the past tense and the past as the present collapses distinctions that Plaintiff's own Requests draw, including the distinction between Requests Nos. 23 and 24. So construed, the Definition prevents a response that fairly meets the substance of the matter as Rule 36(a)(4) requires. Defendant construes each Request according to its ordinary grammatical meaning, in the tense in which it is written.

**OBJECTIONS TO INSTRUCTIONS**

37. Defendant objects to Plaintiff's Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure. Defendant states the following specific objections. Defendant does not object to Instructions A or D, which restate Rules 36(a)(4) and 36(a)(5). Defendant preserves all objections to any Instruction not addressed below to the extent Plaintiffs later contend it applies to any Request.

38. Defendant objects to Instruction B — reasonable inquiry on the grounds that it is overbroad and unduly burdensome to the extent that it purports to require Defendant to provide information beyond that which is required by Federal Rule of Civil Procedure 36. Defendant further objects to this to the extent it defines reasonable inquiry to include inquiry of his attorneys and of any entity he owns, controls, or manages, which is greater than and/or different from the requirements of Federal Rule of Civil Procedure 36. Defendant further objects to the extent the Instruction would require inquiry of persons or entities located outside the United States in a manner inconsistent with the law of Japan. Rule 36(a)(4) measures the obligation by what the responding party knows or can readily obtain; the Instruction expands that obligation and, as to attorneys, seeks information protected by the attorney-client privilege and the work product doctrine. In responding to the Requests, Defendant will conduct a "reasonable inquiry" and base their answers on "information [they] know[] or can readily obtain." Fed. R. Civ. P. 36(a)(4). Defendant will make

reasonable inquiry as Rule 36(a)(4) requires and will state where the information he knows or can readily obtain is insufficient to enable him to admit or deny.

39. Defendant objects to Instruction C — time for response to the extent it suggests that any matter has been or may be admitted by operation of Rule 36(a)(3). Defendant objects to the purported thirty-day deadline to respond to the Requests on the grounds that it is unduly burdensome to the extent that it fails to provide sufficient time to comply with the Requests. These Responses and Objections are timely served.

40. Defendant objects to Instruction E — effect of an admission as an incomplete statement of Rule 36(b). Rule 36(b) provides that a matter admitted is conclusively established for the purpose of the pending action only, and that an admission is not an admission for any other purpose and may not be used against the party in any other proceeding. Defendant responds on that basis.

41. Defendant objects to Instruction F — expenses under Rule 37(c)(2) as an incomplete statement of Rule 37(c)(2), which by its terms does not permit an award where the Request was objectionable under Rule 36(a), where the admission sought was of no substantial importance, where the party failing to admit had a reasonable ground to believe that it might prevail on the matter, or where there was other good reason for the failure to admit.

42. Defendant objects to Instruction G — Relevant Period and capacity insofar as it directs each Request to the Relevant Period, for the reasons stated in his objection to Definition No. 19. Defendant further objects to the Instruction as vague and ambiguous insofar as it provides that each Request is not limited to any particular capacity in which he acted; Defendant cannot determine what capacities Plaintiff intends to encompass. Defendant responds in his individual capacity.

43. Defendant objects to Instruction H — scope and the propounding party to the extent it purports to enlarge the scope of discovery beyond Rule 26(b)(1), which permits discovery only of matter relevant to a party's claim or defense and proportional to the needs of the case. An Instruction cannot supply relevance or proportionality that the claims and defenses do not.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that You served as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University.

**RESPONSE TO REQUEST NO. 1:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as directed to matters bearing only on personal jurisdiction and forum, which are the subject of his pending motion. Defendant further objects to the phrase "served as a Visiting Scholar" as vague and ambiguous to the extent it implies employment, compensation, particular duties, or any period or degree of physical presence in California. Defendant further objects that the Request contains no time limitation.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Your appointment as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University began in calendar year 2022.

**RESPONSE TO REQUEST NO. 2:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the word "began" as vague and ambiguous, in that it does not distinguish among the date an appointment was offered, the date it was accepted, its stated effective date, and the date of any first physical attendance. Defendant will construe "began" to mean the stated effective date of the appointment. Defendant further objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Your appointment as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University continued into calendar year 2023.

**RESPONSE TO REQUEST NO. 3:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the word "continued" as vague and ambiguous and to the extent it implies continuous physical presence in California throughout the calendar year 2023. Defendant objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 4:**

[redacted]

**RESPONSE TO REQUEST NO. 4:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as directed to matters bearing only on personal jurisdiction and forum. Defendant further objects to the extent the Request implies that

[redacted] or any other number of days, carries legal significance under any applicable standard; it does not. Defendant further objects to the Request as requiring the aggregation of non-consecutive days across [redacted], and as invasive of Defendant's privacy.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: [redacted]

**<u>REQUEST FOR ADMISSION NO. 5</u>:**

[redacted]

**<u>RESPONSE TO REQUEST NO. 5</u>:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the same grounds stated in response to Request for Admission No. 4.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: [redacted]

**<u>REQUEST FOR ADMISSION NO. 6</u>:**

Admit that You were assigned an office or workspace at Encina Hall on the campus of Stanford University in Stanford, California.

**<u>RESPONSE TO REQUEST NO. 6</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the word "assigned" as vague and ambiguous, and objects to the extent the Request equates the listing of a building address on a university directory

page with the assignment of a dedicated office or workspace and/or actual use of such space. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Green Capital Management LLC was registered with the California Secretary of State.

**RESPONSE TO REQUEST NO. 7:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request to the extent it calls for a legal conclusion regarding the meaning and effect of "registered." Defendant further objects that the matter is established by public records equally available to Plaintiffs. Defendant responds as to Green Capital Management LLC only, and not as to any person or entity swept in by Definition No. 3 or Definition No. 11.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the principal place of business reported for Green Capital Management LLC to the California Secretary of State was 55 E. 3rd Avenue, San Mateo, California 94401.

**RESPONSE TO REQUEST NO. 8:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business," and to the extent it assumes that an address

stated in a filing reflects any actual office, operations, employees, or physical presence at that address. Defendant further objects that the matter is established by public records equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You were designated as the agent for service of process for Green Capital Management LLC at an address located in the State of California.

**RESPONSE TO REQUEST NO. 9:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as directed to matters bearing only on personal jurisdiction. Defendant further objects to the extent the Request implies that designation as an agent for service of process constitutes consent to the jurisdiction of this Court for this matter or purposeful availment of the laws of California; it does not.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You held a membership interest in, or served as a manager of, Green Capital Management LLC.

**RESPONSE TO REQUEST NO. 10:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to "membership interest" and "manager" as calling for legal conclusions under the California Revised Uniform Limited Liability Company Act, and responds to the facts rather than to the legal characterization. Defendant responds as to Green Capital

Management LLC only, and not as to any person or entity swept in by Definition No. 3 or Definition No. 11.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You signed the document attached hereto as Exhibit A.

**RESPONSE TO REQUEST NO. 11:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant responds as to himself individually and not as to any person swept in by Definition No. 3.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You signed Exhibit A on January 23, 2026.

**RESPONSE TO REQUEST NO. 12:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant objects that the date appearing on Exhibit A is not clearly legible as reproduced and served, and admits that he signed Exhibit A and that the date appearing on the document appears to read January 23, 2026. Except as expressly admitted, Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You appeared as a presenter, instructor, or panelist at the 2019 Asia 21 Young Leaders Summit.

**<u>RESPONSE TO REQUEST NO. 13</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as compound, in that it joins three distinct roles — presenter, instructor, and panelist — which, particularly as read through Definition No. 22, cannot fairly be admitted or denied as a single matter. Defendant further objects to each of those terms as vague and ambiguous and as undefined by Plaintiff. Defendant objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**<u>REQUEST FOR ADMISSION NO. 14</u>:**

Admit that You participated in a session of the 2019 Asia 21 Young Leaders Summit held on November 16, 2019 at 55 E. 3rd Avenue, San Mateo, California.

**<u>RESPONSE TO REQUEST NO. 14</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to "participated" as vague and ambiguous. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum, and to the extent it implies that attendance at a single event nearly five years before the conduct alleged in the Complaint bears on any claim or defense. Defendant objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**<u>REQUEST FOR ADMISSION NO. 15</u>:**

Admit that You have held the title Managing Partner of Capital Technology LLC.

**<u>RESPONSE TO REQUEST NO. 15</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as containing no time limitation and as directed to matters bearing only on personal jurisdiction and forum. Defendant further objects to the phrase "held the title" and term "Capital Technology LLC" as vague and ambiguous. Defendant further objects to any assumption or implication that the entity Capital Technology LLC is registered in or has any status within the U.S.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits that he held the title Managing Partner or Representative Member of Capital Technology Godo Gaisha, an entity registered in Japan.

**<u>REQUEST FOR ADMISSION NO. 16</u>:**

Admit that You have held a position with Draper Nexus Ventures, also known as DNX Ventures.

**<u>RESPONSE TO REQUEST NO. 16</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the phrase "held a position" as vague and ambiguous and undefined by Plaintiff, in that it does not distinguish among employment, partnership, officer or director service, advisory or consulting engagement, and informal association. Defendant further objects that the Request contains no time limitation and is directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**<u>REQUEST FOR ADMISSION NO. 17</u>:**

Admit that You have received compensation, fees, or reimbursement from at least one person or entity located in the State of California.

**<u>RESPONSE TO REQUEST NO. 17</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as compound, in that it joins three distinct categories of payment. Defendant objects to the phrase "located in the State of California" as vague and ambiguous, and to Definition No. 17, which extends "person" to governmental bodies and agencies. Defendant further objects that the Request contains no subject-matter limitation whatsoever and would encompass any payment of any kind, from any source, over a period exceeding seven years, without regard to whether it bears any relationship to the claims or defenses in this action; so framed, the Request is not proportional to the needs of the case. Defendant further objects to the extent the Request implies that the receipt of any payment constitutes purposeful availment of the laws of California; it does not. Defendant responds as to himself individually and not as to any entity swept in by Definition No. 3.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**<u>REQUEST FOR ADMISSION NO. 18</u>:**

Admit that You sent one or more messages to Jin-ichiro Yamada through the LINE application on June 9, 2024.

**<u>RESPONSE TO REQUEST NO. 18</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant responds as to himself individually and not as to any person or entity swept in by Definition No. 3.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that You communicated with Jin-ichiro Yamada concerning Md Anis Uzzaman.

**RESPONSE TO REQUEST NO. 19:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, overbroad, and unduly burdensome by operation of Definitions Nos. 8 and 20. As defined, "communicated" encompasses every oral, written, and electronic exchange, including every meeting, conversation, and telephone call, and "concerning" encompasses any exchange that in any way mentioned, pertained to, or involved the subject. Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Jin-ichiro Yamada was a contributing factor toward any of Plaintiffs' claims.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You communicated with one or more representatives of Idemitsu Kosan Co., Ltd. concerning Pegasus Tech Ventures, Inc.

**RESPONSE TO REQUEST NO. 20:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, overbroad, and unduly burdensome by operation of Definitions Nos. 8 and 20. As defined, "communicated" encompasses every oral, written, and electronic exchange, including every meeting, conversation,

and telephone call, and "concerning" encompasses any exchange that in any way mentioned, pertained to, or involved the subject. Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the term "representatives" as vague and ambiguous and undefined by Plaintiff; Idemitsu Kosan Co., Ltd. ("Idemitsu") is a large public company, and Defendant cannot determine whether any given individual is or was a "representative" of Idemitsu within Plaintiff's intended meaning. Defendant further objects to the extent a response would require the disclosure of personal information of individuals who are not parties to this action and who are protected under Japanese law, in the absence of an entered Protective Order.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant responds that based on a reasonable inquiry Defendant lacks sufficient knowledge to admit or deny this Request and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that You communicated with one or more representatives of DIC Corporation concerning Pegasus Tech Ventures, Inc.

**RESPONSE TO REQUEST NO. 21:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, overbroad, and unduly burdensome by operation of Definitions Nos. 8 and 20. As defined, "communicated" encompasses every oral, written, and electronic exchange, including every meeting, conversation, and telephone call, and "concerning" encompasses any exchange that in any way mentioned, pertained to, or involved the subject. Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the term "representatives" as vague and ambiguous and undefined by Plaintiff; DIC Corporation ("DIC") is a large public company, and Defendant cannot determine whether any given individual is or was a "representative" of DIC within Plaintiff's intended meaning. Defendant

further objects to the extent a response would require the disclosure of personal information of individuals who are not parties to this action and who are protected under Japanese law, in the absence of an entered Protective Order.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant responds that based on a reasonable inquiry Defendant lacks sufficient knowledge to admit or deny this Request and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You communicated with one or more representatives of Nihonkai Gas Co., Ltd. concerning Pegasus Tech Ventures, Inc.

**RESPONSE TO REQUEST NO. 22:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, overbroad, and unduly burdensome by operation of Definitions Nos. 8 and 20. As defined, "communicated" encompasses every oral, written, and electronic exchange, including every meeting, conversation, and telephone call, and "concerning" encompasses any exchange that in any way mentioned, pertained to, or involved the subject. Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the term "representatives" as vague and ambiguous and undefined by Plaintiff. Nihonkai Gas Co., Ltd. is a privately held company. Because the company is not publicly listed and does not publish officer disclosures, Defendant has no public source against which to confirm what role, if any, a given individual held at the time of any communication. Defendant further objects to the extent a response would require the disclosure of personal information of individuals who are not parties to this action and who are protected under Japanese law, in the absence of an entered Protective Order.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that [redacted] is Your spouse.

**RESPONSE TO REQUEST NO. 23:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as seeking information concerning the marital and familial status of an individual who is not a party to this action, who has asserted no claim, and whose privacy interests are protected under the California Constitution and under the law of Japan. Defendant further objects that the marital status of a non-party is not relevant to any claim or defense pleaded in this action and that the Request is not proportional to the needs of the case. Defendant further objects that no Protective Order has been entered. Defendant responds in the present tense in which the Request is written, and objects to Definition No. 22 insofar as it would collapse the distinction Plaintiff himself draws between this Request and Request for Admission No. 24.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that [redacted] has at any time been Your spouse.

**RESPONSE TO REQUEST NO. 24:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the grounds stated in response to Request for Admission No. 23. Defendant further objects to the phrase "at any time" as unbounded in time.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that You or [redacted] has held an ownership, leasehold, or possessory interest in the real property located at [redacted]

**RESPONSE TO REQUEST NO. 25:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as compound. It joins two persons and three categories of interest and, as read through Definition No. 22, states at least six distinct propositions that cannot fairly be admitted or denied as one. Defendant objects to "ownership," "leasehold," and "possessory interest" as calling for legal conclusions. Defendant further objects to the extent the Request seeks information concerning the property interests of a non-party, whose privacy interests are protected under the California Constitution and under the law of Japan, and objects that no Protective Order has been entered. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that You or [redacted] has been a party to a lease or rental agreement for the real property located at [redacted]

**RESPONSE TO REQUEST NO. 26:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the grounds stated in response to Request for Admission No. 25.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that You or [redacted] has paid rent for the real property located at [redacted]

**RESPONSE TO REQUEST NO. 27:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the grounds stated in response to Request for Admission No. 25.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that You have resided at [redacted]

**RESPONSE TO REQUEST NO. 28:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the word "resided" as vague, ambiguous, and calling for a legal conclusion, in that it is undefined as to duration, continuity, and intent, and carries a settled legal meaning distinct from its colloquial one. Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum, and responds without waiver as set forth in the Preliminary Statement.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that You have stayed overnight at the real property located at [redacted]

**RESPONSE TO REQUEST NO. 29:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as overbroad and not proportional to the needs of the case in that the Request is unbounded by its own terms. Defendant further objects to the extent the Request implies that staying overnight at a residence carries any legal significance for jurisdiction, residence, or domicile; it does not.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that You have used an address located in the State of California as a mailing address at any time since January 1, 2019.

**RESPONSE TO REQUEST NO. 30:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the extent the Request implies that use of a mailing address constitutes purposeful availment or bears on domicile; it does not.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that You have been lawfully admitted to the United States for permanent residence.

**RESPONSE TO REQUEST NO. 31:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as calling for a legal conclusion. "Lawfully admitted for permanent residence" is a defined term under the Immigration and Nationality Act, and whether that status attaches to any individual is a question of law. Defendant further objects to this Request as seeking sensitive personal information concerning immigration status, the disclosure of which implicates privacy interests protected under the California Constitution and under the law of Japan, and as to which no Protective Order has yet been entered. Defendant further objects that immigration status does not establish domicile, and that general jurisdiction over an individual turns on domicile; the Request is therefore not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: [redacted]

**REQUEST FOR ADMISSION NO. 32:**

Admit that You hold a United States Permanent Resident Card.

**RESPONSE TO REQUEST NO. 32:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the privacy, protective-order, and proportionality grounds stated in response to Request for Admission No. 31. Defendant further objects to "hold" as

vague and ambiguous as to time, in that the Request is written in the present tense and Definition No. 22 would purport to extend it to the past.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: [redacted]

**REQUEST FOR ADMISSION NO. 33:**

[redacted]

**RESPONSE TO REQUEST NO. 33:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as seeking sensitive personal information concerning travel and border-crossing history, as to which no Protective Order has been entered. Defendant further objects to the extent the Request implies that [redacted] or any other number of entries, carries legal significance under any applicable standard; it does not. Defendant further objects that the records from which the matter would be determined are maintained by agencies of the United States government and are not within Defendant's possession.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: [redacted]

**REQUEST FOR ADMISSION NO. 34:**

Admit that You have filed a United States federal income tax return for one or more tax years since 2019.

**RESPONSE TO REQUEST NO. 34:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to this Request as seeking information concerning tax filings, which is confidential and privacy-protected, and as to which no Protective Order has been entered. Defendant further objects to the extent the Request implies that the filing of a United States federal income tax return establishes domicile or purposeful availment of the laws of California; it does not, and non-residents file such returns in a variety of circumstances. Defendant further objects that the Request is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that You have filed a California state income tax return for one or more tax years since 2019.

**RESPONSE TO REQUEST NO. 35:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as seeking information concerning tax filings, which is confidential and privacy-protected, and as to which no Protective Order has been entered. Defendant further objects to the extent the Request implies that the filing of a California

state income tax return establishes domicile or purposeful availment of the laws of California; it does not. Defendant further objects that the Request is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that You are not domiciled in the State of California.

**RESPONSE TO REQUEST NO. 36:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as calling for a legal conclusion. Domicile is a legal status determined by the application of law to facts, and Rule 36 does not require a party to admit a contested proposition of law. Defendant further objects to the extent the Request seeks to have Defendant characterize the very question presented by the personal jurisdiction ground of his pending motion.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits that he is not domiciled in the State of California.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Exhibit A is a true and correct copy of the Certificate of Cancellation of Green Capital Management LLC filed with the California Secretary of State on February 18, 2026 under File No. BA20260456650.

**RESPONSE TO REQUEST NO. 37:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Exhibit B is a true and correct copy of a webpage published by Stanford University at https://fsi.stanford.edu/people/yasumasa-yamamoto.

**RESPONSE TO REQUEST NO. 38:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request on the grounds stated in the Preliminary Statement. Defendant is not the author, publisher, or custodian of the webpage. Defendant further objects that the Request contains no date as of which the comparison is to be made, and that Defendant cannot confirm the content of the webpage as published on any date other than the date of his review. Defendant also objects to the Request to the extent it seeks information outside of Defendant's possession, custody and control, and/or that is publicly available and/or of no greater burden for Plaintiffs to determine based on available discovery and information than Defendant.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant responds that based on a reasonable inquiry Defendant lacks sufficient knowledge to admit or deny this Request and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Exhibit C is a true and correct copy of a webpage published by Harvard University at https://us-japan.wcfia.harvard.edu/resource/panelist-yasumasa-yamamoto.

**RESPONSE TO REQUEST NO. 39:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the grounds stated in response to Request for Admission No. 38. Defendant also objects to the Request to the extent it seeks information outside

of Defendant's possession, custody and control, and/or that is publicly available and/or of no greater burden for Plaintiffs to determine based on available discovery and information than Defendant.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant responds that based on a reasonable inquiry Defendant lacks sufficient knowledge to admit or deny this Request and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the individual depicted in the photograph appearing on Exhibit C is You.

**RESPONSE TO REQUEST NO. 40:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request to the extent the photograph as reproduced and served is not of sufficient quality to permit identification from the document itself. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum, and notes that the photograph on its face does not establish the location or date at which it was taken.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Exhibit D is a true and correct copy of a webpage published by Asia Society at https://asiasociety.org/northern-california/events/2019-asia-21-young-leaders-summit.

**RESPONSE TO REQUEST NO. 41:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the grounds stated in response to Request for Admission No. 38. Defendant further objects that Exhibit D contains an event agenda, and that an admission concerning the genuineness of the printout is not an admission that any session listed on

the agenda occurred as described, that Defendant attended or participated in any listed session, or that any description of Defendant appearing on it is accurate. Defendant also objects to the Request to the extent it seeks information outside of Defendant's possession, custody and control, and/or that is publicly available and/or of no greater burden for Plaintiffs to determine based on available discovery and information than Defendant.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant responds that based on a reasonable inquiry Defendant lacks sufficient knowledge to admit or deny this Request and on that basis denies the Request.

DATED: August 26, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By *_/s/ Justin C. Griffin_*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*