# Exhibit 3

**REDACTED**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

vs.

YASUMASA YAMAMOTO, and DOES 1-10, inclusive,

Defendant.

CASE NO. 5:26-cv-00945-NC

**DEFENDANT YASUMASA YAMAMOTO'S RESPONSE TO PLAINTIFF MD ANIS UZZAMAN'S [JOINED BY PLAINTIFF PEGASUS TECH VENTURES, INC.] FIRST SET OF INTERROGATORIES (NOS. 1-12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Yasumasa Yamamoto ("Defendant"), by and through his undersigned counsel, hereby submits the following responses and objections to Plaintiff Md Anis Uzzaman's ("Uzzaman") and Plaintiff Pegasus Tech Ventures, Inc.'s ("Pegasus") (collectively, "Plaintiffs") First Set of Interrogatories (collectively, the "Interrogatories" and each individually an "Interrogatory") to Defendant Yasumasa Yamamoto (Nos. 1-12), served July 27, 2026, as follows. Defendant reserves the right to supplement, amend, modify, or correct these responses and objections.

**GENERAL OBJECTIONS**

Defendant makes the following general objections ("General Objections") to each Request listed in Plaintiffs' Interrogatories. These General Objections are hereby incorporated into each response as if set forth fully therein. The assertion of the same, similar, or additional objections—or partial responses to the Interrogatories—do not waive any of Defendant's General Objections. Defendant's responses are based upon currently available information as a result of reasonable searches and inquiries. Defendant's discovery and investigation of the facts and documents relevant to this case are ongoing. Accordingly, Defendant reserves the right to amend and/or supplement its responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

1. Defendant has moved to dismiss the Complaint on three independent grounds: forum non conveniens, lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6). *See* Dkt. 28. That motion is pending and scheduled to be heard on September 16, 2026. A substantial number of these Interrogatories are directed to Defendant's presence in, contacts with, residence in, travel to, property interests in, entity affiliations with, immigration status in, and tax filings concerning California and the United States. No response, objection, admission, denial, or qualification set forth herein is or shall be construed as (a) consent to the personal jurisdiction of this Court; (b) an admission or concession that this District is a proper, adequate, or convenient forum; (c) a waiver of any ground asserted in the pending motion or of any defense preserved by it; or (d) a submission to the merits of Plaintiffs' claims. Defendant expressly reserves each such defense.

2. Defendant's response to any of these Interrogatories is not (a) a concession that the material is relevant to this case; (b) a waiver of Defendant's general objections or the objections asserted in response to specific Interrogatories; or (c) an agreement that Interrogatories for similar information will be treated in a similar manner.

3. Any response is made solely for the purpose of this action and not for any other purpose or in any other proceeding. Any response is limited to the specific matter, the specific document, and the specific time period stated in the Interrogatory as Defendant construes it, and is not a response as to any other matter, or an admission to any inference Plaintiffs may seek to draw, or of the relevance, materiality, or admissibility of the matter admitted. A statement that Defendant has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny has no effect beyond the specific matter addressed.

4. The Parties are negotiating a stipulated Protective Order and an Electronically Stored Information Protocol. Neither has been entered. These Interrogatories seek information concerning Defendant's personal financial, tax, immigration, residential, and travel circumstances, and concerning a member of Defendant's family who is not a party to this action. In his First Set of Requests for Production, Uzzaman represented that, pending entry of a stipulated Protective Order, he "will treat any material You designate as confidential as though it were designated under the highest tier of the proposed order," and that "[t]he absence of an entered protective order is therefore not a ground to delay or withhold production." Defendant relies on that representation as to both Plaintiffs and, consistent with it, designates responses pertaining to financial, tax, immigration, residential, and travel circumstances, and responses concerning a member of Defendant's family who is not a party to this action, as Attorneys' Eyes Only — the highest tier of the proposed Protective Order. Pending and upon entry of the Protective Order, such material may be disclosed only to outside counsel of record and to those persons to whom the highest tier of the proposed order permits disclosure, may be used solely for the prosecution or defense of this action and for no other purpose or proceeding, and may not be filed or otherwise made public absent a sealing order. Nothing herein waives Defendant's objections that no Protective Order has been entered,

Defendant's right to seek relief under Rule 26(c), or any applicable objections under Japan's Act on the Protection of Personal Information.

5. Defendant objects to these Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are unduly burdensome, overly broad, impose extreme hardship, seek information for which the burden or expense outweighs their likely benefit in resolving the issues of this litigation, would impose an undue burden on Defendant in the form of an excessive expenditure of time and money, or otherwise seek to impose a duty or obligation on Defendant beyond those set forth in the Federal Rules of Civil Procedure, Local Civil Rules of this Court, or other applicable law.

6. Defendant objects to the Interrogatories to the extent they are unreasonable in their scope, subject matter, and/or requested method for compliance.

7. Defendant objects to these Interrogatories to the extent they seek, or may be construed as seeking, information not relevant to the above-captioned action (the "Action"), that is not relevant to any claim or defense raised in this litigation, not reasonably likely to lead to the discovery of admissible evidence, and/or is otherwise beyond the scope of permissible discovery in the Action.

8. Defendant objects to these Interrogatories to the extent they seek information that is unreasonably cumulative or duplicative of document requests, interrogatories, and/or other discovery requests, or is obtainable from some other source that is more convenient, less burdensome, less expensive, or publicly available.

9. Defendant objects to the Interrogatories to the extent they seek or may be construed as seeking information that is not in the possession, custody, or control of Defendant, and/or information equally, or more readily, available to Plaintiffs.

10. Defendant objects to the Interrogatories to the extent they contain any explicit or implicit characterization of facts, events, circumstances, or issues. Defendant's response to a Interrogatory is not intended to mean that Defendant agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories.

11. Defendant objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other available privilege or immunity. The inadvertent disclosure of any information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant and/or immune from discovery shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, the subject matter of the information, or of Defendant's right to object to the use of any such information in this litigation or elsewhere.

12. Defendant objects to each Interrogatory to the extent that it seeks information more properly obtained through depositions or requests for production.

13. Defendant objects to these Interrogatories to the extent they are vague, ambiguous, indefinite, overbroad, or otherwise unclear as to the information sought. Defendant will respond to each Interrogatory as Defendant interprets and understands it. Defendant reserves the right to supplement these Objections and/or Responses if Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Defendant's present understanding.

14. Defendant objects to each Interrogatory to the extent it seeks an admission of a legal conclusion, of the legal effect of a document, or of the application of law to fact, including Interrogatories employing terms that have a defined legal meaning under California, federal, or immigration law or pose questions of law. Where a Interrogatory is susceptible of a factual reading, Defendant will respond to the facts rather than to the legal characterization, and will state the construction on which he responds.

15. Defendant objects to each Interrogatory to the extent it calls for expert opinions, conclusions, or analysis. Defendant will provide expert discovery, as appropriate, according to the schedule determined by the Court.

16. Defendant objects to each Interrogatory to the extent it seeks information concerning the personal circumstances, residence, property, marital or familial status, immigration status, or financial affairs of any person who is not a party to this action. Such persons have made no claim in this action, and their privacy interests are protected under the California Constitution and under the

law of Japan. Defendant further objects to each such Interrogatory as not proportional to the needs of the case.

17. Defendant is a citizen and national of Japan who resides in Japan. Records bearing on these Interrogatories are located in Japan and are predominantly in the Japanese language, and Defendant's reasonable inquiry is measured accordingly. Certain information bearing on these Interrogatories constitutes personal information of individuals who are not parties to this action and who are protected by Japan's Act on the Protection of Personal Information, including its restrictions on the provision of personal data to third parties and on cross-border transfer. Defendant objects to each Interrogatory to the extent a response would require the provision or transfer of such third-party personal information in the absence of an entered Protective Order addressing that material and of the consent or notice required by Japanese law.

18. Defendant objects to the Interrogatories to the extent they purport to require the disclosure of information or documents protected from disclosure by any law, or any applicable state law, court order, protective order, government contract, or any other agreement with respect to confidentiality or non-disclosure. Any inadvertent disclosure of such protected information or documents shall not be construed to waive any applicable protections in any respect or any related grounds for objecting to discovery or admissibility regarding a protected document or regarding the subject matter thereof. Nor shall such inadvertent production or disclosure waive Defendant's rights to object to the use of any such document or information during this action or in any subsequent proceedings.

19. Responding to any Interrogatory is not an admission that any fact assumed or asserted in the Interrogatory is true, that any characterization contained in the Interrogatory is accurate, that any document, communication, entity, relationship, or event referred to in the Interrogatory exists or existed, that the matter is relevant to any claim or defense, that it is admissible, or that Plaintiffs are entitled to it. Defendant does not adopt Plaintiffs' characterization of any statement, event, document, entity, or relationship.

20. Where Defendant states an objection and nonetheless responds in whole or in part, the response is provided subject to and without waiver of the objection, and no partial response

waives any objection as to the remainder. These General Objections, the Objections to Plaintiff's Definitions, and Objections to Plaintiff's Instructions apply to each response and are incorporated where applicable; Defendant also states the grounds for objection with specificity in each individual response.

21. Defendant objects to the Definitions and Instructions preceding the Interrogatories to the extent they seek to impose duties and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law.

22. Defendant objects to each Definition and Instruction to the extent that it seeks information that is proprietary or confidential to Defendant.

## OBJECTIONS TO DEFINITIONS

23. Defendant objects to Plaintiffs' Definitions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law. Defendant states the following specific Objections and construes the defined terms as set forth below. Defendant preserves all objections to any Definition not addressed below to the extent Plaintiffs later contend it applies to any Interrogatory.

24. Defendant objects to any Definition to the extent it assumes facts that do not exist or the occurrence of events that did not take place.

25. Defendant objects to Definition No. 2 — "Pegasus Organization" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Definition reaches beyond the two Plaintiffs to any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either Plaintiff; every parent, subsidiary, affiliate, division, joint venture, predecessor, and successor in interest of Pegasus Tech Ventures, Inc.; and every current and former officer, director, manager, partner, employee, agent, representative, consultant, and attorney of each of the foregoing, across a period exceeding seven years. The membership of that group is unknown to Defendant, is not ascertainable by him, lies within Plaintiffs' knowledge rather than his, and has not been identified by Plaintiffs. The provision that a reference to the group means any one or more of its members would render any Interrogatory in which the term appears incapable of a determinate admission or denial. Defendant further objects

to the inclusion of attorneys within the Definition to the extent it seeks privileged or work product information, and to the Definition to the extent it seeks information concerning non-parties whose privacy interests are protected under the California Constitution and under the law of Japan.

26. Defendant objects to Definition No. 3 — “Yamamoto,” “You,” “Your,” and “Defendant” as overbroad, unduly burdensome, and vague. The Definition purports to expand the responding party beyond the individual defendant to any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and to separate legal entities, including Green Capital Management LLC and “Kyoto Angel Fund.” Defendant cannot ascertain who may purport to act on his behalf. The inclusion of attorneys seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent the Definition assumes that Green Capital Management LLC — a Delaware limited liability company that was dissolved in Delaware in December 2025 and whose California foreign registration was subsequently cancelled — presently exists or has officers, employees, agents, or records within Defendant’s knowledge or control, and to the extent it assumes that “Kyoto Angel Fund” is an entity, fund, or enterprise in which Defendant holds or has held any ownership, managerial, or economic interest. Defendant construes these terms to mean Yasumasa Yamamoto individually, and responds based on information within his personal knowledge or readily obtainable by him, excluding privileged and otherwise protected information.

27. Defendant objects to Definition No. 7 — “Document” and “Thing” to the extent it purports to impose obligations broader than Rule 34(a)(1), including by treating every comment, notation, and marginal annotation, every preliminary, intermediate, and final draft, and every non-identical copy as a separate Document. Defendant construes these terms consistent with Rule 34(a)(1).

28. Defendant objects to Definition No. 8 — “Communication,” together with Definition No. 20 as vague, ambiguous, overbroad, and unduly burdensome. Definition No. 8 encompasses every oral, written, and electronic transmission of information, including every meeting, discussion, conversation, and telephone call, over a period exceeding seven years. Definition No. 20 stacks fifteen verbs of connection, so that an Interrogatory asking whether Defendant “communicated with”

a person "concerning" a subject would extend to any exchange that merely mentioned, pertained to, or in any way involved that subject. So construed, the Interrogatories in which these terms appear have no ascertainable boundary and cannot fairly be admitted or denied. Defendant construes these terms according to their ordinary meaning.

29. Defendant objects to Definition No. 11 — "Green Capital" as overbroad and unduly burdensome to the extent it extends to the predecessors, successors, members, managers, officers, employees, agents, and attorneys of an entity whose registration has been cancelled, and objects to the inclusion of attorneys as seeking privileged and work product information. Defendant is not the entity and objects to the extent the Definition assumes he has present knowledge of or access to entity records. Defendant responds as to Green Capital Management LLC based on information within his personal knowledge or readily obtainable by him.

30. Defendant objects to Definition No. 12 — "Kyoto Angel Fund" as vague, ambiguous, and assuming facts not established. The phrase "the entity, fund, or enterprise identified as Kyoto Angel Fund" does not identify any ascertainable person or entity, and the extension to any related fund, vehicle, or program bearing that name is indeterminate.

31. Defendant objects to Definition No. 16 — "Identified Individuals" as overbroad, unduly burdensome, and not proportional to the needs of the case. It names sixteen non-parties, nearly all of whom are Japanese nationals or residents and one of whom is a member of Defendant's family. Defendant objects to each Interrogatory incorporating or referring to any such individual to the extent it seeks information concerning a non-party whose privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

32. Defendant objects to Definition No. 17 — "person" as overbroad to the extent it extends to governmental bodies and agencies, and to the extent it would require Defendant to admit or deny matters concerning an indeterminate universe of entities whose locations and affiliations are not within his knowledge.

33. Defendant objects to Definition No. 19 — "Relevant Period," defined as January 1, 2019 through the date of response — a span exceeding seven and a half years — as overbroad, unduly burdensome, and not proportional to the needs of the case. The Complaint concerns statements alleged to have been made in 2024 in connection with an event held in May 2024. A period of that length bears no relationship to the conduct alleged. Where an Interrogatory does not itself specify a period, Defendant will respond for a period reasonably related to the matters alleged and will state the period used.

34. Defendant objects to Definition No. 22 as rendering the Interrogatories vague, ambiguous, and compound in that it requires every "and" and every "or" be read simultaneously in the conjunctive and in the disjunctive, and requires that the present tense be read as the past tense and the past as the present, which collapses distinctions that Plaintiff's own Interrogatories draw. Defendant construes each Interrogatory according to its ordinary grammatical meaning, in the tense in which it is written.

## OBJECTIONS TO INSTRUCTIONS

35. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of creating a privilege log absent an agreement of the Parties as to the parameters of any such log.

36. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of identifying or producing documents that are either outside of Defendant's possession, custody, or control, or are already available to Plaintiffs from another source.

37. Defendant objects to Plaintiffs' instructions to the extent they are inconsistent with or seek to impose obligations, burdens, or duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, any applicable orders of the Court, or any agreement or stipulation of the Parties, including the Electronically Stored Information Protocol and Protective Order that are currently being negotiated.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person to whom You communicated, at any time during the Relevant Period, any statement concerning any member of the Pegasus Organization, and for each such statement state the date, the medium by which it was communicated, each person present or copied, and the substance of what You said.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory because it is overbroad and not proportionate to the needs of the litigation, particularly in that it is not limited to the statements alleged in the Complaint, to statements alleged to be false, or to statements alleged to have caused any injury, and instead reaches every communication on a subject over more than seven years. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 1. Defendant further objects to the demand that he state "the substance of what You said" as to each such statement as unduly burdensome and as calling for information not reasonably available to him; no person can reconstruct from memory the substance of every statement made on a subject over a period of years, and Defendant cannot certify such an answer as complete. Defendant further objects to this Interrogatory to the extent it seeks or would reveal information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege. Defendant further objects to this Interrogatory to the extent it seeks personally identifiable information. Defendant further objects to this Interrogatory to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce non-privileged documents that will enable Plaintiffs to ascertain the information requested.

**INTERROGATORY NO. 2:**

Identify each electronic mail address, telephone number, Messaging Application account (including its display name and account identifier), and social media account that You used at any time during the Relevant Period to send or receive any Communication concerning any member of the Pegasus Organization.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least four discrete subparts within the meaning of Rule 33(a)(1), each directed to a separate category of identifier: electronic mail addresses, telephone numbers, Messaging Application accounts (themselves subdivided into display name and account identifier), and social media accounts. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 6. Defendant further objects to this Interrogatory to the extent it seeks or would reveal information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege. Defendant further objects to this Interrogatory to the extent it seeks personally identifiable information. Defendant further objects to this Interrogatory as a predicate for forensic collection of Defendant's personal devices and accounts, which Plaintiffs have made no showing to justify and to which Defendant does not consent. Defendant further objects to this Interrogatory as seeking the identification of electronically stored information sources, custodians, and collection targets, which is the proper subject of a negotiated Electronically Stored Information Protocol under the Court's Guidelines for the Discovery of Electronically Stored Information and Rule 26(f), and not of a party-propounded Interrogatory. Defendant further objects to this Interrogatory to the extent

it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the identification of relevant accounts, custodians, and data sources through a phased custodian-and-source identification process, to be addressed in the Electronically Stored Information Protocol negotiated by the Parties, and to do so promptly upon entry of the Electronically Stored Information Protocol and Protective Order.

**INTERROGATORY NO. 3:**

Identify each mobile telephone, computer, tablet, and other device that You used at any time during the Relevant Period to send or receive any Communication concerning any member of the Pegasus Organization, and for each state whether it remains in Your possession, custody, or control and, if it does not, its current location and custodian.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least three discrete subparts within the meaning of Rule 33(a)(1): one directed to the identification of each device, a second directed to whether each device remains in Defendant's possession, custody, or control, and a third directed to the current location and custodian of each device that does not. Defendant further objects to this Interrogatory because the term "other device" is vague, indefinite, and/or ambiguous. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 6. Defendant further objects to this Interrogatory as a predicate for forensic collection of Defendant's personal devices and accounts, which Plaintiffs have made no showing to justify and to which Defendant does not consent. Defendant further objects to the extent the Interrogatory requires Defendant to state the current location and custodian of devices no longer in his possession, custody, or control, which calls for information not within his knowledge and not

reasonably available to him. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding device and data-source identification through a phased custodian-and-source identification process, to be addressed in the Electronically Stored Information Protocol negotiated by the Parties, promptly upon entry of the Electronically Stored Information Protocol and Protective Order.

**INTERROGATORY NO. 4:**

For each account and device identified in response to Interrogatories Nos. 2 and 3, describe the retention and loss of Communications concerning any member of the Pegasus Organization, including any automatic-deletion, disappearing-message, or retention-limit setting in effect and the period during which it applied, and any instance in which such a Communication was deleted, destroyed, overwritten, lost, or otherwise rendered unavailable, together with the date, the manner, and the person responsible.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least three discrete subparts within the meaning of Rule 33(a)(1); it asks separately about retention settings, about the period each applied, and about each instance of deletion, destruction, overwriting, or loss, together with date, manner, and responsible person, as to every account and every device. Defendant further objects to this Interrogatory as a spoliation predicate untethered to any showing that any responsive information has been lost. Rule 37(e) supplies the exclusive framework for addressing the loss of electronically stored information, and requires as a threshold matter a showing that information that should have been preserved was lost because a party failed to take reasonable steps to preserve it. Defendant further objects to this Interrogatory because the term "rendered

unavailable" is vague, indefinite, and/or ambiguous. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 7. Defendant further objects to the extent the Interrogatory calls for information concerning the server-side retention, deletion, or overwriting behavior of consumer electronic mail and messaging platforms operated by third parties, which is not within Defendant's personal knowledge, is not within his possession, custody, or control, and is at least equally available to Plaintiffs from the platform operators or from publicly available documentation. Defendant further objects to the extent the Interrogatory assumes that any communication has been deleted, destroyed, overwritten, lost, or rendered unavailable.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant has taken reasonable steps to preserve potentially relevant information and that his preservation obligations in this action have been and are being met. Defendant states, based on information presently known and reasonably available to him after reasonable inquiry, that he is not aware of any responsive Communication having been deleted, destroyed, overwritten, or otherwise rendered unavailable by him or at his direction.

**INTERROGATORY NO. 5:**

Identify each entity that You formed, owned, managed, controlled, or held an ownership or economic interest in during the Relevant Period that was organized or registered under the laws of California or of any other State of the United States, or that maintained an office, mailing address, or agent for service of process in California or in any other State of the United States, and for each state the State or States involved, Your role, and the period of Your involvement.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and containing at least six discrete subparts within the meaning of Rule 33(a)(1), in that it rests on two independent bases of inclusion — entities organized or registered under the laws of a State, and entities maintaining

an office, mailing address, or agent for service of process in a State — and further requires, as to each, the State or States involved, Defendant's role, and the period of his involvement. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims and defenses at issue in the litigation. Plaintiffs concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Interrogatory because the terms "owned," "managed," "controlled," "ownership," and "economic interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Interrogatory to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Interrogatory to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) and appropriate scope of an Interrogatory seeking information regarding third party entities that are not alleged to have made any statements regarding Plaintiffs.

**INTERROGATORY NO. 6:**

Describe each occasion on which You were physically present in California or in any other State of the United States during the Relevant Period, stating the dates, the duration, the location, and the purpose of that presence.

**RESPONSE TO INTERROGATORY NO. 6:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks information about Defendant's presence in states other than California and further seeks an occasion-by-occasion reconstruction of every entry into the United States over a period exceeding seven and a half years. Japanese passports issued to Defendant do not bear a complete record of United States entries and exits, and Defendant has no contemporaneous log of his travel. Reconstructing each occasion, with dates, duration, location, and purpose, would require Defendant to assemble and cross-reference airline records, hotel records, payment records, and calendar entries spanning a period of over seven years, some of which may no longer be within his possession.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) and appropriate scope of an Interrogatory seeking information regarding Defendant's physical presence in California.

**INTERROGATORY NO. 7:**

State each fact on which You rely in support of any contention that this Court lacks personal jurisdiction over You, and identify each person with knowledge of and each Document supporting each such fact.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as a premature contention interrogatory. Discovery has just opened, no scheduling order has been entered, no discovery cutoff or pretrial conference date has been set, and Defendant has received no documents from Plaintiffs. Defendant further objects to this Interrogatory as compound and as containing at least three discrete subparts within the meaning of Rule 33(a)(1): the Interrogatory seeks each fact, each person with knowledge of each fact, and each Document supporting each fact. Defendant further objects to this Interrogatory to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine.

Defendant further objects to this Interrogatory to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to the extent the Interrogatory assumes that Defendant bears any burden on the question of personal jurisdiction; Plaintiffs bear the burden of establishing that this Court may exercise personal jurisdiction over Defendant. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant refers Plaintiffs to his pending motion to dismiss and to the declarations filed in support of it, which set out the facts on which Defendant presently relies, and states that the persons with knowledge of those facts include Defendant. Defendant will supplement this response at the close of fact discovery or at such other time as the Court directs.

**INTERROGATORY NO. 8:**

State each fact on which You rely in support of any contention that this Action should be adjudicated in Japan or in any forum other than this District, and identify each person with knowledge of and each Document supporting each such fact.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as a premature contention interrogatory. Discovery has just opened, no scheduling order has been entered, no discovery cutoff or pretrial conference date has been set, and Defendant has received no documents from Plaintiffs. Defendant further objects to this Interrogatory as compound and as containing at least three discrete subparts within the meaning of Rule 33(a)(1): the Interrogatory seeks each fact, each person with knowledge of each fact, and each Document supporting each fact. Defendant further objects to this Interrogatory to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine.

Defendant further objects to this Interrogatory to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to the extent the Interrogatory assumes that Defendant bears any burden on the question of personal jurisdiction; Plaintiffs bear the burden of establishing that this Court may exercise personal jurisdiction over Defendant. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant refers Plaintiffs to his pending motion to dismiss and to the declarations filed in support of it, including the declaration of Defendant and the declaration addressing the law and courts of Japan, which together set out the facts on which Defendant presently relies concerning the availability and adequacy of a Japanese forum, the location of witnesses and evidence, the language of the relevant communications and documents, and the private and public interest considerations bearing on the convenience of the forum. Defendant will supplement this response at the close of fact discovery or at such other time as the Court directs.

**INTERROGATORY NO. 9:**

Identify each person who has knowledge of any fact concerning the claims or defenses in this Action, and for each person describe the subject matter of that knowledge.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks the identity of every person having knowledge of any fact, a universe broader than Rule 26(a)(1)(A)(i), which reaches individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Defendant further objects that this Interrogatory is duplicative of Rule 26(a)(1)(A)(i) and premature. Defendant further objects to the demand for the home address,

personal telephone number, and personal electronic mail address of non-parties, nearly all of whom are residents of Japan whose personal information is protected under the Act on the Protection of Personal Information and whose privacy interests are protected under the California Constitution. Defendant further objects to the extent the Interrogatory calls for Defendant to characterize the knowledge of persons other than himself, which is not within his knowledge. Defendant further objects to the extent the Interrogatory seeks the identity of persons known to counsel, or counsel's assessment of the subject matter of any person's knowledge, as protected by the work product doctrine. Defendant further objects to this Interrogatory as a premature initial-disclosure demand. Defendant further objects that the Interrogatory, read together with Definitions 18 and 20 and Instruction A, would require identification of, and compilation of contact and employment information for, every person to whom Defendant has ever referred to the existence or pendency of this Action, without regard to whether that person has knowledge of any fact material to any claim or defense. Subject to and without waiving that objection, Defendant identifies persons with knowledge of facts material to the claims and defenses, and does not identify persons whose only knowledge is of the existence, pendency, or procedural status of the Action or the State Action.

Subject to and without waiving the foregoing, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant's investigation is continuing and Defendant will supplement this response and his initial disclosures under Rule 26(e) if and as appropriate.

**INTERROGATORY NO. 10:**

Identify each person, other than Your legal counsel, who has paid, advanced, guaranteed, reimbursed, agreed to pay, or otherwise contributed to the payment of any attorney's fee, cost, or expense incurred by You in connection with the Action or the State Action, or who holds any financial interest in the outcome of either, stating for each the nature and amount of the payment or interest, the date the arrangement was made, and that person's relationship to You.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least four discrete subparts within the meaning of Rule 33(a)(1): the Interrogatory seeks information about each person who "has paid, advanced, guaranteed, reimbursed, agreed to pay or otherwise contributed" to legal expenses incurred in the Action, has done the same with respect to the State Action, has a "financial interest" in the outcome of the Action, and has the same such interest with respect to the State Action. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses at issue in the litigation. Defendant further objects to this Interrogatory because the terms "otherwise contributed," "arrangement" and "financial interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 31. Defendant further objects to this Interrogatory to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) of this Interrogatory.

**INTERROGATORY NO. 11:**

State each address in the United States at which You have resided, stayed, or received mail at any time since January 1, 2019, and identify each item of real property located in the United States in which You, [redacted], or any entity in which You hold an interest has held any ownership, leasehold, tenancy, possessory, or beneficial interest during that period, stating for each the dates of that interest and the identity of the landlord, lessor, or owner, including the real property located at [redacted].

**<u>RESPONSE TO INTERROGATORY NO. 11</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least four discrete subparts within the meaning of Rule 33(a)(1): one directed to addresses at which Defendant resided, stayed, or received mail, a second directed to real property interests held by Defendant, a third directed to real property interests held by non-parties, and a fourth directed to the identity of the landlord, lessor, or owner of the real property located at [redacted]. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims and defenses at issue in the litigation. Plaintiffs concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 14. Defendant further objects to this Interrogatory to the extent it seeks personally identifiable information. Defendant further objects to this Interrogatory to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Interrogatory to the extent it seeks information regarding [redacted] Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) of this Interrogatory.

**<u>INTERROGATORY NO. 12</u>:**

State whether You hold or have at any time held any United States immigration status or travel authorization, including lawful permanent residence, a Permanent Resident Card, an immigrant or nonimmigrant visa of any classification, employment authorization, or trusted traveler

status, and for each state the classification, the date it was granted, the date it expired or was surrendered if applicable, and whether it remains in effect.

**<u>RESPONSE TO INTERROGATORY NO. 12</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least two discrete subparts: Defendant's "immigration status or travel authorization." Defendant objects to the qualifier "at any time" as unbounded and exceeding even Plaintiffs' own Relevant Period. Defendant also specifically objects to this Interrogatory because it seeks information that is not relevant to the claims and defenses at issue in the litigation. Plaintiffs concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 15. Defendant further objects to this Interrogatory to the extent it seeks personally identifiable information. Defendant further objects to this Interrogatory to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) of this Interrogatory.

DATED: August 26, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By *<u>/s/ Justin C. Griffin</u>*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004

Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*