United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

v.

YASUMASA YAMAMOTO,

Defendant.

Case No. 26-cv-00945-NC

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: ECF 28

Defendant Yasumasa Yamamoto moves to dismiss the complaint on the basis that this Court lacks personal jurisdiction over him. Plaintiffs concede that Defendant is a Japanese citizen and resident, but argue that his alleged defamatory statements injured Plaintiffs in California. This order assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties. Because the Court finds that it lacks personal jurisdiction over Defendant, it GRANTS Defendant's motion to dismiss. However, because Plaintiffs could allege additional facts that could cure this deficiency, the Court grants Plaintiffs leave to amend.

**I. The Court Lacks Specific Personal Jurisdiction Over Defendant**

The Ninth Circuit has established a three-part inquiry, referred to as the minimum contacts test, to determine whether a court has specific personal jurisdiction over a defendant:

(1) The non-resident defendant must purposefully direct his activities or

> consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

**i. Purposeful Direction**

Plaintiffs argue the Court should apply the framework from *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597 (9th Cir. 2018) to determine whether Defendant purposefully directed his activities to California. ECF 31 at 15–16. Plaintiffs contend that since Defendant accepted an in-person California meeting the day after the purportedly tortious message was sent, Defendant was likely in California when the statement was made. *Id.* at 16. So, Plaintiffs claim, Defendant purposefully availed himself of the forum because he committed the intentional tort while physically present in California. *Id.* at 15–16 (citing *Freestream*, 905 F.3d at 603–04). But this allegation is nowhere in Plaintiffs' complaint. *See generally* ECF 1, Compl. Arguments in a motion to dismiss are not facts alleged in a complaint and for that reason a court cannot consider them when deciding on such a motion. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Thus, the Court declines to consider this argument at this juncture.

Because Plaintiff's claims sound in tort, the Court applies a purposeful direction analysis. *Schwarzenegger*, 374 F.3d at 802. In applying a purposeful direction analysis,

"[courts] typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984)). The effects test includes three elements: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *AMA Multimedia, Ltd. Liab. Co. v. Wanat*, 970 F.3d 1201, 1208–09 (9th Cir. 2020) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)).

Defendant's actions were not expressly aimed at the forum state. Plaintiffs argue that Defendant, who runs a California company, holds a Stanford appointment, and works back and forth between Japan and California, "aimed statements about a Santa Clara County resident and a San Jose company at the California venture capital community on which their business depends, knowing the injury would be felt here." ECF 31 at 16. Plaintiffs aver that their "claims arise out of and relate to that conduct, because the tort is the sending of the messages and the injury is the loss of California business relationships." ECF 31 at 16. But Plaintiffs do not allege that Defendant acted because of his connection to Green Capital Management LLC, Stanford, or any work he does in California, *i.e.*, his connections to the forum. The Court cannot solely rely on Plaintiff's injuries in California to support personal jurisdiction over Defendant. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Defendant's activities as alleged here do not.

Because Plaintiffs have not established that Defendant purposefully directed his activities to California, the Court need not address the remaining factors. *Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of these [first two] prongs, personal jurisdiction is not established in the forum state."). Additionally, because the Court lacks

personal jurisdiction over Defendant, it will not address Defendant's remaining arguments as to why the complaint should be dismissed.

## II. CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss with leave to amend. By November 20, 2026, Plaintiffs may amend or file notice that they do not seek to amend. Plaintiffs may not add any additional parties or claims without leave of Court. Defendant need not answer the complaint while waiting for Plaintiffs' November 20, 2026, response. Rather, Defendant must answer or respond within twenty-one days after Plaintiffs' November 20, 2026, filing.

**IT IS SO ORDERED.**

Dated: November 6, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California