Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**PLAINTIFFS' MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT**<br><br>**[Civil L.R. 6-3]** |

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Under Federal Rule of Civil Procedure 6(b)(1)(A) and Civil Local Rule 6-3, Plaintiffs move to extend the November 20, 2026 deadline to file the Amended Complaint to the later of December 18, 2026, or 21 days after Defendant completes his responses to the outstanding jurisdictional discovery. On November 6, the Court dismissed the Complaint for lack of personal jurisdiction with leave to amend because the Complaint did not allege facts such as where Defendant was when he sent the defamatory messages at issue, or that Defendant acted because of his ties to California. ECF No. 41 at 2-3. Those are facts about Defendant's own travel and business, and Plaintiffs asked him for them in discovery months ago. Defendant refused to provide them, objecting that his whereabouts and California activities were irrelevant, and then, in his motion to dismiss reply brief, withdrew "the statements that imply that he was in Japan at all relevant times" without saying where he was. ECF No. 35 at 13 n.2. After the Court's November 6 Order, those facts are central to the forthcoming Amended Complaint. Plaintiffs ask for enough time to plead them from Defendant's discovery responses. Defendant does not agree to the extension and has stated that he will oppose it. Armstrong Decl. ¶ 7 & Ex. B.

## I. BACKGROUND

The Court's November 6 Order granted leave to amend the Complaint because Plaintiffs could allege additional facts that could cure the personal jurisdiction pleading deficiency. ECF No. 41 at 1. Plaintiffs had asked Defendant for those facts months earlier, in discovery requests served July 27 and September 2, 2026. Armstrong Decl. ¶ 3. On August 18, the Court denied Defendant's request to stay discovery pending his motion to dismiss, ruling that "[d]iscovery may proceed." ECF No. 30. Defendant nonetheless objected to the location, communication, and California-activity requests without answering them, chiefly on relevance grounds. He objected, for example, that his "physical presence in California in April 2024 is therefore irrelevant to any claim or defense at issue," and that his communications about Plaintiffs were irrelevant "regardless of whether the communication's recipient was physically present in California." Armstrong Decl. Ex. C at 12-13, 32. His interrogatory responses withhold the sought information, and he has produced no documents. *Id.* ¶¶ 3-5 & Exs. C-F.

The Court's November 6 Order undercuts the premise of those objections. It identifies

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Defendant's physical presence in California and his connections to California as the facts missing from the Complaint's jurisdictional allegations. ECF No. 41 at 2-3. On November 9, the first court day after issuance of the Order, Plaintiffs wrote to Defendant identifying the requests that seek those facts and explaining why they can no longer be withheld as irrelevant. Armstrong Decl. ¶ 6 & Ex. A. On November 10, Plaintiffs proposed this extension, and the parties scheduled a meet-and-confer for November 12 to discuss Defendant's discovery deficiencies. On November 11, Defendant declined to stipulate to the extension requested herein. *Id.* ¶ 7 & Ex. B.

## II. GOOD CAUSE EXISTS

Good cause for a timely extension under Rule 6(b)(1)(A) "is a non-rigorous standard," and timely requests "should 'normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted). The extension would allow the Amended Complaint to rest on the jurisdictional discovery the Court's November 6 Order makes material. That discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). In a defamation case, the Ninth Circuit treated amendment and jurisdictional discovery together, directing the district court to decide whether the plaintiff "should be permitted to amend his complaint, conduct jurisdictional discovery, or both." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1218 (9th Cir. 2022). Courts in this District have set the amendment deadline after that discovery. *See Phan v. Grand Bahama Cruise Line, LLC*, No. 15-cv-05019-BLF, 2016 WL 5407919, at *4 (N.D. Cal. Sept. 28, 2016) (setting the amendment deadline after the close of jurisdictional discovery); *Ji v. Naver Corp.*, No. 21-cv-05143-HSG, ECF No. 238 at 2-3, 7 (N.D. Cal. June 10, 2024) (stipulated order setting the amendment deadline 21 days after the conclusion of jurisdictional discovery).

## III. THE DISCOVERY IS CENTRAL TO JURISDICTIONAL DEFICIENCIES

The discovery Defendant has refused to answer goes directly to the personal jurisdiction pleading deficiencies identified in the Court's November 6 Order. Armstrong Decl. ¶¶ 3-5, 7 & Exs. C-F; ECF No. 41 at 2-3.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

The first pleading deficiency identified by the Court is the absence of any allegation that Defendant was in California when he sent the messages. ECF No. 41 at 2. Request for Admission No. 60 asks Defendant to "[a]dmit that You were physically present in California when You sent the Yamada Messages." RFA Nos. 42 through 50 ask whether he was in California on April 25, 26, and 30, May 9, and June 9, 2024, and for a minimum number of days in 2024. He objected to each without admitting or denying it. He also declined to admit or deny that he sent Professor Yamada messages about Plaintiffs on or about April 25, 2024 (RFA No. 56), although he admitted sending Professor Yamada LINE messages referring to Pegasus's Quibi investment (RFA No. 55). Armstrong Decl. Ex. C at 8-20. Critically, Interrogatory No. 6 asks for each occasion on which he was physically present in California or elsewhere in the United States. He objected and offered only to confer about "the relevance (if any) and appropriate scope" of that inquiry, without providing any dates or locations. *Id.*, Ex. D at 9-10. To the requests for his United States entry and exit records and for documents concerning his presence in California, he responded that he "will not produce documents in response to this Request as written." *Id.*, Ex. E at 7-10 (RFP Nos. 16 and 23).

The second pleading deficiency identified in the Court's November 6 Order is the absence of any allegation that Defendant acted because of his California connections, including Green Capital Management LLC and Stanford University. ECF No. 41 at 3. Plaintiffs' first set of RFAs asks about those connections directly: his appointment as a Visiting Scholar at Stanford and its duration, his office at Encina Hall, and his role in Green Capital as its California agent for service of process and as a member or manager (RFA Nos. 1, 3, 6, 9, and 10). To each, after objections, he responded only that he was willing to meet and confer, but he provided no answer. Armstrong Decl. Ex. F at 8-13. RFA Nos. 61 through 74 ask whether he communicated about Plaintiffs with seven named venture professionals and whether he understood each to be based primarily in California, and No. 85 asks whether he communicated about Plaintiffs with anyone physically present in California in 2024. He objected to all of them without admitting or denying any. *Id.*, Ex. C at 20-32. Interrogatory No. 1 asks him to identify each person to whom he

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

communicated statements about Plaintiffs. He invoked Rule 33(d) but has produced no documents. *Id.* ¶¶ 3, 5 & Ex. D at 7-8.

These facts are within Defendant's own knowledge, and Plaintiffs need not make a prima facie showing to obtain them. A "colorable basis" for jurisdiction, "or 'some evidence' constituting a lesser showing than a prima facie case," is enough. *Calix Networks, Inc. v. Wi-LAN, Inc.*, No. 09-cv-06038-CRB-DMR, 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citing *eMag Sols., LLC v. Toda Kogyo Corp.*, No. 02-cv-1611-PJH, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006)). Plaintiffs have already pointed to Defendant's California company, his Stanford appointment, and his work back and forth between Japan and California. ECF No. 41 at 3. Nor does the request rest on "bare allegations in the face of specific denials." *Calix*, 2010 WL 3515759, at *3 (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). Defendant has neither admitted nor denied that he was in California when he sent the messages, and he has withdrawn his statements implying that he was in Japan at all relevant times. ECF No. 35 at 13 n.2. This case is therefore unlike *Nimbus Data Sys., Inc. v. Modus LLC*, where the request concerned general jurisdiction and was "based entirely on the speculation that discovery might reveal facts that support general jurisdiction." No. 14-cv-04192 NC, 2014 WL 7387200, at *7 (N.D. Cal. Dec. 29, 2014).

## IV. DILIGENCE AND PREJUDICE

Plaintiffs have been diligent. They served the requests in July and September 2026 and submitted Defendant's first responses to the Court in August, in opposing his motion to dismiss. ECF No. 33. The Court's November 6 Order identified specific deficiencies in the Complaint's jurisdictional allegations that the outstanding discovery addresses. Plaintiffs wrote to Defendant on November 9 (the next court day) and filed this motion nine days before the current deadline to file the Amended Complaint. The November 12 discovery dispute meet-and-confer is eight days before the current deadline. If the conference does not resolve the dispute, the Court's Civil Standing Order requires a joint discovery letter, and any responses the Court orders will take additional time. Eight days is not enough to complete that process, obtain the responses, and plead from them. Armstrong Decl. ¶ 8.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

Without the extension, Plaintiffs would have to amend on an incomplete jurisdictional record and would likely need to seek leave to amend again once Defendant eventually provides complete discovery responses. *Id.* The extension would not prejudice Defendant. The requested deadline turns on Defendant's own compliance with discovery the Court has already allowed to proceed. ECF No. 30. No trial date or discovery schedule has been set. The next case management conference is January 13, 2027, with a joint statement due January 6, 2027. ECF No. 40. Defendant need not respond to the Complaint in the interim (ECF No. 41 at 4), and Defendant's 21-day period to respond to the Amended Complaint is preserved. No party has previously sought a change of time. Armstrong Decl. ¶¶ 9-10.

## V. CONCLUSION

Plaintiffs respectfully request that the Court extend the deadline to file the Amended Complaint to the later of December 18, 2026, or 21 days after Defendant completes his responses to the jurisdictional discovery identified in the Armstrong Declaration, as set out in the proposed order.

Dated: November 11, 2026

Respectfully submitted,

/s/ *Jeremiah A. Armstrong*
Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070

*Attorneys for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*