Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

Attorneys for Plaintiffs
Md Anis Uzzaman and
Pegasus Tech Ventures, Inc.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-00945-NC<br><br>**DECLARATION OF JEREMIAH A. ARMSTRONG IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT**<br><br>**[Civil L.R. 6-3(a)]** |

I, Jeremiah A. Armstrong, declare as follows.

1. I am an attorney admitted to practice before this Court and counsel of record for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc. I have personal knowledge of the facts stated below and could testify competently to them.

2. Reasons for the extension pursuant to Civil L.R. 6-3(a)(1): The Court's November 6, 2026 Order dismissed the Complaint for lack of personal jurisdiction with leave to amend by November 20, 2026. ECF No. 41 at 4. Plaintiffs requested discovery on those personal jurisdiction subjects months before the November 6 Order, and Defendant has not provided it. Plaintiffs seek the extension so that the amended complaint can be prepared with Defendant's responses to that discovery.

3. On July 27, 2026, Plaintiffs served first sets of requests for admission, interrogatories, and requests for production on Defendant. On September 2, 2026, Plaintiffs served a second set of requests for admission, Nos. 42 through 95. Defendant's first responses were dated August 26, 2026, and received by Plaintiffs on August 27, 2026. Defendant served responses to the Second Set of Requests for Admission on October 2, 2026. As of the date of this declaration, Defendant has produced no documents in response to Plaintiffs' requests for production.

4. Attached are true and correct copies of excerpts of Defendant's responses to Plaintiffs' Second Set of Requests for Admission (Exhibit C), to Plaintiffs' First Set of Interrogatories, as filed in redacted form at ECF No. 36-4 (Exhibit D), to Plaintiffs' First Set of Requests for Production, as filed at ECF No. 33-5 (Exhibit E), and to Plaintiffs' First Set of requests for Admission, in the redacted form filed at ECF No. 36-3 (Exhibit F).

5. Of the 54 requests in the Second Set of Requests for Admission, Defendant admitted one (No. 55), provided a qualified denial in response to one (No. 91), offered to meet and confer on one (No. 92), and objected to the other 51 requests without admitting or denying them. In response to Interrogatory No. 1, Defendant stated that he would produce documents under Rule 33(d). He has not identified or produced any documents.

6. On November 9, 2026, I sent Defendant's counsel a letter identifying the outstanding requests, explaining their relevance in light of the Court's November 6 Order, and requesting a conference. Exhibit A is a true and correct copy of that letter.

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

7. Efforts to obtain a stipulation pursuant to Civil L.R. 6-3(a)(2): On November 10, 2026, I asked Defendant's counsel whether Defendant would stipulate to an extension. I proposed that the amended complaint be due the later of December 18, 2026, or 21 days after Defendant serves complete substantive responses to, and completes production in response to, Requests for Admission Nos. 1, 3, 6, 9, 10, 13, 14, 16, 17, 30, 42-54, 56-90, and 95, Interrogatories Nos. 1-3, 5-7, 9, and 11, and Requests for Production Nos. 1, 6, 14, 16, 19, 20, 23, 25-28, and 30 (the "Jurisdictional Requests"), measured against the scope agreed by the parties or ordered by the Court. The parties scheduled a discovery meet-and-confer for November 12, 2026. On November 11, 2026, Defendant's counsel responded that "Defendant does not agree to and will oppose Plaintiffs' request to extend their deadline to amend the complaint." Exhibit B is a true and correct copy of that email and the earlier emails in the thread.

8. Harm if time is not changed pursuant to Civil L.R. 6-3(a)(3): The November 12 discovery meet-and-confer is eight days before the current deadline to file the Amended Complaint, and Thanksgiving falls within the requested extension. If the conference does not resolve the disputes, they must be presented through the Court's joint discovery letter procedure, and Plaintiffs will need time to review any responses and documents before amending. Without the extension, Plaintiffs would have to amend on an incomplete jurisdictional record and would likely need to seek leave to amend again once Defendant provides complete responses. I am not aware of any prejudice to Defendant from the extension.

9. Previous time modifications pursuant to Civil L.R. 6-3(a)(5): No party has previously sought a change of time by stipulation or motion. The Court continued the initial case management conference three times, most recently to January 13, 2027 (ECF Nos. 10, 27, 40), granted the motion for alternative service before the noticed hearing date (ECF Nos. 19, 20), and set deadlines for Plaintiffs' supplemental submission and Defendant's reply (ECF No. 39).

10. Effect on the schedule pursuant to Civil L.R. 6-3(a)(6): The amended complaint would be due no earlier than December 18, 2026. If it is filed that day, Defendant's response would be due before the January 13, 2027 case management conference. A later filing date may

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

warrant that conference to be reset. No trial date or discovery schedule has been set. The joint case management statement is currently due January 6, 2027 (ECF No. 40).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 11, 2026, at Half Moon Bay, California.

/s/ *Jeremiah A. Armstrong*
Jeremiah A. Armstrong

LAW OFFICES OF
CRAIG S. MILLER, P.C.
42 MILLER AVENUE • MILL VALLEY • CA 94941
PHONE 415-296-7070 • FAX 415-449-6301

# EXHIBIT A

to the
Declaration of Jeremiah A. Armstrong in Support of
Plaintiffs' Motion to Extend Time to File Amended Complaint

*Uzzaman, et al. v. Yamamoto*
Case No. 5:26-cv-00945-NC

THE LAW OFFICES OF
Craig S. Miller, P.C.
CIVIL LITIGATION | TRANSACTIONAL

Corporate
Real Estate
Employment Law
Trust & Estate
Personal Injury
Mediation

Jeremiah A. Armstrong
jarmstrong@craigsmillerlaw.com
415-296-7070

November 9, 2026

VIA EMAIL

Dawn Yamane Hewett
Quinn Emanuel Urquhart & Sullivan, LLP
555 13th Street NW, Suite 600
Washington, DC 20004
dawnhewett@quinnemanuel.com

Re: *Uzzaman, et al. v. Yamamoto*, No. 5:26-cv-00945-NC (N.D. Cal.)

Dear Ms. Hewett:

I write under Civil Local Rule 37-1(a) and the Court's Civil Standing Order to confer about Defendant's responses to Interrogatories Nos. 1 through 12 and Requests for Admission Nos. 1 through 41, served August 26, 2026, and his responses to Requests for Admission Nos. 42 through 95, served October 2, 2026. The Standing Order requires a direct conversation before a dispute is submitted. I am available for a conference on Tuesday, November 10, 2026 from 12:30 p.m. Pacific onward, and on Wednesday, November 11, 2026 from 9:30 a.m. Pacific onward. Please let me know by the end of today which time works. Plaintiffs intend to promptly submit whatever is not resolved to the Court.

**The November 6 order**

On November 6, 2026, the Court dismissed the Complaint for lack of personal jurisdiction with leave to amend by November 20. ECF No. 41. The order rests on two findings. The Court declined to consider whether Defendant was physically present in California when he sent the messages at issue because that fact was not alleged in the Complaint, and it held that the Complaint did not allege that Defendant acted because of his connection to Green Capital Management LLC, Stanford, or his other work in California. The Court granted leave because "Plaintiffs could allege additional facts that could cure this deficiency."

The requests Defendant has refused to answer are the requests that go to those two findings. Requests for Admission Nos. 42 through 50 and 60 ask whether Defendant was physically present in California on specified days in 2024 and

Corporate
Real Estate
Employment Law
Trust & Estate
Personal Injury
Mediation

when he sent the Yamada Messages. Interrogatory No. 6 asks him to describe each occasion of his physical presence in the United States, and Requests for Production Nos. 16 and 23 ask for the entry, exit, and travel records that would answer it. Requests Nos. 61 through 74 and 85 ask whether he communicated about Plaintiffs with seven named California venture professionals and with any person physically present in California in 2024. Requests Nos. 86 through 90 ask what he knew about Plaintiffs' California operations and whether he used his Stanford office or attended California industry events in 2024. Defendant objected to every one of them as irrelevant, as seeking information that is not "liability-producing," or as premature while the motion to dismiss was pending.

Those objections have no footing after November 6. The Court has identified Defendant's location when he sent the messages and the relationship between his conduct and his California business as the facts on which jurisdiction turns. A request that asks for those facts is not irrelevant. It is the discovery the order calls for. The pending-motion objection is gone twice over: the Court denied a stay on August 18 and said discovery may proceed (ECF No. 30), and the motion is no longer pending. Defendant also withdrew, in his reply brief, the statements implying that he was in Japan at all relevant times. ECF No. 35 at 13 n.2. Having withdrawn the claim that he was in Japan, he cannot refuse to say where he was.

**The October 2 responses to Requests Nos. 42 through 95**

Fifty-one of the fifty-four responses contain no answer. Rule 36(a)(4) gives a responding party three choices. It may admit, it may deny, or it may state in detail why after reasonable inquiry it can neither admit nor deny. Only Nos. 55 and 91 do any of those. No. 92 states that Defendant is willing to confer. Every other response ends with objections. Rule 36(a)(5) requires that the grounds for an objection be stated, but it does not make an objection a substitute for an answer. Defendant answered twenty-four of the forty-one requests in the first set outright and gave lack-of-knowledge answers to five more. He answered two of fifty-four this time, on substantially the objections he overcame in August.

Seven of the responses (Nos. 51, 60, 86, 87, 88, 93, and 94) object that the requests assume a June 9, 2024 date for the Yamada Messages, and your reply brief contends that the screenshots bear April and May date markers. Defendant cannot have it both ways. If he contends the messages were sent in April and May 2024, then Nos. 56 through 59 ask whether he sent messages to Professor Yamada on or about April 25, April 26, April 30, and May 9, 2024, and Nos. 46 through 49 ask whether he was physically present in California on each of those dates. He objected to all eight without answering. A party who disputes the date of his own messages and then refuses to answer the requests framed on the dates he proposes is not disputing the date. He is avoiding the question. Defendant has

Corporate
Real Estate
Employment Law
Trust & Estate
Personal Injury
Mediation

admitted sending Professor Yamada LINE messages referring to the Quibi Investment (No. 55). He has the messages. He knows when he sent them and where he was. Nos. 46 through 50 and 56 through 60 should be answered on whatever dates Defendant contends are correct, and the answers should say what those dates are.

**The August 26 responses to Requests Nos. 1 through 41**

Twelve of those responses say only that "Defendant is willing to meet and confer with Plaintiffs regarding this Request." Those are Nos. 1, 3, 6, 9, 10, 13, 14, 16, 17, 30, 34, and 35. Willingness to confer is not one of the three things Rule 36(a)(4) permits, and in the more than ten weeks since, Defendant has not asked for the conference he offered. Several are hard to account for against his own answers. He admitted No. 2, that his Visiting Scholar appointment at Stanford began in 2022, but will not say whether he served as a Visiting Scholar (No. 1), whether the appointment continued into 2023 (No. 3), or whether he was assigned an office at Encina Hall (No. 6). He admitted that Green Capital Management LLC was registered in California (No. 7) and that its reported principal place of business was in San Mateo (No. 8), but will not say whether he was its agent for service at a California address (No. 9) or held a membership interest in it (No. 10). These are facts about his own affairs. They are also, after November 6, the facts the Court has said matter.

**The August 26 responses to Interrogatories Nos. 1 through 12**

These responses are not verified. Rule 33(b)(3) requires that each interrogatory, to the extent it is not objected to, "be answered separately and fully in writing under oath," and Rule 33(b)(5) requires that "[t]he person who makes the answers must sign them." The document I received bears only counsel's signature. Please serve a verification signed by Defendant.

On the substance, one of the twelve is answered. No. 4, on retention and loss of communications, has a real response. The other eleven do not.

- Nos. 5, 6, 10, 11, and 12 say only that Defendant is willing to confer about "the relevance (if any)" of the interrogatory. They ask him to identify his California entities, describe his occasions of presence in the United States, identify who is funding his defense, state his United States addresses, and state his immigration status and travel authorization. No. 6 is the interrogatory the November 6 order makes central.

Corporate
Real Estate
Employment Law
Trust & Estate
Personal Injury
Mediation

- Nos. 2 and 3 defer identification of his accounts, custodians, data sources, and devices to a "phased custodian-and-source identification process" in an ESI protocol that does not exist.

- Nos. 7 and 8 answer by referring me to Defendant's motion to dismiss and its supporting declarations. Rule 33(b)(3) requires the interrogatory to be answered, not cross-referenced to a brief, and Rule 33(a)(2) reserves to the Court, not the responding party, the decision to defer a contention interrogatory. No. 7 asks him to state the facts supporting his contention that this Court lacks personal jurisdiction and to identify the persons with knowledge of them. The only person he identifies is himself.

- No. 9 asks him to identify each person with knowledge of any fact concerning the claims or defenses. The response states that Defendant "identifies persons with knowledge of facts material to the claims and defenses" and then names no one.

- No. 1 invokes Rule 33(d) and states that Defendant "will produce non-privileged documents that will enable Plaintiffs to ascertain the information requested." Rule 33(d) requires the responding party to specify the records in sufficient detail for the requesting party to locate and identify them, and to give the requesting party a reasonable opportunity to examine them. No records have been specified and none have been produced.

**Document Requests, Protective Order and ESI Protocol**

Despite Plaintiffs' requests for production, Defendant has produced no documents in response to those requests. And thirty-one of Defendant's thirty-two production responses object to the extent the request seeks material "prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating." I sent you a draft stipulated protective order on July 27, 2026. One hundred five days later I have no comments on it. Send me your comments, or tell me the draft is acceptable, and I will submit it for entry. If Defendant wants a separate ESI protocol, then please prepare a draft for my consideration. Neither document can do the work of a discovery objection in the meantime, and neither has anything to do with whether Defendant was in California in 2024.

Corporate
Real Estate
Employment Law
Trust & Estate
Personal Injury
Mediation



**Preservation**

Interrogatory No. 4 states that Defendant has taken reasonable steps to preserve potentially relevant information. It does not confirm preservation of the specific accounts, devices, and applications Plaintiffs identified, including LINE, the application through which the messages at issue were sent. Please confirm in writing that the LINE account and its contents, including any cloud or device backup, are preserved and that auto-delete and disappearing-message settings are off.

**The conference**

Please come to the meet and confer prepared to state, for each discovery request identified above, whether Defendant will answer it and by when, and Defendant's final position on the protective order and on preservation. The Standing Order calls for a joint statement setting out each unresolved issue and each side's final proposed compromise. Plaintiffs will send it for your contribution right after our conference and file it shortly thereafter.

Sincerely,

Jeremiah A. Armstrong

Jeremiah A. Armstrong

# EXHIBIT B

to the

Declaration of Jeremiah A. Armstrong in Support of

Plaintiffs' Motion to Extend Time to File Amended Complaint

*Uzzaman, et al. v. Yamamoto*

Case No. 5:26-cv-00945-NC

THE LAW OFFICES OF Craig S. Miller, P.C. CIVIL LITIGATION | TRANSACTIONAL

**Jeremiah Armstrong <jarmstrong@craigsmillerlaw.com>**

---

# RE: Uzzaman, et al. v. Yamamoto, No. 5:26-cv-00945-NC (N.D. Cal.): Discovery

1 message

---

**Scott Schlafer** <scottschlafer@quinnemanuel.com> Wed, Nov 11, 2026 at 10:16 AM
To: Jeremiah Armstrong <jarmstrong@craigsmillerlaw.com>, Dawn Yamane Hewett <dawnhewett@quinnemanuel.com>, Justin Griffin <justingriffin@quinnemanuel.com>, Zach Hopp <zachhopp@quinnemanuel.com>
Cc: James Wagstaffe <wagstaffe@ammcglaw.com>, Jennifer Grayson <jgrayson@ammcglaw.com>, Craig Miller <cmiller@craigsmillerlaw.com>, Michael Pascoe <mpascoe@craigsmillerlaw.com>

Jeremiah,

Defendant does not agree to and will oppose Plaintiffs' request to extend their deadline to amend the complaint. Zach sent around a dial-in for tomorrow's meeting.

Thanks,

Scott

---

**From:** Jeremiah Armstrong <jarmstrong@craigsmillerlaw.com>
**Sent:** Tuesday, November 10, 2026 2:27 PM
**To:** Scott Schlafer <scottschlafer@quinnemanuel.com>; Dawn Yamane Hewett <dawnhewett@quinnemanuel.com>; Justin Griffin <justingriffin@quinnemanuel.com>; Zach Hopp <zachhopp@quinnemanuel.com>
**Cc:** James Wagstaffe <wagstaffe@ammcglaw.com>; Jennifer Grayson <jgrayson@ammcglaw.com>; Craig Miller <cmiller@craigsmillerlaw.com>; Michael Pascoe <mpascoe@craigsmillerlaw.com>
**Subject:** Re: Uzzaman, et al. v. Yamamoto, No. 5:26-cv-00945-NC (N.D. Cal.): Discovery

**[EXTERNAL EMAIL from jarmstrong@craigsmillerlaw.com]**

---

Scott,

Thank you for getting back to me. Let's meet and confer on Thursday, November 12, at 11:00 a.m. Pacific regarding the discovery issues. Please send a dial-in that works for your team.

The extension request for the Amended Complaint needs to be addressed sooner because of the Court's November 20 amendment deadline. I intend to submit a request to extend that deadline by midday tomorrow, November 11, whether by stipulation or motion. Please let me know by 11 a.m. Pacific tomorrow whether Defendant will stipulate. The discovery disputes can be addressed at Thursday's conference and, if necessary, through the Court's joint-letter procedure afterward. If we can't resolve everything Thursday, I'll promptly send Plaintiffs' portion after the call.

To clarify the stipulated extension proposal, the Amended Complaint would be due December 18, 2026, ***or*** 21 days after Mr. Yamamoto serves complete substantive responses and completes production of responsive, nonprivileged documents to the following jurisdictional discovery requests, *whichever is later*:

- RFAs Nos. 1, 3, 6, 9, 10, 13, 14, 16, 17, 30, 42-54, 56-90, and 95.
- Interrogatories Nos. 1-3, 5-7, 9, and 11.
- RFPs Nos. 1, 6, 14, 16, 19, 20, 23, 25-28, and 30.

Completion would be measured against the scope agreed by the parties or ordered by the Court after any remaining objections are resolved. This list identifies the discovery underlying the proposed extension. Plaintiffs preserve all other discovery disputes addressed in the November 9 letter.

Defendant's response to the Amended Complaint would be due 21 days after filing, or later by agreement and Court approval if you would like additional time over the holidays.

Thank you,

Jeremiah A. Armstrong

Of Counsel

**Law Offices of Craig S. Miller, P.C.**

We Moved: 42 Miller Avenue, Mill Valley, CA 94941

415-296-7070

213-985-2950 (cell)

415-449-6301 (fax)

jarmstrong@craigsmillerlaw.com

On Tue, Nov 10, 2026 at 2:08 PM Scott Schlafer <scottschlafer@quinnemanuel.com> wrote:

> Jeremiah,
>
> We are available to meet and confer regarding your November 9 letter this Thursday at 11 am or 3pm PT.
>
> To be clear, we do not agree with most of the positions in your letter and reserve all objections. As you know, Defendant served his discovery responses months ago, yet Plaintiffs had never asked to meet and confer until demanding one with a day's notice. Consistent with Judge Cousins' standing order, any discovery dispute should proceed through the required meet-and-confer process and, if necessary, a joint letter brief. We do not consent to Plaintiffs submitting any filing immediately following our meeting without first providing us an opportunity to review Plaintiffs' written position and prepare a response.
>
> We will discuss your request for an extension with our client but cannot commit to having an answer this afternoon. Your threat to file a motion if you do not have a response within 5 hours is neither well taken nor allowed under the local rules.
>
> Best,
>
> Scott
>
> ---
>
> **From:** Jeremiah Armstrong <jarmstrong@craigsmillerlaw.com>
> **Sent:** Tuesday, November 10, 2026 12:16 PM
> **To:** Dawn Yamane Hewett <dawnhewett@quinnemanuel.com>; Justin Griffin <justingriffin@quinnemanuel.com>; Scott Schlafer <scottschlafer@quinnemanuel.com>; Zach Hopp <zachhopp@quinnemanuel.com>
> **Cc:** James Wagstaffe <wagstaffe@ammcglaw.com>; Jennifer Grayson <jgrayson@ammcglaw.com>; Craig Miller <cmiller@craigsmillerlaw.com>; Michael Pascoe <mpascoe@craigsmillerlaw.com>
> **Subject:** Re: Uzzaman, et al. v. Yamamoto, No. 5:26-cv-00945-NC (N.D. Cal.): Discovery
>
> **[EXTERNAL EMAIL from jarmstrong@craigsmillerlaw.com]**

---

Dawn,

Following up on my letter from yesterday, can you let me know when you are available to meet and confer? I am free the rest of today, and tomorrow after 9:30 a.m. Pacific.

Also, would Defendant stipulate to extend the November 20 deadline for the amended complaint by four weeks, to December 18? With the open discovery issues and Thanksgiving, I think that makes sense for both sides, and I am happy to build in extra time for Defendant's responsive pleading given the holidays. Given the timing, I would appreciate an answer on the extension by 5 p.m. Pacific today. Otherwise, I intend to file a motion with the Court tomorrow.

Thank you,

Jeremiah A. Armstrong

Of Counsel

**Law Offices of Craig S. Miller, P.C.**

We Moved: 42 Miller Avenue, Mill Valley, CA 94941

415-296-7070

213-985-2950 (cell)

415-449-6301 (fax)

jarmstrong@craigsmillerlaw.com

On Mon, Nov 9, 2026 at 12:56 PM Jeremiah Armstrong <jarmstrong@craigsmillerlaw.com> wrote:

> Dawn,
>
> Please see the attached letter.
>
> Jeremiah A. Armstrong
>
> Of Counsel
>
> **Law Offices of Craig S. Miller, P.C.**
>
> We Moved: 42 Miller Avenue, Mill Valley, CA 94941
>
> 415-296-7070
>
> 213-985-2950 (cell)
>
> 415-449-6301 (fax)
>
> jarmstrong@craigsmillerlaw.com

# EXHIBIT C

*(Excerpts)*

to the
Declaration of Jeremiah A. Armstrong in Support of
Plaintiffs' Motion to Extend Time to File Amended Complaint

*Uzzaman, et al. v. Yamamoto*
Case No. 5:26-cv-00945-NC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 5:26-cv-00945-NC<br><br>**DEFENDANT YASUMASA YAMAMOTO'S RESPONSE TO PLAINTIFFS MD ANIS UZZAMAN AND PEGASUS TECH VENTURES, INC.'S SECOND SET OF REQUESTS FOR ADMISSION (NOS. 42-95)** |

21. Where Defendant states an objection and nonetheless responds in whole or in part, the response is provided subject to and without waiver of the objection, and no partial response waives any objection as to the remainder. Consistent with Rule 36(a)(5), Defendant also states the grounds for objection with specificity in each individual response.

22. Defendant objects to the Definitions and Instructions preceding the Requests to the extent they seek to impose duties and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law.

23. Defendant objects to each Definition and Instruction to the extent that it seeks information that is proprietary or confidential to Defendant.

## OBJECTIONS TO DEFINITIONS

24. Defendant objects to Plaintiffs' Definitions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law. Defendant states the following specific Objections and construes the defined terms as set forth below. Defendant preserves all objections to any Definition not addressed below to the extent Plaintiffs later contend it applies to any Request.

25. Defendant objects to any Definition to the extent it assumes facts that do not exist or the occurrence of events that did not take place.

26. Defendant objects to Definition No. 2 — "Pegasus Organization" — as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Definition reaches beyond the two Plaintiffs to any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either Plaintiff; every parent, subsidiary, affiliate, division, joint venture, predecessor, and successor in interest of Pegasus Tech Ventures, Inc.; and every current and former officer, director, manager, partner, employee, agent, representative, consultant, and attorney of each of the foregoing, across a period exceeding seven years. The membership of that group is unknown to Defendant, is not ascertainable by him, lies within Plaintiffs' knowledge rather than his, and has not been identified by Plaintiffs. The provision that a reference to the group means any one or more of its members would render any Request in which the term appears incapable of a determinate admission or denial. Defendant further objects to

the Definition to the extent it seeks information concerning non-parties whose privacy interests are protected under the California Constitution and under the law of Japan.

27. Defendant objects to Definition No. 3 — "Yamamoto," "You," "Your," and "Defendant" — as overbroad, unduly burdensome, vague, and inconsistent with Rule 36. The Definition purports to expand the responding party beyond the individual defendant to any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and to separate legal entities, including Green Capital Management LLC and "Kyoto Angel Fund." Rule 36(a)(1) directs requests to the party served; Rule 36(a)(4) measures the response by what that party knows or can readily obtain. Defendant cannot ascertain who may purport to act on his behalf. The inclusion of attorneys seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent the Definition assumes that Green Capital Management LLC — a Delaware limited liability company that was dissolved in Delaware in December 2025 and whose California foreign registration was subsequently cancelled — presently exists or has officers, employees, agents, or records within Defendant's knowledge or control, and to the extent it assumes that "Kyoto Angel Fund" is an entity, fund, or enterprise in which Defendant holds or has held any ownership, managerial, or economic interest. Defendant construes these terms to mean Yasumasa Yamamoto individually, and responds based on information within his personal knowledge or readily obtainable by him, excluding privileged and otherwise protected information.

28. Defendant objects to Definition No. 7 — "Document" and "Thing" — to the extent it purports to impose obligations broader than Rules 34(a)(1) and 36(a)(1)(B), including by treating every comment, notation, and marginal annotation, every preliminary, intermediate, and final draft, and every non-identical copy as a separate Document. Defendant construes these terms consistent with Rule 34(a)(1).

29. Defendant objects to Definition No. 8 — "Communication" — together with Definition No. 20 as vague, ambiguous, overbroad, and unduly burdensome. Definition No. 8 encompasses every oral, written, and electronic transmission of information, including every meeting, discussion, conversation, and telephone call, over a period exceeding seven years.

Definition No. 20 stacks sixteen verbs of connection, so that a Request asking whether Defendant "communicated with" a person "concerning" a subject would extend to any exchange that merely mentioned, pertained to, or in any way involved that subject. So construed, the Requests in which these terms appear have no ascertainable boundary and cannot fairly be admitted or denied. Defendant construes these terms according to their ordinary meaning.

30. Defendant objects to Definition No. 11 — "Green Capital" — as overbroad and unduly burdensome to the extent it extends to the predecessors, successors, members, managers, officers, employees, agents, and attorneys of an entity whose registration has been cancelled, and objects to the inclusion of attorneys as seeking privileged and work product information. Defendant is not the entity and objects to the extent the Definition assumes he has present knowledge of or access to entity records. Defendant responds as to Green Capital Management LLC based on information within his personal knowledge or readily obtainable by him.

31. Defendant objects to Definition No. 12 — "Kyoto Angel Fund" — as vague, ambiguous, and assuming facts not established. The phrase "the entity, fund, or enterprise identified as Kyoto Angel Fund" does not identify any ascertainable person or entity, and the extension to any related fund, vehicle, or program bearing that name is indeterminate.

32. Defendant objects to Definition No. 16 — "Identified Individuals" — as overbroad, unduly burdensome, and not proportional to the needs of the case. It names sixteen non-parties, nearly all of whom are Japanese nationals or residents. Defendant objects to each Request incorporating or referring to any such individual to the extent it seeks information concerning a non-party whose privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

33. Defendant objects to Definition No. 17 — "person" — as overbroad to the extent it extends to governmental bodies and agencies, and to the extent it would require Defendant to admit or deny matters concerning an indeterminate universe of entities whose locations and affiliations are not within his knowledge.

34. Defendant objects to Definition No. 19 — "Relevant Period," defined as January 1, 2019 through the date of response — a span exceeding seven and a half years — as overbroad, unduly burdensome, and not proportional to the needs of the case. The Complaint concerns statements alleged to have been made in 2024 in connection with an event held in May 2024. A period of that length bears no relationship to the conduct alleged. Where a Request does not itself specify a period, Defendant will respond for a period reasonably related to the matters alleged and will state the period used.

35. Defendant objects to Definition No. 22 as rendering the Requests vague, ambiguous, and compound. Requiring that every "and" and every "or" be read simultaneously in the conjunctive and in the disjunctive converts each Request framed in the alternative as a Request for two or more distinct propositions that cannot be admitted or denied as one. Requiring that the present tense be read as the past tense and the past as the present collapses distinctions that Plaintiffs' own Requests draw. So construed, the Definition prevents a response that fairly meets the substance of the matter as Rule 36(a)(4) requires. Defendant construes each Request according to its ordinary grammatical meaning, in the tense in which it is written.

36. Defendant objects to Definition No. 23 — "Physically present in California" — as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information about Defendant's physical presence for "any duration and for any purpose, including transit through any airport located in California."

37. Defendant objects to Definition No. 25 — "Based primarily in California" — as vague, ambiguous, and indefinite, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Definition to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Definition as impermissibly compound because it refers to a person's "principal residence" or "principal place of business." Defendant further objects to this Definition as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about Defendant's "understanding at any time during that year." Defendant further objects to any Request relying on this Definition to the extent it seeks information concerning a non-party whose

privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

38. Defendant objects to Definition No. 26 — "The Yamada Messages" — as vague, ambiguous, and the topic of an ongoing dispute between the parties. Plaintiffs define "the Yamada Messages" as "the messages depicted in the two screenshots reproduced on page 4 of the Declaration of Jin-ichiro Yamada attached as Exhibit A to the Complaint (ECF No. 1)." Plfs.' Second Set of Reqs. for Admission at 6. Plaintiffs continue to baselessly contend that those screenshots reflect messages to Jin-ichiro Yamada dated June 9, 2024. Compl. Ex. A at 3–4; Dkt. 31 at 15 (Plfs.' Opp. to Mot. to Dismiss); Dkt. 33-2 at ECF p. 5 (Plfs.' Supplemental Submission). Defendant, however, did not send Jin-ichiro Yamada any messages on June 9, 2024. Defendant's Response to Request No. 18. Plaintiffs nevertheless refuse to correct or otherwise clarify their allegations despite having weeks to do so and despite being obligated to do so under applicable ethical rules, including California Rule of Professional Conduct 3.3(a)(1). The screenshots are also untranslated and almost completely illegible; Plaintiffs have not cured these issues, either.

**OBJECTIONS TO INSTRUCTIONS**

39. Defendant objects to Plaintiffs' Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure. Defendant states the following specific objections. Defendant does not object to Instructions A or D, which restate Rules 36(a)(4) and 36(a)(5). Defendant preserves all objections to any Instruction not addressed below to the extent Plaintiffs later contend it applies to any Request.

40. Defendant objects to Instruction B — reasonable inquiry — on the grounds that it is overbroad and unduly burdensome to the extent that it purports to require Defendant to provide information beyond that which is required by Federal Rule of Civil Procedure 36. Defendant further objects to this Instruction to the extent it defines reasonable inquiry to include inquiry of his attorneys and of any entity he owns, controls, or manages, which is greater than and/or different from the requirements of Federal Rule of Civil Procedure 36. Defendant further objects to the extent the Instruction would require inquiry of persons or entities located outside the United States in a

45. Defendant objects to Instruction H — scope and the propounding party — to the extent it purports to enlarge the scope of discovery beyond Rule 26(b)(1), which permits discovery only of matter relevant to a party's claim or defense and proportional to the needs of the case. An Instruction cannot supply relevance or proportionality that the claims and defenses do not.

46. Defendant objects to Instruction I — permissible responses under Rule 36(a)(4) — as an incomplete statement of Rule 36. Rules 36(a)(3) and 36(a)(5) expressly permit objections to requests.

47. Defendant objects to Instruction J — requirements for objections — as an inaccurate statement of Rule 36(a)(5). Rule 36(a)(5) does not say "[e]ach objection must be stated with specificity as to the particular request objected to," nor does it prohibit a responding party from incorporating general objections by reference. Rule 36(a)(5) provides that "[t]he grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Defendant's responses fully comply with Rule 36(a)(5) and, in any event, include specific objections.

48. Defendant objects to Instruction K — requirements for Requests "concerning Uzzaman, Pegasus Organization and/or Startup World Cup" — as a direct violation of Rule 36(a)(2), which expressly provides that "[e]ach matter must be separately stated."

## <u>**RESPONSES TO REQUESTS FOR ADMISSION**</u>

**<u>REQUEST FOR ADMISSION NO. 42</u>:**

Admit that You were physically present in California on at least thirty days during calendar year 2024.

**<u>RESPONSE TO REQUEST NO. 42</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25,

2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Defendant's general physical presence in California is irrelevant to specific jurisdiction. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's general physical presence in California in 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to the extent the Request implies that thirty days, or any other number of days, carries legal significance under any applicable standard; it does not. Defendant further objects to the Request as requiring the aggregation of non-consecutive days across an entire calendar year, and as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 43:**

Admit that You were physically present in California on at least five days during the month of April 2024.

**RESPONSE TO REQUEST NO. 43:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of*

*the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Defendant's general physical presence in California is irrelevant to specific jurisdiction. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's general physical presence in California in 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to the extent the Request implies that five days, or any other number of days, carries legal significance under any applicable standard; it does not. Defendant further objects to the Request as requiring the aggregation of non-consecutive days across an entire calendar month, and as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 44:**

Admit that You were physically present in California on at least five days during the month of May 2024.

**RESPONSE TO REQUEST NO. 44:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v.*

*Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Defendant's general physical presence in California is irrelevant to specific jurisdiction. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's general physical presence in California in 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to the extent the Request implies that five days, or any other number of days, carries legal significance under any applicable standard; it does not. Defendant further objects to the Request as requiring the aggregation of non-consecutive days across an entire calendar month, and as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 45:**

Admit that You were physically present in California on at least five days during the month of June 2024.

**RESPONSE TO REQUEST NO. 45:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the

issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Defendant's general physical presence in California is irrelevant to specific jurisdiction. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's general physical presence in California in 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to the extent the Request implies that five days, or any other number of days, carries legal significance under any applicable standard; it does not. Defendant further objects to the Request as requiring the aggregation of non-consecutive days across an entire calendar month, and as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 46:**

Admit that You were physically present in California on April 25, 2024.

**RESPONSE TO REQUEST NO. 46:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Plaintiffs do not allege that Defendant made any actionable statements in April 2024. Defendant's physical presence in California in April 2024 is therefore

irrelevant to Plaintiffs' claims. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in April 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's physical presence in California in April 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to this Request as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 47:**

Admit that You were physically present in California on April 26, 2024.

**RESPONSE TO REQUEST NO. 47:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Plaintiffs do not allege that Defendant made any actionable statements in April 2024. Defendant's physical presence in California in April 2024 is therefore irrelevant to Plaintiffs' claims. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in April 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's physical presence in California in April 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to this Request as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 48:**

Admit that You were physically present in California on April 30, 2024.

**RESPONSE TO REQUEST NO. 48:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Plaintiffs do not allege that Defendant made any actionable statements in April 2024. Defendant's physical presence in California in April 2024 is therefore irrelevant to Plaintiffs' claims. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in April 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's physical presence in California in April 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to this Request as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 49:**

Admit that You were physically present in California on May 9, 2024.

**RESPONSE TO REQUEST NO. 49:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Plaintiffs do not allege that Defendant made any actionable statements in May 2024. Defendant's physical presence in California in May 2024 is therefore irrelevant to Plaintiffs' claims. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in May 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's physical presence in California in May 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to this Request as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 50:**

Admit that You were physically present in California on June 9, 2024.

**RESPONSE TO REQUEST NO. 50:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is

to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. "Plaintiffs rely on specific jurisdiction." Dkt. 31 at ECF p. 15 (Plfs.' Opp. to Mot. to Dismiss). Defendant did not send Jin-ichiro Yamada any messages on June 9, 2024. Defendant's Response to Request No. 18. Defendant's physical presence in California on June 9, 2024 is therefore irrelevant to Plaintiffs' claims. Furthermore, this Request is also irrelevant to Defendant's forum non conveniens arguments because Defendant's presence in California in June 2024 has no bearing on whether a California forum is convenient and appropriate in 2026. Defendant's physical presence in California on June 9, 2024 is therefore irrelevant to any claim or defense at issue.

Defendant further objects to this Request as invasive of Defendant's privacy.

**REQUEST FOR ADMISSION NO. 51:**

Admit that You sent the Yamada Messages.

**RESPONSE TO REQUEST NO. 51:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because Definition No. 26 — "The Yamada Messages" — is vague, ambiguous, and the topic of an ongoing dispute between the parties. Plaintiffs define the Yamada Messages as "the messages depicted in the two screenshots reproduced on page 4 of the Declaration of Jin-ichiro Yamada attached as Exhibit A to the Complaint (ECF No. 1)." Plfs.' Second Set of Reqs. for Admission at 6. Plaintiffs continue to baselessly contend that those screenshots reflect messages to Jin-ichiro Yamada dated June 9, 2024. Compl. Ex. A at 3–4; Dkt. 31 at 15 (Plfs.' Opp. to Mot. to Dismiss); Dkt. 33-2 at ECF p. 5 (Plfs.' Supplemental Submission). Defendant, however, did not send Jin-ichiro Yamada any messages on June 9, 2024. Defendant's Response to Request No. 18. Plaintiffs nevertheless refuse to correct or otherwise

**RESPONSE TO REQUEST NO. 54:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—especially if the discussions relate to another third party. This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Jin-ichiro Yamada was a contributing factor toward any of Plaintiffs' claims.

**REQUEST FOR ADMISSION NO. 55:**

Admit that You sent one or more messages to Jin-ichiro Yamada through the LINE application referring to the Quibi Investment.

**RESPONSE TO REQUEST NO. 55:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that

cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties about the Quibi Investment. This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Jin-ichiro Yamada was a contributing factor toward any of Plaintiffs' claims.

Subject to the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 56:**

Admit that You sent one or more messages to Jin-ichiro Yamada through the LINE application concerning Uzzaman, Pegasus Organization and/or Startup World Cup on or about April 25, 2024.

**RESPONSE TO REQUEST NO. 56:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can

be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects to the extent that the Request implies that any communication with Jin-ichiro Yamada was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 57:**

Admit that You sent one or more messages to Jin-ichiro Yamada through the LINE application concerning Uzzaman, Pegasus Organization and/or Startup World Cup on or about April 26, 2024.

**RESPONSE TO REQUEST NO. 57:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason,

Defendant further objects to the extent that the Request implies that any communication with Jin-ichiro Yamada was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 60:**

Admit that You were physically present in California when You sent the Yamada Messages.

**RESPONSE TO REQUEST NO. 60:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because Definition No. 26 — "The Yamada Messages" — is vague, ambiguous, and the topic of an ongoing dispute between the parties. Plaintiffs define the Yamada Messages as "the messages depicted in the two screenshots reproduced on page 4 of the Declaration of Jin-ichiro Yamada attached as Exhibit A to the Complaint (ECF No. 1)." Plfs.' Second Set of Reqs. for Admission at 6. Plaintiffs continue to baselessly contend that those screenshots reflect messages to Jin-ichiro Yamada dated June 9, 2024. Compl. Ex. A at 3–4; Dkt. 31 at 15 (Plfs.' Opp. to Mot. to Dismiss); Dkt. 33-2 at ECF p. 5 (Plfs.' Supplemental Submission). Defendant, however, did not send Jin-ichiro Yamada any messages on June 9, 2024. Defendant's Response to Request No. 18. Plaintiffs nevertheless refuse to correct or otherwise clarify their allegations despite having weeks to do so and despite being obligated to do so under applicable ethical rules, including California Rule of Professional Conduct 3.3(a)(1). The screenshots are also untranslated and almost completely illegible; Plaintiffs have not cured these issues, either.

**REQUEST FOR ADMISSION NO. 61:**

Admit that You communicated with Gen Isayama concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 61:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Gen Isayama was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 62:**

Admit that during calendar year 2024, You understood Gen Isayama to be based primarily in California.

**RESPONSE TO REQUEST NO. 62:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, indefinite, overbroad, and unduly burdensome by operation of Definition No. 25, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Request as impermissibly compound because, through Definition No. 25, it concerns a person's

"principal residence" and "principal place of business." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case by operation of Definition No. 25 to the extent it seeks information about Defendant's "understanding at any time during" 2024. Defendant further objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Request as seeking an admission concerning the personal circumstances of a third party whose privacy interests are protected under the California Constitution and/or under the law of Japan.

**REQUEST FOR ADMISSION NO. 63:**

Admit that You communicated with Tak Miyata concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 63:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Tak Miyata was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 64:**

Admit that during calendar year 2024, You understood Tak Miyata to be based primarily in California.

**RESPONSE TO REQUEST NO. 64:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, indefinite, overbroad, and unduly burdensome by operation of Definition No. 25, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Request as impermissibly compound because, through Definition No. 25, it concerns a person's "principal residence" and "principal place of business." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case by operation of Definition No. 25 to the extent it seeks information about Defendant's "understanding at any time during" 2024. Defendant further objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Request as seeking an admission concerning the personal circumstances of a third party whose privacy interests are protected under the California Constitution and/or under the law of Japan.

**REQUEST FOR ADMISSION NO. 65:**

Admit that You communicated with Hitoshi Hokamura concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 65:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Hitoshi Hokamura was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 66:**

Admit that during calendar year 2024, You understood Hitoshi Hokamura to be based primarily in California.

**RESPONSE TO REQUEST NO. 66:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, indefinite, overbroad, and unduly burdensome by operation of Definition No. 25, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Request as impermissibly compound because, through Definition No. 25, it concerns a person's

"principal residence" and "principal place of business." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case by operation of Definition No. 25 to the extent it seeks information about Defendant's "understanding at any time during" 2024. Defendant further objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Request as seeking an admission concerning the personal circumstances of a third party whose privacy interests are protected under the California Constitution and/or under the law of Japan.

**REQUEST FOR ADMISSION NO. 67:**

Admit that You communicated with Mio Sakata concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 67:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Mio Sakata was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 68:**

Admit that during calendar year 2024, You understood Mio Sakata to be based primarily in California.

**RESPONSE TO REQUEST NO. 68:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, indefinite, overbroad, and unduly burdensome by operation of Definition No. 25, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Request as impermissibly compound because, through Definition No. 25, it concerns a person's "principal residence" and "principal place of business." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case by operation of Definition No. 25 to the extent it seeks information about Defendant's "understanding at any time during" 2024. Defendant further objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Request as seeking an admission concerning the personal circumstances of a third party whose privacy interests are protected under the California Constitution and/or under the law of Japan.

**REQUEST FOR ADMISSION NO. 69:**

Admit that You communicated with Mitch Kitamura concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 69:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Mitch Kitamura was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 70:**

Admit that during calendar year 2024, You understood Mitch Kitamura to be based primarily in California.

**RESPONSE TO REQUEST NO. 70:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, indefinite, overbroad, and unduly burdensome by operation of Definition No. 25, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Request as impermissibly compound because, through Definition No. 25, it concerns a person's

"principal residence" and "principal place of business." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case by operation of Definition No. 25 to the extent it seeks information about Defendant's "understanding at any time during" 2024. Defendant further objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Request as seeking an admission concerning the personal circumstances of a third party whose privacy interests are protected under the California Constitution and/or under the law of Japan.

**REQUEST FOR ADMISSION NO. 71:**

Admit that You communicated with Richard B. Dasher concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 71:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Richard B. Dasher was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 72:**

Admit that during calendar year 2024, You understood Richard B. Dasher to be based primarily in California.

**RESPONSE TO REQUEST NO. 72:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, indefinite, overbroad, and unduly burdensome by operation of Definition No. 25, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Request as impermissibly compound because, through Definition No. 25, it concerns a person's "principal residence" and "principal place of business." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case by operation of Definition No. 25 to the extent it seeks information about Defendant's "understanding at any time during" 2024. Defendant further objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Request as seeking an admission concerning the personal circumstances of a third party whose privacy interests are protected under the California Constitution and/or under the law of Japan.

**REQUEST FOR ADMISSION NO. 73:**

Admit that You communicated with Kenji Kushida concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 73:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with Kenji Kushida was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 74:**

Admit that during calendar year 2024, You understood Kenji Kushida to be based primarily in California.

**RESPONSE TO REQUEST NO. 74:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as vague, ambiguous, indefinite, overbroad, and unduly burdensome by operation of Definition No. 25, including because it relies on the terms "principal residence," "understood," and "understanding." Defendant further objects to this Request as impermissibly compound because, through Definition No. 25, it concerns a person's

"principal residence" and "principal place of business." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case by operation of Definition No. 25 to the extent it seeks information about Defendant's "understanding at any time during" 2024. Defendant further objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business." Defendant further objects to this Request as seeking an admission concerning the personal circumstances of a third party whose privacy interests are protected under the California Constitution and/or under the law of Japan.

**REQUEST FOR ADMISSION NO. 75:**

Admit that You communicated with Yumiko Murakami concerning Uzzaman, Pegasus Organization and/or Startup World Cup.

**RESPONSE TO REQUEST NO. 75:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup." This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects that the Request contains no time limitation other than the Relevant Period, to which Defendant has objected. Defendant further objects to the extent that the Request implies that any communication with an employee, officer, director, representative, or person affiliated with DIC Corporation was a contributing factor toward any of Plaintiffs' claims. Defendant further objects to this Request as impermissibly compound.

**REQUEST FOR ADMISSION NO. 85:**

Admit that You communicated with at least one person physically present in California concerning Uzzaman, Pegasus Organization and/or Startup World Cup during calendar year 2024.

**RESPONSE TO REQUEST NO. 85:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Defendant cannot be held liable for simply messaging or communicating with third parties—even if the discussions concern "Uzzaman, Pegasus Organization and/or Startup World Cup," and regardless of whether the communication's recipient was physically present in California. This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects to this Request as impermissibly compound.

Defendant also specifically objects to this Request because it is irrelevant and answering it serves no cognizable purpose. "RFAs 'are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be.'" *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *2 (N.D. Cal. Aug. 25, 2023) (quoting *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)). "The goal of RFAs is to 'eliminate from the trial matters as to which there is no genuine dispute.'" *Id.* (quoting *People of the State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). "For this reason, 'requests for admissions are not principally discovery devices.'" *Id.* (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). This Request does not seek to facilitate proof with respect to any issues that cannot be eliminated from the case, nor does it seek to narrow the issues by eliminating those that can be. Plaintiffs do not allege that the 2024 Startup World Cup was canceled as a result of Defendant's conduct. Nor do Plaintiffs plausibly allege that any speaker did not participate in the Startup World Cup as a result of Defendant's conduct, or that Plaintiffs lost money as a result of a speaker's nonparticipation. This Request is therefore irrelevant to any claim or defense at issue.

Defendant further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome in that it relies on the terms "recommended," "suggested," and "withdraw," and because Plaintiffs concede that there were over 100 regional Startup World Cup events across the globe, Compl. ¶ 17, yet Plaintiffs do not identify any particular event that is relevant.

DATED: October 2, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *\/s/ Dawn Y. Yamane Hewett*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

# EXHIBIT D

*(Excerpts)*

to the
Declaration of Jeremiah A. Armstrong in Support of
Plaintiffs' Motion to Extend Time to File Amended Complaint

*Uzzaman, et al. v. Yamamoto*
Case No. 5:26-cv-00945-NC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

vs.

YASUMASA YAMAMOTO, and DOES 1-10, inclusive,

Defendant.

CASE NO. 5:26-cv-00945-NC

**DEFENDANT YASUMASA YAMAMOTO'S RESPONSE TO PLAINTIFF MD ANIS UZZAMAN'S [JOINED BY PLAINTIFF PEGASUS TECH VENTURES, INC.] FIRST SET OF INTERROGATORIES (NOS. 1-12)**

waives any objection as to the remainder. These General Objections, the Objections to Plaintiff's Definitions, and Objections to Plaintiff's Instructions apply to each response and are incorporated where applicable; Defendant also states the grounds for objection with specificity in each individual response.

21. Defendant objects to the Definitions and Instructions preceding the Interrogatories to the extent they seek to impose duties and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law.

22. Defendant objects to each Definition and Instruction to the extent that it seeks information that is proprietary or confidential to Defendant.

## OBJECTIONS TO DEFINITIONS

23. Defendant objects to Plaintiffs' Definitions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law. Defendant states the following specific Objections and construes the defined terms as set forth below. Defendant preserves all objections to any Definition not addressed below to the extent Plaintiffs later contend it applies to any Interrogatory.

24. Defendant objects to any Definition to the extent it assumes facts that do not exist or the occurrence of events that did not take place.

25. Defendant objects to Definition No. 2 — "Pegasus Organization" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Definition reaches beyond the two Plaintiffs to any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either Plaintiff; every parent, subsidiary, affiliate, division, joint venture, predecessor, and successor in interest of Pegasus Tech Ventures, Inc.; and every current and former officer, director, manager, partner, employee, agent, representative, consultant, and attorney of each of the foregoing, across a period exceeding seven years. The membership of that group is unknown to Defendant, is not ascertainable by him, lies within Plaintiffs' knowledge rather than his, and has not been identified by Plaintiffs. The provision that a reference to the group means any one or more of its members would render any Interrogatory in which the term appears incapable of a determinate admission or denial. Defendant further objects

to the inclusion of attorneys within the Definition to the extent it seeks privileged or work product information, and to the Definition to the extent it seeks information concerning non-parties whose privacy interests are protected under the California Constitution and under the law of Japan.

26. Defendant objects to Definition No. 3 — "Yamamoto," "You," "Your," and "Defendant" as overbroad, unduly burdensome, and vague. The Definition purports to expand the responding party beyond the individual defendant to any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and to separate legal entities, including Green Capital Management LLC and "Kyoto Angel Fund." Defendant cannot ascertain who may purport to act on his behalf. The inclusion of attorneys seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent the Definition assumes that Green Capital Management LLC — a Delaware limited liability company that was dissolved in Delaware in December 2025 and whose California foreign registration was subsequently cancelled — presently exists or has officers, employees, agents, or records within Defendant's knowledge or control, and to the extent it assumes that "Kyoto Angel Fund" is an entity, fund, or enterprise in which Defendant holds or has held any ownership, managerial, or economic interest. Defendant construes these terms to mean Yasumasa Yamamoto individually, and responds based on information within his personal knowledge or readily obtainable by him, excluding privileged and otherwise protected information.

27. Defendant objects to Definition No. 7 — "Document" and "Thing" to the extent it purports to impose obligations broader than Rule 34(a)(1), including by treating every comment, notation, and marginal annotation, every preliminary, intermediate, and final draft, and every non-identical copy as a separate Document. Defendant construes these terms consistent with Rule 34(a)(1).

28. Defendant objects to Definition No. 8 — "Communication," together with Definition No. 20 as vague, ambiguous, overbroad, and unduly burdensome. Definition No. 8 encompasses every oral, written, and electronic transmission of information, including every meeting, discussion, conversation, and telephone call, over a period exceeding seven years. Definition No. 20 stacks fifteen verbs of connection, so that an Interrogatory asking whether Defendant "communicated with"

a person "concerning" a subject would extend to any exchange that merely mentioned, pertained to, or in any way involved that subject. So construed, the Interrogatories in which these terms appear have no ascertainable boundary and cannot fairly be admitted or denied. Defendant construes these terms according to their ordinary meaning.

29. Defendant objects to Definition No. 11 — "Green Capital" as overbroad and unduly burdensome to the extent it extends to the predecessors, successors, members, managers, officers, employees, agents, and attorneys of an entity whose registration has been cancelled, and objects to the inclusion of attorneys as seeking privileged and work product information. Defendant is not the entity and objects to the extent the Definition assumes he has present knowledge of or access to entity records. Defendant responds as to Green Capital Management LLC based on information within his personal knowledge or readily obtainable by him.

30. Defendant objects to Definition No. 12 — "Kyoto Angel Fund" as vague, ambiguous, and assuming facts not established. The phrase "the entity, fund, or enterprise identified as Kyoto Angel Fund" does not identify any ascertainable person or entity, and the extension to any related fund, vehicle, or program bearing that name is indeterminate.

31. Defendant objects to Definition No. 16 — "Identified Individuals" as overbroad, unduly burdensome, and not proportional to the needs of the case. It names sixteen non-parties, nearly all of whom are Japanese nationals or residents and one of whom is a member of Defendant's family. Defendant objects to each Interrogatory incorporating or referring to any such individual to the extent it seeks information concerning a non-party whose privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

32. Defendant objects to Definition No. 17 — "person" as overbroad to the extent it extends to governmental bodies and agencies, and to the extent it would require Defendant to admit or deny matters concerning an indeterminate universe of entities whose locations and affiliations are not within his knowledge.

33. Defendant objects to Definition No. 19 — "Relevant Period," defined as January 1, 2019 through the date of response — a span exceeding seven and a half years — as overbroad, unduly burdensome, and not proportional to the needs of the case. The Complaint concerns statements alleged to have been made in 2024 in connection with an event held in May 2024. A period of that length bears no relationship to the conduct alleged. Where an Interrogatory does not itself specify a period, Defendant will respond for a period reasonably related to the matters alleged and will state the period used.

34. Defendant objects to Definition No. 22 as rendering the Interrogatories vague, ambiguous, and compound in that it requires every "and" and every "or" be read simultaneously in the conjunctive and in the disjunctive, and requires that the present tense be read as the past tense and the past as the present, which collapses distinctions that Plaintiff's own Interrogatories draw. Defendant construes each Interrogatory according to its ordinary grammatical meaning, in the tense in which it is written.

**OBJECTIONS TO INSTRUCTIONS**

35. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of creating a privilege log absent an agreement of the Parties as to the parameters of any such log.

36. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of identifying or producing documents that are either outside of Defendant's possession, custody, or control, or are already available to Plaintiffs from another source.

37. Defendant objects to Plaintiffs' instructions to the extent they are inconsistent with or seek to impose obligations, burdens, or duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, any applicable orders of the Court, or any agreement or stipulation of the Parties, including the Electronically Stored Information Protocol and Protective Order that are currently being negotiated.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person to whom You communicated, at any time during the Relevant Period, any statement concerning any member of the Pegasus Organization, and for each such statement state the date, the medium by which it was communicated, each person present or copied, and the substance of what You said.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory because it is overbroad and not proportionate to the needs of the litigation, particularly in that it is not limited to the statements alleged in the Complaint, to statements alleged to be false, or to statements alleged to have caused any injury, and instead reaches every communication on a subject over more than seven years. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 1. Defendant further objects to the demand that he state "the substance of what You said" as to each such statement as unduly burdensome and as calling for information not reasonably available to him; no person can reconstruct from memory the substance of every statement made on a subject over a period of years, and Defendant cannot certify such an answer as complete. Defendant further objects to this Interrogatory to the extent it seeks or would reveal information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege. Defendant further objects to this Interrogatory to the extent it seeks personally identifiable information. Defendant further objects to this Interrogatory to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce non-privileged documents that will enable Plaintiffs to ascertain the information requested.

**INTERROGATORY NO. 2:**

Identify each electronic mail address, telephone number, Messaging Application account (including its display name and account identifier), and social media account that You used at any time during the Relevant Period to send or receive any Communication concerning any member of the Pegasus Organization.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least four discrete subparts within the meaning of Rule 33(a)(1), each directed to a separate category of identifier: electronic mail addresses, telephone numbers, Messaging Application accounts (themselves subdivided into display name and account identifier), and social media accounts. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 6. Defendant further objects to this Interrogatory to the extent it seeks or would reveal information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege. Defendant further objects to this Interrogatory to the extent it seeks personally identifiable information. Defendant further objects to this Interrogatory as a predicate for forensic collection of Defendant's personal devices and accounts, which Plaintiffs have made no showing to justify and to which Defendant does not consent. Defendant further objects to this Interrogatory as seeking the identification of electronically stored information sources, custodians, and collection targets, which is the proper subject of a negotiated Electronically Stored Information Protocol under the Court's Guidelines for the Discovery of Electronically Stored Information and Rule 26(f), and not of a party-propounded Interrogatory. Defendant further objects to this Interrogatory to the extent

an office, mailing address, or agent for service of process in a State — and further requires, as to each, the State or States involved, Defendant's role, and the period of his involvement. Defendant further objects to this Interrogatory because it seeks information that is not relevant to the claims and defenses at issue in the litigation. Plaintiffs concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Interrogatory because the terms "owned," "managed," "controlled," "ownership," and "economic interest" are vague, indefinite, and/or ambiguous. Defendant further objects to this Interrogatory to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Interrogatory to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) and appropriate scope of an Interrogatory seeking information regarding third party entities that are not alleged to have made any statements regarding Plaintiffs.

**INTERROGATORY NO. 6:**

Describe each occasion on which You were physically present in California or in any other State of the United States during the Relevant Period, stating the dates, the duration, the location, and the purpose of that presence.

**RESPONSE TO INTERROGATORY NO. 6:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks information about Defendant's presence in states other than California and further seeks an occasion-by-occasion reconstruction of every entry into the United States over a period exceeding seven and a half years. Japanese passports issued to Defendant do not bear a complete record of United States entries and exits, and Defendant has no contemporaneous log of his travel. Reconstructing each occasion, with dates, duration, location, and purpose, would require Defendant to assemble and cross-reference airline records, hotel records, payment records, and calendar entries spanning a period of over seven years, some of which may no longer be within his possession.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) and appropriate scope of an Interrogatory seeking information regarding Defendant's physical presence in California.

**INTERROGATORY NO. 7:**

State each fact on which You rely in support of any contention that this Court lacks personal jurisdiction over You, and identify each person with knowledge of and each Document supporting each such fact.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as a premature contention interrogatory. Discovery has just opened, no scheduling order has been entered, no discovery cutoff or pretrial conference date has been set, and Defendant has received no documents from Plaintiffs. Defendant further objects to this Interrogatory as compound and as containing at least three discrete subparts within the meaning of Rule 33(a)(1): the Interrogatory seeks each fact, each person with knowledge of each fact, and each Document supporting each fact. Defendant further objects to this Interrogatory to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine.

status, and for each state the classification, the date it was granted, the date it expired or was surrendered if applicable, and whether it remains in effect.

**<u>RESPONSE TO INTERROGATORY NO. 12</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Interrogatory as compound and as containing at least two discrete subparts: Defendant's "immigration status or travel authorization." Defendant objects to the qualifier "at any time" as unbounded and exceeding even Plaintiffs' own Relevant Period. Defendant also specifically objects to this Interrogatory because it seeks information that is not relevant to the claims and defenses at issue in the litigation. Plaintiffs concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Interrogatory because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production No. 15. Defendant further objects to this Interrogatory to the extent it seeks personally identifiable information. Defendant further objects to this Interrogatory to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Interrogatory to the extent it seeks information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer regarding the relevance (if any) of this Interrogatory.

DATED: August 26, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By *<u>/s/ Justin C. Griffin</u>*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004

Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

# EXHIBIT E

*(Excerpts)*

to the
Declaration of Jeremiah A. Armstrong in Support of
Plaintiffs' Motion to Extend Time to File Amended Complaint

*Uzzaman, et al. v. Yamamoto*
Case No. 5:26-cv-00945-NC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>YASUMASA YAMAMOTO, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 5:26-cv-00945-NC<br><br>**DEFENDANT YASUMASA YAMAMOTO'S RESPONSE TO PLAINTIFF MD ANIS UZZAMAN'S [JOINED BY PEGASUS TECH VENTURES, INC.] FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-32)** |

where applicable; Defendant also states the grounds for objection with specificity in each individual response.

21. Defendant objects to the Definitions and Instructions preceding the Requests to the extent they seek to impose duties and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law.

22. Defendant objects to each Definition and Instruction to the extent that it seeks information that is proprietary or confidential to Defendant.

**OBJECTIONS TO DEFINITIONS**

23. Defendant objects to Plaintiffs' Definitions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law. Defendant states the following specific Objections and construes the defined terms as set forth below. Defendant preserves all objections to any Definition not addressed below to the extent Plaintiffs later contend it applies to any Request.

24. Defendant objects to any Definition to the extent it assumes facts that do not exist or the occurrence of events that did not take place.

25. Defendant objects to Definition No. 2 — "Pegasus Organization" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Definition reaches beyond the two Plaintiffs to any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either Plaintiff; every parent, subsidiary, affiliate, division, joint venture, predecessor, and successor in interest of Pegasus Tech Ventures, Inc.; and every current and former officer, director, manager, partner, employee, agent, representative, consultant, and attorney of each of the foregoing, across a period exceeding seven years. The membership of that group is unknown to Defendant, is not ascertainable by him, lies within Plaintiffs' knowledge rather than his, and has not been identified by Plaintiffs. The provision that a reference to the group means any one or more of its members would render any Request in which the term appears incapable of a determinate admission or denial. Defendant further objects to the inclusion of attorneys within the Definition to the extent it seeks privileged or work product

information, and to the Definition to the extent it seeks information concerning non-parties whose privacy interests are protected under the California Constitution and under the law of Japan.

26. Defendant objects to Definition No. 3 — "Yamamoto," "You," "Your," and "Defendant" as overbroad, unduly burdensome, and vague. The Definition purports to expand the responding party beyond the individual defendant to any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and to separate legal entities, including Green Capital Management LLC and "Kyoto Angel Fund." Defendant cannot ascertain who may purport to act on his behalf. The inclusion of attorneys seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent the Definition assumes that Green Capital Management LLC — a Delaware limited liability company that was dissolved in Delaware in December 2025 and whose California foreign registration was subsequently cancelled — presently exists or has officers, employees, agents, or records within Defendant's knowledge or control, and to the extent it assumes that "Kyoto Angel Fund" is an entity, fund, or enterprise in which Defendant holds or has held any ownership, managerial, or economic interest. Defendant construes these terms to mean Yasumasa Yamamoto individually, and responds based on information within his personal knowledge or readily obtainable by him, excluding privileged and otherwise protected information.

27. Defendant objects to Definition No. 7 — "Document" and "Thing" to the extent it purports to impose obligations broader than Rule 34(a)(1), including by treating every comment, notation, and marginal annotation, every preliminary, intermediate, and final draft, and every non-identical copy as a separate Document. Defendant construes these terms consistent with Rule 34(a)(1).

28. Defendant objects to Definition No. 8 — "Communication," together with Definition No. 20 as vague, ambiguous, overbroad, and unduly burdensome. Definition No. 8 encompasses every oral, written, and electronic transmission of information, including every meeting, discussion, conversation, and telephone call, over a period exceeding seven years. Definition No. 20 stacks fifteen verbs of connection, so that a Request asking whether Defendant "communicated with" a person "concerning" a subject would extend to any exchange that merely mentioned, pertained to,

or in any way involved that subject. So construed, the Requests in which these terms appear have no ascertainable boundary and cannot fairly be admitted or denied. Defendant construes these terms according to their ordinary meaning.

29. Defendant objects to Definition No. 11 — "Green Capital" as overbroad and unduly burdensome to the extent it extends to the predecessors, successors, members, managers, officers, employees, agents, and attorneys of an entity whose registration has been cancelled, and objects to the inclusion of attorneys as seeking privileged and work product information. Defendant is not the entity and objects to the extent the Definition assumes he has present knowledge of or access to entity records. Defendant responds as to Green Capital Management LLC based on information within his personal knowledge or readily obtainable by him.

30. Defendant objects to Definition No. 12 — "Kyoto Angel Fund" as vague, ambiguous, and assuming facts not established. The phrase "the entity, fund, or enterprise identified as Kyoto Angel Fund" does not identify any ascertainable person or entity, and the extension to any related fund, vehicle, or program bearing that name is indeterminate.

31. Defendant objects to Definition No. 16 — "Identified Individuals" as overbroad, unduly burdensome, and not proportional to the needs of the case. It names sixteen non-parties, nearly all of whom are Japanese nationals or residents and one of whom is a member of Defendant's family. Defendant objects to each Request incorporating or referring to any such individual to the extent it seeks information concerning a non-party whose privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

32. Defendant objects to Definition No. 17 — "person" as overbroad to the extent it extends to governmental bodies and agencies, and to the extent it would require Defendant to admit or deny matters concerning an indeterminate universe of entities whose locations and affiliations are not within his knowledge.

33. Defendant objects to Definition No. 19 — "Relevant Period," defined as January 1, 2019 through the date of response — a span exceeding seven and a half years — as overbroad,

unduly burdensome, and not proportional to the needs of the case. The Complaint concerns statements alleged to have been made in 2024 in connection with an event held in May 2024. A period of that length bears no relationship to the conduct alleged. Where a Request does not itself specify a period, Defendant will respond for a period reasonably related to the matters alleged and will state the period used.

34. Defendant objects to Definition No. 22 as rendering the Requests vague, ambiguous, and compound in that it requires every "and" and every "or" be read simultaneously in the conjunctive and in the disjunctive, and requires that the present tense be read as the past tense and the past as the present, which collapses distinctions that Plaintiff's own Requests draw. Defendant construes each Request according to its ordinary grammatical meaning, in the tense in which it is written.

**OBJECTIONS TO INSTRUCTIONS**

35. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of creating a privilege log absent an agreement of the Parties as to the parameters of any such log.

36. Defendant objects to Plaintiffs' instructions to the extent they seek to impose the burden of identifying or producing documents that are either outside of Defendant's possession, custody, or control, or are already available to Plaintiffs from another source.

37. Defendant objects to Plaintiffs' instructions to the extent they are inconsistent with or seek to impose obligations, burdens, or duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, any applicable orders of the Court, or any agreement or stipulation of the Parties, including the Electronically Stored Information Protocol and Protective Order that are currently being negotiated.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between You and any person concerning any member of the Pegasus Organization.

concede that there is no general jurisdiction over Defendant. *See* Compl. ¶¶ 6, 12; Dkt. 31 § IV. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 16, 17, 23, and 24. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning each entry into and departure from the United States by You since January 1, 2019, including passport pages bearing entry or exit stamps, Form I-94 arrival and departure records, Global Entry or trusted traveler records, boarding passes, and airline itineraries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 15, 17, 23, and 24. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Plaintiff's travel records.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning any United States federal, California, or other state income tax return filed by You or Mai Yamamoto for any tax year since 2019, and all Documents concerning any statement made by You to any governmental agency concerning Your residence or intent to reside in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the phrase "intent to reside" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Request for Production Nos. 15, 16, 23, and 24. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the taxpayer privilege, attorney-client privilege, and the work-product doctrine. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks third-party confidential information that is subject to a protective order, non-disclosure agreement, or other confidentiality obligation. Defendant further objects to this Request to the extent it seeks information regarding Mai Yamamoto. Defendant further objects to this Request to the extent it seeks documents and

objects to this Request to the extent it seeks information in the public domain and therefore equally available to Plaintiff. Defendant further objects to this Request to the extent it seeks information regarding Green Capital. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding a third party entity that is not alleged to have made any statements regarding Plaintiffs.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning Your physical presence in California or in any other State of the United States at any time during the Relevant Period, including travel itineraries, airline records, boarding passes, hotel reservations and folios, rental agreements, and calendar entries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Documents** concerning **Your** physical presence in California or **in any other State of the United States** at any time **during the Relevant Period**, including travel itineraries, airline records, boarding passes, hotel reservations and folios, rental agreements, and calendar entries." Defendant further objects to this Request because the term "physical presence" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 6 and Request for Production Nos. 14, 15, 16, 17, 24, 26, and 27. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects to this Request to the extent it seeks documents

and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of a Request seeking documents and information regarding Defendant's physical presence in California.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning any mailing address, residential address, telephone number, or financial account located in California or in any other State of the United States that was used by You, concerning any income, compensation, fee, distribution, or reimbursement You received from any person or entity located in the United States, and concerning any Document You submitted to any governmental agency, financial institution, or business counterparty representing that You reside in, are present in, or conduct business in the United States, including any visa, immigration filing, or United States federal or state tax filing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it seeks documents and/or information that are not relevant to the claims and defenses at issue in the litigation. Defendant further objects to this Request because the terms "used" is vague, indefinite, and/or ambiguous. Defendant further objects to this Request because it is duplicative and/or cumulative of other discovery Plaintiffs have propounded in the litigation, including Interrogatory No. 6 and Request for Production Nos. 14, 15, 16, 17, 23, 26, and 27. Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the taxpayer privilege. Defendant further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive business information. Defendant further objects to this Request to the extent it seeks personally identifiable information. Defendant further objects

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Communications between You and any person other than Your legal counsel concerning the Action, the State Action, or the claims asserted in either, and all other Documents concerning the State Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request because it is overbroad and not proportionate to the needs of the litigation, particularly in that it seeks "**[a]ll Communications** between You and any person other than Your legal counsel **concerning** the Action, the State Action, or the claims asserted in either, **and all other Documents concerning the State Action**." Defendant further objects to this Request to the extent it seeks information shielded from discovery under any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine. Defendant further objects to this Request to the extent it seeks information in the public domain and therefore equally available to Plaintiff. Defendant further objects to this Request to the extent it seeks documents and information prior to the entry of the Electronically Stored Information Protocol and Protective Order that the Parties are presently negotiating.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant will not produce documents in response to this Request as written, but is willing to meet and confer to discuss the relevance (if any) and appropriate scope of this Request.

DATED: August 26, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Justin C. Griffin
Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

# EXHIBIT F

*(Excerpts)*

to the
Declaration of Jeremiah A. Armstrong in Support of
Plaintiffs' Motion to Extend Time to File Amended Complaint

*Uzzaman, et al. v. Yamamoto*
Case No. 5:26-cv-00945-NC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

vs.

YASUMASA YAMAMOTO, and DOES 1-10, inclusive,

Defendant.

CASE NO. 5:26-cv-00945-NC

**DEFENDANT YASUMASA YAMAMOTO'S RESPONSE TO PLAINTIFF MD ANIS UZZAMAN'S [JOINED BY PEGASUS TECH VENTURES, INC.] FIRST REQUESTS FOR ADMISSION (NOS. 1-41)**

order, protective order, government contract, or any other agreement with respect to confidentiality or non-disclosure. Any inadvertent disclosure of such protected information or documents shall not be construed to waive any applicable protections in any respect or any related grounds for objecting to discovery or admissibility regarding a protected document or regarding the subject matter thereof. Nor shall such inadvertent production or disclosure waive Defendant's rights to object to the use of any such document or information during this action or in any subsequent proceedings.

21. Responding to any Request is not an admission that any fact assumed or asserted in the Request is true, that any characterization contained in the Request is accurate, that any document, communication, entity, relationship, or event referred to in the Request exists or existed, that the matter is relevant to any claim or defense, that it is admissible, or that Plaintiffs are entitled to it. Defendant does not adopt Plaintiffs' characterization of any statement, event, document, entity, or relationship.

22. Where Defendant states an objection and nonetheless responds in whole or in part, the response is provided subject to and without waiver of the objection, and no partial response waives any objection as to the remainder. These General Objections, the Objections to Plaintiff's Definitions, and Objections to Plaintiff's Instructions; consistent with Rule 36(a)(5), Defendant also states the grounds for objection with specificity in each individual response.

23. Defendant objects to the Definitions and Instructions preceding the Requests to the extent they seek to impose duties and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law.

24. Defendant objects to each Definition and Instruction to the extent that it seeks information that is proprietary or confidential to Defendant.

**OBJECTIONS TO DEFINITIONS**

25. Defendant objects to Plaintiffs' Definitions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, applicable Local Rules, or other applicable law. Defendant states the following specific Objections and construes the

defined terms as set forth below. Defendant preserves all objections to any Definition not addressed below to the extent Plaintiffs later contend it applies to any Request.

26. Defendant objects to any Definition to the extent it assumes facts that do not exist or the occurrence of events that did not take place.

27. Defendant objects to Definition No. 2 — "Pegasus Organization" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Definition reaches beyond the two Plaintiffs to any fund, vehicle, program, competition, or event organized, sponsored, managed, advised, or controlled by either Plaintiff; every parent, subsidiary, affiliate, division, joint venture, predecessor, and successor in interest of Pegasus Tech Ventures, Inc.; and every current and former officer, director, manager, partner, employee, agent, representative, consultant, and attorney of each of the foregoing, across a period exceeding seven years. The membership of that group is unknown to Defendant, is not ascertainable by him, lies within Plaintiffs' knowledge rather than his, and has not been identified by Plaintiffs. The provision that a reference to the group means any one or more of its members would render any Request in which the term appears incapable of a determinate admission or denial. Defendant further objects to the inclusion of attorneys within the Definition to the extent it seeks privileged or work product information, and to the Definition to the extent it seeks information concerning non-parties whose privacy interests are protected under the California Constitution and under the law of Japan.

28. Defendant objects to Definition No. 3 — "Yamamoto," "You," "Your," and "Defendant" as overbroad, unduly burdensome, vague, and inconsistent with Rule 36. The Definition purports to expand the responding party beyond the individual defendant to any person acting or purporting to act on his behalf, including his agents, employees, assistants, representatives, consultants, accountants, and attorneys, and to separate legal entities, including Green Capital Management LLC and "Kyoto Angel Fund." Rule 36(a)(1) directs requests to the party served; Rule 36(a)(4) measures the response by what that party knows or can readily obtain. Defendant cannot ascertain who may purport to act on his behalf. The inclusion of attorneys seeks information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent the Definition assumes that Green Capital Management LLC — a Delaware limited

liability company that was dissolved in Delaware in December 2025 and whose California foreign registration was subsequently cancelled — presently exists or has officers, employees, agents, or records within Defendant's knowledge or control, and to the extent it assumes that "Kyoto Angel Fund" is an entity, fund, or enterprise in which Defendant holds or has held any ownership, managerial, or economic interest. As applied to Requests directed to conduct, receipts, or addresses — including Requests Nos. 17 and 30 — the Definition would require Defendant to admit or deny matters concerning persons and entities other than himself, which he cannot fairly do. Defendant construes these terms to mean Yasumasa Yamamoto individually, and responds based on information within his personal knowledge or readily obtainable by him, excluding privileged and otherwise protected information.

29. Defendant objects to Definition No. 7 — "Document" and "Thing" to the extent it purports to impose obligations broader than Rules 34(a)(1) and 36(a)(1)(B), including by treating every comment, notation, and marginal annotation, every preliminary, intermediate, and final draft, and every non-identical copy as a separate Document. Defendant construes these terms consistent with Rule 34(a)(1). As applied to Requests directed to genuineness, Defendant construes each such Request to refer to the specific document served with the Requests as an exhibit, and to no other document, draft, copy, or version.

30. Defendant objects to Definition No. 8 — "Communication," together with Definition No. 20 as vague, ambiguous, overbroad, and unduly burdensome. Definition No. 8 encompasses every oral, written, and electronic transmission of information, including every meeting, discussion, conversation, and telephone call, over a period exceeding seven years. Definition No. 20 stacks fifteen verbs of connection, so that a Request asking whether Defendant "communicated with" a person "concerning" a subject would extend to any exchange that merely mentioned, pertained to, or in any way involved that subject. So construed, the Requests in which these terms appear have no ascertainable boundary and cannot fairly be admitted or denied. Defendant construes these terms according to their ordinary meaning.

31. Defendant objects to Definition No. 11 — "Green Capital" as overbroad and unduly burdensome to the extent it extends to the predecessors, successors, members, managers, officers,

employees, agents, and attorneys of an entity whose registration has been cancelled, and objects to the inclusion of attorneys as seeking privileged and work product information. Defendant is not the entity and objects to the extent the Definition assumes he has present knowledge of or access to entity records. Defendant responds as to Green Capital Management LLC based on information within his personal knowledge or readily obtainable by him.

32. Defendant objects to Definition No. 12 — "Kyoto Angel Fund" as vague, ambiguous, and assuming facts not established. The phrase "the entity, fund, or enterprise identified as Kyoto Angel Fund" does not identify any ascertainable person or entity, and the extension to any related fund, vehicle, or program bearing that name is indeterminate.

33. Defendant objects to Definition No. 16 — "Identified Individuals" as overbroad, unduly burdensome, and not proportional to the needs of the case. It names sixteen non-parties, nearly all of whom are Japanese nationals or residents and one of whom is a member of Defendant's family. Defendant objects to each Request incorporating or referring to any such individual to the extent it seeks information concerning a non-party whose privacy interests are protected under the California Constitution and under Japanese law, and to the extent a response would require the provision of personal data subject to the Act on the Protection of Personal Information in the absence of an entered Protective Order addressing such material.

34. Defendant objects to Definition No. 17 — "person" as overbroad to the extent it extends to governmental bodies and agencies, and to the extent it would require Defendant to admit or deny matters concerning an indeterminate universe of entities whose locations and affiliations are not within his knowledge.

35. Defendant objects to Definition No. 19 — "Relevant Period," defined as January 1, 2019 through the date of response — a span exceeding seven and a half years — as overbroad, unduly burdensome, and not proportional to the needs of the case. The Complaint concerns statements alleged to have been made in 2024 in connection with an event held in May 2024. A period of that length bears no relationship to the conduct alleged. Where a Request does not itself specify a period, Defendant will respond for a period reasonably related to the matters alleged and will state the period used.

36. Defendant objects to Definition No. 22 as rendering the Requests vague, ambiguous, and compound. Requiring that every "and" and every "or" be read simultaneously in the conjunctive and in the disjunctive and converts each Request framed in the alternative as to two persons — including Requests Nos. 25 through 27 — into two or more distinct propositions that cannot be admitted or denied as one. Requiring that the present tense be read as the past tense and the past as the present collapses distinctions that Plaintiff's own Requests draw, including the distinction between Requests Nos. 23 and 24. So construed, the Definition prevents a response that fairly meets the substance of the matter as Rule 36(a)(4) requires. Defendant construes each Request according to its ordinary grammatical meaning, in the tense in which it is written.

**<u>OBJECTIONS TO INSTRUCTIONS</u>**

37. Defendant objects to Plaintiff's Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure. Defendant states the following specific objections. Defendant does not object to Instructions A or D, which restate Rules 36(a)(4) and 36(a)(5). Defendant preserves all objections to any Instruction not addressed below to the extent Plaintiffs later contend it applies to any Request.

38. Defendant objects to Instruction B — reasonable inquiry on the grounds that it is overbroad and unduly burdensome to the extent that it purports to require Defendant to provide information beyond that which is required by Federal Rule of Civil Procedure 36. Defendant further objects to this to the extent it defines reasonable inquiry to include inquiry of his attorneys and of any entity he owns, controls, or manages, which is greater than and/or different from the requirements of Federal Rule of Civil Procedure 36. Defendant further objects to the extent the Instruction would require inquiry of persons or entities located outside the United States in a manner inconsistent with the law of Japan. Rule 36(a)(4) measures the obligation by what the responding party knows or can readily obtain; the Instruction expands that obligation and, as to attorneys, seeks information protected by the attorney-client privilege and the work product doctrine. In responding to the Requests, Defendant will conduct a "reasonable inquiry" and base their answers on "information [they] know[] or can readily obtain." Fed. R. Civ. P. 36(a)(4). Defendant will make

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that You served as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University.

**RESPONSE TO REQUEST NO. 1:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as directed to matters bearing only on personal jurisdiction and forum, which are the subject of his pending motion. Defendant further objects to the phrase “served as a Visiting Scholar” as vague and ambiguous to the extent it implies employment, compensation, particular duties, or any period or degree of physical presence in California. Defendant further objects that the Request contains no time limitation.

Subject to and without waiving the foregoing objections, and without waiving Defendant’s pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Your appointment as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University began in calendar year 2022.

**RESPONSE TO REQUEST NO. 2:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the word “began” as vague and ambiguous, in that it does not distinguish among the date an appointment was offered, the date it was accepted, its stated effective date, and the date of any first physical attendance. Defendant will construe “began” to mean the stated effective date of the appointment. Defendant further objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**<u>REQUEST FOR ADMISSION NO. 3</u>:**

Admit that Your appointment as a Visiting Scholar at the Walter H. Shorenstein Asia-Pacific Research Center at Stanford University continued into calendar year 2023.

**<u>RESPONSE TO REQUEST NO. 3</u>:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the word "continued" as vague and ambiguous and to the extent it implies continuous physical presence in California throughout the calendar year 2023. Defendant objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**<u>REQUEST FOR ADMISSION NO. 4</u>:**

[redacted]

**<u>RESPONSE TO REQUEST NO. 4</u>:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as directed to matters bearing only on personal jurisdiction and forum. Defendant further objects to the extent the Request implies that

[redacted] or any other number of days, carries legal significance under any applicable standard; it does not. Defendant further objects to the Request as requiring the aggregation of non-consecutive days across [redacted], and as invasive of Defendant's privacy.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: [redacted]

**REQUEST FOR ADMISSION NO. 5:**

[redacted]

**RESPONSE TO REQUEST NO. 5:**

**[DEFENDANT DESIGNATES THIS RESPONSE HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY PURSUANT TO THE PENDING PROTECTIVE ORDER AND THE PARTIES' AGREEMENT.]**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects on the same grounds stated in response to Request for Admission No. 4.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: [redacted]

**REQUEST FOR ADMISSION NO. 6:**

Admit that You were assigned an office or workspace at Encina Hall on the campus of Stanford University in Stanford, California.

**RESPONSE TO REQUEST NO. 6:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to the word "assigned" as vague and ambiguous, and objects to the extent the Request equates the listing of a building address on a university directory

page with the assignment of a dedicated office or workspace and/or actual use of such space. Defendant further objects to this Request as directed to matters bearing only on personal jurisdiction and forum.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Green Capital Management LLC was registered with the California Secretary of State.

**RESPONSE TO REQUEST NO. 7:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request to the extent it calls for a legal conclusion regarding the meaning and effect of "registered." Defendant further objects that the matter is established by public records equally available to Plaintiffs. Defendant responds as to Green Capital Management LLC only, and not as to any person or entity swept in by Definition No. 3 or Definition No. 11.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the principal place of business reported for Green Capital Management LLC to the California Secretary of State was 55 E. 3rd Avenue, San Mateo, California 94401.

**RESPONSE TO REQUEST NO. 8:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request to the extent it calls for a legal conclusion regarding the meaning of "principal place of business," and to the extent it assumes that an address

stated in a filing reflects any actual office, operations, employees, or physical presence at that address. Defendant further objects that the matter is established by public records equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You were designated as the agent for service of process for Green Capital Management LLC at an address located in the State of California.

**RESPONSE TO REQUEST NO. 9:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to this Request as directed to matters bearing only on personal jurisdiction. Defendant further objects to the extent the Request implies that designation as an agent for service of process constitutes consent to the jurisdiction of this Court for this matter or purposeful availment of the laws of California; it does not.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You held a membership interest in, or served as a manager of, Green Capital Management LLC.

**RESPONSE TO REQUEST NO. 10:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant also specifically objects to "membership interest" and "manager" as calling for legal conclusions under the California Revised Uniform Limited Liability Company Act, and responds to the facts rather than to the legal characterization. Defendant responds as to Green Capital

Management LLC only, and not as to any person or entity swept in by Definition No. 3 or Definition No. 11.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You signed the document attached hereto as Exhibit A.

**RESPONSE TO REQUEST NO. 11:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Defendant responds as to himself individually and not as to any person swept in by Definition No. 3.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant admits this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You signed Exhibit A on January 23, 2026.

**RESPONSE TO REQUEST NO. 12:**

Defendant incorporates by reference the above General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant objects that the date appearing on Exhibit A is not clearly legible as reproduced and served, and admits that he signed Exhibit A and that the date appearing on the document appears to read January 23, 2026. Except as expressly admitted, Defendant denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You appeared as a presenter, instructor, or panelist at the 2019 Asia 21 Young Leaders Summit.

the agenda occurred as described, that Defendant attended or participated in any listed session, or that any description of Defendant appearing on it is accurate. Defendant also objects to the Request to the extent it seeks information outside of Defendant's possession, custody and control, and/or that is publicly available and/or of no greater burden for Plaintiffs to determine based on available discovery and information than Defendant.

Subject to and without waiving the foregoing objections, and without waiving Defendant's pending motion to dismiss or any defense preserved by it, Defendant responds as follows: Defendant responds that based on a reasonable inquiry Defendant lacks sufficient knowledge to admit or deny this Request and on that basis denies the Request.

DATED: August 26, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By *_/s/ Justin C. Griffin_*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Yasumasa Yamamoto*