Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
**LAW OFFICES OF CRAIG S. MILLER, P.C.**
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-296-7070
Facsimile: 415-449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
PO Box 3835
San Luis Obispo, California 93403
Telephone: 805-543-0990
Facsimile: 805-543-0980

*Attorneys for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*

Dawn Y. Yamane Hewett
(DC Bar No. 984923) (pro hac vice)
dawnhewett@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: 202-538-8000
Facsimile: 202-538-8100

Justin C. Griffin (Bar No. 234675)
Scott Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100

*Attorneys for Defendant Yasumasa Yamamoto*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

MD ANIS UZZAMAN and PEGASUS TECH VENTURES, INC.,

Plaintiffs,

v.

YASUMASA YAMAMOTO, and DOES 1-10, inclusive,

Defendants.

CASE NO. 5:26-cv-00945-NC

**JOINT DISCOVERY LETTER BRIEF**

**ATTESTATION IN SUPPORT OF JOINT LETTER BRIEF**

Pursuant to the Civil Standing Order of Chief Magistrate Judge Nathanael M. Cousins, undersigned counsel hereby attest that Plaintiffs' counsel Jeremiah A. Armstrong and Defendant Yasumasa Yamamoto's counsel Scott Schlafer and Zachary Hopp met and conferred by Zoom videoconference on November 12, 2026 in a good faith attempt to resolve their disputes on this matter and complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding Discovery prior to filing the accompanying joint letter. The parties were unable to resolve the disputes and respectfully submit them to the Court.

Dated: November 17, 2026

Respectfully submitted,

By: /s/ *Dawn Y. Yamane Hewett*
Dawn Y. Yamane Hewett
(DC Bar No. 984923) (pro hac vice)
dawnhewett@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorney for Defendant Yasumasa Yamamoto*

By: /s/ *Jeremiah A. Armstrong*
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
LAW OFFICES OF CRAIG S. MILLER, P.C.
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 296-7070
Facsimile: (415) 449-6301

*Attorney for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*

**<u>Plaintiffs' Position</u>**

On November 6, the Court dismissed the Complaint with leave to amend because it did not allege where Defendant was when he sent the messages at issue, or that he acted because of his connection to "Green Capital Management LLC, Stanford, or any work he does in California." ECF No. 41 at 2-3. Plaintiffs asked Defendant for exactly those facts months ago, in Requests for Admission ("RFA") Nos. 1, 3, 6, 9, 10, 13, 14, 16, 17, 30, 42-54, 56-90, and 95, Interrogatories ("ROG") Nos. 1-3, 5-7, 9, and 11, and Requests for Production ("RFP") Nos. 1, 6, 14, 16, 19, 20, 23, 25-28, and 30 (the "Jurisdictional Requests"), served July 27 and September 2, 2026. ECF No. 42-1. As shown in the record, Defendant objected without answering and has produced no documents. ECF No. 42-1, Exs. C-F. At the parties' November 12, 2026 meet-and-confer, Defendant's counsel declined to discuss any compromise and refused to provide any further discovery responses. Rather, Defendant's counsel contends that there is "no operative pleading," so he has no obligation to now respond to discovery. Thus, the dispute is whether Defendant must respond to discovery (Issue 1) and whether his existing responses are sufficient (Issue 2).

<u>The Court already decided Issue 1.</u> In August, Defendant asked the Court to stay discovery pending his motion to dismiss and to defer his responses until after the ruling, arguing that "[a] party desiring jurisdictional discovery must request and justify it, not serve it unilaterally." ECF No. 29 at 4-5. The Court denied the stay and ruled that "[d]iscovery may proceed." ECF No. 30. Rule 26(d)(1) bars discovery only before the Rule 26(f) conference, which occurred July 27, 2026, and it draws no line between jurisdictional and merits discovery. The November 6 Order did not stay discovery or disturb ECF No. 30. The action remains pending, the Court set a schedule for amendment and response, ECF No. 41 at 4, and Defendant has not sought a protective order under Rule 26(c).

<u>Defendant's "no operative pleading" theory misreads Rule 26(b)(1).</u> Discovery extends to matter relevant to "any party's claim or defense." Defendant's personal jurisdiction defense is the live issue in this case, he will assert it against the amended complaint, and the Court has identified the facts on which it turns. After a Rule 12(b)(2) dismissal, the Ninth Circuit directs district courts to decide whether the plaintiff "should be permitted to amend his complaint, conduct jurisdictional discovery, or both." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1218 (9th Cir. 2022). Courts in this District have ordered jurisdictional discovery after such a dismissal and set the amendment deadline after it. *Phan v. Grand Bahama Cruise*

*Line, LLC*, No. 15-cv-05019-BLF, 2016 WL 5407919, at *4 (N.D. Cal. Sept. 28, 2016). *Mahon v. Mainsail LLC*, No. 20-cv-01523-YGR, 2020 WL 4569597, at *13, *17 (N.D. Cal. Aug. 7, 2020). Defendant's rule would make that sequence impossible: no discovery without a pleading, and no adequate pleading without the discovery.

Defendant's authority does not hold otherwise. At the meet-and-confer, Defendant relied on *In re Flash Memory Antitrust Litigation*, No. 07-cv-0086-SBA, 2008 WL 62278 (N.D. Cal. Jan. 4, 2008). That reliance is misplaced. *Flash Memory* denied merits discovery of grand jury materials where no Rule 26(f) conference had occurred, the independent actions had been terminated, and no consolidated complaint yet identified the parties or claims. None of that is true here. And decisions barring discovery after a Rule 8 dismissal likewise exclude jurisdictional discovery. *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 n.1 (N.D. Cal. 2020) (barring plausibility discovery, "[a]s distinguished from jurisdictional discovery, which the Ninth Circuit does allow"). This Court dismissed under Rule 12(b)(2) and did not reach Rule 12(b)(6). ECF No. 41 at 4.

The requests rest on a colorable basis, not a hunch. Plaintiffs need not make a prima facie showing to obtain jurisdictional discovery. A "colorable basis" for jurisdiction, "or 'some evidence' constituting a lesser showing than a prima facie case," is enough. *Calix Networks, Inc. v. Wi-LAN, Inc.*, No. 09-cv-06038-CRB-DMR, 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010). Plaintiffs have already pointed to Defendant's California company, his Stanford appointment, and his work back and forth between Japan and California. ECF No. 41 at 3. In discovery, Defendant has neither admitted nor denied that he was in California when he sent the messages, and he has withdrawn "the statements that imply that he was in Japan at all relevant times." ECF No. 35 at 13 n.2.

The responses are deficient on their own terms (Issue 2). Defendant neither admitted nor denied that he was in California when he sent the messages (RFA 60) or on specified dates in 2024 (RFAs 42-50), or that he sent Professor Yamada messages about Plaintiffs on or about April 25, 2024 (RFA 56). ECF No. 42-1 at 22-30, 32-34. Under Rule 36(a)(6), "[u]nless the court finds an objection justified, it must order that an answer be served." He answered Interrogatory No. 6, which asks for his U.S. presence, with an offer to confer about "the relevance (if any) and appropriate scope" of the question. ECF No. 42-1 at 57-58. He invoked Rule 33(d) for Interrogatory No. 1 but has identified no records, and he refused to

produce his U.S. entry and exit records (RFPs 16, 23). *Id.* at 55-56, 67-70. To the RFAs about his Stanford appointment and office and his role in Green Capital (RFAs 1, 3, 6, 9, 10), he responded only that he would meet and confer. *Id.* at 80-85. His relevance objections cannot survive the November 6 Order. His privacy and ESI-protocol objections are answered by a protective order, a draft of which Plaintiffs sent on July 27, 2026, without response from Defendant's counsel.

Plaintiffs' proposed compromise. Plaintiffs proposed their compromise on November 10, 2026. ECF No. 42-1 at 12. Plaintiffs limited their demand to the Jurisdictional Requests and will defer all of their other outstanding requests to merits discovery, without waiver. Plaintiffs ask the Court to overrule Defendant's objections under Rule 36(a)(6) and to order him to serve complete, verified responses to, and complete production in response to, the Jurisdictional Requests within 14 days, subject to the Northern District's model protective order. Given the November 20, 2026 amendment deadline and Plaintiffs' pending motion to extend it (ECF No. 42), Plaintiffs respectfully request expedited resolution.

**Defendant's Position**

On November 6, the Court granted Defendant's motion to dismiss, which was brought pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and gave Plaintiffs two weeks to file an amended complaint. Dkt. 41 (the "Order"). Plaintiffs now ask for more time to file their amended complaint, Dkt. 42, and seek further responses to **79 discovery requests** (59 RFAs, 12 RFPs, and eight Interrogatories that Plaintiffs misdefine as "Jurisdictional Requests"), arguing that there can be "no adequate pleading without the discovery," *supra* p. 2:3-4. The Court should deny Plaintiffs' request for further discovery for the following reasons.

Plaintiffs Cannot Take Discovery Against a Deficient, Dismissed Complaint. Parties may obtain discovery regarding matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[W]ith no operative complaint at this time, there are no claims by which relevance of requested discovery may be measured under Rule 26(b)." *In re Flash Memory Antitrust Litig.*, 2008 WL 62278, at *4 (N.D. Cal. Jan. 4, 2008). The distinctions Plaintiffs make about *In re Flash Memory* do not limit this principle and, in any event, other courts—including the Ninth Circuit—have ruled similarly. *See, e.g.*, *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014) (refusing to allow amendment where plaintiffs admitted they likely could not plead the necessary facts "without

jurisdictional discovery," because "plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it"); *In re German Automotive Manufacturers Antitrust Litig.*, 335 F.R.D. 407, 408–09, 411 (N.D. Cal. 2020) (denying plaintiffs' post-dismissal request for limited discovery because "it cannot grant discovery based on a complaint that has already been dismissed"); *Lewis v. Segura*, 2025 WL 1866340, at *3 (N.D. Cal. July 7, 2025) (denying discovery where "there is currently no operative complaint"); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (concluding that, after dismissal, courts should "determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").

Plaintiffs' argument that jurisdictional discovery, as opposed to other types of discovery, should be allowed fails for the reasons discussed below, and because Plaintiffs' argument that Rule 26(d)(1) "draws no line between jurisdictional and merits discovery," *supra* p. 1:17-19, applies equally to Rule 26(b)(1).

<u>Plaintiffs' Discovery Requests Are Not Limited to Jurisdictional Discovery.</u> For example, Interrogatory No. 1 and RFP No. 1 seek every statement Defendant has made to anyone about any member of the "Pegasus Organization"; Interrogatory No. 2 seeks every account Defendant used to discuss Plaintiffs; Interrogatory No. 9 seeks every person with knowledge of any fact concerning the claims or defenses; and RFA No. 13 asks whether Defendant spoke at a 2019 summit. Dkt. 42-1 ¶ 7, Ex. A at 4, Exs. D–F. That is broad merits discovery. And this Court has rejected jurisdictional discovery "based entirely on the speculation that discovery might reveal facts" supporting jurisdiction. *Nimbus Data Sys., Inc. v. Modus LLC*, 2014 WL 7387200, at *7 (N.D. Cal. Dec. 29, 2014).

<u>Plaintiffs Never Obtained Leave to Seek Jurisdictional Discovery.</u> "When a defendant has moved to dismiss a complaint on jurisdictional grounds, the appropriate time to request jurisdictional discovery is in opposition to the defendant's motion–whether a plaintiff files a separate motion for jurisdictional discovery or puts the Court on notice by requesting jurisdictional discovery in a detailed manner in the opposition to the motion to dismiss." *Dearing v. Magellan Health Inc.*, 2020 WL 7041048, at *2 (D. Ariz. Sept. 29, 2020) (quoting *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 187 (D.D.C. 2018)). Plaintiffs did not move for leave in their opposition brief, Dkt. 31, or their 5-page supplemental brief, Dkt. 33-2, which used Defendant's discovery responses to oppose his motion to dismiss. Any request made now is untimely.

<u>Plaintiffs Have Not Established a Colorable Basis for Jurisdictional Discovery.</u> In an effort to establish a colorable basis for jurisdictional discovery, "Plaintiffs . . . point[] to Defendant's California company, his Stanford appointment, and his work back and forth between Japan and California." *Supra* p. 2:17-19. Plaintiffs do not explain how those factors connect to any specific, actionable conduct Defendant engaged in, let alone explain in a detailed manner why responses to 79 discovery requests are needed to support their forthcoming amended complaint. Indeed, the Court already recognized that "Defendant's activities as alleged here do not" connect him to the forum in a meaningful way. Order at 3. Plaintiffs' argument that Defendant should supply that missing connection through discovery, *see supra* p. 1:2-5, puts the cart before the horse. Plaintiffs must allege a plausible connection first, and then seek discovery.

<u>Defendant's Objections Were Proper.</u> Plaintiffs' claim that the Order overruled Defendant's relevance objections is clearly wrong. *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 575 (9th Cir. 2019) (law of the case doctrine applies only if the issue was decided explicitly or by necessary implication in the previous disposition). To the contrary, the Court agreed "Plaintiffs do not allege that Defendant acted because of his connection to Green Capital Management LLC, Stanford, or any work he does in California." Order at 3. As for the requests about messages to Professor Yamada, Plaintiffs have not explained how those messages allegedly caused harm, nor have they provided legible, translated copies of the messages or informed the Court that they have falsely alleged that the messages were sent in June 2024.

<u>The Stay Request Is Not Relevant.</u> Plaintiffs' argument about Defendant's stay request is a red herring. That request raised the question of whether discovery should be stayed while Defendant's motion to dismiss was pending. Dkt. 30. The relevant question here is whether Plaintiffs can demand further responses <u>*after*</u> their complaint is dismissed, <u>*after*</u> they used Defendant's responses to oppose dismissal, <u>*without*</u> any cognizable allegations of misconduct pending against which Defendant could assess relevance, <u>*without*</u> leave of the Court, and <u>*without*</u> a timely request. The answer is no.

<u>Conclusion.</u> The Court should not compel further discovery. Any request for jurisdictional discovery belongs in a properly noticed motion identifying the discovery sought and how it would establish jurisdiction.

Dated: November 17, 2026

By: /s/ *Dawn Y. Yamane Hewett*

Dawn Y. Yamane Hewett (DC Bar No. 984923) (*pro hac vice*)
dawnhewett@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Justin C. Griffin (Bar No. 234675)
justingriffin@quinnemanuel.com
Scott E. Schlafer (Bar No. 335708)
scottschlafer@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Yasumasa Yamamoto*

Dated: November 17, 2026

By: /s/ *Jeremiah A. Armstrong*

Craig S. Miller (SBN 139682)
cmiller@craigsmillerlaw.com
Jeremiah A. Armstrong (SBN 253705)
jarmstrong@craigsmillerlaw.com
LAW OFFICES OF CRAIG S. MILLER, P.C.
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 296-7070
Facsimile: (415) 449-6301

James Wagstaffe (SBN 95535)
wagstaffe@ammcglaw.com
ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
PO Box 3835
San Luis Obispo, California 93403
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

*Attorneys for Plaintiffs Md Anis Uzzaman and Pegasus Tech Ventures, Inc.*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the undersigned hereby attests that concurrence in the filing of this Joint Discovery Letter Brief has been obtained from counsel for Defendant Yasumasa Yamamoto, and that this document is electronically signed with the express permission of Defendant's counsel.

Dated: November 17, 2026

By: /s/ *Jeremiah A. Armstrong*